## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| AES PUERTO RICO, L.P., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civ. No. 04-1282-JJF |
| | ) |
| ALSTOM POWER, INC., | ) |
| | ) |
| Defendant. | ) |

## **PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

OF COUNSEL:
Dane H. Butswinkas
R. Hackney Wiegmann
Daniel D. Williams
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

John S. Spadaro
Bar No. 3155
MURPHY SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel. (302) 472-8100
Fax (302) 472-8135

Dated: May 23, 2005

Attorneys for AES Puerto Rico, L.P.

Plaintiff AES Puerto Rico, L.P. ("AES-PR") moves pursuant to Fed. R. Civ. P. 37(a)(2)(B) for an order compelling ALSTOM to comply with its discovery obligations. AES-PR brings this motion because ALSTOM has refused to review its paper documents to determine whether they are responsive to AES-PR's document requests. Instead it has produced to AES-PR 208 boxes of documents that it collected for purposes of other litigation. Buried within those boxes are some responsive materials, but the vast majority of the documents are wholly irrelevant to this litigation. ALSTOM's refusal to produce its documents in an orderly fashion is obstructing meaningful discovery.[1]

## BACKGROUND

AES-PR commenced this action against ALSTOM, the principal sub-contractor of a power plant built for it, because ASLTOM failed to honor its warranty with respect to two pieces of the plant's equipment: its electrostatic precipitators (ESPs) and its fluidized bed heat exchanger (FBHE) handcuffs. On March 7, 2005, AES-PR served document requests on ALSTOM relating to those two warranty claims. (Attached at Tab A.)

ALSTOM refused to make the documents available at the location and within the timeframe requested; it informed AES-PR that it would be producing documents at some unspecified date as they are kept in the usual course of business. Response ¶¶ a-b (attached at Tab B). The parties met and conferred and ALSTOM indicated it would make the responsive paper documents available several weeks later at ALSTOM's Connecticut headquarters. Decl. ¶¶ 5, 6. Given ALSTOM's insistence on producing the documents as kept in the usual course of business rather than organized pursuant to AES-PR's document requests, AES-PR asked for an

---

[1] Counsel for AES-PR has conferred in good faith with counsel for ALSTOM and the parties have been unable to reach agreement as to the subject of this motion. *See* Declaration of Daniel D. Williams ("Decl.") ¶¶ 8, 15 (attached at Tab C).

index to the documents. ALSTOM's counsel said that, although counsel had created such an index, he would not share it. Decl. ¶ 7.

Counsel for AES-PR traveled to Connecticut to inspect the documents. They discovered that the documents were not produced as kept in the usual course of business – indeed they were not organized in any useful manner whatsoever – and that ALSTOM was making available 208 boxes containing documents mostly unrelated to this litigation. At the Connecticut site, AES-PR's counsel were directed to a room of boxes numbered non-contiguously in four series with series designators that did not provide useful information about the boxes' contents. Decl. ¶ 9. Counsel were informed that all except 18 of the boxes had been gathered over a year before for purposes of other litigation and that the 18 more recent boxes were collected to supplement the productions in those other lawsuits. *Id.* ¶ 10; *accord id.* ¶ 8. Neither the boxes nor the folders in the boxes provided consistent information identifying source, date, or subject-matter of the documents. *Id.* ¶ 11.[2]

Counsel for AES-PR reviewed a sample of twelve of the boxes and quickly discovered that their contents was not organized in any systematic manner. Decl. ¶ 11. Moreover, the vast majority of the documents were unrelated to this litigation. *Id.* ¶ 12. Indeed, some boxes contained as little as 2% responsive files. *Id.* Others had important responsive documents buried within stacks of unrelated files. *Id.* The boxes contained unrelated documents such as : (1) stacks of employee time-sheets for ALSTOM employees performing unrelated services; (2) an entire folder of Tax Decrees from the Governor of Puerto Rico; (3) an entire

---

[2] An additional six boxes of documents from an ALSTOM employee whom AES-PR's counsel had identified as likely to have responsive documents were delivered to the Connecticut facility while AES-PR's counsel were there reviewing documents. Those six boxes generally contain responsive documents and are not the subject of this motion.

folder of NAFTA and importation-related advice; (4) litigation documents from an unrelated lawsuit pending in Missouri; (5) a folder of irrelevant business cards; and (6) folders with nothing in them at all.  *Id.* ¶ 13.  It appears that ALSTOM simply stuck in a room the boxes of documents relating to construction of the power plant's boilers and related equipment that it had produced in unrelated litigation as to which AES-PR is not a party.  *Id.* ¶ 14.

