# Tab D



Not Reported in F.Supp.
Page 1
1987 WL 6905 (S.D.N.Y.)

(Cite as: 1987 WL 6905 (S.D.N.Y.))

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
STANDARD DYEING AND FINISHING
COMPANY and Standard Textile Bonding
Company,
Plaintiffs,
v.
ARMA TEXTILE PRINTERS CORP., and Hudson
Valley Dyeing and Finishing Co., Inc.,
Defendants.
No. 85 Civ. 5399-CSH.

Feb. 10, 1987.

MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge.

*1 Counsel have submitted additional papers on plaintiffs' discovery motion and Hudson's counsel's motion to withdraw, pursuant to this Court's Memorandum Opinion and Order of July 31, 1986. Hudson and its counsel, Leonard Shapiro, were directed to submit affidavits in conformity with Rule 34(b), F.R.Civ.P., detailing what efforts were made to comply with plaintiff's document request of December 2, 1985. Hudson was also directed to produce any requested documents which could be located within fourteen days, or to specify why those documents could not be so produced. I indicated that I would consider those affidavits in connection with Shapiro's motion to withdraw as well, since the principal basis of his motion was that he had no knowledgeable client with whom he could consult.

Hudson has submitted two affidavits by Shapiro. Essentially, they reiterate his position that the Massimi brothers are merely nominal officers of Hudson and that early in the case he learned that "the Massimi brothers knew little or nothing about the legal and administrative affairs of Hudson." At an early stage of the litigation, Shapiro was told by Frederick Massimi, Jr. ("Frederick") that neither he nor his brother Gregory "knew the whereabouts of the business documents, checks, correspondence, memoranda, statements, etc., demanded in the case." Aug. 12 Aff. at 3.

In response to the July 31 Opinion, Shapiro contacted Howard Nashel, co-defendant Arma's former attorney. Nashel indicated that the Massimi brothers' father testified at his deposition "that there is a great deal of documents and papers on the factory premises which could conceivably have among them the papers which plaintiff was seeking." Aug. 12 Aff. at 4.

Shapiro also spoke again with Frederick after receiving the July 31 Opinion. Frederick reiterated that he knew "very little" about Hudson and did not know where the requested documents were. "Interestingly enough," Shapiro attests, "Mr. Frederick Massimi, Jr. also stated as he had done previously...that there is a great deal of papers, documents and records on the [Arma] factory premises. As far as Frederick Massimi, Jr. was concerned, all plaintiff need to do was to make an appointment to examine the documents and he would be free to do so. to Aug. 12 Aff. at 5.

In a subsequent submission, Shapiro avers that he has failed to specify which of the sought-after documents are on Arma's premises because neither he "nor the individuals available to him had any such knowledge." Sept. 12 Aff. at 4. Shapiro indicates that he showed the documents demands to the Massimi brothers and they did not know where they were. Sept. 12 Aff. at 5.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2

1987 WL 6905 (S.D.N.Y.)

**(Cite as: 1987 WL 6905 (S.D.N.Y.))**

The Massimi brothers swear they have no knowledge of Hudson's affairs and do not know where to locate the soughtafter documents. Yet Frederick told counsel that many of Hudson's records are at Arma's plant, and Gregory has testified that at some point he "went over" Hudson's books and records, though he never got into them in detail. They remain officers of Hudson and together own a majority of its stock. The corporation has been sued, and the corporation has received a document request to which no objections have been made.

*2 It is not sufficient for Hudson to point to a haystack of documents and to tell plaintiffs to arrange with Arma for permission to find the needles. Even if Hudson does not have actual possession of the documents, it clearly has access to them and has the legal right to obtain them. As such, Hudson is responsible for producing them in compliance with Rule 34. See, e.g., M.L.C., Inc. v. North American Philips Corp., 109 F.R.D. 134, 136 (S.D.N.Y. 1986).

