# Tab E

Westlaw.

1988 WL 70013                                                                                            Page 1

1988 WL 70013 (D.Del.)

(Cite as: 1988 WL 70013 (D.Del.))

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
SCRIPPS CLINIC AND RESEARCH
FOUNDATION, and Rorer Group, Inc., Plaintiffs,
v.
BAXTER TRAVENOL LABORATORIES, INC.,
and Travenol Laboratories, Inc.,
Defendants.
**CIV.A. No. 87-140-CMW.**

June 21, 1988.

Gregory A. Inskip, Potter, Anderson & Corroon Wilmington, Delaware. (Eugene Moroz, Esquire, Kurt E. Richter, Esquire and William S. Feiler, Morgan & Finnegan, New York City, of counsel), for plaintiffs.

Allen M. Terrell, Jr., Richards, Layton & Finger Wilmington, (Granger Cook, Jr., Esquire and Dean A. Monco, Cook, Wetzel & Egan, Ltd., Chicago, Ill., and Paul C. Flattery, and Robert E. Hartenberger, Baxter Travenol Laboratories, Inc., Deerfield, Ill., of counsel), for defendants.

*OPINION*

CALEB M. WRIGHT, Senior District Judge.

*1 This discovery dispute arises out of a patent infringement suit brought by Scripps Clinic and Research Foundation and Rorer Group, Inc. ("Scripps") against Baxter Travenol, Inc., and Travenol Laboratories, Inc. ("Baxter"). The dispute centers on alleged deficiencies in the discovery responses of both parties during an exchange of responses on February 6, 1988. Baxter filed a motion under Federal Rule of Civil Procedure 37 to compel supplemental responses to its interrogatories and requests for documents, and to compel the production of certain deposition transcripts and exhibits generated in other ongoing patent infringement suits filed by Scripps to enforce the patent at issue. Scripps then filed a motion to compel Baxter to index more than 45,000 documents which Baxter had produced in response to Scripps' document requests.

1. *Baxter's Motion to Compel Supplemental Responses to Its Interrogatories*

Baxter moves the Court to compel Scripps to supplement its responses to interrogatories numbers 1-2, 4-5, 11-12, 22-23, 27-29, 37-39, 46, 48-49, and 51-52. Scripps declined tooffer any specific answer to any of these interrogatories and instead stated in each case some form of the statement, "Without waiving any objection plaintiffs will produce documents pursuant to Fed.R.Civ.P. 33(c) in lieu of identification." *See, e.g.* Plaintiffs' Response to Interr. No. 2.

In support of its answers, Scripps relies on Federal Rule of Civil Procedure 33(c), which gives a responding party the option of producing business records in answer to an interrogatory. Specifically, Rule 33(c) states:

Where the answer to an interrogatory may be derived or ascertained from the business records of the party ... and the burden of ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to *specify the records from which the answer may be derived or ascertained.... A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records* from which the answer may be obtained.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1988 WL 70013                                                                                        Page 2

1988 WL 70013 (D.Del.)

**(Cite as: 1988 WL 70013 (D.Del.))**

(emphasis added). Scripps' responses are insufficient under this rule because they contain no specification of records at all.

Scripps produced approximately 6,700 documents in response to Baxter's requests. In the interrogatory answers at issue, Scripps offered no specific answers to the disputed questions; rather, it just referred to the boxes of documents. Referring to 6,700 documents does not constitute "specify[ing] the records," and is insufficient to allow Baxter "to locate and to identify, as readily as can [Scripps[, the records from which the answer may be obtained." Fed.R.Civ.P. 33(c). Scripps clearly did not meet its "duty to specify" the records. Fed.R.Civ.P. 33(c) advisory committee's note. It did not even affirmatively state that the answers to the interrogatories could be found in the documents. As the Advisory Committee to the Federal Rules has noted: "respond[ing] by directing the interrogating party to a mass of business records ... [is an] abuse of the option." *Id.* As such, Scripps' answers are clearly insufficient and must be supplemented.

