IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES PUERTO RICO, L.P., | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S OPPOSITION TO**
**<u>PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS</u>**


                                                   Richard R. Wier, Jr. (#716)
                                                   Daniel W. Scialpi (#4146)
                                                   RICHARD R. WIER, JR., P.A.
                                                   1220 Market St., Suite 600
                                                   Wilmington, DE 19801
                                                   (302) 888-3222

Of Counsel:

James E. Edwards, Esquire
Anthony F. Vittoria, Esquire
Michael A. Schollaert, Esquire
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
Phone:  (410) 685-1120
Fax:     (410) 547-0699

                                                 Counsel for Defendant
                                                 ALSTOM Power Inc.

Date:  June 9, 2005

ALSTOM Power Inc. ("ALSTOM"), the defendant, files this Opposition to the Motion to Compel Production of Documents filed by AES Puerto Rico, L.P. ("AES"), plaintiff.

## I.   INTRODUCTION

AES has gone to great lengths to create and foster an unnecessary discovery dispute in this case rather than conduct discovery in a cooperative and efficient manner. Doubtless, AES has spent more time creating a record and drafting the pending motion regarding this "dispute" than it did in actually reviewing the document production about which it so bitterly complains.

Despite AES' protestations, however, ALSTOM has not only met, but exceeded, its obligations under the Federal Rules. Specifically, ALSTOM not only produced its documents in the manner in which they are maintained in the ordinary course of business, but spent thousands of dollars in legal fees and costs in separating a large quantity of non-responsive documents from the documents that were produced, thereby enabling AES to conduct a more efficient review.

## II.   BACKGROUND

This matter relates to the design and construction of a coal-fired power project in Guayama, Puerto Rico (the "Project"), which is owned by AES. ALSTOM was a subcontractor to the prime contractor on the Project, an entity known as D/FD Caribbean, S.E. ("D/FD"). Among other things, ALSTOM furnished and installed two boilers and the "back-end" pollution control equipment for the Project.

Two components of ALSTOM's work are at issue in this case -- the fluidized-bed heat exchanger ("FBHE") handcuffs, which are relatively tiny parts of the boiler, and the electrostatic precipitator ("ESP"), which is a part of the pollution control system. Despite its assertion to the contrary, AES requested essentially every document that related to the FBHE and the ESP in its

First Request for the Production of Documents ("Document Request").[1]

ALSTOM objected to AES' Document Requests as vague and overly burdensome. (*See* Tab 1, ALSTOM's Response to Document Request). In addition, ALSTOM informed AES that it had requested a voluminous amount of documents and that it was not ALSTOM's duty or obligation to determine which of the requested documents were truly needed by AES. Accordingly, prior to the production, ALSTOM informed AES that ALSTOM was going to produce "every document relating to the FBHEs and every document relating to the ESPs." AES did not object to the scope of the proposed production.

Following the completion of the Project, and during the course of separate litigation with D/FD, ALSTOM gathered in a centralized location all of the documents that had been created or obtained during the Project. (*See* Tab 2, Affidavit of Edward Bulewich, Jr., at ¶¶ 8-9.) The documents in question are in 397 banker's boxes, and include Project files and files maintained by individuals who worked on the Project. Those documents include documents that had been "boxed-up" in the regular course of business when the site office in Puerto Rico was demobilized, as well as documents retained by ALSTOM's "home office" employees, who had been instructed to place their files in boxes exactly as they had been retained in their desks or file drawers. (Bulewich Aff., at ¶¶ 7 and 9.)

Prior to producing the documents to AES, counsel for ALSTOM personally went through each and every box and determined which boxes contained documents relevant to AES' Document Requests. This process took ALSTOM's counsel over 45 hours to complete. By

---

[1] In particular, Request No. 2 of AES's Document Request sought "[a]ll documents related to the Project's FBHE, including but not limited to the design and operation of the FBHE . . .", while Request No. 10 sought "All documents related to the Project's ESP, including but not limited to the purchase and design of the ESP . . ." (*See* Tab A to AES's Motion to Compel.) As worded, those requests seek every document from every person who worked on either of those two components during every phase of the construction Project -- from design to procurement, from shipping to installation and, finally, from testing to turnover.

2

undertaking this exercise, however, ALSTOM was able to reduce the number of boxes to be produced to AES from 397 to 216.

