# Tab 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES PUERTO RICO, L.P., | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER, INC., | * | |
| Defendant, | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ALSTOM POWER INC.'S RESPONSE TO
### AES PUERTO RICO, L.P.'S FIRST SET OF DOCUMENT REQUESTS

ALSTOM Power Inc. ("ALSTOM"), Defendant, by its counsel, pursuant to the Federal Rules of Civil Procedure, responds as follows to the First Set of Document Requests served upon it by Plaintiff, AES Puerto Rico, L.P. ("AES").

### GENERAL RESPONSES/OBJECTIONS

a.  ALSTOM objects to the purported requirement that it produce the requested document "no later than April 14, 2005", as that requirement is beyond the requirements contained in the Federal Rules of Civil Procedure. Rather, FRCP 33(b) requires only that ALSTOM provide a written response to AES's Document Request within 30 days of service.

b.  ALSTOM will produce existing documents in its possession or under its control, obtained through a reasonably diligent search of its records, and in accordance with the manner in which those records are retained.

c.  ALSTOM will produce such documents at a time and location mutually convenient to counsel.

d. ALSTOM objects to these Requests to the extent that they seek to require ALSTOM to disclose privileged attorney-client communications or information otherwise protected from discovery on the grounds of privilege.

e. ALSTOM objects to these Requests to the extent that they seek the production of attorney work-product or documents or other tangible things prepared or obtained in anticipation of litigation or for trial.

f. ALSTOM will not produce copies of pleadings or any documents exchanged between counsel in the litigation because these documents are equally available to AES.

g. Subject to the foregoing general responses, ALSTOM further responds as follows to the individual requests without waiver and with preservation of:

1) The right to object to the use of any response, or the subject matter thereof, on any grounds in any proceeding or action (including any trial);

2) The right to object on any grounds at any time to a demand or request for a further response to any Request or to any other document request, interrogatory or other discovery mechanism involving or relating to the subject matter of the Request;

3) The right at any time to revise, correct, add to, supplement or clarify any of the individual responses.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:** All documents relating to AES PR's warranty claim concerning the Plant's FBHE handcuffs.

**RESPONSE TO REQUEST NO. 1:** ALSTOM objects to this Request on the grounds that it is vague and would improperly require ALSTOM to exercise its discretion and judgment as to which documents to produce.

**REQUEST NO. 2:** All documents relating to the Plant's FBHE, including but not limited to documents relating to the design and operation of the FBHE, any tube failures in the FBHE, efforts to correct the tube failures, and analyses of the causes of the tube failures.

**RESPONSE TO REQUEST NO. 2:** ALSTOM respectfully objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. ALSTOM further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and the attorney-work product doctrine. Without waiving these objections, ALSTOM will produce documents in its possession responsive to this Request.

**REQUEST NO. 3:** All documents relating to the design and configuration of the Plant's FBHE handcuffs.

**RESPONSE TO REQUEST NO. 3:** *See* Response to Request No. 2.

**REQUEST NO. 4:** All documents relating to the performance of the Plant's FBHE handcuffs, including but not limited to documents discussing broken handcuffs, movements of the handcuffs, repair, replacement and addition of handcuffs, and the configuration of the handcuffs.

**RESPONSE TO REQUEST NO. 4:** *See* Response to Request No. 2.

**REQUEST NO. 5:** All documents relating to the control set points for the fluidizing airflow for the Plant's FBHE.

**RESPONSE TO REQUEST NO. 5:** *See* Response to Request No. 2.

**REQUEST NO. 6:** All documents relating to ash plugging in the Plant's fluidizing air header manifold.

**RESPONSE TO REQUEST NO. 6:** ALSTOM respectfully objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. ALSTOM further

objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and the attorney-work product doctrine. Without waiving these objections, ALSTOM will produce documents in its possession responsive to this Request.

**REQUEST NO. 7**: All documents relating to the airflow design for the Plant's FBHE.

**RESPONSE TO REQUEST NO. 7**: *See* Response to Request No. 2.

**REQUEST NO. 8**: All documents dated on or after November 28, 2001 relating to the addition by ALSTOM, or at ALSTOM's recommendation, of more FBHE handcuffs to an existing design or configuration at any plant.

