# Tab 3

Westlaw.

Not Reported in F.Supp.

Page 1

1990 WL 15680 (D.Or.), 52 Fair Empl.Prac.Cas. (BNA) 289
**(Cite as: 1990 WL 15680 (D.Or.))**

**H**

**Motions, Pleadings and Filings**

United States District Court, D. Oregon.
Glenn BUTLER and Farley Flynn, Plaintiffs,
v.
PORTLAND GENERAL ELECTRIC COMPANY,
an Oregon corporation, Defendant.
**CIV. No. 88-455-FR.**

Feb. 9, 1990.
Timothy J. Vanagas, Jennings, Vanagas & Lowe,
Gresham, Or., for plaintiffs.

Jonathan T. Harnish, Corbett Gordon, Bullard,
Korshoj, Smith & Jernstedt, P.C., Mary Ellen
Hoffman, Portland General Electric Company,
Portland, Or., for defendant.

OPINION

FRYE, District Judge:

*1 The matter before the court is the motion (# 82)
of plaintiffs, Glenn Butler and Farley Flynn, to
compel discovery and for sanctions against
defendant, Portland General Electric Company
(PGE).   This is an action for age discrimination by
two former employees of PGE.

ANALYSIS AND RULING
Butler and Flynn move to compel responses to
various discovery requests from PGE.   The court
will address the requests in the order presented by the
parties.

1. Butler and Flynn move to compel further
production in response to Request No. 9 in their third
request for production.   Request No. 9 asks for the
minutes and reports of the Position Evaluation
Committee for 1985-86.   PGE objects that the
request is overbroad, but offers to produce the
documents which contain information involving the
jobs for which Butler and Flynn applied.

Butler and Flynn argue that they need information
regarding all jobs evaluated by the Position
Evaluation Committee in order to determine if the
committee had a practice of finding every job it

analyzed to be "new."   PGE responds that the RIF
committee, and not the Position Evaluation
Committee, is the body which decides whether a
position is to be treated as a new job.   PGE
represents that Butler and Flynn have obtained copies
of all relevant minutes and other documents of the
RIF committee.

As it appears that the minutes and reports of the
Position Evaluation Committee do not contain further
relevant information, Butler and Flynn's motion is
denied as to Request No. 9.

2. Butler and Flynn move to compel further
production in response to Request No. 26 in their
third request for production.   PGE responded that
although the request is vague, it would produce the
tests.   Butler and Flynn contend that they have not
received the tests as promised by PGE.   PGE states
that the responsive documents were produced to
Butler and Flynn on October 3, 1989.   PGE offers to
arrange for Butler and Flynn to be provided again
with the documents if they cannot locate them.

The court finds that the issue regarding Request No.
26 is moot.

3. Butler and Flynn move to compel further
production in response to Request No. 3 in their
fourth request for production.   Request No. 3 asks
for annual records indicating the names and positions
held by employees in Division Operations whose
wages or salaries were included in Codes 911, 912,
913 and 916 of the 1982-1986 PGE FERC Form 1
filings.   PGE objects that the request is overbroad
and irrelevant, but agrees to produce any responsive
documents relating to the CFS departments which
have not already been produced.   PGE further states
that it has searched for such documents and found no
additional documents.

Butler and Flynn contend that the deposition
testimony of Dave Carboneau, an employee of PGE,
indicates that additional records exist.   PGE submits
the affidavits of Corbett Gordon and Vickie Coonts,
which state that Coonts made the inquiry suggested
by Carboneau and found that no further documents
are available and that it will be necessary to create a
new computer program in order to produce further
information responsive to Request No. 3.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2
1990 WL 15680 (D.Or.), 52 Fair Empl.Prac.Cas. (BNA) 289
**(Cite as: 1990 WL 15680 (D.Or.))**

**\*2** Under Fed.R.Civ.P. 34(a), a party is required to produce only documents which are in its "possession, custody or control." A document is not in the possession, custody or control of a party if it does not exist, and production cannot be required of a document which is not yet in existence. Wright and Miller, *Federal Practice and Procedure: Civil §* 2210, p. 625.

The court accepts the representation of PGE that the requested information has not been compiled into the form of a document or a computer program. As the law does not require a party to prepare or create a document in response to a discovery request, the motion to compel is denied as to Request No. 3.

4. Butler and Flynn move to compel further production in response to Request No. 13 in their fifth request for production. Request No. 13 asks for minutes, records and reports of the Executive Position Review Committee between 1984 and 1988. PGE objects that the request is overbroad in scope, but offers to produce any responsive documentation "which pertains to the Executive Position Review Committee, within the CFS department of the Sales, Community Relations, and Service and Design Consultant aspects of the MCO department." PGE states that it has made a search for such documentation and learned that none exists.

