IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES PUERTO RICO, L.P., | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER INC., | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT'S MOTION TO COMPEL PRODUCTION OF ELECTRONIC DOCUMENTS

Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
1220 Market St., Suite 600
Wilmington, DE 19801
(302) 888-3222

Of Counsel:

James E. Edwards, Esquire
Anthony F. Vittoria, Esquire
Michael A. Schollaert, Esquire
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
Phone: (410) 685-1120
Fax:   (410) 547-0699

Counsel for Defendant
ALSTOM Power Inc.

Date: October 24, 2005

Pursuant to Fed. R. Civ. P. 37(a)(2)(B), ALSTOM Power Inc. ("ALSTOM"), the Defendant, moves for an order compelling AES Puerto Rico, L.P. ("AES") to produce, within 30 days and in the format agreed to by the parties, all electronic documents within its possession, custody, or control that are responsive to ALSTOM's First Request for Production of Documents and Things and Entry Upon Land for Inspection ("First Request").[1]

## I. INTRODUCTION

This $14 million lawsuit relates to a construction project that spanned almost a decade and was valued at over $444 million. In the seven months that discovery has been proceeding in this matter, AES has produced a total of 544 electronic documents – only 136 of which were e-mails. In contrast, ALSTOM has produced a total of 55,659 electronic documents – of which 35,792 are e-mails – in the same time period. It is this absolute failure on the part of AES to fulfill its discovery obligations and the tremendous disparity between the parties that has forced ALSTOM to file this motion.

## II. BACKGROUND

This matter relates to the design and construction of a coal-fired power project in Guayama, Puerto Rico (the "Project"). AES is the owner of the Project and ALSTOM was a subcontractor to the prime contractor on the Project, an entity known as D/FD Caribbean, S.E. ("D/FD"). AES has brought suit alleging that ALSTOM breached the warranties relating to some of the equipment provided by ALSTOM. ALSTOM's defense of AES's claims requires it to discover all of the facts related to, among other things, AES's operation, maintenance, repair or alteration of that equipment.

---

[1] A copy of ALSTOM's First Request is attached hereto at Tab 1.

1

ALSTOM served its First Request, which sought the production of both hard-copy and electronic documents, on March 28, 2005.[2] Recognizing the effort that would be required to gather, prepare and produce the massive amount of responsive material, the parties agreed to a "rolling production" of their respective electronic documents. Because of various issues – including the negotiation of the format of the electronic document discovery[3], the exchange of hard-copy documentation and the participation by the parties in a mediation before the Honorable Mary Pat Thynge – the parties did not make their initial exchanges of electronic documents until mid-August, 2005.

After reviewing AES's first production of electronic documents, it was immediately apparent that AES's production was deficient in both the type and the amount of electronic documents produced. In particular, AES's first production contained only 544 documents, of which only 136 were e-mails. (In contrast, ALSTOM produced 37,519 documents, of which 23,439 were e-mails.) In addition, the e-mails produced by AES spanned a very narrow date range – September 16, 2003 to May 12, 2005 – suggesting that AES had not undertaken the review of electronic documents created prior to September 16, 2003. Incredibly, AES also failed to produce a single e-mail that had been sent either by or to anyone at D/FD, AES's primary contact on this $444 million project.

ALSTOM immediately brought these deficiencies to AES's attention and demanded that AES supplement its production. (*See* Tab 3, letter from A. Vittoria dated September 1, 2005.)

---

[2]The Certificate of Service for ALSTOM's First Request was dated March 18, 2005. AES, however, has asserted that it did not receive the First Request until March 28, 2005. For purposes of this Motion, ALSTOM bases its arguments and calculations upon that later date.

[3] Following extensive negotiations, including the exchange of sample productions, the parties agreed to a format for the production of electronic documents. (*See* Tab 2, letter from A. Vittoria dated September 19, 2005, which details the parties' negotiations.)

