IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES PUERTO RICO, L.P., | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S MOTION TO COMPEL CORPORATE DESIGNEE DEPOSITION
OR, IN THE ALTERNATIVE,
TO POSTPONE "DISCOVERY DISPUTE" HEARING**

                                        Richard R. Wier, Jr. (#716)
                                        Daniel W. Scialpi (#4146)
                                        RICHARD R. WIER, JR., P.A.
                                        1220 Market St., Suite 600
                                        Wilmington, DE 19801
                                        (302) 888-3222

Of Counsel:

James E. Edwards, Esquire
Anthony F. Vittoria, Esquire
Michael A. Schollaert, Esquire
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
Phone: (410) 685-1120
Fax:    (410) 547-0699

                                        Counsel for Defendant
                                        ALSTOM Power Inc.

Date: November 14, 2005

Pursuant to Fed. R. Civ. P. 37(a)(2)(B), ALSTOM Power Inc. ("ALSTOM"), the Defendant, moves for an order compelling AES Puerto Rico, L.P. ("AES") to produce, prior to November 24, 2005, a corporate designee to provide deposition testimony on all of the matters set forth in ALSTOM's Notice of Deposition of Corporate Designee (the "Deposition Notice")[1] or, in the Alternative, for an order postponing the upcoming "discovery dispute" hearing until at least 14 days after the corporate designee deposition is taken.

## I. INTRODUCTION

Throughout the course of discovery in this matter, AES has failed or refused to produce responsive and relevant hard-copy and electronic documents in a timely fashion, if at all. (*See, e.g.*, ALSTOM's previously filed Motion to Compel Production of Electronic Documents.)[2] AES's latest abuse of the discovery process is its unreasonable refusal – despite proper notice – to produce a corporate designee before November 24, 2005 to testify regarding the steps that AES has taken to fulfill its discovery obligations in this matter. AES's refusal is a transparent attempt to prevent ALSTOM – and the Court – from obtaining information regarding the full extent to which AES has failed to meet its discovery obligations before the upcoming "discovery dispute" hearing that the Court has scheduled for December 7, 2005.

## II. BACKGROUND

ALSTOM's First Request for the Production of Documents (the "First Request") sought documents that would detail the manner in which AES operated the pollution control equipment

---

[1] *See* Tab 1, ALSTOM's Deposition Notice.

[2] AES has failed to respond to ALSTOM's Motion to Compel Production of Electronic Documents despite the fact that the Motion was filed over 20 days ago. (*See* Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court of the District of Delaware which provides that a party has 10 days in which to respond to a motion.)

1

that is at the center of this dispute. AES has failed to produce a great deal of hard-copy and electronic documentation that is responsive to the First Request. ALSTOM has repeatedly notified AES regarding the deficiencies in its document production. AES has either ignored those notices or maintained that the documentation in question has been produced. Despite AES's assertions, however, further discovery – including non-party discovery and a recent inspection of the plant by ALSTOM – has verified that relevant responsive documentation exists but has not been produced by AES.

In its Rule 16 Scheduling Order of October 7, 2005, this Court scheduled a "discovery dispute" hearing for December 7, 2005. (*See* Tab 2, Rule 16 Scheduling Order.) The Court also established December 5, 2005 as the deadline for filing memoranda prior to the hearing. (*Id.*)

On October 28, 2005, ALSTOM served the Deposition Notice to AES, scheduling a Rule 30(b)(6) deposition that would enable ALSTOM to flesh out, on the record, the full extent to which AES had failed to fulfill its discovery obligations. ALSTOM set the deposition for November 15, 2005 – a date that would provide both parties the opportunity to participate in the deposition, receive the transcript in a reasonable fashion, and incorporate the information contained in the transcript into the memoranda to be filed on or before December 5, 2005.

