# TAB
# 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES PUERTO RICO, L.P., | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER INC., | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF DEPOSITION OF CORPORATE DESIGNEE

Defendant ALSTOM Power, Inc., by undersigned counsel and pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, hereby gives notice that it will take the deposition upon oral examination of AES Puerto Rico, L.P. before a notary public or other such person authorized to administer oaths beginning at 9:00 a.m. on Tuesday, November 15, 2005, and continuing until the deposition is completed, at the offices of Richard R. Wier, Jr., P.A., 1220 Market St., Suite 600, Wilmington, DE 19801, or at such other location as the parties shall agree. The deposition shall be recorded by stenographic and/or sound means.

## DEFINITIONS

For purposes of this Notice of Deposition, certain terms are defined below:

1. "You" or "AES" or "Owner" refers to Plaintiff, AES Puerto Rico, L.P., a Delaware limited partnership, and any current or former officers, directors, employees, agents, contractors, representatives of or attorneys for AES or AES related entities.

2. "ALSTOM" refers collectively to ALSTOM Power Inc. and ALSTOM Caribe, (f/k/a CE Caribe), and any officers, directors, employees, agents, contractors, representatives or attorneys of ALSTOM.

3.  "Electronic data" means everything within the meaning of the term "document" as that term is used under Rule 34 of the Federal Rules of Civil Procedure that either is, or has been, created, received, filed, stored, or maintained in electronic form, including, but not limited to, e-mail messages and attachments, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  Such term includes information or files contained or retained on any electronic device, including hand-held devices, laptop, desktop, network and home computer systems, floppy disks, DVD-ROMs, CD ROMs, zip disk/drives, servers, hard drives, and/or any other computerized storage device, whether or not these files have previously been converted to hard copy format.

4.  "Hard-copy documentation" means everything within the meaning of the term "document" as that term is used under Rule 34 of the Federal Rules of Civil Procedure other than "electronic data", defined above.

5.  The "Project" means the engineering, design, and construction of a coal-generated power plant for AES Puerto Rico, L.P. in Guayama, Puerto Rico.

## AREAS OF EXAMINATION

The Deponent shall designate such person or persons as are necessary to respond to the areas of examination set forth below.

1.  The identity of custodians of hard-copy documentation relevant to the Project or this action maintained by AES and the nature and type of the hard-copy documentation within the custody and control of each such custodian.

2.  The location of AES's hard-copy documentation relevant to the Project or this action maintained by AES and the nature and type of this hard-copy documentation.

2

3.      All information relating to when and how hard-copy documentation created, received, filed, stored, or maintained by AES relating to the Project or the subject matter of this action has been preserved and/or segregated.

4.      All information relating to retention or preservation policies maintained by AES applicable to hard-copy documentation that was created, received, filed, stored, or maintained in connection with the Project or the subject matter of this action.

5.      All information relating to efforts undertaken by AES to preserve, and not destroy, hard-copy documentation created, received, filed, stored, or maintained in connection with the Project or the subject matter of this action, including, but not limited to, the date upon which AES commenced such efforts.

6.      All information relating to the manner in which hard-copy documentation created, received, filed, stored, or maintained by AES in connection with the Project has been preserved and prepared for review by AES or its counsel and for production in response to discovery requests by ALSTOM in this action.

7.      The identity of the custodians of electronic data relevant to the Project or this action maintained by AES and the nature and type of the electronic data within the custody and control of each such custodian of electronic data.

8.      The nature and location of all computer hardware and software utilized by AES for the purpose of creating, receiving, filing storing, or maintaining electronic data that is relevant to the Project or this action.

9.      The hardware and software programs utilized by AES to create, maintain, and store e-mail messages and related attachments, including the means by which e-mail messages were backed up and preserved.

3

10.    The software programs utilized by employees and agents of AES to create and maintain electronic data other than e-mail messages and related attachments, including the means by which such electronic data was backed up and preserved.

