# RICHARD R. WIER, JR., P.A.

ATTORNEY AT LAW

RICHARD R. WIER, JR.*

DANIEL W. SCIALPI

*ALSO ADMITTED IN PA

1220 MARKET STREET, SUITE 600
WILMINGTON, DELAWARE 19801

www.Wierlaw.com

(302) 888-3222
FAX (302) 888-3225

RWier@Wierlaw.com
DScialpi@Wierlaw.com

November 18, 2005

**BY HAND**

The Honorable Joseph J. Farnan, Jr.
United States District Court for the
District of Delaware
844 North King Street
Wilmington, Delaware 19801

    Re:    **AES Puerto Rico, L.P. v. ALSTOM Power Inc.
Case No. 04-12882**

Dear Judge Farnan:

    We are co-counsel for ALSTOM Power Inc., the defendant in this case. The purpose of this letter is to request that the Court schedule a conference as soon as the Court's schedule permits, by telephone or in person, to address important discovery issues. We take the unusual step of requesting such a conference because these issues will affect the extent to which the Court will be able to meaningfully resolve discovery disputes at the discovery dispute hearing currently scheduled for December 7, 2005 and, ultimately, the effectiveness of the mediation scheduled before Magistrate Judge Thynge on January 30, 2006. The subjects for discussion at the proposed conference would include the following:

    The failure by plaintiff, AES Puerto Rico, L.P., to respond to ALSTOM's motion to compel the production of electronic data within the time prescribed under the Court's Local Rules;

    AES Puerto Rico's failure to provide a corporate designee for deposition with regard to the nature and extent of relevant electronic data and paper documentation in sufficient time to address fully the deficiencies in the production of such electronic data and documentation at the discovery dispute hearing on December 7;

    ALSTOM's request to reschedule the discovery dispute hearing in the event that the corporate designee's deposition cannot be timely completed; and

The Honorable Joseph J. Farnan, Jr.
November 18, 2005
Page 2

The potential impact of these discovery issues on the Court's Scheduling Order.

## BACKGROUND

ALSTOM has served multiple discovery requests on AES Puerto Rico, calling for the production, among other things, of substantial electronic data, including electronic mail and other electronic data relating to the operations of the power plant and pollution control equipment that are the subject of this case. The electronic data that is responsive to such requests is essential evidence in this matter. Nevertheless, despite the service of comprehensive discovery requests and multiple, informal follow-up requests calling for production of this data, AES Puerto Rico has produced only a fraction of the electronic mail and very little of the electronic data regarding plant and pollution control operations that is responsive to ALSTOM's discovery requests.

As a result of AES Puerto Rico's failure of production, ALSTOM filed a motion to compel the production of electronic data and served the motion on AES Puerto Rico on October 24, 2005. Under the Local Rules of this Court, AES Puerto Rico's response to ALSTOM's motion to compel was due on November 7, 2005. As of this date, however, AES Puerto Rico has not responded to that motion.

Similarly, on October 28, 2005, ALSTOM gave notice of its intention to take the deposition of AES Puerto Rico's corporate designee with regard to the nature and extent of electronic data and paper documentation on November 15, 2005. ALSTOM scheduled this deposition well in advance of the discovery dispute hearing so as to be in a position to assess fully the deponent's testimony regarding AES Puerto Rico's production of electronic data and paper documents, attempt to resolve disputes with AES Puerto Rico regarding its production, and, if necessary file an additional motion to compel before the discovery hearing.

To date, AES Puerto Rico has refused to produce a corporate designee for this deposition before December 2, 2005, a date that is more than two weeks after the date on which ALSTOM planned to take the deposition and only one business day before ALSTOM must submit memoranda in advance of the discovery dispute hearing on December 7. Such a delay in completing this deposition will preclude ALSTOM from evaluating the testimony in light of AES Puerto Rico's current production of electronic data and paper documents prior to the hearing. Accordingly, ALSTOM has filed a motion to compel the corporate designee's deposition at or about the time that it was originally scheduled or, alternatively, to reschedule the discovery dispute hearing to permit completion of that deposition in sufficient time to permit ALSTOM to obtain and evaluate the testimony prior to the hearing.

The failures of discovery by AES Puerto Rico are profound and have substantially interfered with the discovery process in this case. By failing to comply with discovery requests, AES has prevented ALSTOM from obtaining and analyzing critical evidence in the case.

The Honorable Joseph J. Farnan, Jr.
November 18, 2005
Page 3

Further, to avoid having to hold open depositions pending the receipt of full production of electronic data and paper documents by AES Puerto Rico, ALSTOM has been forced to delay scheduling substantive depositions.

Moreover, based on AES Puerto Rico's failure of discovery, ALSTOM's ability to evaluate AES Puerto Rico's claims prior to the mediation before Magistrate Judge Thynge that is currently scheduled for January 30, 2006 is being compromised, so much so that mediation potentially could be rendered far less useful. Accordingly, ALSTOM respectfully requests that the Court schedule a conference with counsel for the parties to address these and other discovery issues.

We appreciate your consideration of this matter.

Respectfully yours,

/s/ Richard R. Wier, Jr.

Richard R. Wier, Jr.

cc:   ALSTOM Power Inc.
      James E. Edwards, Jr., Esquire
      Anthony F. Vittoria, Esquire
      John S. Spadaro, Esquire
      Daniel D. Williams, Esquire
      Clerk of the Court (via electronic filing)