IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AES PUERTO RICO, L.P., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ALSTOM POWER, INC., )<br>)<br>Defendant. )<br>) | Civ. No. 04-1282-JJF |

### PLAINTIFF AES PUERTO RICO, L.P.'S OPPOSITION TO ALSTOM'S MOTION TO COMPEL CORPORATE DESIGNEE DEPOSITION OR IN THE ALTERNATIVE TO POSTPONE "DISCOVERY DISPUTE" HEARING

There is no reason for ALSTOM to have filed its Motion To Compel Corporate Designee Deposition or in the Alternative To Postpone 'Discovery Dispute' Hearing (D.I. 43). Prior to ALSTOM filing its motion, AES Puerto Rico, L.P. ("AES-PR") already had agreed to produce its witness in advance of the Court's December 7, 2005 discovery conference. The sole outstanding issue concerning the scheduling of the deposition boils down to this – ALSTOM demands that it take the deposition the week before Thanksgiving while AES-PR, for scheduling reasons, cannot make the witness available until, at the earliest, the week after Thanksgiving. ALSTOM offers no compelling reason why this deposition must take place next week – because there is none. Nor is there any reason to delay the discovery conference; if any issues concerning AES-PR's document production arise during the deposition, ALSTOM may raise them at the conference on December 7.

I.  **THERE IS NO REASON THAT THE RULE 30(B)(6) DEPOSITION NEEDS TO TAKE PLACE BEFORE THANKSGIVING.**

Without first contacting AES-PR to discuss mutually agreeable dates, ALSTOM noticed a Rule 30(b)(6) deposition concerning AES-PR's document production for November 15, 2005. Williams Decl. ¶ 2 (attached). Because of other client obligations of counsel for AES-PR, counsel for AES-PR wrote to ALSTOM's counsel to explain that the date proposed, November 15, would not be feasible. *See* Williams Decl. ¶ 4. AES-PR's counsel offered that December 13 would be convenient for AES-PR, and that if December 13 would not work for ALSTOM, ALSTOM's counsel should "call me to discuss a mutually agreeable date." *See* Mot. Ex. 4. Rather than doing so, four days later, ALSTOM's counsel sent AES-PR's counsel a letter accusing AES-PR of engaging in "a transparent attempt . . . to prevent ALSTOM from obtaining necessary and important discovery and to prevent ALSTOM from obtaining" information concerning AES-PR's document production "before the upcoming discovery hearing" scheduled for December 7, 2005. *See* Mot. Ex. 5.

To accommodate ALSTOM's concern, AES-PR responded the next day by proposing three dates for the deposition "before the upcoming discovery hearing." *See id.* Specifically, AES-PR offered to make its witness available on December 2, 5, or 6. *See* Mot. Ex. 9. ALSTOM then responded that those dates, too, were not acceptable "because they do not provide ALSTOM sufficient time to take the deposition and obtain the transcript – without paying enormous expediting fees – prior to the December 5" deadline for filing Responses in advance of the December 7 hearing. Mot. Ex. 6. To address ALSTOM's new concern about the need for a transcript in advance of the hearing, AES-PR located a court reporter who could produce an uncertified transcript immediately at the conclusion of the deposition, and it consented to ALSTOM's use of the uncertified transcript at the December 7 hearing. *See* Mot.

2

Ex. 7. ALSTOM responded without elaboration that AES-PR's proposal was "not acceptable," *id.*, and filed its motion to compel.

As the foregoing makes clear, AES-PR has worked in good faith to schedule this deposition. As soon as ALSTOM explained that it needed to take the deposition before the upcoming discovery hearing, *see* Mot. Ex. 5, AES-PR offered three dates satisfying that request. When ALSTOM explained that it would not pay an "enormous" fee for an expedited certified transcript, and accordingly would need to provide the court reporter the customary ten to twelve days for a certified transcript, AES-PR then found a reporter who would produce an uncertified transcript immediately at the conclusion of the deposition for a nominal fee, and agreed to the use of the uncertified transcript. Without explanation, ALSTOM rejected that offer as well. ALSTOM offers no explanation for its refusal to accept AES-PR's proposal, and accordingly provides no reason why this deposition needs to take place in the three business days between now and Thanksgiving. Indeed, because AES-PR's Rule 30(b)(6) witness must travel from Puerto Rico for the deposition, it would be exceedingly difficult for the witness to travel from Puerto Rico to Washington and back in the travel rush between now and Thanksgiving. *See* Williams Decl. ¶ 5.

