LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

JEB BOATMAN
ATTORNEY AT LAW
(202) 434-5974
jboatman@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 8, 2005

**Via E-Mail and First Class Mail**
Anthony F. Vittoria, Esquire
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, MD 21202-1643

Re:    **AES Puerto Rico, L.P. v. Alstom Power, Inc.**

Dear Tony:

As you know, Judge Farnan's scheduling order sets the end of fact and expert discovery at March 6, 2006. So that both parties will have the opportunity to depose expert witnesses, we would like to work with Alstom to set a date on which to exchange expert reports in advance of March 6, 2006. We suggest February 27, 2006.

I would also suggest that we craft a joint proposal for Judge Farnan that allows expert depositions to be in addition to the seven depositions currently allotted.

I have attached a proposed request incorporating both. I look forward to hearing from you on these matters.

Sincerely,

Jeb Boatman

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| **AES PUERTO RICO, L.P.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **C.A. No. 04-1282-JJF** |
| | ) | |
| **ALSTOM POWER, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## Agreed Motion To Amend Scheduling Order

Plaintiff AES Puerto Rico, L.P. ("AES-PR"), by undersigned counsel, respectfully requests that this Court amend its October 6, 2005 Scheduling Order.

First, the Scheduling Order does not establish a date by which the parties must exchange expert reports. So that each party has the opportunity to depose experts before the end of discovery, AES-PR requests that the Court set February 27, 2006 as the date by which each party must exchange all expert reports in this matter.

Second, the Scheduling Order permits each party to depose seven witnesses and to conduct three Rule 30(b)(6) depositions. The Scheduling Order does not specify whether additional depositions of parties' experts will be permitted.

Both parties anticipate calling experts at trial. In order to permit full discovery concerning possible expert testimony prior to trial, AES-PR respectfully requests that the Court amend the Scheduling Order to permit each party to depose any expert designated by the opposing party, and to provide that expert depositions

do not count toward the total number of depositions permitted under the Scheduling

Order.

AES-PR has consulted with Defendant Alstom Power, Inc. concerning

this motion, and Alstom agrees to the relief requested.


OF COUNSEL:

Dane H. Butswinkas
R. Hackney Wiegmann
Daniel D. Williams
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

Dated:  November _____, 2005

John S. Spadaro
Bar No. 3155
MURPHY SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel. (302) 472-8100
Fax (302) 472-8135


Attorneys for AES Puerto Rico, L.P.

OBER | KALER
A Professional Corporation

**Ober, Kaler, Grimes & Shriver**
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

**Anthony F. Vittoria**
afvittoria@ober.com
410-347-7692

**Offices In**
Maryland
Washington, D.C.
Virginia

November 10, 2005

Jeb Boatman, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005

> Re:   *AES Puerto Rico, LP v. ALSTOM Power Inc.*
>         **Civil Action No. 04-1282-JJF**

Dear Jeb:

We are in receipt of your letter of November 8, 2005 regarding expert discovery in the above-referenced case.

ALSTOM agrees with AES that expert depositions should not count towards the seven depositions allowed by the Court's Scheduling Order.

However, ALSTOM does not agree to AES's proposal that there be one deadline for the exchange of expert reports or that that deadline be February 27, 2006. As Judge Farnan's Scheduling Order was silent regarding the timing of the exchange of expert reports, Rule 26(a)(2)(C) applies to this matter. It is our belief that the application of Rule 26(a)(2)(C) in this matter would require AES to submit its reports 90 days prior to trial – or February 21, 2005 – and that ALSTOM's reports would be due 30 days later. That being said, it would be acceptable to ALSTOM for the parties to jointly seek clarification from Judge Farnan regarding the timing of expert reports.

Accordingly, ALSTOM does not consent to the filing of the proposed "Agreed Motion" attached to your letter. ALSTOM would, however, be more than willing to consider another proposed motion that takes into account the concerns addressed above.

Please do not hesitate to contact me if you have questions regarding the foregoing.

