# Tab A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AES PUERTO RICO, L.P.,<br><br>     Plaintiff,<br>v.<br><br>ALSTOM POWER, INC.<br><br>     Defendant/<br>     Third-Party Plaintiff<br><br>     v.<br><br>ENVIRONMENTAL ELEMENTS<br>CORPORATION<br><br>     and<br><br>LIBERTY MUTUAL INSURANCE<br>COMPANY<br><br>     Third-Party Defendants | Civ. No. 04-1282-JJF |

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure,

plaintiff AES Puerto Rico, L.P. ("AES PR") requests that defendant ALSTOM

Power, Inc. ("ALSTOM") produce for inspection and copying at the law offices of

Williams & Connolly LLP, 725 Twelfth Street, N.W., Washington, D.C., 20005,

each document listed below that is within its possession, custody, or control.

The documents requested should be produced for inspection and copying no

later than April 14, 2005.

## DEFINITIONS AND INSTRUCTIONS

(a)    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). It includes but is not limited to documents stored in electronic formats.

(b)    The term "relating to" means concerning, constituting, embodying, comprising, reflecting, refuting, identifying, stating, referring to, dealing with, commenting on, responding to, describing, analyzing or containing information concerning a given subject matter.

(c)    Documents "sufficient to identify" a person provide any or all of the following: name, occupation, title, present home address and telephone number, present work address and telephone number, past home and work addresses and telephone numbers, and all present and past e-mail addresses.

(d)    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(e)    The terms "you" or "your" mean ALSTOM, Combustion Engineering Systems, Combustion Engineering, Inc., any predecessor or successor corporations of these corporations, any officers or employees of these corporations, and any agents acting on behalf of these corporations.

(f)    The term "EEC" means Environmental Elements Corporation, its officers, employees, and any agents acting on its behalf.

(g)    The term "Liberty" means Liberty Mutual Insurance Company, its officers, employees, and any agents acting on its behalf.

118349

2

(h)     The term "D/FD" means Duke/Fluor Daniel Caribbean, S.E., its officers, employees, and any agents acting on its behalf.

(i)     The term "Plant" means AES PR's power plant located in Guayama, Puerto Rico.

(j)     The term "FBHE" means fluidized bed heat exchangers.

(k)     The term "ESP" means electrostatic precipitators, including but not limited to circulating dry scrubbers associated with the precipitators.

(l)     "All" and "each" shall be construed as all and each.

(m)     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all documents that might otherwise be construed to be outside the scope.

(n)     These requests are continuing in character. You are thus required to produce for inspection and copying any documents not previously produced that you may from time to time obtain, locate, identify or acquire the ability to produce.

(o)     Should you make a claim that a requested document is not subject to discovery by reason of privilege or the work product doctrine, you are required to identify separately each document for which such a privilege or doctrine is claimed, together with the following information:

(1)     the date of, or appearing on, the document;

(2)     the document's author(s);

(3)     the addressee(s) and/or recipient(s) of the document, if any;

11849

3

(4)    a description of the document, including its title, if

any, as

well as the type of document (for example, handwritten

note);

(5)    a description of the contents and/or subject matter of

the

document; and

(6)    the privilege or doctrine claimed.

## DOCUMENTS TO BE PRODUCED

### REQUEST NO. 1

All documents relating to AES PR's warranty claim concerning the
Plant's FBHE handcuffs.

### REQUEST NO. 2

All documents relating to the Plant's FBHE, including but not
limited to documents relating to the design and operation of the FBHE, any
tube failures in the FBHE, efforts to correct the tube failures, and analyses of
the causes of the tube failures.

### REQUEST NO. 3

All documents relating to the design and configuration of the
Plant's FBHE handcuffs.

### REQUEST NO. 4

All documents relating to the performance of the Plant's FBHE
handcuffs, including but not limited to documents discussing broken

118349

4

handcuffs, movement of the handcuffs, repair, replacement and addition of handcuffs, and the configuration of the handcuffs.

**REQUEST NO. 5**

All documents relating to the control set points for the fluidizing airflow for the Plant's FBHE.

**REQUEST NO. 6**

All documents relating to ash plugging in the Plant's fluidizing air header manifold.

**REQUEST NO. 7**

All documents relating to the airflow design for the Plant's FBHE.

**REQUEST NO. 8**

All documents dated on or after November 28, 2001 relating to the addition by ALSTOM, or at ALSTOM's recommendation, of more FBHE handcuffs to an existing design or configuration at any plant.

**REQUEST NO. 9**

All documents relating to AES PR's warranty claim concerning the Plant's ESP.

**REQUEST NO. 10**

All documents relating to the Plant's ESP, including but not limited to documents relating to the purchase and design of the ESP, the corrosion to

113149

5

the ESP collecting plates, rigidtrodes, and other components of the ESP, and analyses of the causes of any such corrosion.

## REQUEST NO. 11

All documents comprising and relating to any contract or subcontract for the Plant's ESP and any of its components.

## REQUEST NO. 12

All documents relating to the flue gas entering the Plant's ESP (which includes flue gas entering the circulating dry scrubbers), including but not limited to documents relating to the temperature of such gas.

## REQUEST NO. 13

All documents relating to the opacity of the gas exiting the Plant's smoke stack.

## REQUEST NO. 14

All operating and maintenance manuals you received from EEC or any other source relating to the Plant's ESP.

## REQUEST NO. 15

All documents you received from D/FD relating to the design, specifications, and procurement of the Plant's ESP and any related equipment.

## REQUEST NO. 16

All documents relating to the commissioning of the ESP, including but not limited to the pressure, gas flows, and temperatures of the ESP.

## REQUEST NO. 17

118349

6

All documents reflecting or relating to any communication with ALSTOM on-site personnel, D/FD, or any subcontractor of ALSTOM relating to the operating parameters of the ESP.

**REQUEST NO. 18**

All documents relating to the water injected into the circulating dry scrubbers of the ESP, including but not limited to the specifications for the water, all evaluations and analyses of the composition of the water, and all evaluations and analyses of the effects of the water on the ESP.

**REQUEST NO. 19**

All documents reflecting or relating to any communication with EEC relating to the Plant, including but not limited to communications relating to AES PR's warranty claims.

**REQUEST NO. 20**

All documents reflecting or relating to any communication with Liberty relating to the Plant, including but not limited to communications relating to AES PR's warranty claims.

**REQUEST NO. 21**

All documents reflecting or relating to any communication with D/FD relating to AES PR's warranty claims concerning the ESP and the FBHE.

**REQUEST NO. 22**

All documents comprising or relating to your purchase order with EEC for the supply of pollution control equipment for installation on the Plant.

118349

7

**REQUEST NO. 23**

All documents comprising or relating to a bond purchased by EEC from Liberty relating to the Plant.

**REQUEST NO. 24**

All documents that support, refute, or otherwise relate to the factual allegations contained in the Answer you filed in this action.

**REQUEST NO. 25**

All documents that support, refute, or otherwise relate to each of the affirmative defenses contained in the Answer you filed in this action.

Respectfully submitted,

John S. Spadaro
Bar No. 3155
MURPHY SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel. (302) 472-8100
Fax (302) 472-8135

OF COUNSEL:

Dane H. Butswinkas
R. Hackney Wiegmann
Daniel D. Williams
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

Dated: March 7, 2005          Attorneys for AES Puerto Rico, L.P.

118349                               8