IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES PUERTO RICO, L.P., | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER INC., | * | |
| Defendant. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**DEFENDANT'S MOTION TO COMPEL
ANSWER TO INTERROGATORY**


Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
1220 Market St., Suite 600
Wilmington, DE 19801
(302) 888-3222

Of Counsel:

James E. Edwards, Esquire
Anthony F. Vittoria, Esquire
Michael A. Schollaert, Esquire
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
Phone:  (410) 685-1120
Fax:     (410) 547-0699


Counsel for Defendant
ALSTOM Power Inc.

Date:  December 5, 2005

1

Pursuant to Fed. R. Civ. P. 37(a)(2)(B), ALSTOM Power Inc. ("ALSTOM"), the

Defendant, moves for an order compelling AES Puerto Rico, L.P. ("AES") to supplement, within

14 days, its answer to Interrogatory No. 2 from ALSTOM's First Set of Interrogatories ("First

Set").[1]

### I.    BACKGROUND

This matter relates to the design and construction of a coal-fired power project in

Guayama, Puerto Rico (the "Project").  AES is the owner of the Project and ALSTOM was a

subcontractor to the prime contractor on the Project, an entity known as D/FD Caribbean, S.E.

("D/FD").  AES has brought suit alleging that ALSTOM breached the warranties relating to

some of the equipment provided by ALSTOM.  ALSTOM's defense of AES' claims requires it

to discover all of the facts related to, among other things, AES' operation, maintenance, repair or

alteration of that equipment.

ALSTOM served its First Set on or about April 12, 2005.  Interrogatory No. 2 instructs

AES to identify all persons who have personal knowledge of the Circulating Dry Scrubber

("CDS"), Electrostatic Precipitator ("ESP") and Fluidized Bed Heat Exchanger ("FBHE")

Handcuff equipment, and to state the knowledge that each possesses.  (*See* Tab 1, ALSTOM's

First Set of Interrogatories, at p.5.)  Although AES has provided 13 names in response to this

Interrogatory (*see* Tab 2, AES's Answers to ALSTOM's First Set of Interrogatories, at pp.3-5), it

has, for some reason, failed to identify dozens of others or to provide any indication of the

knowledge possessed by the people who it did identify.

ALSTOM brought these deficiencies to AES' attention and demanded that AES

supplement its response to Interrogatory No. 2.  (*See* Tab 3, letter from A. Vittoria dated August

---

[1] A copy of ALSTOM's First Set is attached hereto at Tab 1.

15, 2005.)  AES responded to ALSTOM's concerns by reasserting its objections to the

Interrogatory and clarifying that AES had, "in the spirit of cooperation," identified in its

Interrogatory answer only current and former AES employees (11) and consultants (two) "who

would, in [AES'] opinion, have the most pertinent knowledge of the CDS, ESP, and FBHEs."

(*See* Tab 4, letter from D. Williams dated September 6, 2005.)  Unfortunately, it is here that

AES' spirit of cooperation began and ended, as AES went on to state that ALSTOM is capable of

identifying any additional persons for itself by reviewing the documents already produced by

AES. (*Id.*)

## II.      ARGUMENT

ALSTOM is entitled to the identities of *all* individuals known to AES to have knowledge

of the facts of this case.  It is well recognized in Delaware and elsewhere that interrogatories

containing language similar to ALSTOM's Interrogatory No. 2 are permitted and must be

answered.  *See, e.g. Patterson-Schwartz & Assocs., Inc. v. R. B. R., Ltd.*, C.A. No. 84C-DE-18,

1986 Del. Super. LEXIS 1395, *4 (Del. Super. Ct. June 20, 1986) (interrogatory seeking the

identity of all persons with knowledge of facts alleged in the pleadings is a relatively common

interrogatory and the defendant was required to answer it); *In re Grand Casinos, Inc.*, 181 F.R.D.

615, 618 (D. Minn. 1998) (interrogatory seeking identity of each person known or believed by

opposing party to have personal knowledge was calculated to lead to the discovery of the identity

of potential witnesses, which is plainly discoverable).

