IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AES PUERTO RICO, L.P.,

Plaintiff,

v.

ALSTOM POWER, INC.,

Defendant.

Civ. No. 04-1282-JJF

**PLAINTIFF AES-PR'S RESPONSE TO ALSTOM'S MOTION TO COMPEL PRODUCTION OF ELECTRONIC DOCUMENTS**

ALSTOM's Motion to Compel was unnecessary when filed and it continues to be unnecessary today. As of the date it was filed, AES Puerto Rico, L.P. ("AES-PR") not only had agreed to a rolling production of electronic documents, but it had begun to produce documents. Indeed, immediately before ALSTOM filed its motion, AES-PR had told ALSTOM it could expect another production of electronic documents within a week. *See* Letter from Williams to Vittoria of 10/19/05 (Tab A). Not only did AES-PR follow through on that promise, but it has made several additional productions since that time. *See* Letter from Boatman to Vittoria of 10/28/05 (producing 41,681 pages of electronic documents) (Tab B); Letter from Boatman to Vittoria of 11/09/05 (10,812 pages) (Tab C); Letter from Boatman to Vittoria of 11/21/05 (27,970 pages) (Tab D). To date, AES-PR has produced over 80,000 pages of electronic documents, including email for over a dozen of the employees most knowledgeable about the subject matter of this litigation. Furthermore, although ALSTOM's motion was unnecessary, AES-PR fully supports, and repeatedly has requested, the relief ALSTOM seeks – an end date for the production of electronic documents.

Ironically, ALSTOM's electronic-document production to AES-PR is itself deficient in a number of respects. For example, ALSTOM has refused to confirm that it has collected and/or produced electronic documents for several of the employees it identified in its interrogatory responses as having knowledge pertinent to this litigation. Moreover, ALSTOM has produced almost no electronic documents dated after August 31, 2004, which raises the possibility that ALSTOM has not yet collected such documents, many of which are likely to be highly relevant to this litigation.

AES-PR has attempted to bring closure to the parties' disputes regarding their respective electronic productions by asking ALSTOM on several occasions to agree to a date by which each side must complete its production. *See, e.g.*, Letter from Williams to Vittoria of 10/13/05 (Tab E) (suggesting that "[i]n light of the scheduling order that the Court entered last week, . . . [the parties] agree to a date in the near future for both parties to complete their paper and electronic document productions"); Letter from Williams to Vittoria of 10/19/05 (Tab A) (suggesting again that the parties agree to an end date for the production of electronic documents so that depositions could begin); Letter from Williams to Vittoria of 10/24/05 (Tab F) (asking that ALSTOM propose an end date "as soon as possible"); Letter from Williams to Vittoria of 11/4/05 (Tab G) (noting that ALSTOM "repeatedly ha[s] refused to provide any date by which ALSTOM would complete its production" of electronic documents). ALSTOM steadfastly has refused to agree to any date, instead choosing to burden the Court with this issue. *See* Letter from Vittoria to Williams of 10/25/05 (Tab H) (refusing to agree to an end date).[1]

---

1 In several documents submitted to this Court, ALSTOM has claimed that AES-PR's response to this Motion to Compel is late, citing to the default briefing schedule in Local Rule 7.1.2. *See, e.g.*, ALSTOM's Motion to Compel 30(b)(6) at 1 n.2 (D.I. 43). That is wrong. Local Rule 7.1.2 only controls "[u]nless otherwise ordered by the Court." L.R. 7.1.2(a). This Court has

## I. ALSTOM's Motion to Compel Is (and Was) Unnecessary.

In its Motion, ALSTOM criticizes both AES-PR's document-collection and document-production efforts. ALSTOM is wrong on both fronts.

First, as to AES-PR's document-collection efforts, AES-PR has collected well over 75,000 electronic documents (literally hundreds of thousands of pages of documents), including over 50,000 emails. Boatman Decl. ¶ 2 (Tab I). Second, AES-PR currently is formatting and reviewing these documents, has made a number of rolling productions to date, and stands ready to agree to a mutual date for both parties to complete their electronic-document productions.[2] AES-PR's productions have included electronic documents for numerous key personnel, including Csaba Kiss, Maintenance Team Leader; Weili Yu, I&C Team Leader; Carlos Alequin, Water Treatment Team Leader; Harry Bonilla, Material Handling Team Leader; Ron McParland, Principal Leader for Plant Construction; and Tracey Jarvis, Turbine Team Leader.

Given that AES-PR has gathered tens of thousands of documents, has to date produced a substantial number of electronic documents for many of the most important witnesses in this litigation, and intends to continue producing documents as they are reviewed, ALSTOM's motion, to the extent it argues that AES-PR has failed appropriately to gather and/or produce electronic documents, is wrong and should be denied.

