IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AES PUERTO RICO, L.P., *

Plaintiff, *

v. * C.A. No. 04-1282-JJF

ALSTOM POWER INC., *

Defendant *

* * * * * * *

**ALSTOM POWER INC.'S OPPOSITION TO MOTION**
**TO COMPEL PRODUCTION OF DOCUMENTS**

Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
a1220 Market St., Suite 600
Wilmington, DE 19801
(302) 888-3222

Of Counsel:

James E. Edwards, Jr., Esquire
Anthony F. Vittoria, Esquire
Michael A. Schollaert, Esquire
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
Phone: (410) 685-1120
Fax: (410) 547-0699

Counsel for Defendant
ALSTOM Power Inc.

Date: December 5, 2005

ALSTOM Power Inc. ("ALSTOM"), by its counsel, submits the following Memorandum in Opposition to the Motion to Compel Production of Documents filed in this action by AES Puerto Rico, L.P. ("AES"), the plaintiff.

## I. INTRODUCTION

This motion arises from what should have been a relatively straightforward production of paper documents by ALSTOM to AES in the course of this litigation. In advance of the scheduled production of documents at ALSTOM's headquarters in Windsor, Connecticut, however, AES initiated a series of communications regarding the form of ALSTOM's production. Then, after taking the time to travel to Windsor, Connecticut, for what was scheduled to be a two-day production, AES departed after only several hours, having failed to conduct an adequate inspection of the documents produced by ALSTOM -- all as a pretext for filing a Motion to Compel Production of Documents regarding the form of the production. By Order dated October 7, 2005, this Court denied AES's Motion. As a result, the predicament in which AES now finds itself is both unnecessary and of its own making.

## II. BACKGROUND

This case arises from the construction of a large power project in Guayama, Puerto Rico (the "Project"). ALSTOM was a subcontractor to Duke/Fluor Daniel Caribbean, S.E. ("D/FD Caribbean"), the prime contractor for design and construction of the Project. This lawsuit is the result of a claim by AES against ALSTOM under contractual warranties given by ALSTOM to D/FD Caribbean that subsequently were assigned to AES. Among other things, the warranties relate to two components of the Project that ALSTOM furnished and installed: the electrostatic precipitators (pollution control equipment); and fluidized bed heat exchanger handcuffs. This litigation also is one of several litigations arising from this Project, including a significantly

larger litigation commenced in this Court by AES against D/FD Caribbean in which ALSTOM was joined as a third-party defendant, *AES Puerto Rico, L.P. v. Duke/Fluor Daniel Caribbean, S.E.,et al,*. C.A. No. 03-544-JJF. The Court subsequently dismissed that action.

Because the background recited in AES's Motion to Compel is, in some material respects, erroneous, ALSTOM will summarize the background of the dispute in this Opposition. In March, 2005, AES served a Request for Production of Documents on ALSTOM, a copy of which is attached as Tab A to AES's Motion to Compel. By the time that ALSTOM received the Request for Production of Documents, most of the documents maintained in connection with the Project had been transferred to its headquarters in Windsor, Connecticut for storage. (*See* Tab 1, Affidavit of Edward Bulewich, Jr. ¶ 2.) In preparing for the production in response to AES's broadly framed Request for Production of Documents, a process that consumed approximately 45 hours, ALSTOM's counsel examined the contents of 397 boxes of documents from this large power project and determined that 215 of those boxes contained documents that were responsive to AES's Request for Production of Documents. (*See* Tab 2, Affidavit of Michael A. Schollaert ¶ 2.) In an electronic mail message dated May 10, 2005 and sent prior to the production, ALSTOM's counsel explained: "The 215 boxes are a subset of those boxes that we have taken the time to segregate to ensure that only boxes with responsive documents are produced to you." (*See* Tab 3, e-mail from M. Schollaert dated May 10, 2005.)

As authorized under Rule 34 of the Federal Rules of Civil Procedure, ALSTOM made the documents in question available to AES as they were kept in the usual course of business on May 19 and 20, 2005, dates specifically requested by AES's counsel. (*See* Tab 4, letter from J. Boatman dated May 11, 2005.) ALSTOM did not produce the documents in this manner for the purpose of making AES's inspection more difficult. To the contrary, ALSTOM incurred

considerable cost in reviewing all of the boxes of documents and segregating the boxes of documents that were responsive to AES's broad Request for Production of Documents.

In fact, ALSTOM could not reasonably have done more in preparing the requested documents for inspection. Had ALSTOM attempted to pull individual responsive documents or subfolders believed to contain responsive documents from among the 215 boxes produced to AES, such documents inevitably would have become disorganized during the course of inspection and copying and could not have been restored to the locations in which they had been filed in the ordinary course of business. ALSTOM needed to use those documents for its own purposes in litigation. Further, ALSTOM anticipated the need to produce those documents to other parties in the future in other litigation. Thus, permitting the documents to become disorganized in order to facilitate AES's inspection was unacceptable and not something that ALSTOM was required to do under the Rules of Procedure, as this Court so ruled.

Nonetheless, proceeding on the unfounded basis that it could somehow compel ALSTOM to pull its files apart in an effort to further segregate responsive documents, AES traveled to Windsor, Connecticut, examined the documents produced by ALSTOM over the course of several hours, requested copies of "a small number of documents… and left."[1] (*See* Motion to Compel, at p. 3.) Until that time, ALSTOM reasonably believed that AES would complete its review of those documents on May 19 and 20, which its counsel appeared to be prepared to do.[2] Indeed, there was no reason why two lawyers could not have completed the review of the documents produced by ALSTOM in the two days set aside for the document inspection.

