# TAB 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES PUERTO RICO, L.P., | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER INC., | * | |
| Defendant | * | |

\*     \*     \*     \*     \*     \*     \*

### AFFIDAVIT OF EDWARD BULEWICH, JR.

I, Edward Bulewich, Jr., being over 18 years of age and competent to testify as to the matters stated in this Affidavit, and upon personal knowledge, testify as follows:

1. I am a Commercial Manager for ALSTOM Power Inc. ("ALSTOM"), which is headquartered at 2000 Day Hill Road, Windsor, Connecticut 06095-0500.

2. Following the completion of a Project in Guayama, Puerto Rico, I participated in gathering documents relating to the Project and shipping them to ALSTOM's headquarters in Windsor, Connecticut. By March, 2005, most of the documents maintained by ALSTOM in connection with the Puerto Rico Project had been transferred to ALSTOM's headquarters in Windsor, Connecticut for storage.

3. After AES Puerto Rico, L.P. inspected some of these documents in May, 2005, ALSTOM produced some of the same documents to a party in another litigation and some of those documents were sent out to a copy service for copying and then returned. Subsequently, because of space requirements within ALSTOM's facility in Windsor, Connecticut, ALSTOM has been required to relocate all of the documents maintained with

respect to the Puerto Rico Project, which are now housed in a room with a large number of files maintained by ALSTOM from another similar project.

    I solemnly affirm under the penalties of perjury that the contents of this Affidavit are true and correct.

*Edward Bulewich*
_____
Edward Bulewich, Jr.

# TAB 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES PUERTO RICO, L.P., | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER INC., | * | |
| Defendant | * | |

\*       \*       \*       \*       \*       \*       \*

## AFFIDAVIT OF MICHAEL A. SCHOLLAERT

I, Michael A. Schollaert, being over 18 years of age and competent to testify as to the matters stated in this Affidavit, and upon personal knowledge, testify as follows:

1. I am an Associate at the law firm of Ober|Kaler, which is located at 120 East Baltimore Street, Baltimore, Maryland 21202-1643. Ober|Kaler is representing ALSTOM Power Inc. ("ALSTOM"), the defendant in this litigation. I am an attorney of record in this case.

2. Following service of AES Puerto Rico, L.P.'s Request for Production of Documents, Ober|Kaler personnel reviewed documents maintained by ALSTOM to identify documents responsive to the Request. In preparing for the production of documents responsive to AES Puerto Rico's Request for Production of Documents, with support from ALSTOM's administrative personnel, Ober|Kaler personnel reviewed the contents of 397 boxes of documents from the Project at issue and determined that 215 of those boxes contained documents that were responsive to the Request for Production of Documents. The total amount of the time required for this review of these documents was approximately 45 hours.

I solemnly affirm under the penalties of perjury that the contents of this Affidavit are true and correct.

_____
Michael A. Schollaert

# TAB 3

# Schollaert, Michael

| | |
|---|---|
| **From:** | Schollaert, Michael |
| **Sent:** | Tuesday, May 10, 2005 6:46 PM |
| **To:** | 'Boatman, Jeb' |
| **Cc:** | Edwards, James; Vittoria, Anthony |
| **Subject:** | RE: Following Up |

Jeb,

This e-mail is designed to reiterate ALSTOM's position taken in our recent telephone conversation. In response to your first inquiry listed below, we stated that the 215 boxes of documents that we have made available for your review in Windsor contained documents responsive to your documents requests. These are not just the documents we made available to D/FD. The D/FD production involved approximately 400 boxes of documents. The 215 boxes are a subset of the those boxes that we have taken the time to segregate to ensure that only boxes with responsive documents are produced to you. It is our position that, in doing so, we have gone beyond our obligations under the Federal Rules, which requires only that we produce them "as they are kept in the ordinary course of business."

Secondly, in response to your request that we produce all available electronic discovery in exchange for AES producing a sample of its electronic documents, we requested that, in order to ensure fairness in the quality of information produced, AES and ALSTOM simultaneously produce samples of the information it intends to produce. After the exchange of samples, the parties can conduct a meet and confer to decide issues regarding the subsequent production of electronic documents. ALSTOM does not see a need to rush into the exchange of electronic documentation without ensuring any quality control.

We look forward to resolving these issues shortly.

Very truly yours,

Mike Schollaert

-----Original Message-----
From: Boatman, Jeb [mailto:JBoatman@wc.com]
Sent: Monday, May 09, 2005 6:24 PM
To: Schollaert, Michael
Cc: Williams, Daniel
Subject: Following Up


Mike:

    I wanted to follow up on two matters from our conversation this morning. First, are the 215 boxes of documents that you indicated are available for our review in Windsor responsive to specific document requests from AES P.R., or are they rather just the documents you made available to D/FD? As you know, there are a number of categories of documents that might be of interest to D/FD, but which are not responsive to AES P.R.'s document requests. For example (and this is just one of many), D/FD will no doubt be interested in documents relating to the turbines, but those documents would not be responsive to any of AES P.R.'s document requests. As such, those types of unresponsive documents should not be included in a set of "responsive" documents. Please confirm that the 215 boxes in Windsor contain only documents that are responsive to specific document requests made by AES P.R.

