# RICHARD R. WIER, JR., P.A.

ATTORNEY AT LAW

RICHARD R. WIER, JR.*

DANIEL W. SCIALPI

*ALSO ADMITTED IN PA

1220 MARKET STREET, SUITE 600
WILMINGTON, DELAWARE 19801

www.Wierlaw.com

(302) 888-3222
FAX (302) 888-3225

RWier@Wierlaw.com
DScialpi@Wierlaw.com

December 15, 2005

The Honorable Joseph J. Farnan, Jr.
United States District Court for the
District of Delaware
844 North King Street
Wilmington, Delaware 19801

    Re:    AES Puerto Rico, L.P. v. ALSTOM Power Inc.
              Case No. 04-1282 JJF

Dear Judge Farnan:

      We are writing to the Court on behalf of the parties to this case. Pursuant to the Court's direction at the discovery dispute conference held on December 7, 2005, enclosed please find a proposed Discovery Dispute Resolution Plan (the "Plan") prepared jointly by the parties for the Court's approval. Set forth below is a more complete summary of the agreements reached by counsel that are reflected in the Plan.

      On December 9, 2005, counsel for AES Puerto Rico, L.P. ("AES-PR") and ALSTOM Power Inc. ("ALSTOM") met to discuss and attempt to resolve the discovery disputes in the case. At that meeting, the parties agreed on a detailed protocol and set forth specific deadlines to complete all discovery in this matter. To that end, the parties have further agreed to confer via telephone conference on a bi-weekly basis to monitor the progress of discovery and attempt to resolve further discovery disputes.

      The parties agreed to make all hard-copy and electronic documents available for inspection on or before December 30, 2005. Both parties have also agreed to make portions of the documents available for inspection on an interim basis as they are assembled, reviewed, and ready for production prior to December 30, 2005. During the week of December 19, 2005, ALSTOM, at its own expense, will make its documents available to AES-PR in Windsor,

Connecticut. Finally, the parties have discussed specific categories of documents to be produced within the agreed timeframe and will work together to ensure that a full and convenient production occurs.

With regard to electronic mail, the parties have discussed their respective processes and have achieved a greater understanding of each other's practices. In producing electronic mail, the parties will exchange the agreed upon levels of metadata where that metadata is available. To the extent that there are any questions regarding the metadata that accompanies the parties' respective electronic productions, the parties will have their e-discovery liaisons meet and confer prior to bringing any issue to the attention of the Court.

The parties agreed to a preliminary deposition schedule for a first round of depositions. The deposition of fact witnesses shall be concluded by the close of discovery on March 10, 2006. Mr. John Toher, an expert consultant for AES-PR who may be identified by AES-PR as a testifying expert, also is a fact witness in this case. Should AES-PR decide not to designate Mr. Toher as a testifying expert witness, AES-PR will notify ALSTOM and permit ALSTOM to depose Mr. Toher as a fact witness – even if ALSTOM has already taken or noticed seven "fact" witness and three Rule 30(b)(6) depositions – after the March 10, 2006 deadline, but before April 2, 2006.

The Discovery Dispute Resolution Plan sets forth a schedule for expert witness disclosures in accordance with the discussions with the Court at the conference on December 7. Further, the parties have agreed that the deposition of each expert submitting an Affirmative or Answering Disclosure will occur within three weeks of the submission of the Disclosure, while the deposition of each expert submitting a rebuttal Disclosure will be taken within two weeks of the submission of that Disclosure. The deposition of an expert submitting a Rebuttal Disclosure will be limited to that Rebuttal Disclosure, but will be permitted even if the expert's deposition had been taken in regard to an Affirmative Disclosure. These expert depositions will not count toward the numeric limits imposed in the Court's Rule 16 Scheduling Order entered on October 7, 2005. In setting forth the timeline of expert depositions, the parties recognize that some of the depositions of expert witnesses will occur beyond the March 10, 2006 discovery deadline.

Finally, the parties resolved the dispute regarding AES-PR's Answer to ALSTOM's Interrogatory No. 2. During the week of December 12, 2005, ALSTOM will submit requests for the identities of AES-PR employees performing specific job functions. ALSTOM's requests will be limited by the relevant timeframe, and AES-PR will endeavor to ascertain the identity of those individuals requested by ALSTOM. AES-PR will timely Answer ALSTOM's narrowed Interrogatory by listing the requested individuals performing the requested job functions.

Based upon these agreements and the enclosed Discovery Dispute Resolution Plan, the parties believe that it will not be necessary for the Court to hold the follow-up conference currently scheduled for December 20, 2005 at 10:00 a.m. As set forth in the Court's Order dated December 8, 2005, however, the parties retain the right to renew their respective motions to

compel should full discovery not be provided by either party.

    We appreciate your consideration of this matter.

                              Respectfully yours,

                              /s/ Daniel W. Scialpi

                              Daniel W. Scialpi (#4146)

Enclosure

cc:    James E. Edwards, Jr., Esquire/Anthony F. Vittoria, Esquire
       John S. Spadaro, Esquire
       Daniel D. Williams, Esquire