Issued by the
UNITED STATES DISTRICT COURT
                    DISTRICT OF _____Delaware_____

AES PUERTO RICO, L.P.,
         Plaintiff,

V.                                          SUBPOENA IN A CIVIL CASE

ALSTOM POWER INC.,                          CASE NUMBER:[1]   Civ. No. 04-1282 JJF
         Defendant.                                           Pending in D. Del.


TO:    Mr. Ronald Ballinger
       c/o Ober, Kaler, Grimes & Shriver
       120 East Baltimore Street
       Baltimore, MD 21202-1643

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

   Mail to the address below all items described in Attachment "A" attached hereto and incorporated herein as if fully rewritten

| PLACE | DATE AND TIME |
| --- | --- |
| Ober, Kaler, Grimes & Shriver<br>120 East Baltimore Street, Baltimore, MD 21202 | April 5, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] 3/28/06<br>Ann N. Sagerson, Esq., Attorney for Plaintiff | March 28, 2006 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Ann N. Sagerson, Esq.
Williams & Connolly LLP          Tel:   (202) 434-5000
725 Twelfth Street, N.W.
Washington, D.C. 20005

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

DATE　　　　　　　　　　　　　PLACE

SERVED

SERVED ON (PRINT NAME)　　　　　　　　　MANNER OF SERVICE

SERVED BY (PRINT NAME)　　　　　　　　　TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on _____
　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)　PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

　(1)　A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

　(2)　(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

　　(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

　(3)　(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

　　(i) fails to allow reasonable time for compliance;

　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or

　　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

　　(iv) subjects a person to undue burden.

　(B) If a subpoena

　　(i) requires disclosure of a trade secret or other confidential research, development or commercial information; or

　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party; or

　　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)　DUTIES IN RESPONDING TO SUBPOENA

　(1)　A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

　(2)　When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AES PUERTO RICO, L.P., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ALSTOM POWER, INC., ) <br> ) <br> Defendant. ) | Civ. No. 04-1282-JJF |

NOTICE OF SUBPOENA DUCES TECUM
TO RONALD BALLINGER

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, plaintiff has served a subpoena for the production of documents, as described in "Attachment A" of the subpoena attached to this Notice, on Ronald Ballinger to be produced at Ober, Kaler, Grimes & Shriver, 120 East Baltimore Street, Baltimore, MD 21202 on or before April 5, 2006.

/s/ John S. Spadaro
John S. Spadaro
Bar No. 3155
MURPHY SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel. (302) 472-8100
Fax (302) 472-8135

OF COUNSEL:

Dane H. Butswinkas
R. Hackney Wiegmann
Daniel D. Williams
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

Dated: March 28, 2006          Attorneys for AES Puerto Rico, L.P.

## **ATTACHMENT A**

DEFINITIONS AND INSTRUCTIONS

(a)  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

(b)  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

(c)  The terms "you" or "your" mean Ronald Ballinger, your employer, your employees, and any agents or associates who assisted you in preparing the report.

(d)  The term "report" means the writing setting forth your opinions and tendered to Plaintiff pursuant to Federal Rule of Civil Procedure 26(a)(2).

(e)  The term "AES-PR" means AES Puerto Rico, L.P.

(f)  The term "Plant" means AES-PR's power plant located in Guayama, Puerto Rico.

(g)  The terms "all" and "each" shall be construed as all and each.

(h)  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

(i)  These requests are continuing in character. You are thus required to produce for inspection and copying any documents not previously produced that you may from time to time obtain, locate, identify, or acquire the ability to produce.

(j) Should you make a claim that a requested document is not subject to discovery by reason of privilege or the work product doctrine, you are required to identify separately each document for which such a privilege or doctrine is claimed, together with the following information:

(1) the date of, or appearing on, the document;

(2) the document's author(s);

(3) the addressee(s) and/or recipient(s) of the document, if any;

(4) a description of the document, including its title, if any, as well as the type of document (for example, handwritten note);

(5) a description of the contents and/or subject matter of the document; and

(6) the privilege or doctrine claimed.

## DOCUMENT REQUESTS

REQUEST NO. 1

All documents concerning the Plant.

REQUEST NO. 2

All documents concerning AES-PR.

REQUEST NO. 3

All documents, including notes, prepared by you in reviewing materials for your report and in preparing the report, including notes taken on documents that you reviewed or considered (for example, notes on deposition transcripts or documents produced in this litigation).

REQUEST NO. 4

All data or other information considered by you in forming the opinions set forth in the report.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AES PUERTO RICO, L.P., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ALSTOM POWER, INC., )<br>)<br>Defendant. )<br>) | Civ. No. 04-1282-JJF |

### NOTICE OF SERVICE

On March 28, 2006, Plaintiff served a Notice of Subpoena Duces Tecum to Ronald Ballinger, along with a copy of this Notice of Service, by facsimile and first class mail, postage prepaid, as follows:

    Richard R. Wier, Esq.
    Daniel W. Scialpi, Esq.
    Richard R. Wier, Jr., P.A.
    Two Mill Road, Suite 200
    Wilmington, Delaware 19806
    Fax: (302) 888-3225

    Anthony F. Vittoria, Esq.
    James E. Edwards, Esq.
    Ober, Kaler, Grimes & Shriver
    120 East Baltimore Street
    Baltimore, MD 21202-1643
    Fax: (410) 547-0699

    Respectfully submitted,

    /s/ John S. Spadaro
    John S. Spadaro
    Bar No. 3155

                    MURPHY SPADARO & LANDON
                    1011 Centre Road, Suite 210
                    Wilmington, DE 19805
                    Tel. (302) 472-8100
                    Fax (302) 472-8135

OF COUNSEL:

Dane H. Butswinkas
R. Hackney Wiegmann
Daniel D. Williams
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

Dated: March 28, 2006         Attorneys for AES Puerto Rico, L.P.