## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AES PUERTO RICO, L.P.,<br><br>         Plaintiff,<br><br>     v.<br><br>ALSTOM POWER, INC.,<br><br>         Defendant. | Civ. No. 04-1282-JJF |

## MOTION OF PLAINTIFF AES PUERTO RICO, L.P.
## FOR A PROTECTIVE ORDER AGAINST
## DEFENDANT ALSTOM'S IMPROPER DEPOSITION NOTICES

AES Puerto Rico, L.P. ("AES-PR") hereby moves pursuant to Fed. R. Civ. P. 26(c) for a protective order to quash notices of deposition served by ALSTOM Power Inc. ("ALSTOM") in violation of the Court's December 16, 2005 Order.

## I.    ALSTOM SEEKS TO TAKE EXPERT DEPOSITIONS OUT OF TIME IN VIOLATION OF THIS COURT'S ORDER.

On December 16, 2005, at the parties' joint request, this Court entered a Discovery Dispute Resolution Plan ("Order") setting forth, among other things, the deadlines for expert depositions. D.I. 65. The Court's Order requires AES-PR to file its affirmative disclosures by February 27, 2006, which it did. The Court's Order further provides: "*Within three weeks* of the submission of the Affirmative Disclosures, if any, Defendant is entitled to depose each expert that submitted an Affirmative Disclosure." (Emphasis added). *Id.* Thus, the Order provided ALSTOM until March 20, 2006 to take the depositions of AES-PR's experts who submitted

affirmative disclosures. *Id.* The parties' December 15, 2005 joint letter to the Court proposing the discovery plan, D.I. 62, sent by counsel for ALSTOM, also made crystal clear the parties' understanding of the schedule: "the parties have agreed that the deposition of each expert submitting an Affirmative or Answering disclosure *will occur within three weeks* of the submission of the Disclosure." *Id.*

Notwithstanding the clear language of the Court's Order and the parties' letter to the Court, ALSTOM chose not to depose AES-PR's experts during the timeframe set forth in the Order. Instead, for the first time on March 22, 2006, *after the period authorized for these depositions*, ALSTOM's counsel wrote to AES-PR requesting to take the depositions of AES-PR's experts. Ex. 1. AES-PR informed ALSTOM that the time for ALSTOM to take the depositions of AES-PR's experts had elapsed and that scheduling the depositions out-of-time would substantially prejudice AES-PR. Ex. 2. ALSTOM, without the consent of AES-PR or leave of Court, nevertheless proceeded to issue notices to depose AES-PR's experts out of time. Ex. 3.

ALSTOM's deposition notices should be quashed because they are untimely and would work a substantial hardship on AES-PR. The Court's December 16, 2005 Order established an orderly schedule that provided sufficient time for the parties to complete the tasks necessary to complete discovery and pre-trial briefing and prepare for trial. ALSTOM is attempting to throw the Court's schedule into disarray and inflict maximum prejudice on AES-PR.

ALSTOM's deposition notices appear to be a calculated attempt to impede AES-PR's ability to respond to ALSTOM's motion for partial summary judgment and to interfere with AES-PR's pre-trial and trial preparation. On March 24, 2006, ALSTOM filed a 40-page motion for partial summary judgment. Not coincidentally, on the same day ALSTOM filed a frivolous 30-page sanctions motion – complete with 300 pages of exhibits – chronicling alleged discovery abuses by AES-PR throughout the course of discovery (including events that occurred several months ago). The filing of the sanctions motion can only be interpreted as an attempt to burden AES-PR during the two-week period it is responding to ALSTOM's motion for partial summary judgment. Moreover, during this same two week period, AES-PR also must defend against yet another frivolous discovery motion filed by ALSTOM in the U.S. District Court for the District of Massachusetts; prepare for and defend the deposition of former AES-PR employee Ron McParland, whose deposition ALSTOM requested to take outside the fact discovery period (to which AES-PR consented); coordinate with its own experts regarding the necessity for filing rebuttal expert reports;[1] prepare for and take the highly technical depositions of ALSTOM's four expert witnesses pursuant to the Court-ordered schedule; and continue its preparations for trial. ALSTOM's proposed out-of-time depositions of AES-PR's experts, which would necessitate that

---

[1] If AES-PR's experts submit rebuttal expert reports, ALSTOM will, of course, be entitled to depose those experts on the subjects of their rebuttal during the two-week period provided in the Court's Order. See D.I. 65.

