# Exhibit 2

LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

DANIEL D. WILLIAMS
(202) 434-5263
ddwilliams@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

March 24, 2006

**Via Email and First Class Mail**

James E. Edwards, Jr., Esquire
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, Maryland 21202-1643

Re:   **AES Puerto Rico, L.P. v. ALSTOM Power, Inc.**

Dear Jim:

We are in receipt of your March 22, 2006 letter regarding scheduling expert depositions. AES-PR disagrees that ALSTOM is still permitted to take depositions of AES-PR's experts. The Court's Discovery Dispute Resolution Plan, signed by Judge Farnan on December 16, 2005, D.I. 65, is clear that ALSTOM had three weeks after the submission of AES-PR's expert reports to depose AES-PR's experts:

> The Parties shall make disclosures with regard to expert witnesses under Rule 26(a)(2) on the following schedule:
>
> (i) Plaintiff's Affirmative Disclosures: February 27, 2006
>
> . . .
>
> *Within three weeks* of submission of the Affirmative Disclosures, if any, Defendant is entitled to depose each expert who submitted an Affirmative Disclosure. (emphasis added).

This schedule also was agreed to by the parties and memorialized in a joint letter to Judge Farnan, filed by ALSTOM's counsel on December 15, 2005. D.I. 62 ("Further, the parties have agreed that the deposition of each expert submitting an Affirmative or Answering Disclosure *will occur within three weeks of the*

WILLIAMS & CONNOLLY LLP
James E. Edwards, Jr., Esquire
March 24, 2006
Page 2

*submission of the Disclosure*") (emphasis added). According to the Court's Order, ALSTOM was required to take the deposition of AES-PR's experts by March 20, 2006.

AES-PR cannot agree to permit ALSTOM to take depositions beyond the Court-ordered deadline. The Court's schedule contemplated a short time between discovery, dispositive motions, and trial. AES-PR has relied upon the Court's Order and the parties' agreement, and AES-PR would be prejudiced by ALSTOM's noncompliance. AES-PR's experts reserved time on their schedules for depositions in the three weeks following the submission of their reports. It now would be extremely difficult to coordinate their schedules. Indeed, two of AES-PR's experts are traveling out of the country in the next two weeks.

Moreover, AES-PR's preparation for trial would be prejudiced by a change to the Court's Order. Among other things, over the next two weeks AES-PR must: (1) decide whether to submit rebuttal expert reports, and if so, have them written; (2) prepare for the depositions and depose ALSTOM's experts; (3) respond in two weeks to ALSTOM's motion for summary judgment; (4) defend against ALSTOM's discovery motion filed in the District Court of Massachusetts; and (5) respond to yet another apparent discovery motion from ALSTOM, which Mr. Scialpi's letter to the Court yesterday suggested would be forthcoming. D.I. 89. AES-PR should not be prejudiced due to ALSTOM's dilatory conduct.

As for scheduling our depositions of your experts, I currently am out of the country and unable to speak today. Please propose dates during the week of April 3rd that we can depose your experts. We agree with your suggestion that the depositions should occur at your offices.

Finally, we will make arrangements to have our experts gather their documents for your inspection and copying as soon as possible. We ask that you make similar arrangements for your experts to gather all notes, correspondences, email, memorandum, photographs, and all other documents considered by the experts.

Sincerely,

Daniel D. Williams /gik.

Daniel D. Williams