## ARGUMENT

Federal Rule of Civil Procedure 34(b) requires parties to produce documents "as they are kept in the usual course of business or [organized and labeled] to correspond with the categories in the request."  The rule is designed specifically to "forestall[] such abuses as the deliberate mixing of 'critical documents with others in the hope of obscuring significance.'"  *Bd. of Educ. v. Admiral Heating and Ventilating, Inc.*, 104 F.R.D. 23, 36 (N.D. Ill. 1984) (quoting 1980 Advisory Comm. Note).  A party is required "to sort through the documents and produce only those responsive to [the] request[s]."  *Rothman v. Emory Univ.*, 123 F.3d 446, 455 (7th Cir. 1997); *accord Standard Dyeing & Finishing Co. v. Arma Textile Printers Corp.*, 1987 WL 6905, at * 2 (S.D.N.Y. Feb. 10, 1987) ("It is not sufficient . . . to point to a haystack of documents and to tell plaintiffs . . . to find the needles.") (attached at Tab D).

While ALSTOM contends that its production makes the documents available as kept in the usual course of business, the case law is clear that gathering documents from a variety of sources and transferring them to a central location in an unintelligible manner does not satisfy that requirement.  *See, e.g., Scripps Clinic & Research Found. v. Baxter Trevenol Labs., Inc.*, 1988 WL 70013, at *3-4 (D. Del. Jun. 21, 1998) (attached at Tab E); *accord T.N. Taube Corp. v. Marine Midland Mortgage Corp.*, 136 F.R.D. 449, 456 (W.D.N.C. 1991) ("It is certainly improbable that Marine Midland routinely haphazardly stores documents in a cardboard box.").

3

In one case with remarkably similar facts, a defendant directed the plaintiffs to a document repository containing a set of documents previously collected for purposes of other litigation raising similar issues. *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 608 (D. Neb. 2001). The plaintiffs, after having their request for an index denied, attempted to review the documents. They found the documents "were not organized by date, subject matter or in any other way," and that "the vast majority . . . had no relevance at all to plaintiffs' claim." *Id.* at 609. On those facts, which mirror the facts here, the court held that "producing large amounts of documents in no apparent order does not comply with a party's obligation under Rule 34." *Id.* at 610.

## CONCLUSION

ALSTOM has failed to produce documents in accordance with Rule 34(b). Accordingly, AES-PR seeks an order directing ALSTOM to segregate its responsive documents and to produce them organized and labeled according to AES-PR's document requests. *See Wagner*, 208 F.R.D. at 613 (providing similar relief); *Taube*, 136 F.R.D. at 457 (same).

Respectfully submitted,

OF COUNSEL:
Dane H. Butswinkas
R. Hackney Wiegmann
Daniel D. Williams
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

/s/ John S. Spadaro
John S. Spadaro (Bar No. 3155)
MURPHY SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel. (302) 472-8100
Fax (302) 472-8135

Dated:  May 23, 2005

Attorneys for AES Puerto Rico, L.P.

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

AES PUERTO RICO, L.P.,                    )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )    Civ. No. 04-1282JJF
                                          )
ALSTOM POWER, INC.                        )
                                          )
            Defendant.                    )
                                          )

### NOTICE OF SERVICE

I, John S. Spadaro, hereby certify that on May 23, 2005, I caused true and correct copies

of Plaintiff's Motion to Compel Production of Documents to be served on all counsel of record

by electronic filing.

In addition, the following party was served in the manner indicated:

**HAND DELIVERY**
Richard R. Wier, Jr.
Daniel W. Scialpi
1220 Market Street, Suite 600
Wilmington, DE 19801

In addition, I certify that the following attorneys were served with the document by

facsimile at the number shown:

Anthony F. Vittoria
James E. Edwards
Ober Kaler, Grimes & Schriner
Fax: (410) 547-0699

                        Respectfully submitted,

                        /s/ John S. Spadaro
                        John S. Spadaro, No. 3155
                        MURPHY SPADARO & LANDON
                        1011 Centre Road, Suite 210
                        Wilmington, DE 19805
                        Tel. (302) 472-8100
                        Fax (302) 472-8135

120604

OF COUNSEL:

Dane H. Butswinkas
R. Hackney Wiegmann
Daniel D. Williams
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

Dated:  May 23, 2005                    Attorneys for AES Puerto Rico, L.P.

120604