Furthermore, Hudson must produce those documents "as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." F.R.Civ.P. 34(b). This provision was added to Rule 34(b) to prevent parties from "deliberately...mix[ing] critical documents with others in the hope of obscuring significance." See Notes of Advisory Committee on Rules for 1980 Amendment to Rule 34, quoting Report of the Special Committee for the Study of Discovery Abuse, Section of Litigation of the American Bar Association (1977) 22. I do not suggest that Hudson has engaged in that device. However, where as here the state of the corporation's records would make it unreasonably burdensome for the discovering party to search for the soughtafter documents, the burden falls on the discoveree to organize the documents so that the discoveror may make "reasonable use" of them. 8 C. Wright, A. Miller, & F. Elliott, Federal Practice and Procedure ¶ 2213 (Supp. 1986); Sherman & Kinnard, Federal Court Discove in the 80's--Making the Rules Work, 95 F.R.D. 245, 257-58. See Board of Education v. Admiral Heatin and Ventilation, Inc., 104 F.R,D. 23, 36 & n.20 (N.D.Ill. 1984). If Hudson has failed to maintain its records in a reasonable state, it must bear the burden of searching those available records for documents responsive to plaintiffs' Rule 34 (b) request.

Hudson is therefore directed to search the records at Arma's plant and any other available records, for documents responsive to plaintiffs' request, and to make those documents available for inspection within fourteen (14) days of the date of this Opinion. At plaintiffs' option, Hudson may instead arrange for plaintiffs to inspect those records and provide such reasonable assistance as plaintiffs may require. Should Hudson fail to do so, I will strike Hudson's answer and grant plaintiffs judgment by default against Hudson. See F.R.Civ.P. 37 (b) (2) (c).

Rule 37(a) (4) requires an award of the "reasonable expenses" of a successful motion to compel against "the party ...whose conduct necessitated the motion or the party or attorney advising such conduct or both of them... unless the court finds that the opposition to the motion was substantially justified or that such other circumstances make an award of expenses unjust." Although I attribute no bad faith to Hudson's counsel, and will allow that his initial opposition to the December 2, 1985 request for production may have been "substantially justified" by his client's confused state of affairs, I find nothing in the record to substantially justify Hudson's failure to attempt to locate the sought-after documents at Arma after the July 31, 1986 Opinion. That Opinion specifically noted that Shapiro had "fail[ed] to indicate whether he or either of the Massimi brothers ha[d] made the slightest effort...to search what is now Arma's plant for Hudson's old records." Slip Op. at 17. It also directed Hudson to produce any documents which could be located within fourteen days or to show why they could not be so produced. Slip Op. at 18.

*3 Hudson now indicates that some records are, indeed, at Arma's plant, but has not examined those documents to see whether any are responsive to plaintiffs' requests or even offered to assist plaintiffs

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
1987 WL 6905 (S.D.N.Y.)

(Cite as: 1987 WL 6905 (S.D.N.Y.))

Page 3

in doing so. Therefore, I award plaintiffs its reasonable expenses, including attorney's fees, incurred in the Rule 37 proceedings. Plaintiffs' attorneys must prove the amounts by affidavits accompanied by contemporaneous time records. Because counsel apparently failed to advise Hudson of its Rule 34 responsibilities, counsel will be jointly and severally liable for those expenses.

As to Shapiro's motion for permission to withdraw, I have concluded that despite his failure to justify Hudson's response to the document request, he cannot be expected to litigate this case to its conclusion given his client's inability materially to assist him. I see no reason, however, why Shapiro cannot assist Hudson in complying with the foregoing discovery order. When that search is complete, Shapiro may so advise the Court and I will grant his motion to be relieved. See D.R. 2-110 (C) (1) (d), (c) (6).

Conclusion

Plaintiffs' motion to compel is granted. I award plaintiffs the reasonable expenses of its August 27, 1986 submission, taxable against Hudson and its counsel.

Shapiro's motion to withdraw is denied at this time, subject to renewal after Hudson complies with the foregoing discovery order or defaults thereupon.

The foregoing is SO ORDERED.

1987 WL 6905 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

- 1:85CV05399  (Docket)  
  (Jul. 16, 1985)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.