In addition, the Court notes that Scripps attempted to use its ability to answer the interrogatories as a bargaining chip in its attempts to convince Baxter to index the document production that is the subject of Scripps' Motion to Compel. In correspondence between counsel, Scripps stated, "Plaintiffs are in the process of completing a list indicating which production documents are responsive to Baxter's various document requests and stand ready to exchange our list with Baxter should Baxter reconsider its position." Letter to Baxter counsel, Feb. 18, 1988. Discovery is not a game in which one party's answers are balanced against the other party's answers. There are rules that govern discovery. Rule 33(c) allows parties to opt to produce business records to aid in answering the interrogatories, not to avoid answering them. Scripps must specify the documents that contain the answers to the interrogatories irrespective of Baxter's behavior. Finally, since it appears from this correspondence that some sort of index exists, it should be produced. L.R. 4.1C.

*2 Baxter also moves the Court to compel Scripps to answer interrogatories 51 and 52, in which Baxter seeks the names of everyone who was consulted in order to answer the interrogatories, as well as everyone who had control or custody of any documents produced in response to the interrogatories. Scripps objects to these interrogatories as being unduly broad and burdensome, and as seeking irrelevant information. The Court will grant Baxter's motion to compel responses to these interrogatories. Rule 26(b) specifies as discoverable subject matter "the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Baxter's requests fall squarely within the scope of this Rule and must be answered by Scripps.

Baxter also moves the Court to compel responses to interrogatories numbers 3(c), 3(d), 8-10, 16-18(b), 20, 25-26, and 42-44. Scripps objected to these interrogatories on various grounds, including their being unduly broad and burdensome and not calculated to lead to admissible evidence. Because the parties did not address these issues in their briefs, however, the Court is without sufficient knowledge to rule on the propriety of the interrogatories. Consequently, the Court will deny Baxter's motion without prejudice with respect to those interrogatories.

II. *Baxter's Motion to Compel Supplemental Responses to Its Document Requests*

Baxter seeks to compel Scripps to supplement its answers to document request numbers 1, 4, 7, 14, 17-18, 20-21, 23, 37-38, 45, 47-49, 51, 54-55, 58, 60, and 64-66. The only grounds addressed in the briefs was that Scripps "artificically" limited many of its responses to documents produced on or before December 14, 1981, the date of application of the original patent.

Rule 26(b) limits the scope of document discovery to documents that are relevant to a claim or defense or that appear "reasonably calculated to lead to the discovery of admissible evidence." Scripps limited

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1988 WL 70013                                                                       Page 3

1988 WL 70013 (D.Del.)

(Cite as: 1988 WL 70013 (D.Del.))

its responses to document requests numbers 4, 7, 14, 38, 45, 48-49, 54, and 60 to documents generated before December 14, 1981, claiming that documents created after that date are irrelevant. Scripps also limited its response to request number 20 to documents created prior to October 22, 1985, the date of application for the reissue patent. These limitations are improper because Baxter has asserted many defenses concerning the validity of the patent, including inequitable conduct, that may be influenced by events which occurred after the date of application. Therefore, Scripps' responses to these requests are insufficient and must be supplemented. Baxter also objected to Scripps' limiting its responses to requests numbers 21 and 23 to documents created before October 14, 1981. Baxter limited its requests to that time frame, however, and thus Scripps correctly limited its response.

Baxter also moves the Court to compel further responses to document requests numbers 1, 17-18, 37, 47, 51, 55, 58, and 64-66. Request number 1 covers the documents necessary to answer Baxter's interrogatories. Because the procedures for producing documents under Rule 33(c) and Rule 34 are the same under Local Rule 4.1C, all documents will be produced under the interrogatories in the same fashion as they would be under the document request, thus making this document request not necessary. Because the parties did not specifically address the remaining disputed requests in their briefs, the Court is without sufficient knowledge to rule on their propriety, and will consequently deny Baxter's motion without prejudice with respect to those requests.