Despite having been told of the steps that ALSTOM had taken to make AES' review as quick and efficient as possible, AES nonetheless objected to the manner in which ALSTOM was producing the documents. Specifically, AES stated that it intended to review "a sample of the documents" and that, if less than a "bulk of the documents" were responsive to AES' Document Request, it would immediately cease the review. That is precisely what it did: AES had two lawyers fly from Washington, D.C. to Windsor, Connecticut, only to spend approximately 5 ½ hours each reviewing a "sample" of the documents before departing. (Bulewich Aff., at ¶ 14.)

### III. LEGAL ARGUMENT

Rule 34(b) of the Federal Rules of Civil Procedure provides that a party producing documents in response to a request for production may "produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." "Thus under Rule 34, it is up to the producing party to decide how it will produce its records, provided that the records have not been maintained in bad faith." *Rowlin v. Alabama Dep't of Public Safety*, 200 F.R.D. 459, 462 (N.D. Ala. 2001). Importantly, the producing party is in compliance with Rule 34(b) "if it affords opposing sides equal access to the information sought." *Id.* (*citing* 8A WRIGHT & MILLER, §2213 at 429-31 (1997)).

The situation in this case mirrors the situation analyzed in *Butler v. Portland Gen. Elec. Co.*, Civ. No. 88-455-FR, 1990 WL 15680 (D.Or. Feb. 9, 1990).[2] In that case, the producing party, PGE, objected to the requesting parties' document requests as vague and burdensome, but agreed to produce 25 boxes of documents, each of which included responsive documents. The requesting parties, Butler and Flynn, filed a motion to compel, contending, as AES does here,

3

that PGE was obligated to identify the specific responsive documents in each of the 25 boxes. PGE argued, however, that Rule 34 allowed it to produce its records as they were kept in the usual course of business and that, since all of the parties "are in an equal position to sort through the material, PGE should not be required to structure and organize the documents for Butler and Flynn." *Id.* at *2.

The court agreed with PGE and denied the motion to compel filed by Butler and Flynn, holding that "[t]here has been no indication that PGE has purposefully produced the documents in an inconvenient form." Instead, the court observed that "Request No. 14 is so wide-ranging and vague that Butler and Flynn are better situated than PGE to sort through the documents and determine which are responsive." *Id.* at *3.

In this case, ALSTOM went to great lengths to produce its documents in the manner in which they were kept in the usual course of business. In fact, ALSTOM's counsel had to go through *all* of the boxes to determine which documents were necessary to defend AES' claims. Accordingly, AES was afforded better than equal access to the documents, and there is no indication that the documents were "maintained in bad faith" or produced in an "inconvenient form." Indeed, because its Request for Documents is so "wide-ranging," AES is in a better position than ALSTOM to determine which documents are responsive and necessary to its case.

## IV.  CONCLUSION

For these reasons, ALSTOM respectfully requests that the Court deny AES' Motion to Compel. ALSTOM further requests that the Court order that AES pay to ALSTOM the fees and costs incurred in proctoring the production should AES return to complete its inspection of the documents.

---

[2] For the convenience of the Court, a copy of this case is attached at Tab 3.

4

ALSTOM POWER INC.

/s/ Daniel W. Scialpi
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
1220 Market St., Suite 600
Wilmington, DE 19801
(302) 888-3222
Dscialpi@wierlaw.com

James E. Edwards, Esquire
Anthony F. Vittoria, Esquire
Michael A. Schollaert, Esquire
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
Phone:  (410) 685-1120
Fax:    (410) 547-0699

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this __9th__ day of June 2005, I hand delivered and electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> John S. Spadaro, Esquire
> Murphy Spadaro & Landon
> 1011 Centre Road, Suite 210
> Wilmington, Delaware 19805

I also have mailed by United States Postal Service, the document(s) to the following non-registered participants:

> Dane H. Butswinkas, Esquire
> R. Hackney Wiegmann, Esquire
> Daniel D. Williams, Esquire
> Williams & Connolly LLP
> 725 Twelfth Street, N.W.
> Washington, D.C. 20005

> ALSTOM POWER INC.

> /s/ Daniel W. Scialpi
> Richard R. Wier, Jr. (#716)
> Daniel W. Scialpi (#4146)
> RICHARD R. WIER, JR., P.A.
> 1220 Market St., Suite 600
> Wilmington, DE 19801
> (302) 888-3222
> Dscialpi@wierlaw.com

766084

6