**RESPONSE TO REQUEST NO. 8**: ALSTOM objects to this Request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In addition, ALSTOM objects to this Request to the extent that it seeks documents protected by the attorney-client privilege and the attorney-work product doctrine. Without waiving these objections, ALSTOM will produce documents in its possession responsive to this Request.

**REQUEST NO. 9**: All documents relating to AES PR's warranty claim concerning the Plant's ESP.

**RESPONSE TO REQUEST NO. 9**: ALSTOM objects to this Request on the grounds that it is vague, overbroad, and would improperly require ALSTOM to exercise its discretion and judgment as to which documents to produce.

**REQUEST NO. 10**: All documents relating to the Plant's ESP, including but not limited to documents relating to the purchase and design of the ESP, the corrosion to the ESP collection plates, rigidtrodes, and other components of the ESP, and analyses of the causes of any such corrosion.

4

**RESPONSE TO REQUEST NO. 10**: ALSTOM respectfully objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. ALSTOM further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and the attorney-work product doctrine. Without waiving these objections, ALSTOM will produce documents in its possession responsive to this Request.

**REQUEST NO. 11**: All documents comprising and relating to any contract or subcontract for the Plant's ESP and any of its components.

**RESPONSE TO REQUEST NO. 11**: *See* Response to Request No. 10.

**REQUEST NO. 12**: All documents relating to the flue gas entering the Plant's ESP (which includes flue gas entering the circulating dry scrubbers), including but not limited to documents relating to the temperature of such gas.

**RESPONSE TO REQUEST NO. 12**: ALSTOM objects to this Request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. ALSTOM further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege or the attorney-work product doctrine. Without waiving these objections, ALSTOM will produce documents in its possession responsive to this Request.

**REQUEST NO. 13**: All documents relating to the opacity of the gas exiting the Plant's smoke stack.

**RESPONSE TO REQUEST NO. 13**: ALSTOM objects to this Request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. ALSTOM further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege or the attorney-work product doctrine.

Without waiving these objections, ALSTOM will produce documents in its possession responsive to this Request.

**REQUEST NO. 14:** All operating and maintenance manuals you received from EEC or any other source relating to the Plant's ESP.

**RESPONSE TO REQUEST NO. 14:** ALSTOM will produce the documents in its possession responsive to this Request.

**REQUEST NO. 15:** All documents you received from D/FD relating to the design, specifications, and procurement of the Plant's ESP and any related equipment.

**RESPONSE TO REQUEST NO. 15:** ALSTOM will produce the documents in its possession responsive to this Request.

**REQUEST NO. 16:** All documents relating to the commissioning of the ESP, including but not limited to the pressure, gas flows, and temperatures of the ESP.

**RESPONSE TO REQUEST NO. 16:** ALSTOM objects to this Request to the extent that it seeks documents protected by the attorney-client privilege or the attorney-work product doctrine. Without waiving these objections, ALSTOM will produce documents in its possession responsive to this Request.

**REQUEST NO. 17:** All documents reflecting or relating to any communication with ALSTOM on-site personnel, D/FD, or any subcontractor of ALSTOM relating to the operating parameters of the ESP.

**RESPONSE TO REQUEST NO. 17:** ALSTOM objects to this Request to the extent that it seeks documents protected by the attorney-client privilege or the attorney-work product doctrine. Without waiving these objections, ALSTOM will produce documents in its possession responsive to this Request.

**REQUEST NO. 18:** All documents relating to the water injected into the circulating dry scrubbers of the ESP, including but not limited to the specifications for the water, all evaluations and analyses of the composition of the water, and all evaluations and analyses of the effects of the water on the ESP.

**RESPONSE TO REQUEST NO. 18:** ALSTOM objects to this Request to the extent that it seeks documents protected by the attorney-client privilege or the attorney-work product doctrine. Without waiving these objections, ALSTOM will produce documents in its possession responsive to this Request.

**REQUEST NO. 19:** All documents reflecting or relating to any communication with EEC relating to the Plant, including but not limited to communications relating to AES PR's warranty claims.

**RESPONSE TO REQUEST NO. 19:** ALSTOM respectfully objects to this Request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. ALSTOM further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and the attorney-work product doctrine. Without waiving these objections, ALSTOM will produce documents in its possession responsive to this Request.

**REQUEST NO. 20:** All documents reflecting or relating to any communication with Liberty relating to the Plant, including but not limited to communications relating to AES PR's warranty claims.