Butler and Flynn argue that PGE's limitation on the scope of Request No. 13 is unacceptable because the practice of age discrimination was widespread at PGE and involved many work areas. PGE responds that since there are no responsive documents, Request No. 13, regardless of scope, is moot.

The court accepts the representation of PGE that it has made a diligent search for responsive documents and that none have been located. The motion to compel is denied as to Request No. 13.

5. Butler and Flynn move to compel further production in response to Request No. 14 in their fifth request for production. Request No. 14 asks for:

Any and all documents of any nature or description, including but not limited to calendars, photographs, journals, diaries, memoranda, correspondance, testimony notes, rough notes, telephone messages and data responses which relate in any way to the Oregon Public Utility Commission staff requests to PGE for information regarding PGE Reduction in Force Program, Categories A, B, D, and D

Advertising activities and charges, Marketing/Sales activity, conservation, promotional activities and concessions regarding PGE rate making cases between 1976 through 1986, and PGE's responses thereto.

Defendant's Responses to Plaintiffs' Fifth Request for Production, p. 8. PGE objects to the request as vague and burdensome, but offers to produce the boxes of documents which include the responsive documents and to permit Butler and Flynn to search for the responsive documents at a mutually convenient time.

Butler and Flynn contend that PGE should be required to identify the responsive documents in the approximately twenty-five boxes of documents made available for review by PGE. PGE argues that under Rule 34, it is proper to produce documents as they are kept in the usual course of business. PGE contends that since the parties are in an equal position to sort through the material, PGE should not be required to structure and organize the documents for Butler and Flynn.

**\*3** Under Rule 34(b), it is proper to produce documents as they are kept in the usual course of business. There is no indication that PGE has purposefully produced the documents in an inconvenient form. Rather, Request No. 14 is so wide-ranging and vague that Butler and Flynn are better situated than PGE to sort through the documents and determine which are responsive. The court accepts PGE's representation that the documents continue to be made available for inspection by Butler and Flynn. The motion to compel is denied as to Request No. 14.

6. Butler and Flynn move to compel further production in response to Request No. 18 in their fifth request for production. Request No. 18 asks for copies of PGE's separation letter (agreement) for each Division Operations employee RIFFED by PGE between 1983 and 1986. PGE objects that the request is overbroad, but offers to produce such letters for all employees RIFFED from the CFS department in 1986.

Butler and Flynn contend that discovery should not be limited to the CFS department where they worked because employees in other work areas have testified to their belief that age discrimination occurred in other areas. PGE contends that separation letters are essentially form letters which would not provide any relevant information. PGE argues that the testimony

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
1990 WL 15680 (D.Or.), 52 Fair Empl.Prac.Cas. (BNA) 289
**(Cite as: 1990 WL 15680 (D.Or.))**

of employees from other departments as to their subjective belief regarding discrimination is not relevant to the claims brought by Butler and Flynn.

Butler and Flynn have not stated what information they expect to gain from the separation letters, or how evidence regarding the subjective beliefs of employees in other departments would be relevant to this action.    As the separation letters appear to be duplicative of other discovery materials, and of marginal relevance at best, the court denies the motion to compel as to Request No. 18.

7. Butler and Flynn move to compel production under Request No. 20 in their fifth request for production, which requests: "Report and supporting OAR 860-21-605 materials, submitted to the PUC, as required by all for 1976 through 1986."    PGE responded that the request is vague and incomprehensible due to the inclusion of the words "by all."

Butler and Flynn contend that PGE seized on the mistaken inclusion of extra words in the request as an excuse to object to the request.    PGE responds that it cannot be expected to know whether Butler and Flynn mistakenly included extra words or whether further words were omitted from the request.

The court agrees that a party is not required to guess as to the meaning of a word or phrase mistakenly included in a discovery request.    However, this matter could have been resolved by an informal conference between counsel before this motion was filed.    The court has insufficient information before it regarding the nature of the documents sought by Request No. 20.    Therefore, the motion to compel is denied as to Request No. 20.

8. Butler and Flynn move for an award of their reasonable expenses, including attorney fees, incurred in bringing this motion.    As Butler and Flynn have not prevailed in this motion, such an award is not appropriate.

### CONCLUSION
*4 The motion of Butler and Flynn to compel discovery and for sanctions (#82) is denied.

### ORDER
IT IS HEREBY ORDERED that plaintiffs' motion to compel discovery and for sanctions (#82) is DENIED.

1990 WL 15680 (D.Or.), 52 Fair Empl.Prac.Cas.

(BNA) 289

### Motions, Pleadings and Filings (Back to top)

•             3:88CV00455             (Docket) (Apr. 22, 1988)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.