2

AES responded to ALSTOM's concerns by stating that the parties are engaged in a "rolling production" and that ALSTOM could expect to receive additional electronic documents from AES. (*See* Tab 4, letter from D. Williams dated September 9, 2005.)

ALSTOM has continued its rolling production, sending AES another 18,140 electronic documents – including 12,353 e-mails – on October 20, 2005. This production brought the total amount of material produced by ALSTOM to 55,659 documents, including 35,792 e-mails. In addition, in both its initial and subsequent productions, ALSTOM expedited the review and production of the electronic documents possessed by three specific individuals – which totaled over 10,500 e-mails – based solely upon request by AES.[4]

AES, on the other hand, has failed to produce a single additional electronic document, despite repeated requests by ALSTOM. (*See* Tab 2 and Tab 6, letter from A. Vittoria dated October 10, 2005.)

### III.   ARGUMENT

Under the Federal Rules of Civil Procedure, AES is required to undertake a rigorous effort to preserve, review, and produce electronic documents and other discoverable information. It is now well-recognized that electronic documents, including e-mail, are no less discoverable than paper documents. *Zubulake v. UBS Warburg, LLC*, 217 F.R.D. 309, 317 (S.D.N.Y. 2003); *Rowe Entm't, Inc. v. The William Morris Agency, Inc.*, 205 F.R.D. 421, 428 (S.D.N.Y. 2002). In addition, this Court's Default Standard provides that "[a]fter receiving requests for document production, the parties shall search their documents, other than those identified as limited

---

[4] In compliance with this Court's Default Standard for Discovery of Electronic Documents (the "Default Standard"), ALSTOM also identified an e-discovery liaison in an effort to facilitate the resolution of this discovery dispute. (*See* Tab 5, letter from A. Vittoria dated October. 12, 2005.) To date, AES failed to designate a liaison in this matter.

3

accessibility electronic documents, and produce responsive electronic documents in accordance with Fed. R. Civ. Proc. 26(b)(2)."

It is indisputable that AES has not yet produced all of its responsive electronic documents in this case. It is now apparent that, if permitted to continue at its current pace, AES cannot, and will not, complete its electronic document production prior to the close of discovery. Specifically, AES produced only 136 e-mails in the 148 days from the date AES acknowledges receipt of ALSTOM's First Request to the date of AES's initial production. At this pace, AES will produce only 184 additional e-mails in the 200 days from its initial production to the close of discovery. It is inconceivable that AES has only 320 responsive, non-privileged, e-mails for a project valued at $444,092,081.00 or for a claim currently valued at $14,645,860.96.

In light of the foregoing, it is evident that AES's efforts to search and produce its electronic documents fall far short of its obligations under the Federal Rules or this Court's Default Standard. Undoubtedly, AES has either failed to conduct a diligent search of its electronic repositories or has simply refused to produce the responsive electronic documents that it has located. As a result, the Court should order AES to produce, in 30 days, any and all responsive electronic documents in the format agreed to by the parties.

## IV.    CONCLUSION

For the foregoing reasons, ALSTOM respectfully requests that the Court grant its Motion to Compel Production of Electronic Documents.

ALSTOM POWER INC.

/s/ Daniel W. Scialpi
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
1220 Market St., Suite 600
Wilmington, DE 19801
(302) 888-3222
dscialpi@wierlaw.com

James E. Edwards, Esquire
Anthony F. Vittoria, Esquire
Michael A. Schollaert, Esquire
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
Phone: (410) 685-1120
Fax:    (410) 547-0699

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 24th day of October 2005, a copy of the foregoing Defendant's Motion to Compel Production of Electronic Documents was filed with the Clerk of the Court using CM/ECF and was served, via first-class mail, postage prepaid, on:

John S. Spadaro, Esquire
Murphy Spadaro & Landon
824 Market Street, Suite 700
Wilmington, Delaware 19801

Dane H. Butswinkas, Esquire
R. Hackney Wiegmann, Esquire
Mary Beth Long, Esquire
Daniel D. Williams, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

/s/ Daniel W. Scialpi
Daniel W. Scialpi

774093.v4