In the cover-letter that accompanied the Deposition Notice, ALSTOM offered to re-schedule the deposition "to another date in the same time-period if the 15th is inconvenient to AES." (*See* Tab 3, letter from A. Vittoria dated October 28, 2005.) In response, AES stated that the November 15, 2005 date was not feasible. (*See* Tab 4, letter from D. Williams dated November 4, 2005.) However, the only alternative date that AES suggested was December 13, 2005 – over four weeks after the original date and well after the discovery dispute hearing. (*Id.*)

2

In response, ALSTOM explained that, because the primary purpose of the deposition was the discover facts that would be relevant to "discovery dispute" hearing, it was imperative that the deposition occur prior to the hearing. (*See* Tab 5, letter from A. Vittoria dated November 8, 2005.) Although AES has since provided additional dates, it has maintained, despite repeated requests[3], that it is unable to produce a corporate designee on *any* day prior to November 24, 2005. (*See* Tab 8, letter from D. Williams dated November 11, 2005.) Indeed, the earliest date that AES represented that the deposition could occur was December 2, 2005 – the Friday before the Monday, December 5, 2005 filing deadline. (*See* Tab 9, letter from D. Williams dated November 9, 2005.)

### III.   ARGUMENT

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides that, as long as a party describes, with reasonable particularity, the matters on which it intends to examine a corporation, the corporation receiving the deposition notice must designate and produce one or more persons who can testify as to those matters. As evidenced by the fact that AES did not object, ALSTOM's Deposition Notice set forth with sufficient specificity the matters on which ALSTOM intended to examine AES's corporate designee.

In addition, ALSTOM provided AES with ample notice of the deposition that it intended to take. Rule 30.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware provides that a party must give at least five days notice of a deposition for the notice to be reasonable. ALSTOM served its Deposition Notice more than 15 days before the scheduled date and expressed a willingness to re-schedule the deposition to a later date.

---

[3] On both November 10 and 11, 2005, ALSTOM asked AES whether there was *any* date prior to November 24, 2005 on which the deposition could occur. (*See* Tabs 6 and 7.)

3

As is clear from the "Areas of Examination" contained in ALSTOM's Deposition Notice, the purpose of the 30(b)(6) deposition is to discover facts relating to the manner in which AES has maintained, reviewed, and produced its hard-copy and electronic documents in response to ALSTOM's discovery requests in this matter. Among other things, the deposition would assist ALSTOM in determining the full extent to which AES's hard-copy and electronic document production is incomplete. AES's unfounded refusal to produce a corporate designee on a date reasonably in advance of the upcoming hearing is depriving ALSTOM – and the Court – of that important information. AES's unreasonable position also demonstrates the lengths to which AES has gone in this matter to prevent ALSTOM from obtaining discovery to which it is entitled.

## IV.   CONCLUSION

For the foregoing reasons, ALSTOM respectfully requests that the Court grant its Motion to Compel and order AES to produce, prior to November 24, 2005, a corporate designee to provide testimony on all of the subject matters set forth in ALSTOM's Deposition Notice. In the alternative, ALSTOM requests that the Court postpone the "discovery dispute" hearing until at least 14 days after ALSTOM takes AES's corporate designee deposition.

ALSTOM POWER INC.

/s/ Daniel W. Scialpi
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
1220 Market St., Suite 600
Wilmington, DE 19801
(302) 888-3222
dscialpi@wierlaw.com

James E. Edwards, Esquire
Anthony F. Vittoria, Esquire
Michael A. Schollaert, Esquire
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
Phone: (410) 685-1120
Fax:     (410) 547-0699

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 14th day of November 2005, copies of the foregoing Defendant's Motion to Compel Corporate Designee Deposition or, in the Alternative, to Postpone "Discovery Dispute" Hearing and accompanying proposed Orders were filed with the Court using CM/ECF, which will send a copy of said filing to: John S. Spadaro, Murphy Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, Delaware 19805

/s/ Daniel W. Scialpi
Daniel W. Scialpi

776397