11.    All information relating to when and how electronic data created, received, filed, stored, or maintained by AES relating to the Project or the subject matter of this action has been preserved and/or segregated.

12.    All information relating to retention or preservation policies maintained by AES applicable to electronic data that was created, received, filed, stored, or maintained in connection with the Project or the subject matter of this action.

13.    All information relating to efforts undertaken by AES to preserve, and not delete or destroy, electronic data created, received, filed, stored, or maintained in connection with the Project or the subject matter of this action, including, but not limited to, the date upon which AES commenced such efforts.

14.    All information relating to the manner in which electronic data created, received, filed, stored, or maintained by AES in connection with the Project has been preserved and prepared for review by AES or its counsel and for production in response to discovery requests by ALSTOM in this action.

ALSTOM POWER INC.

James E. Edwards, Esquire
Anthony F. Vittoria, Esquire
Michael A. Schollaert, Esquire
OBER, KALER, GRIMES & SHRIVER, P.C.
120 East Baltimore Street
Baltimore, Maryland 21202-1643
Phone:  (410) 685-1120
Fax:     (410) 547-0699

4

Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
1220 Market St., Suite 600
Wilmington, DE 19801
(302) 888-3222

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 28th day of October 2005, a copy of the foregoing

Notice of Deposition of Corporate Designee was served, via first-class mail, postage prepaid, on:

John S. Spadaro, Esquire
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, Delaware 19805

Dane H. Butswinkas, Esquire
R. Hackney Wiegmann, Esquire
Mary Beth Long, Esquire
Daniel D. Williams, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

_____
Anthony P. Vittoria

# TAB
# 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AES PUERTO RICO, LP.,                    :
                                         :
          Plaintiff,                     :
                                         :
     v.                                  : Civil Action No. 04-1282-JJF
                                         :
ALSTROM POWER, INC.,                     :
                                         :
          Defendant.                     :

### RULE 16 SCHEDULING ORDER

IT IS ORDERED THAT:

I.   **Discovery**

(a) All discovery , fact and expert, shall be initiated so as to be completed by **March 10, 2006.**

(b) The parties are limited to:

1. Maximum of **20** interrogatories

2. Maximum of **10** requests for admission by each side

3. Maximum of **7** depositions and an additional **3** Rule 30 (b)(6) depositions for each side.

II.  **Discovery Disputes.**

The Court will conduct one (1) discovery dispute hearing on **Wednesday, December 7, 2005 at 11:30 a.m.,** in Courtroom No. 4B on the 4th Floor, United States Courthouse, Boggs Federal Building, Wilmington, Delaware.  The parties shall

submit Memoranda on any disputes with Responses by **December 5, 2005**.

   III. **Case Dispositive Motions**.

    Any case dispositive motion shall be filed with an Opening Brief on March 24, 2006.

   IV. **Pretrial Conference**.

    A Pretrial Conference will be held on **Thursday, May 4, 2006 at 10:00 a.m., in Courtroom** No. 4B on the 4th Floor, United States Courthouse, Boggs Federal Building, Wilmington, Delaware.

   V. **Trial**.

    Trial will commence at **9:30 a.m. on Monday, May 22, 2006**, in Courtroom No. 4B on the 4th Floor, United States Courthouse, Boggs Federal Building, Wilmington, Delaware.


October 7, 2006
DATE

UNITED STATES DISTRICT COURT JUDGE

# TAB
# 3



**Ober, Kaler, Grimes & Shriver**
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

**Anthony F. Vittoria**
afvittoria@ober.com
410-347-7692

**Offices In**
Maryland
Washington, D.C.
Virginia

October 28, 2005

***VIA FACSIMILE AND FIRST CLASS MAIL***
Daniel D. Williams, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005

> **Re:**  *AES Puerto Rico, LP v. ALSTOM Power Inc.*
> **Civil Action No. 04-1282-JJF**

Dear Dan:

Enclosed please find a Notice of Deposition of Corporate Designee for the above-referenced case.  As you can see from the Notice, the deposition is scheduled for November 15, 2005.  ALSTOM, however, is amenable to changing that date for another in the same time period if the 15th is inconvenient to AES.