## II. ALSTOM'S REQUEST TO POSTPONE THE DECEMBER 7 CONFERENCE WOULD PREJUDICE AES-PR.

ALSTOM's motion requests alternatively that this Court delay its December 7, 2005 discovery conference until "at least 14 days" after ALSTOM takes the Rule 30(b)(6) deposition. Mot. at 4. As explained above, because AES-PR has provided dates on which ALSTOM can take the Rule 30(b)(6) deposition and receive a transcript <u>before</u> the December 7, 2005 conference, there is no reason for it to be delayed. To the contrary, there are important reasons not to delay the conference.

3

AES-PR needs the Court's assistance to compel ALSTOM to complete its document production and to produce third-party documents it currently is withholding so that fact depositions can proceed and discovery can be completed on schedule. At the December 7 conference, AES-PR expects to ask for the Court's assistance with at least the following issues.

First, ALSTOM has yet to complete its production of electronic documents in response to AES-PR's March 7, 2005 document requests. *See* Williams Decl. ¶ 10. It has not produced the electronic documents kept by: ALSTOM's project manager, who is the ALSTOM employee most centrally involved in this dispute; an ALSTOM employee who is scheduled to be deposed December 15, 2005; and 24 other ALSTOM employees whom ALSTOM itself identified in its interrogatory responses as having information about this lawsuit. *See id.*

Second, the bulk of ALSTOM's paper document production consisted of providing AES-PR access to over a hundred boxes of documents ALSTOM collected for purposes of other litigation. After beginning its review of those documents, AES-PR determined that they were largely non-responsive, and it moved to compel ALSTOM to segregate the responsive from the non-responsive documents. *See* D.I. 30. In response to the motion, the Court explained that, while "it may be that Defendant's production may have been less than efficient," it was denying the motion because "the deficiencies that the Court can discern . . . do not amount to a clear violation of Defendant's duties under Rule 34." *See* D.I. 36. AES-PR then requested that ALSTOM provide it access to the documents so it could complete its review. Williams Decl. ¶ 11. In response, ALSTOM now refuses to reassemble the documents and make them available unless AES-PR will pay its attorneys' fees and expenses for doing so, including its attorneys' "travel, lodging and food expenses," "not only . . . during the actual production, but also . . . as a result of the need to have ALSTOM's attorneys travel to Windsor prior to AES's

4

arrival to prepare the documents for production." *Id.* ¶ 11 & Ex. D & E. AES-PR expects to move the Court to require ALSTOM to makes its documents available for review.

Third, ALSTOM is obstructing production of documents by a third party, Altran Corp., that AES-PR requested by third party subpoena. Initially, ALSTOM claimed that the documents were privileged on the ground that it recently has retained Altran as a litigation consultant, but more recently it has conceded that many of the documents are not privileged. Williams Decl. ¶ 12. Although ALSTOM and Altran now agree that many responsive documents must be produced, and although ALSTOM's counsel has said he will produce them, to date he has failed to do so or even to provide a date on which he will make them available.

In light of the foregoing, it is critical that the conference the Court set for December 7, 2005 proceed on that date so that document disputes may be resolved and depositions may go forward.

### III. ALSTOM'S CHARACTERIZATIONS OF AES-PR'S DOCUMENT PRODUCTION ARE MERITLESS.

Although ALSTOM's repeated accusations of AES-PR's "abuse[s] of the discovery process," *e.g.*, Mot. at 1, are irrelevant to its motion to compel, AES-PR will address them briefly here because they are wholly without merit. AES-PR is fully complying with its discovery obligations. Here are the facts:

- ALSTOM claims in its most recent motion that "AES has failed or refused to produce responsive and relevant hard-copy and electronic documents in a timely fashion, if at all," Mot. at 1, and "has failed to produce a great deal of hard-copy and electronic documentation," Mot. at 2. That is false (and, not surprisingly, is not supported by affidavit or declaration). To date, AES-PR has produced 44,674 pages of electronic documents and 44,287 pages of paper documents, for a total of 88,961 pages, and it has completed its paper document production in response to ALSTOM's first set of document requests. Williams Dec. ¶ 6.