Sincerely,

Anthony F. Vittoria

AFV
cc:   ALSTOM Power, Inc.
        James E. Edwards, Jr., Esq.
        Michael A. Schollaert, Esq.

776207

**Dunnington, Dana**

---

| | |
|---|---|
| **From:** | Boatman, Jeb |
| **Sent:** | Wednesday, November 16, 2005 9:44 AM |
| **To:** | 'Vittoria, Anthony' |
| **Cc:** | Williams, Daniel |
| **Subject:** | RE: Five minutes late |

Tony:

I had hoped to speak with you about the letter I received from you on November 14. I read that letter to state that Alstom does not intend to make its documents available to AES-PR following Judge Farnan's denial of our motion to compel.

If this is not your position, please let me know. If that is your position, we'll need to take this issue to the Court at the December 7th discovery hearing. We simply can't proceed meaningfully in this case if Alstom refuses to make its documents available for our review following Judge Farnan's order.

I had also hoped to follow up via telephone on the issues I raised in my other letter of November 8th regarding expert depositions/reports (to which you responded in a letter I received on November 14).

First, thank you for indicating in your response that you also believe that expert depositions should not count toward the seven depositions allotted by the Court in this matter. If you agree, I'll draft a proposed joint (or unopposed) motion to that effect, which I'll send to you shortly for review.

Second, as to the date for exchanging expert reports, you write that, because Judge Farnan's order is silent as to a date for exchange, Rule 26(a)(2)(C) governs this issue. We couldn't agree more, which is why we offered to stipulate that the parties would exchange primary expert reports on February 27, 2006. See F.R.C.P. 26(a)(2)(C) (stating that, in the absence of an order from the judge, the parties can stipulate to the dates to exchange disclosures). You further suggest that, under Rule 26(a)(2)(C), AES should produce its expert reports on February 21, 2006 (90 days before trial) and that Alstom should produce its reports 30 days later. As you know, the 90-days-before-trial provision of Rule 26(a)(2)(C) applies to both parties if they intend to file primary (as opposed to rebuttal) expert reports. Therefore, your 90/30 proposal would only work if Alstom intends to file only rebuttal reports.

In any event, I agree with your ultimate conclusion that this is an issue on which it would be helpful for the Court to provide guidance. I will send to you shortly a proposed motion to that effect.

Please let me know if you think it would be helpful for us to speak by telephone as we negotiate the content of that proposed motion. In the end, it might save us both time (and our clients money) to agree ahead of time on what the gist of the motion should be.

I look forward to hearing from you. Thanks.

Jeb Boatman

Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5974 (phone)
(202) 434-5029 (fax)
jboatman@wc.com
www.wc.com


-----Original Message-----
From: Vittoria, Anthony [mailto:afvittoria@ober.com]
Sent: Tuesday, November 15, 2005 4:41 PM

1

To: Boatman, Jeb
Cc: Schollaert, Michael; Banister, Patricia
Subject: RE: Five minutes late


Jeb,

Unfortunately, neither Mike and I are going to be available.  Please let us know what it
is that you and Dan would like to discuss and we will respond in turn.

Thanks,
Tony

-----Original Message-----
From: Boatman, Jeb [mailto:JBoatman@wc.com]
Sent: Tuesday, November 15, 2005 4:29 PM
To: Vittoria, Anthony
Subject: Five minutes late


Tony:

        Is there anyway we can push the call off for 5-10 minutes. Dan's running a tad late.
I'm happy to call you if that works better. Thanks.

Jeb Boatman

Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5974 (phone)
(202) 434-5029 (fax)
jboatman@wc.com
www.wc.com


--------------------------------------------------------------------------------
NOTICE:

This message is intended for the use of the individual or entity to which it is addressed
and may contain information that is privileged, confidential and exempt from disclosure
under applicable law. If the reader of this message is not the intended recipient or the
employee or agent responsible for delivering this message to the intended recipient, you
are hereby notified that any dissemination, distribution or copying of this communication
is strictly prohibited. If you have received this communication in error, please notify us
immediately by reply or by telephone (call us collect at (202) 434-5000) and immediately
delete this message and all its attachments.