In responding to Interrogatory No. 2, AES cannot, as it has attempted, unilaterally

interpret the scope of discovery, list only the names of people it thinks are relevant, and then

shift the burden to ALSTOM to determine the existence of any others.  *See Roane-Barker v.*

*Southeastern Hospital Supply Corporation*, 99 N.C. App. 30, 36 (N.C. App. 1990)(defendant's

efforts to unilaterally interpret the relevant scope of discovery response resulted in the imposition

of sanctions).  It is not ALSTOM's burden to provide AES with the names of AES' own

employees, contractors, subcontractors, or consultants with personal knowledge of discoverable

information who should be identified in the answer to ALSTOM's Interrogatory No. 2.

Nonetheless, ALSTOM has performed a limited review of the hard-copy and electronic

documents produced in discovery to identify particular AES employees who had significant roles

on the Project and who have knowledge and information regarding the CDS, ESP, or the FBHE

Handcuff equipment.

ALSTOM's own electronic mail and the hard-copy and electronic discovery obtained

from AES and third-parties demonstrate unequivocally that AES has failed to disclose the

existence and identity of more than 40 AES employees in management, engineering, and

operations positions who were directly involved in issues related to this litigation.  Examples of

such individuals, the identification of whom is neither exhaustive nor intended to limit the scope

of AES' disclosure obligation, include the following:

- Stewart J. Ferguson, President of AES Puerto Rico, L.P. (*See* Tab 5, letter from SA. Ferguson dated December 12, 2002);

- WeiLi Yu, AES E&I Maintenance Team Leader (*See* Tab 6, e-mail from W. Yu dated January 23, 2004);

- Carlos Reyes, AES Commercial, Engineering, Environmental & Safety Team Leader (*See* Tab 7, e-mail from C. Jones dated October 14, 2002); and

- Bill Vela, to whom opacity problems were reported (*See* Tab 8, Meeting Minutes dated December 18-19, 2002).[2]

---

[2] In addition to the AES employees named here, ALSTOM has also identified more than 30 AES Control Room Operators and Lead Operators who AES failed to identify in its answer to Interrogatory No. 2.  They include: Fernando Rodriguez; Harold Beanier; Luis Cruz; Angel F. Vasquez; Anibal Davila; Benny de Jesus; C. Rodriguez; Carlos Gonzales; Carlos Rivera; Cristobal Colon; E. Soto; Edgar Torres; Edmundo Rodriguez; Eduardo Santiago; Fernando Rodriguez; George Gelada; Gabriel Sanabria; Hector Colon; Jose Candelario; Jorge Diaz; Jorge

ALSTOM has not conducted a similar review with respect to identifying individual non-employees of AES, such as contractors, subcontractors, and consultants who should properly have been identified in AES' answer to Interrogatory No. 2.  Nevertheless, the almost complete absence of such persons from that answer is certainly suspect in light of the tremendous deficiency as to AES' own employees.

In light of the foregoing, it is evident that AES' answer to Interrogatory No. 2 falls far short of satisfying its obligations under the Federal Rules.  On its face and as demonstrated above, any assertion that only 13 AES-related individuals have personal knowledge of discoverable information with respect to a complex dispute arising from a more than $440 million construction project that spanned the better part of a decade is neither credible nor supported by fact.  Accordingly, the Court should order AES to supplement its answer to Interrogatory No. 2.

### III. CONCLUSION

For the foregoing reasons, ALSTOM respectfully requests that the Court grant its Motion to Compel Answer to Interrogatory.

ALSTOM POWER INC.


/s/ Daniel W. Sciapli
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
1220 Market St., Suite 600
Wilmington, DE 19801
(302) 888-3222
dscialpi@wierlaw.com

---

Martinez; Jose F. Monautou; Julio L. Ortiz Lebron; Manuel Gonzales; Marco Aresti; Maria Aponte; Ricardo Rivera; Rafael Sandel; Rubenio Valentin; Sharon Banks; Ubaldo Rivera; and Willy Santiago.

James E. Edwards, Esquire
Anthony F. Vittoria, Esquire
Michael A. Schollaert, Esquire
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
Phone:  (410) 685-1120
Fax:     (410) 547-0699

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 5th day of December 2005, a copy of the foregoing

Defendant's Motion to Compel Answer to Interrogatory, Rule 7.1.1 Statement and proposed

Order was filed with the Court using CM/ECF, which will send a copy to:  John S. Spadaro,

Murphy Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, Delaware  19805.  In

addition, a courtesy copy was served via electronic mail upon Daniel D. Williams, Esquire,

Williams & Connolly LLP, 725 Twelfth Street, N.W., Washington, D.C.  20005

/s/ Daniel W. Scialpi
Daniel W. Scialpi

777487