---

"otherwise ordered" in its Rule 16 Scheduling Order, which made this Response due by December 5, 2005 – the date on which it is being filed. *See* Order at 2 (D.I. 35).

[2] ALSTOM has asserted on several occasions that AES-PR has not correctly formatted its electronic-document productions and has demanded that the parties' discovery liaisons meet and confer about the formatting issue. *See* Boatman Decl. ¶ 4 (Tab I). AES-PR agreed to have the parties' e-discovery liaisons meet and confer about the technical issues, even offering to agree to help facilitate that meeting. *Id.* ALSTOM, however, never followed up to hold the meeting. *Id.*

## II. AES-PR Requests that This Court Set a Date by Which Both Parties Complete Their Productions of Electronic Documents.

Although AES-PR vigorously disputes the factual basis for ALSTOM's Motion, AES-PR agrees that it would be helpful for this Court to set a date by which the parties must complete their electronic-document productions. Whereas ALSTOM seeks to have that deadline apply solely to AES-PR, however, AES-PR requests that this Court make that date applicable to both parties.

ALSTOM's request that this Court order only AES-PR to produce electronic documents by a set deadline is odd for at least two reasons. First, believing that these issues are better resolved through cooperation among the parties, AES-PR on several occasions has asked ALSTOM to agree to a date by which the parties will complete their productions of electronic documents. *See, e.g.*, Letter from Williams to Vittoria of 10/13/05 (Tab E); Letter from Williams to Vittoria of 10/19/05 (Tab A); Letter from Williams to Vittoria of 10/24/05 (Tab F); Letter from Williams to Vittoria of 11/4/05 (Tab G). ALSTOM, however, has refused to agree to any date. *See* Letter from Vittoria to Williams of 10/25/05 (Tab H). Second, ALSTOM itself has not fully produced its own electronic documents. Indeed, to date, ALSTOM, which AES-PR believes is producing emails by user, has not produced any electronic documents from the accounts of several of the central witnesses to this litigation.[3]

With respect to the date by which the parties must complete their electronic-document productions, ALSTOM has asked that this Court order AES-PR to produce all

---

3 ALSTOM has responded to AES-PR's concern on this point by noting that some of the users for which it apparently has not produced electronic document have emails in other user's boxes because they were either the sender of the email or cc'd on an email. Of course, that is irrelevant to the issue that ALSTOM must collect and produce all responsive email for all users with responsive documents.

documents no later than thirty days from the December 7, 2005 discovery hearing. Although the upcoming holidays may cause some hardships, AES-PR agrees to ALSTOM's proposal that the Order require completion of electronic-document production within thirty days of the December 7, 2005 hearing.

* * * * *

After wading through ALSTOM's invective, the facts of this dispute are simple. Days before ALSTOM filed this Motion to Compel, AES-PR told ALSTOM it would be producing additional electronic documents within one week. AES-PR did just that. To date, AES-PR has produced tens of thousands of pages of electronic documents, and AES-PR is committed to completing its electronic-document production in the near future. These facts do not support ALSTOM's claims that AES-PR has failed to collect and/or produce documents in a timely manner. Rather, they suggest that this Motion is more about stirring up unnecessary discovery disputes than anything else. This Court should not reward that conduct. Rather, this Court should impose a deadline by which both parties must complete their electronic-document productions.

## CONCLUSION

For the foregoing reasons, AES-PR respectfully requests that this the Court deny ALSTOM's Motion to Compel to the extent it requests that AES-PR alone be required to produce electronic documents by a set deadline. AES-PR respectfully requests, however, that this Court order both parties to complete their productions of electronic documents in response to the other party's First Set of Requests for Documents within thirty days of the December 7, 2005 hearing.

Respectfully submitted,

OF COUNSEL:
Dane H. Butswinkas
R. Hackney Wiegmann
Daniel D. Williams
Jeb Boatman
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

Dated: December 5, 2005

/s/ John S. Spadaro
John S. Spadaro (Bar No. 3155)
MURPHY SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel. (302) 472-8100
Fax (302) 472-8135

Attorneys for AES Puerto Rico, L.P

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AES PUERTO RICO, L.P.,

Plaintiff,

v.

ALSTOM POWER, INC.,

Defendant.

Civ. No. 04-1282JJF

**NOTICE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

**BY U.S. MAIL**
Richard R. Wier, Jr.
Daniel W. Scialpi
1220 Market Street, Suite 600
Wilmington, DE 19801

**BY U.S. MAIL**
Anthony F. Vittoria
James E. Edwards
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimire, MD 21202-1643

Respectfully submitted,

/s/ John S. Spadaro
John S. Spadaro, No. 3155
MURPHY SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel. (302) 472-8100
Fax (302) 472-8135

Dated: December 5, 2005

Attorneys for AES Puerto Rico, L.P.