---

[1] AES, in fact, sent 15 of the 215 boxes to a copy service to be copied.

[2] In its letter dated May 11, 2005, AES's counsel acknowledged that ALSTOM would be producing approximately 215 boxes and, despite its equivocation concerning the extent to which documents to be produced would be responsive, counsel indicated an ability "to review them all while we're in Windsor." (*See* Tab 4.)

Following AES's aborted inspection of the documents on May 19, 2005, ALSTOM did, in fact, produce the documents to a party in another litigation. (*See* Tab 1, ¶ 3.) As a result, some of the boxes of documents produced to AES have been made available to the other party and, to the extent requested, they have been sent to a copy service and returned. (*Id*.) Further, because of space requirements within ALSTOM's facility in Windsor, Connecticut, ALSTOM has been required to relocate all of the documents maintained with respect to the Project at issue, which are now housed in a room with the files maintained by ALSTOM from a similar project. (*Id.*) Therefore, prior to producing the documents to AES for a second time, ALSTOM's counsel will be required to return to Windsor, Connecticut and, once again, segregate the boxes containing responsive documents from the other boxes relating to this Project and those relating to a separate project.

When ALSTOM received AES's request to return to inspect these documents, ALSTOM did not refuse to produce the documents to AES. Rather, ALSTOM advised that it would not incur the cost necessary to reassemble the documents in view of AES's failure to complete its inspection when they were made available in May, 2005. (*See* Tab 5, letter from A. Vittoria dated November 10, 2005.) Provided that AES had been willing to compensate ALSTOM for the cost of reassembling the documents in question and making them available for a second time, ALSTOM was prepared to do so. Thus, once again, AES's conduct has prompted the filing of an unnecessary motion to compel.

## III. <u>ARGUMENT</u>

Simply stated, having improvidently refused to complete its inspection of ALSTOM's documents when presented with the opportunity to do so in May, 2005, AES should be required to pay the costs incurred by ALSTOM's counsel in returning to Windsor, Connecticut to

reassemble the boxes of documents in question and make them available a second time. Further, given that AES's refusal to complete the inspection of these documents when it had the opportunity to do so and its refusal to reimburse ALSTOM has now prompted the filing of a second, unnecessary motion to compel, AES should be required to reimburse ALSTOM for the cost of responding to this second motion to compel.

For the reasons discussed above, AES had the ability to complete the inspection of ALSTOM's documents on May 19 and 20, 2005, but unilaterally chose not to do so. Had AES simply completed the work in May, 2005, neither of its motions to compel relating to this issue would have been necessary and the costs that ALSTOM inevitably will incur in making a second production could have been avoided. Accordingly, it is appropriate for the Court to shift the cost of the second production of these documents to AES.

Moreover, ALSTOM is not responsible for the additional costs that it will incur in assembling the documents in question for production a second time. First, in its Order dated October 7, 2005, this Court determined that ALSTOM satisfied its obligations under Rule 34 of the Federal Rules of Civil Procedure in producing the documents the first time. Since that time, for reasons that ALSTOM could not control or prevent, it has been required to produce the documents to another party in another litigation and move them to a new location.

Although related to the same Project, the subject matter of the litigation in which ALSTOM made the intervening production was different. As a result, the process of segregating boxes of documents for that intervening production and sending them out for copying by an outside vendor inevitably resulted in some loss of the organization of the documents prepared for

production to AES in May, 2005.[3] Likewise, exigent circumstances resulted in the need to move the documents in question to another location at ALSTOM's facility where they are now housed with documents from a similar project. Thus, in order to ensure that a complete production is made to AES, the combination of the intervening production and this relocation will require that ALSTOM's counsel return to Windsor, Connecticut and reassemble the documents prior to AES's inspection. But for AES's improvident refusal to inspect the documents in May, 2005, that expense would be unnecessary.

Finally, but for AES's improvident refusal to complete the inspection of these documents in May, 2005, ALSTOM would not have been required to respond to either of AES's motions to compel. For that reason, AES should compensate ALSTOM for the cost incurred in responding to this second, unnecessary motion to compel.

## IV. CONCLUSION

For the reasons set forth above, ALSTOM requests that the Court deny AES's Motion to Compel Production of Documents and, instead, direct that AES reimburse ALSTOM for the reasonable costs incurred in reassembling the documents in question for production to AES a second time and in responding to this motion.

ALSTOM POWER INC.

/s/ Daniel W. Sciapli
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
1220 Market St., Suite 600
Wilmington, DE 19801
(302) 888-3222
dscialpi@wierlaw.com

[3] Having been presented with a Request for Production of Documents by a party in another litigation, ALSTOM had an obligation to comply with that request and certainly had no duty to advise AES or the Court in this action of the intervening production, as AES seems to suggest.

James E. Edwards, Jr., Esquire
Anthony F. Vittoria, Esquire
Michael A. Schollaert, Esquire
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
Phone: (410) 685-1120
Fax: (410) 547-0699

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 5th day of December 2005, copies of the foregoing Opposition to Motion to Compel Production of Documents was filed with the Court using CM/ECF, which will send copies of those documents to: John S. Spadaro, Murphy Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, Delaware 19805. In addition, courtesy copies were served, via electronic mail, upon Daniel D. Williams, Esquire, Williams & Connolly LLP, 725 Twelfth Street, N.W., Washington, D.C. 20005

/s/ Daniel W. Scialpi
Daniel W. Scialpi