    Second, as to electronic documents, we agree to send you a "sample" set of documents as you requested this morning. We should be able to do so next week. We, however, do not anticipate metadata or formatting (assuming you use standard formatting) being a major issue with these documents, and therefore request that, rather than providing

1

us only a sample of ALSTOM's electronic documents, you provide us all of
the electronic documents that ALSTOM currently has available.  We will
then ask for selected metadata if the need should arise.

    We can talk about establishing a schedule for providing
electronic documents on a rolling basis going forward.  In the interests
of expediting this process, however, it might be best if we schedule a
conference call for tomorrow to hammer out any final issues.  Dan and I
are both available late tomorrow afternoon.  If you're not available,
we're happy to speak with Tony instead.

    Thanks.

Jeb Boatman


Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
(202) 434-5974 (phone)
(202) 434-5029 (fax)
jboatman@wc.com
www.wc.com

# TAB 4

LAW OFFICES
## WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

JEB BOATMAN
(202) 434-5974
jboatman@wc.com
NOT ADMITTED IN DC

(202) 434-5000

FAX (202) 434-5029

May 11, 2005

**VIA E-MAIL AND FIRST CLASS MAIL**

Michael A. Schollaert, Esq.
Ober Kaler Grimes & Shriver
120 East Baltimore Street
Baltimore, Maryland 21202-1643

Re:  **AES Puerto Rico, L.P. v. ALSTOM Power, Inc.**

Dear Mike:

As you and I discussed, Dan and I would like to inspect the 215 boxes in Windsor, Connecticut on May 19 and 20, 2005. Although we continue to have concerns that ALSTOM has not met its discovery obligations as to those documents, Dan and I would like to look at a sample of the documents to determine whether this is the case. If the bulk of the documents are indeed responsive to our requests, then Dan and I plan to review them all while we're in Windsor.

In order for us to finalize our travel plans, please advise as soon as possible where specifically we should come next Thursday to view the documents, what time period each day you are willing to make the documents available, and who we should ask for. Also, please advise how you would like us to tag documents for copying and whether we should arrange to have a copy service take the documents for copying or whether you can have them copied and sent to us within three business days of our visit to Windsor.

Sincerely,

Jeb Boatman

cc:  Daniel D. Williams, Esq.
     Anthony F. Vittoria, Esq.

# TAB 5



OBER | KALER
A Professional Corporation

**Ober, Kaler, Grimes & Shriver**
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

**Anthony F. Vittoria**
afvittoria@ober.com
410-347-7692

**Offices In**
Maryland
Washington, D.C.
Virginia

November 10, 2005

Jeb Boatman, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Re: *AES Puerto Rico, LP v. ALSTOM Power Inc.*
     <u>Civil Action No. 04-1282-JJF</u>

Dear Jeb:

We are in receipt of your letter of November 8, 2005 regarding AES's request to review documents at ALSTOM's headquarters in Windsor, Connecticut on November 17 and 18, 2005 and again on December 1 and 2, 2005.

As you know, in response to AES's First Set of Document Requests, ALSTOM provided AES with access to ALSTOM's hard-copy documents in Windsor (the "Windsor Documents") on May 19 and 20, 2005. In advance of that production, ALSTOM incurred thousands of dollars of fees and costs in segregating the Windsor Documents produced to AES from the considerably larger collection of documents relating to the Project from which this action arose. Indeed, in denying AES's motion to compel ALSTOM to produce these documents in a different form, Judge Farnan recognized that ALSTOM had incurred these costs and approved the form of the production.

By agreement of counsel, ALSTOM set aside two days in May, 2005 for AES to inspect the Windsor Documents and had a member of this Firm's staff travel to Windsor to ensure that the production was complete and documents marked for copying would be timely copied and provided to AES. At the first day of the production, however, AES apparently chose to review a "sample of twelve boxes" and then left ALSTOM's Windsor offices within several hours. Those documents that AES did mark for copying were copied by an outside vendor and provided to AES, as agreed.

Since the production of the Windsor Documents in May of 2005, ALSTOM has produced to AES any and all additional responsive hard-copy documents it has located that are responsive to AES's Requests. As a result, there are no new documents located in Windsor, Connecticut that are responsive to AES's Requests that have not already been produced to AES.



Jeb Boatman, Esquire
November 10, 2005
Page 2

ALSTOM has satisfied fully its obligations and does not intend to incur the additional cost of reassembling the responsive Windsor Documents and making them available to AES for a second time for what is now said to be a four-day inspection over the course of two separate weeks.

If you have any questions regarding the foregoing, please contact me.

Sincerely,

Anthony F. Vittoria

AFV/tnj
cc:   ALSTOM Power, Inc.
      James E. Edwards, Jr., Esq.
      Michael A. Schollaert, Esq.

776035.v2