3

AES-PR's counsel meet with and prepare the experts in addition to defending the depositions themselves, could not be more prejudicial.

Since the Court issued the parties' jointly-proposed Discovery Dispute Resolution Plan, AES-PR has relied on that schedule in planning its discovery and trial strategy. ALSTOM is represented by sophisticated counsel who undoubtedly were aware of the Court's deadlines because ALSTOM's counsel participated in the drafting of the Discovery Dispute Resolution Plan. ALSTOM should not be permitted to disregard the Court's Order and then thereby to prejudice AES-PR for its own error or strategic decisions. Its deposition notices therefore should be quashed.[2]

## II.    ALSTOM SHOULD NOT BE PERMITTED TO RE-DEPOSE EMPLOYEE EXPERT WITNESS WHO DID NOT SUBMIT EXPERT REPORTS.

ALSTOM also seeks to re-depose an AES-PR employee and consultant designated as potentially giving expert testimony at trial, Paul Stinson and David Stone, but who were not required to provide expert reports. ALSTOM has already taken the depositions of each of these witnesses – Mr. Stinson as a fact witness and Mr. Stone as a corporate designee on a broad range of liability issues. Under this Court's Order, parties were permitted to depose experts outside of the March 10, 2006 fact-discovery deadline and in addition to the ten authorized fact depositions

---

[2] In addition, AES-PR requested that its experts set aside time in their schedules for depositions during the three weeks following submission of their reports. Now that the time has passed, AES-PR's expert's have conflicting obligations. In particular, two of AES-PR's experts are going to be out of the country during the next two weeks.

only if the experts were required to produce expert reports. *See* D.I. 65; *accord* Fed.

R. Civ. P. 26(b)(4) ("*If a report from the expert is required* . . ., the deposition should

not be conducted until after the report is provided.")(emphasis added).  Because the

Court's Order does not provide an exception to the fact discovery limitations set

forth in the Scheduling Order for employee witnesses not required to submit expert

reports, and because Mr. Stinson and Mr. Stone already have been deposed on the

issues relevant to this lawsuit,  ALSTOM's deposition notices for their depositions

also should be quashed for these additional reasons.

## CONCLUSION

For the foregoing reasons, AES-PR respectfully requests that this

Court grant AES-PR's motion for a protective order against ALSTOM's improper

deposition notices.

Respectfully submitted,

OF COUNSEL:
Dane H. Butswinkas                      /s/ John S. Spadaro
R. Hackney Wiegmann                    John S. Spadaro (Bar No. 3155)
Daniel D. Williams                     MURPHY SPADARO & LANDON
WILLIAMS & CONNOLLY LLP                1011 Centre Road, Suite 210
725 Twelfth Street, N.W.               Wilmington, DE 19805
Washington, D.C. 20005                 Tel. (302) 472-8100
Tel. (202) 434-5000                    Fax (302) 472-8135
Fax (202) 434-5029

Dated:  March 29, 2006                 Attorneys for AES Puerto Rico, L.P.

## **CERTIFICATE PURSUANT TO LOCAL RULE 7.1.1**

I hereby certify that prior to filing this motion, on March 23, 2006, I communicated via letter with James Edwards, counsel for defendant ALSTOM, informing Mr. Edwards that ALSTOM was prohibited by the Court's Order from taking more depositions.  In response, Mr. Edwards noticed depositions for Wilmington, DE.

Daniel D. Williams
Attorney for Plaintiff AES Puerto Rico, LP

## CERTIFICATE OF SERVICE

On March 29, 2006, Plaintiff served Plaintiff AES Puerto Rico, L.P.'s

Motion for a Protective Order Against ALSTOM's Improper Deposition Notices by e-

mail and first class mail, postage prepaid, on:

> Richard R. Weir, Esq.
> Daniel W. Scialpi, Esq.
> Two Mill Road
> Suite 200
> Wilmington, Delaware 19806

and,

> James E. Edwards, Esq.
> Anthony Vittoria, Esq.
> Ober, Kaler, Grimes & Shriver
> 120 East Baltimore Street
> Baltimore, Maryland 21202-1643

/s/ John S. Spadaro