III. *Baxter's Motion to Compel the Production of Deposition Transcripts and Exhibits From Other Suits*

*3 In 1983, Scripps filed several other patent infringement suits in the Northern District of California against Genentech, Inc., Chiron Corp., and Miles Laboratories, Inc. Baxter seeks to obtain the transcripts of and exhibits produced during the deposition of certain Scripps employees and other witnesses. Scripps objects to the production of these documents on several grounds, all of which are insufficient.

Scripps first alleges that because Baxter refused to cooperate in coordinating discovery with the other defendants it should not be permitted to now obtain the fruits of such discovery. Baxter correctly points out that the instant suit was filed more than three years after the California suits, and consequently has a much different procedural posture than the other suits. Furthermore, pretrial rulings in the other suits altered the scope of discovery in those actions. These different circumstances indicate that Baxter did not engage in bad faith by refusing to coordinate its discovery and that its action should not influence the requested production.

Scripps next argues that if Baxter is permitted to discover the transcripts and exhibits, it should not be permitted to redepose the same witnesses because Rule 26 prohibits cumulative, duplicative, and burdensome depositions. Baxter has a right to take the depositions itself in order to develop its case properly. Possessing prior transcripts may actually enable Baxter to shorten the depositions by addressing only more important areas. Thus, because the depositions will be taken by a new party, Rule 26 does not prevent their being taken.

Scripps further argues that many documents fall under protective orders entered in the other actions. This would be a serious problem had not Baxter agreed to limit its discovery to depositions of certain Scripps' witnesses, such as Dr. Zimmerman, the inventor of the patented process. Thus, Baxter will not be exposed to any confidential information concerning the defendants in the other suits.

Scripps' final point concerns the time and effort expended by counsel for Scripps and the other defendants in taking the depositions. The Court agrees that Baxter should not be a "free rider," benefiting from the past work done by the other parties. Therefore, the Court will grant Baxter's motion to compel but will order that Baxter shall pay for the transcripts and exhibits at a rate greater than that for the normal production of documents.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1988 WL 70013                                                                    Page 4

1988 WL 70013 (D.Del.)

**(Cite as: 1988 WL 70013 (D.Del.))**

The Court will be available for consultation if the parties cannot work out an agreement.

IV. *Scripps' Motion to Compel Baxter to Index its Responses*

Baxter produced more than 45,000 documents in response to Scripps' document requests. The documents originated in two facilities and were gathered from several departments. Affidavit of Michael J. Griffith. All responsive non-privileged documents were produced, with the exception of marketing and research documents pertaining to plasma-derived Factor VIII:C and recombinant DNA-produced Factor VIII:C. Baxter claims to have produced the documents " as they are kept in the usual course of business." Fed.R.Civ.P. 34(b).

*4 Scripps seeks to compel Baxter to index the documents. It claims that although the documents were arranged in bundles within each of the 15 boxes, most of the bundles contained no designation as to the origin of the file, the name of the file, or whether the bundle contained documents from multiple files. It also alleges that the subject matter of documents in any one bundle was often varied.
As such, Scripps contends that the files were not presented in a way that would allow it to make a reasonable use of them, and that they were not produced as actually kept in the **ordinary course** of **business**. Scripps requests the Court to order Baxter to provide an index between the **documents** and individual files, the title of each file, and the custodial source of each file.

Rule 34(b) gives Baxter the option of either producing documents as they are ordinarily kept or of organizing and labeling them to correspond to the request. It is obvious that Baxter did not organize the **documents** to correspond to the individual requests. Baxter also failed, however, to produce the **documents** as they were kept in the **ordinary course** of **business**. The **documents** were gathered from many people and transferred to Scripps in an unintelligible manner. This is insufficient under Rule 34(b), which has the same requirements of organization in producing documents as does Rule 33(c). Fed.R.Civ.P. 34(b) advisory committee's note; L.R. 4.1C. Therefore, Scripps' motion is granted.

An Order will issue in accordance with this Opinion.

1988 WL 70013 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

- 1:87CV00140  (Docket)
                                    (Mar. 20, 1987)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.