**RESPONSE TO REQUEST NO. 20:** ALSTOM respectfully objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. ALSTOM further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and the attorney-work product doctrine. Without waiving these objections, ALSTOM will produce documents in its possession responsive to this Request.

7

**REQUEST NO. 21**: All documents reflecting or relating to any communication with D/FD relating to AES PR's warranty claims concerning the ESP and the FBHE.

**RESPONSE TO REQUEST NO. 21**: ALSTOM respectfully objects to this Request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. ALSTOM further objects to this Request on the grounds that it seeks information protected by the attorney-client privilege and the attorney-work product doctrine. Without waiving these objections, ALSTOM will produce documents in its possession responsive to this Request.

**REQUEST NO. 22**: All documents comprising or relating to your purchase order with EEC for the supply of pollution control equipment for installation on the Plant.

**RESPONSE TO REQUEST NO. 22**: ALSTOM objects to this Request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. ALSTOM further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege or the attorney-work product doctrine. Without waiving these objections, ALSTOM will produce documents in its possession responsive to this Request.

**REQUEST NO. 23**: All documents comprising or relating to a bond purchased by EEC from Liberty relating to the Plant.

**RESPONSE TO REQUEST NO. 23**: ALSTOM objects to this Request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. ALSTOM further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege or the attorney-work product doctrine.

Without waiving these objections, ALSTOM will produce documents in its possession responsive to this Request.

**REQUEST NO. 24**: All documents that support, refute, or otherwise relate to the factual allegations contained in the Answer you filed in this action.

**RESPONSE TO REQUEST NO. 24**: To the extent that this Request seeks documents that "refute . . . the factual allegations contained in the Answer you filed in this action", ALSTOM objects on the grounds that the Request is vague and would improperly require ALSTOM to exercise its discretion and judgment as to which documents to produce.

To the extent that this Request seeks documents that "support . . .or otherwise relate to the factual allegations contained in the Answer you filed in this action", ALSTOM respectfully objects on the grounds that it is overbroad and unduly burdensome, as it would essentially require ALSTOM to produce every document relating to the Project. For the same reason, ALSTOM objects to this Request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, ALSTOM objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and the attorney-work product doctrine. Without waiving these objections, ALSTOM respectfully refers AES to its Responses to the previous Requests.

**REQUEST NO. 25**: All documents that support, refute, or otherwise relate to each of the affirmative defenses contained in the Answer you filed in this action.

**RESPONSE TO REQUEST NO. 25**: To the extent that this Request seeks documents that "refute . . . the affirmative defenses contained in the Answer you filed in this action", ALSTOM objects on the grounds that the Request is vague and would improperly require ALSTOM to exercise its discretion and judgment as to which documents to produce.

To the extent that this Request seeks documents that "support . . .or otherwise relate to the factual allegations contained in the Answer you filed in this action", ALSTOM respectfully objects on the grounds that it is overbroad and unduly burdensome, as it would essentially require ALSTOM to produce every document relating to the Project. For the same reason, ALSTOM objects to this Request on the grounds that it requests documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally, ALSTOM objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and the attorney-work product doctrine. Without waiving these objections, ALSTOM respectfully refers AES to its Responses to the previous Requests.

ALSTOM POWER INC.

*/s/ Richard R. Wier, Jr.*

Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
1220 Market St., Suite 600
Wilmington, DE 19801
(302) 888-3222

John Anthony Wolf, Esquire
James E. Edwards, Esquire
Anthony F. Vittoria, Esquire
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
Phone: (410) 685-1120
Fax:   (410) 547-0699

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this ___7th___ day of April, 2005, a copy of the foregoing Response to Plaintiff's First Set of Document Requests was served, via first-class mail, postage prepaid, on:

> John S. Spadaro, Esquire
> Murphy Spadaro & Landon
> 1011 Centre Road, Suite 210
> Wilmington, Delaware 19805
>
> Dane H. Butswinkas, Esquire
> R. Hackney Wiegmann, Esquire
> Daniel D. Williams, Esquire
> Williams & Connolly LLP
> 725 Twelfth Street, N.W.
> Washington, D.C. 20005
>
> Attorneys for Plaintiff

_____
Richard R. Wier, Jr.

761396

11