You will also see that the deposition is scheduled for ALSTOM's local counsel office in Wilmington, Delaware.  ALSTOM, however, is open to an agreement between the parties as to the most convenient locations for all of the upcoming depositions.

Thank you for your attention to these matters.  I look forward to hearing from you in the very near future.

Sincerely,

Anthony F. Vittoria

AFV:rgj
Enclosure
cc:    John S. Spadaro, Esquire
        Daniel W. Scialpi, Esquire
AFV/775412

# TAB
# 4

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

DANIEL D. WILLIAMS
(202) 434-5263
ddwilliams@wc.com

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 4, 2005

## VIA FACSIMILE AND FIRST CLASS MAIL

Anthony F. Vittoria, Esquire
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, Maryland 21202-1643

Re:    **AES Puerto Rico, L.P. v. ALSTOM Power, Inc.**

Dear Tony:

I write concerning upcoming depositions in this matter. As a preliminary matter, you repeatedly have refused to provide any date by which Alstom will complete its production of the documents AES-PR requested in its March 7, 2005 document requests, even though I have explained that these documents are necessary in order to take complete depositions of Alstom witnesses. AES-PR, therefore, will begin the depositions of Alstom witnesses on the dates for which they have been noticed, but will reserve the right to continue the depositions if documents subsequently produced by Alstom prompt further questions.

With respect to Frank Gabrielli's deposition on December 15, 2005, you requested that the deposition be held at Alstom's headquarters in Windsor. We are happy to accommodate your request. The deposition will be videotaped. Please provide me with instructions to provide to the court reporter and videographer for them to gain access to the Windsor headquarters. An amended notice of deposition is attached.

With respect to the Rule 30(b)(6) deposition Alstom recently noticed, the date you propose is not feasible. We propose to make the witness available on

WILLIAMS & CONNOLLY LLP

Anthony F. Vittoria, Esquire
November 4, 2005
Page 2

December 13, 2005. If that date is not convenient, please call me to discuss a mutually agreeable date. Also, we would like to conduct the deposition at our office in Washington, D.C.

Finally, enclosed please find notices of deposition for Alstom employees Karl Hogenfelt and Linda Rothe. If the dates proposed in the notices are not convenient, please let me know as soon as possible so that we can find mutually agreeable dates.

Sincerely,

Daniel D. Williams

Enclosures

# TAB
# 5



OBER | KALER
A Professional Corporation

**Ober, Kaler, Grimes & Shriver**
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

**Anthony F. Vittoria**
avittoria@ober.com
410-347-7692

**Offices In**
Maryland
Washington, D.C.
Virginia

November 8, 2005

**VIA FACSIMILE AND FIRST-CLASS MAIL**

Daniel D. Williams, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

> Re:  *AES Puerto Rico, LP v. ALSTOM Power Inc.*
>         Civil Action No. 04-1282-JJF

Dear Dan:

We received your letter of November 4, 2005 regarding the above-referenced case. This is in response to the proposal contained in that letter to postpone until December 13, 2005 the Rule 30(b)(6) deposition noticed by ALSTOM for November 15, 2005. For the reason set forth below, that proposal is unacceptable.

As you know, the Court has scheduled a discovery dispute motions hearing for December 7, 2005. ALSTOM has serious concerns regarding the amount, type, and manner of AES's hard-copy and electronic document production in this matter. Indeed, ALSTOM has already been forced to file a Motion to Compel in this matter because of AES's failure to fulfill its discovery obligations relating to the production of electronic documents and may be required to do so with regard to hard-copy documents unless more complete production is forthcoming.