- The parties have engaged in a rolling production of documents. Beginning on October 13, 2005, AES-PR repeatedly has asked ALSTOM to agree to a mutual

5

date for the parties to complete production of documents, but ALSTOM has consistently refused to do so. Williams Decl. ¶ 7. Thus, while ALSTOM's Motion to Compel Production of Electronic Documents (D.I. 39) requests an order requiring AES-PR to complete its electronic document production within thirty days, AES-PR had earlier proposed that the parties voluntarily agree to a <u>mutual</u> date to complete their document productions, but ALSTOM declined.

- ALSTOM continues to raise frivolous discovery disputes and then does not even bother to follow up to obtain the information it claims it needed. For example, ALSTOM asserted that there were numerous deficiencies with AES-PR's electronic document production and demanded that the parties' discovery liaisons meet and confer. *See* Williams Decl. ¶ 8. AES-PR disagreed with the substance of ALSTOM's complaints, but by letter dated October 24, 2005, agreed to have the parties' e-discovery liaisons meet and confer about the technical issues. *Id.* ALSTOM never followed up to hold the meeting despite AES-PR's offer to facilitate it. *Id.* Similarly, ALSTOM complained about the quality of its photocopies of a small number of the documents AES-PR produced. *Id.* ¶ 9. On November 6, 2005, AES-PR offered to make the paper documents available to ALSTOM again and to make the originals available if necessary, but ALSTOM has not responded to that offer. *Id.* ¶ 9.

ALSTOM has no basis to charge that AES-PR has failed to fulfill its discovery obligations. Its attempts to generate discovery disputes where none exist are adding an unnecessary burden and expense on both parties.[1]

## CONCLUSION

AES-PR respectfully requests that the Court deny ALSTOM's motion to compel

---

[1] In support of its claim that AES-PR has not fulfilled its discovery obligations, ALSTOM discusses its pending Motion to Compel Production of Electronic Documents (D.I. 39), and then argues in a footnote that AES-PR "has failed to respond" to ALSTOM's motion. *See* Mot. at 1 n.2. But the response to that motion is due on December 5, 2005, the date set in this Court's Rule 16 Scheduling Order, *see* Order at 2 (D.I. 35) – and AES-PR will respond by that date. ALSTOM's citation to the default briefing schedule in Local Rule 7.1.2 is inapt because that Rule makes clear that the default schedule applies "[u]nless otherwise ordered by the Court," L.R. 7.1.2(a), and the Court has set forth the schedule for briefing on motions to compel.

or in the alternative to delay the discovery conference.

                                                Respectfully submitted,

OF COUNSEL:
Dane H. Butswinkas
R. Hackney Wiegmann
Daniel D. Williams
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

Dated: November 18, 2005

/s/ John S. Spadaro
John S. Spadaro (Bar No. 3155)
MURPHY SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel. (302) 472-8100
Fax (302) 472-8135

Attorneys for AES Puerto Rico, L.P

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AES PUERTO RICO, L.P., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ALSTOM POWER, INC., )<br>)<br>Defendant. )<br>) | Civ. No. 04-1282-JJF |

## NOTICE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Richard R. Wier, Jr.
Daniel W. Scialpi
1220 Market Street, Suite 600
Wilmington, DE 19801

In addition, I certify that the following attorneys were served with the document by facsimile at the number shown:

Anthony F. Vittoria
James E. Edwards
Ober Kaler, Grimes & Schriner
Fax: (410) 547-0699

Respectfully submitted,

/s/ John S. Spadaro
John S. Spadaro, No. 3155
MURPHY SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel. (302) 472-8100
Fax (302) 472-8135

Dated: November 18, 2005       Attorneys for AES Puerto Rico, L.P.

122809