================================================================================

2

**Boatman, Jeb**

| | |
|---|---|
| **From:** | Vittoria, Anthony [afvittoria@ober.com] |
| **Sent:** | Wednesday, November 16, 2005 1:41 PM |
| **To:** | Boatman, Jeb |
| **Cc:** | Williams, Daniel; Schollaert, Michael; Banister, Patricia |
| **Subject:** | Expert Disclosures |

Jeb,

I have responded to the portion of this e-mail regarding the documents in Windsor by separate letter.

In regard to the timing of expert disclosures, it is our belief, based upon Third Circuit precedent, that any expert identified by ALSTOM to "explain, repel, counteract, or disprove the evidence of" AES -- and not to help ALSTOM sustain the burden of proof on an affirmative defense -- would be a rebuttal expert.  That being said, ALSTOM is amenable to requesting guidance from the Court and we look forward to receiving your proposed motion.

Thanks,
Tony

-----Original Message-----
From: Boatman, Jeb [mailto:JBoatman@wc.com]
Sent: Wednesday, November 16, 2005 9:44 AM
To: Vittoria, Anthony
Cc: Williams, Daniel
Subject: RE: Five minutes late


Tony:

    I had hoped to speak with you about the letter I received from you on November 14.
I read that letter to state that Alstom does not intend to make its documents available to
AES-PR following Judge Farnan's denial of our motion to compel.

    If this is not your position, please let me know.  If that is your position, we'll
need to take this issue to the Court at the December 7th discovery hearing.  We simply
can't proceed meaningfully in this case if Alstom refuses to make its documents available
for our review following Judge Farnan's order.

    I had also hoped to follow up via telephone on the issues I raised in my other
letter of November 8th regarding expert depositions/reports (to which you responded in a
letter I received on November 14).

    First, thank you for indicating in your response that you also believe that expert
depositions should not count toward the seven depositions allotted by the Court in this
matter.  If you agree, I'll draft a proposed joint (or unopposed) motion to that effect,
which I'll send to you shortly for review.

    Second, as to the date for exchanging expert reports, you write that, because Judge
Farnan's order is silent as to a date for exchange, Rule 26(a)(2)(C) governs this issue.
We couldn't agree more, which is why we offered to stipulate that the parties would
exchange primary expert reports on February 27, 2006.  See F.R.C.P. 26(a)(2)(C) (stating
that, in the absence of an order from the judge, the parties can stipulate to the dates to
exchange disclosures).  You further suggest that, under Rule 26(a)(2)(C), AES should
produce its expert reports on February 21, 2006 (90 days before trial) and that Alstom
should produce its reports 30 days later.  As you know, the 90-days-before-trial provision
of Rule 26(a)(2)(C) applies to both parties if they intend to file primary (as opposed to
rebuttal) expert reports.  Therefore, your 90/30 proposal would only work if Alstom
intends to file only rebuttal reports.

    In any event, I agree with your ultimate conclusion that this is an issue on which
it would be helpful for the Court to provide guidance. I will send to you shortly a

proposed motion to that effect.

        Please let me know if you think it would be helpful for us to speak by telephone as
we negotiate the content of that proposed motion. In the end, it might save us both time
(and our clients money) to agree ahead of time on what the gist of the motion should be.

        I look forward to hearing from you.  Thanks.

Jeb Boatman

Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5974 (phone)
(202) 434-5029 (fax)
jboatman@wc.com
www.wc.com


-----Original Message-----
From: Vittoria, Anthony [mailto:afvittoria@ober.com]
Sent: Tuesday, November 15, 2005 4:41 PM
To: Boatman, Jeb
Cc: Schollaert, Michael; Banister, Patricia
Subject: RE: Five minutes late


Jeb,

Unfortunately, neither Mike and I are going to be available.  Please let us know what it
is that you and Dan would like to discuss and we will respond in turn.