As is clear from the "Areas of Examination" contained in ALSTOM's Notice of Deposition of Corporate Designee, the purpose of the 30(b)(6) deposition is to discover facts regarding AES's hard-copy and electronic documents relating to the Guayama, Puerto Rico Project, and the manner in which AES has maintained, reviewed, and produced those documents in response to ALSTOM's discovery requests in this matter. Among other things, this deposition will assist ALSTOM in determining, in advance of the hearing on December 7, the full extent to which AES's hard-copy and electronic document production is incomplete.

Rule 30.1 of the Local Rules of Civil Procedure and Practice of the United States District Court for the District of Delaware provides that a party must give at least five days notice of a deposition for the notice to be reasonable. ALSTOM provided AES with more than ample notice of this deposition, serving its Notice more than 15 days before the scheduled date. Moreover, as a professional courtesy, when ALSTOM served the Notice, we suggested a willingness to make



Daniel D. Williams, Esquire
November 8, 2005
Page 2

minor modifications to the date selected for the deposition to accommodate your schedule and that of the deponent(s).

In response, AES has attempted to postpone ALSTOM's duly noticed "document custodian" corporate designee deposition until mid-December and after the discovery hearing. This is a transparent attempt by AES to prevent ALSTOM from obtaining necessary and important discovery and to prevent ALSTOM from obtaining disclosure on the record regarding the full extent to which AES has failed to meet its discovery obligations before the upcoming discovery hearing.

Accordingly, ALSTOM intends to go forward with the deposition on November 15, 2005. ALSTOM will, however, agree to conduct the deposition at your office in Washington, D.C. ALSTOM is also willing to reschedule the deposition to November 16, 17 or 22, 2005, if one of those dates is more convenient for counsel or AES.

Thank you for your prompt attention to this matter.

Sincerely,

Anthony F. Vittoria

AFV:

cc:    James E. Edwards, Jr., Esquire
       Michael A. Schollaert, Esquire
       Kevin S. Corwin, Esquire

775946

# TAB
# 6

OBER | KALER
A Professional Corporation

**Ober, Kaler, Grimes & Shriver**
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

**Anthony F. Vittoria**
afvittoria@ober.com
410-347-7692

**Offices in**
Maryland
Washington, D.C.
Virginia

November 10, 2005

***VIA FACSIMILE AND FIRST CLASS MAIL***
Daniel D. Williams, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Re:   ***AES Puerto Rico, LP v. ALSTOM Power Inc.***
        **Civil Action No. 04-1282-JJF**

Dear Dan:

I am writing to respond to your letter of November 9, 2005 proposing new dates for the 30(b)(6) deposition noticed by ALSTOM. None of the dates you propose is acceptable because they do not provide ALSTOM sufficient time to take the deposition and obtain the transcript – without paying enormous expediting fees – prior to the December 5, 2005 "discovery dispute" filing deadline.

As you know, ALSTOM provided AES with ample notice regarding this deposition and has offered to reschedule the deposition up to 7 days later than the original date. Accordingly, ALSTOM requests that AES provide *any* date prior to Thanksgiving on which the duly noticed 30(b)(6) deposition could occur.

Thank you for your prompt attention to this matter. I look forward to hearing from you in the very near future.

Sincerely,

Anthony F. Vittoria

AFV
cc:   ALSTOM Power, Inc.
       James E. Edwards, Jr., Esq.
       Michael A. Schollaert, Esq.

776208

**TAB
7**

**Vittoria, Anthony**

| | |
|---|---|
| **From:** | Vittoria, Anthony |
| **Sent:** | Friday, November 11, 2005 2:13 PM |
| **To:** | Dan Williams (E-mail) |
| **Cc:** | Edwards, James; Schollaert, Michael; Corwin, Kevin S.; Banister, Patricia |
| **Subject:** | AES v. ALSTOM |

Dan,

We are in receipt of the attached letter that you just sent by facsimile.  Your proposed dates are not acceptable.  Please provide the information requested of you in my letter of yesterday -- are there any dates prior to Thanksgiving on which the 30(b)(6) deposition could go forward?