Thanks,
Tony

-----Original Message-----
From: Boatman, Jeb [mailto:JBoatman@wc.com]
Sent: Tuesday, November 15, 2005 4:29 PM
To: Vittoria, Anthony
Subject: Five minutes late


Tony:

        Is there anyway we can push the call off for 5-10 minutes. Dan's running a tad late.
I'm happy to call you if that works better. Thanks.

Jeb Boatman

Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5974 (phone)
(202) 434-5029 (fax)
jboatman@wc.com
www.wc.com


----------------------------------------------------------------------
------
NOTICE:

This message is intended for the use of the individual or entity to which it is addressed
and may contain information that is privileged, confidential and exempt from disclosure
under applicable law. If the reader of this message is not the intended recipient or the
employee or agent responsible for delivering this message to the intended recipient, you
are hereby notified that any dissemination, distribution or copying of this communication

2

is strictly prohibited. If you have received this communication in error, please notify us immediately by reply or by telephone (call us collect at (202) 434-5000) and immediately delete this message and all its attachments.

====================================================================== ======

------------------------------------------------------------------------------
NOTICE:

This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply or by telephone (call us collect at (202) 434-5000) and immediately delete this message and all its attachments.

================================================================================

**Boatman, Jeb**

| | |
|---|---|
| **From:** | Boatman, Jeb |
| **Sent:** | Friday, November 18, 2005 5:00 PM |
| **To:** | 'Vittoria, Anthony'; Schollaert, Michael |
| **Cc:** | Williams, Daniel |
| **Subject:** | RE: Expert Disclosures |



Proposed Joint
Stipulation.pdf..

Tony:

　　Based on our emails, I've attached a proposed stipulation for the Court regarding
the issue of expert depositions and the timing of the exchange of expert reports. Let me
know if there are changes you'd like.

　　Hope you have a good weekend.

Jeb Boatman

Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5974 (phone)
(202) 434-5029 (fax)
jboatman@wc.com
www.wc.com


-----Original Message-----
From: Vittoria, Anthony [mailto:afvittoria@ober.com]
Sent: Wednesday, November 16, 2005 1:41 PM
To: Boatman, Jeb
Cc: Williams, Daniel; Schollaert, Michael; Banister, Patricia
Subject: Expert Disclosures


Jeb,

I have responded to the portion of this e-mail regarding the documents in Windsor by
separate letter.

In regard to the timing of expert disclosures, it is our belief, based upon Third Circuit
precedent, that any expert identified by ALSTOM to "explain, repel, counteract, or
disprove the evidence of" AES -- and not to help ALSTOM sustain the burden of proof on an
affirmative defense -- would be a rebuttal expert. That being said, ALSTOM is amenable to
requesting guidance from the Court and we look forward to receiving your proposed motion.

Thanks,
Tony

-----Original Message-----
From: Boatman, Jeb [mailto:JBoatman@wc.com]
Sent: Wednesday, November 16, 2005 9:44 AM
To: Vittoria, Anthony
Cc: Williams, Daniel
Subject: RE: Five minutes late


Tony:

　　I had hoped to speak with you about the letter I received from you on November 14.

I read that letter to state that Alstom does not intend to make its documents available to AES-PR following Judge Farnan's denial of our motion to compel.

If this is not your position, please let me know. If that is your position, we'll need to take this issue to the Court at the December 7th discovery hearing. We simply can't proceed meaningfully in this case if Alstom refuses to make its documents available for our review following Judge Farnan's order.

I had also hoped to follow up via telephone on the issues I raised in my other letter of November 8th regarding expert depositions/reports (to which you responded in a letter I received on November 14).

First, thank you for indicating in your response that you also believe that expert depositions should not count toward the seven depositions allotted by the Court in this matter. If you agree, I'll draft a proposed joint (or unopposed) motion to that effect, which I'll send to you shortly for review.