**Anthony F. Vittoria**
410-347-7692
afvittoria@ober.com

O B E R | K A L E R
*Attorneys at Law*
www.ober.com
443-263-4192 -- Fax
120 East Baltimore Street
Baltimore, Maryland 21202



Vittoria Letter
11-11-05.pdf

1

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

DANIEL D. WILLIAMS
(202) 434-5263
ddwilliams@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 11, 2005

**VIA E-MAIL AND FIRST CLASS MAIL**

Anthony F. Vittoria, Esq.
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, Maryland 21202-1643

Re:    **AES Puerto Rico, L.P. v. ALSTOM Power, Inc.**

Dear Tony:

Yesterday you rejected the dates I proposed for Alstom's Rule 30(b)(6) deposition on the grounds that, without incurring enormous expediting fees, Alstom would not have sufficient time to obtain the deposition transcript in advance of the hearing on discovery issues. I have located a court reporter here in Washington, D.C., where the deposition is to take place, who will charge only $1.25 per page to provide a rough transcript at the conclusion of the deposition. AES-PR will stipulate that Alstom may use the rough transcript (rather than a certified transcript) for purposes of the December discovery hearing.

Please let us know whether one of our proposed dates now works for you.

Sincerely,

Daniel D. Williams

# TAB
# 8

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

DANIEL D. WILLIAMS
(202) 434-5263
ddwilliams@wc.com

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 11, 2005

**VIA E-MAIL AND FIRST CLASS MAIL**

Anthony F. Vittoria, Esquire
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, Maryland 21202-1643

Re:    **AES Puerto Rico, L.P. v. ALSTOM Power, Inc.**

Dear Tony:

Due to scheduling conflicts, we cannot make AES-PR's Rule 30(b)(6) deposition witness available between now and Thanksgiving.  Please let me know if any of our three proposed dates before the December 7 hearing are acceptable.  If not, please let me know what dates after the hearing would work best for Alstom and I will let you know if the witness can be made available then.

Sincerely,

Daniel D. Williams

**TAB
9**

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

DANIEL D. WILLIAMS
(202) 434-5263
ddwilliams@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 9, 2005

**VIA E-MAIL AND FIRST CLASS MAIL**

Anthony F. Vittoria, Esquire
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, Maryland 21202-1643

>   Re:   **AES Puerto Rico, L.P. v. ALSTOM Power, Inc.**

Dear Tony:

I write in response to your letter of yesterday concerning the Rule 30(b)(6) deposition Alstom noticed. At the outset, I take issue with your characterization of AES-PR's paper and electronic document productions to date, but we have already discussed this subject at length. Your criticism that the productions are "incomplete" is particularly ironic in light of Alstom's refusal to set any date whatsoever for the completion of its own responses to AES-PR's First Set of Requests for Documents. If you are now willing to agree to a date for both parties to complete their productions in response to the first sets of document requests, please let me know.

With respect to the date for the Rule 30(b)(6) deposition, my November 4, 2005 letter was not, as you charge, "a transparent attempt by AES to prevent Alstom from obtaining necessary and important discovery." Rather, it was a professional request to work collaboratively to find a mutually agreeable date for this deposition. As I explained in my letter, the date you proposed is not feasible. I also made clear in my letter that, if the alternative date I proposed was not feasible for you, you should feel free to call me to discuss a mutually agreeable date. Instead of doing so, you are slowing down the process of finding an acceptable date by an unnecessary exchange of letters. In any event, the alternative dates you propose in your letter will not work for us. I can offer instead to make the witness available on

WILLIAMS & CONNOLLY LLP

Anthony F. Vittoria, Esquire
November 9, 2005
Page 2

December 2, 2005, December 5, 2005, or December 6, 2005. Please let me know which of these dates would work best for your schedule or if there are other dates you would like me to consider.

Finally, your letter of yesterday does not mention the dates and locations for the depositions of Mr. Garbrielli, Ms. Rothe, and Mr. Hognefelt. I trust from your silence that our proposals are acceptable. Please let me know as soon as possible if that is not accurate.

Sincerely,

Daniel D. Williams