Second, as to the date for exchanging expert reports, you write that, because Judge Farnan's order is silent as to a date for exchange, Rule 26(a)(2)(C) governs this issue. We couldn't agree more, which is why we offered to stipulate that the parties would exchange primary expert reports on February 27, 2006. See F.R.C.P. 26(a)(2)(C) (stating that, in the absence of an order from the judge, the parties can stipulate to the dates to exchange disclosures). You further suggest that, under Rule 26(a)(2)(C), AES should produce its expert reports on February 21, 2006 (90 days before trial) and that Alstom should produce its reports 30 days later. As you know, the 90-days-before-trial provision of Rule 26(a)(2)(C) applies to both parties if they intend to file primary (as opposed to rebuttal) expert reports. Therefore, your 90/30 proposal would only work if Alstom intends to file only rebuttal reports.

In any event, I agree with your ultimate conclusion that this is an issue on which it would be helpful for the Court to provide guidance. I will send to you shortly a proposed motion to that effect.

Please let me know if you think it would be helpful for us to speak by telephone as we negotiate the content of that proposed motion. In the end, it might save us both time (and our clients money) to agree ahead of time on what the gist of the motion should be.

I look forward to hearing from you. Thanks.

Jeb Boatman

Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5974 (phone)
(202) 434-5029 (fax)
jboatman@wc.com
www.wc.com


-----Original Message-----
From: Vittoria, Anthony [mailto:afvittoria@ober.com]
Sent: Tuesday, November 15, 2005 4:41 PM
To: Boatman, Jeb
Cc: Schollaert, Michael; Banister, Patricia
Subject: RE: Five minutes late


Jeb,

Unfortunately, neither Mike and I are going to be available. Please let us know what it is that you and Dan would like to discuss and we will respond in turn.

Thanks,
Tony

-----Original Message-----

From: Boatman, Jeb [mailto:JBoatman@wc.com]
Sent: Tuesday, November 15, 2005 4:29 PM
To: Vittoria, Anthony
Subject: Five minutes late


Tony:

     Is there anyway we can push the call off for 5-10 minutes. Dan's running a tad late.
I'm happy to call you if that works better. Thanks.

Jeb Boatman

Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5974 (phone)
(202) 434-5029 (fax)
jboatman@wc.com
www.wc.com


------------------------------------------------------------------------
------
NOTICE:

This message is intended for the use of the individual or entity to which it is addressed
and may contain information that is privileged, confidential and exempt from disclosure
under applicable law. If the reader of this message is not the intended recipient or the
employee or agent responsible for delivering this message to the intended recipient, you
are hereby notified that any dissemination, distribution or copying of this communication
is strictly prohibited. If you have received this communication in error, please notify us
immediately by reply or by telephone (call us collect at (202) 434-5000) and immediately
delete this message and all its attachments.

========================================================================
======


--------------------------------------------------------------------------
NOTICE:

This message is intended for the use of the individual or entity to which it is addressed
and may contain information that is privileged, confidential and exempt from disclosure
under applicable law. If the reader of this message is not the intended recipient or the
employee or agent responsible for delivering this message to the intended recipient, you
are hereby notified that any dissemination, distribution or copying of this communication
is strictly prohibited. If you have received this communication in error, please notify us
immediately by reply or by telephone (call us collect at (202) 434-5000) and immediately
delete this message and all its attachments.

===========================================================================

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AES PUERTO RICO, L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    C.A. No. 04-1282-JJF |
| | ) |
| ALSTOM POWER, INC., | ) |
| | ) |
| Defendant. | ) |

## JOINT STIPULATION AMENDING SCHEDULING ORDER

WHEREAS, Plaintiff AES Puerto Rico, L.P. ("AES-PR") and Defendant

ALSTOM Power, Inc. ("ALSTOM"), by undersigned counsel, respectfully request

clarification from this Court of its October 7, 2005 Scheduling Order;

WHEREAS, the Scheduling Order does not establish dates by which

the parties must make the expert disclosures required by Federal Rule of Civil

Procedure 26(a)(2);

WHEREAS, the Scheduling Order permits each party to depose seven

witnesses and to conduct three Rule 30(b)(6) depositions, but does not specify

whether depositions of parties' experts count toward those totals;

IT IS HEREBY STIPULATED AND AGREED:

1.    The parties shall make the expert disclosures and reports

required by Federal Rule of Civil Procedure 26(a)(2) no later than February 27,

2006; and the parties shall serve reports intended solely to contradict or rebut

evidence on the same subject matter identified by another party no later than

March 27, 2006.

      2.    Any depositions of experts must be completed within three

weeks of service of the expert reports.

      3.    The expert depositions shall not count against the limitation in

Paragraph 1(b)(3) of this Court's October 7, 2005 Scheduling Order.

      Respectfully submitted,


_____        _____
John S. Spadaro                         Richard R. Wier, Jr. Bar No
Bar No. 3155                            Bar No. _____
MURPHY SPADARO & LANDON                 Richard R. Wier, Jr., P.A.
1011 Centre Road, Suite 210             1220 Market Street, Suite 600
Wilmington, DE 19805                    Wilmington, DE 19801
Tel. (302) 472-8100                     Tel. (302) 888-3222
Fax (302) 472-8135                      Fax (302) 888-3225


Dated:  November _____, 2005


SO ORDERED:


_____                       _____
Date                                    The Honorable Joseph J. Farnan, Jr.

**Boatman, Jeb**

| | |
|---|---|
| **From:** | Vittoria, Anthony [afvittoria@ober.com] |
| **Sent:** | Tuesday, November 22, 2005 3:58 PM |
| **To:** | Boatman, Jeb; Schollaert, Michael |
| **Cc:** | Williams, Daniel; Banister, Patricia |
| **Subject:** | RE: Expert Disclosures |

Jeb,

Your proposed submission is not what we had in mind when we agreed to seek clarification
from the Court regarding the deadlines for expert reports.  Indeed, the language contained
in your proposed stipulation simply parrots the language contained in Rule 26(a)(2)(C),
and it is the meaning and effect of that exact langauge about which ALSTOM and AES
disagree.

Accordingly, unless you have another suggestion, ALSTOM is prepared to make an oral
request for clarification at the upcoming hearing.

Tony

-----Original Message-----
From: Boatman, Jeb [mailto:JBoatman@wc.com]
Sent: Friday, November 18, 2005 5:00 PM
To: Vittoria, Anthony; Schollaert, Michael
Cc: Williams, Daniel
Subject: RE: Expert Disclosures

Tony:

        Based on our emails, I've attached a proposed stipulation for the Court regarding
the issue of expert depositions and the timing of the exchange of expert reports.  Let me
know if there are changes you'd
like.

        Hope you have a good weekend.

Jeb Boatman

Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5974 (phone)
(202) 434-5029 (fax)
jboatman@wc.com
www.wc.com

-----Original Message-----
From: Vittoria, Anthony [mailto:afvittoria@ober.com]
Sent: Wednesday, November 16, 2005 1:41 PM
To: Boatman, Jeb
Cc: Williams, Daniel; Schollaert, Michael; Banister, Patricia
Subject: Expert Disclosures

Jeb,

I have responded to the portion of this e-mail regarding the documents in Windsor by
separate letter.

In regard to the timing of expert disclosures, it is our belief, based upon Third Circuit
precedent, that any expert identified by ALSTOM to "explain, repel, counteract, or

disprove the evidence of" AES -- and not to help ALSTOM sustain the burden of proof on an affirmative defense -- would be a rebuttal expert.  That being said, ALSTOM is amenable to requesting guidance from the Court and we look forward to receiving your proposed motion.

Thanks,
Tony

-----Original Message-----
From: Boatman, Jeb [mailto:JBoatman@wc.com]
Sent: Wednesday, November 16, 2005 9:44 AM
To: Vittoria, Anthony
Cc: Williams, Daniel
Subject: RE: Five minutes late


Tony:

I had hoped to speak with you about the letter I received from you on November 14. I read that letter to state that Alstom does not intend to make its documents available to AES-PR following Judge Farnan's denial of our motion to compel.

If this is not your position, please let me know.  If that is your position, we'll need to take this issue to the Court at the December 7th discovery hearing.  We simply can't proceed meaningfully in this case if Alstom refuses to make its documents available for our review following Judge Farnan's order.

I had also hoped to follow up via telephone on the issues I raised in my other letter of November 8th regarding expert depositions/reports (to which you responded in a letter I received on November 14).

First, thank you for indicating in your response that you also believe that expert depositions should not count toward the seven depositions allotted by the Court in this matter.  If you agree, I'll draft a proposed joint (or unopposed) motion to that effect, which I'll send to you shortly for review.

Second, as to the date for exchanging expert reports, you write that, because Judge Farnan's order is silent as to a date for exchange, Rule 26(a)(2)(C) governs this issue. We couldn't agree more, which is why we offered to stipulate that the parties would exchange primary expert reports on February 27, 2006.  See F.R.C.P. 26(a)(2)(C) (stating that, in the absence of an order from the judge, the parties can stipulate to the dates to exchange disclosures).  You further suggest that, under Rule 26(a)(2)(C), AES should produce its expert reports on February 21, 2006 (90 days before trial) and that Alstom should produce its reports 30 days later.  As you know, the 90-days-before-trial provision of Rule 26(a)(2)(C) applies to both parties if they intend to file primary (as opposed to rebuttal) expert reports.  Therefore, your 90/30 proposal would only work if Alstom intends to file only rebuttal reports.

In any event, I agree with your ultimate conclusion that this is an issue on which it would be helpful for the Court to provide guidance. I will send to you shortly a proposed motion to that effect.

Please let me know if you think it would be helpful for us to speak by telephone as we negotiate the content of that proposed motion. In the end, it might save us both time (and our clients money) to agree ahead of time on what the gist of the motion should be.

I look forward to hearing from you.  Thanks.

Jeb Boatman

Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5974 (phone)
(202) 434-5029 (fax)
jboatman@wc.com
www.wc.com

-----Original Message-----
From: Vittoria, Anthony [mailto:afvittoria@ober.com]
Sent: Tuesday, November 15, 2005 4:41 PM
To: Boatman, Jeb
Cc: Schollaert, Michael; Banister, Patricia
Subject: RE: Five minutes late


Jeb,

Unfortunately, neither Mike and I are going to be available.  Please let us know what it
is that you and Dan would like to discuss and we will respond in turn.

Thanks,
Tony

-----Original Message-----
From: Boatman, Jeb [mailto:JBoatman@wc.com]
Sent: Tuesday, November 15, 2005 4:29 PM
To: Vittoria, Anthony
Subject: Five minutes late


Tony:

      Is there anyway we can push the call off for 5-10 minutes. Dan's running a tad late.
I'm happy to call you if that works better. Thanks.

Jeb Boatman

Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5974 (phone)
(202) 434-5029 (fax)
jboatman@wc.com
www.wc.com

-----------------------------------------------------------------------
------
NOTICE:

This message is intended for the use of the individual or entity to which it is addressed
and may contain information that is privileged, confidential and exempt from disclosure
under applicable law. If the reader of this message is not the intended recipient or the
employee or agent responsible for delivering this message to the intended recipient, you
are hereby notified that any dissemination, distribution or copying of this communication
is strictly prohibited. If you have received this communication in error, please notify us
immediately by reply or by telephone (call us collect at (202) 434-5000) and immediately
delete this message and all its attachments.

=======================================================================
======


-----------------------------------------------------------------------
------
NOTICE:

This message is intended for the use of the individual or entity to which it is addressed
and may contain information that is privileged, confidential and exempt from disclosure
under applicable law. If the reader of this message is not the intended recipient or the
employee or agent responsible for delivering this message to the intended recipient, you
are hereby notified that any dissemination, distribution or copying of this communication

is strictly prohibited. If you have received this communication in error, please notify us immediately by reply or by telephone (call us collect at (202) 434-5000) and immediately delete this message and all its attachments.

========================================================================
======


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
NOTICE:

This message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by reply or by telephone (call us collect at (202) 434-5000) and immediately delete this message and all its attachments.

=============================================================================