# TAB 28

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AES PUERTO RICO, LP　　　　　　*　　C.A. NO.: 04-1282(JJF)
　　　　　　　　　　　　　　　　*
　　Plaintiff　　　　　　　　　　*
　　　　　　　　　　　　　　　　*
Vs.　　　　　　　　　　　　　　 *
　　　　　　　　　　　　　　　　*
ALSTOM POWER, INC.　　　　　　 *
　　　　　　　　　　　　　　　　*
　　Defendant　　　　　　　　　 *
*******************************

DEPOSITION OF MR. ALLAN DYER

DATE　　　:　March 9, 2006

TIME:　　 :　9:30 A.M.

OFFICE　　:　Ober, Kaler, Grimes & Shriver, P.S.C.
　　　　　　 120 East Baltimore Street
　　　　　　 Baltimore, Maryland 21202-1643

HELD AT　 :　Axtmayer, P.S.C.
　　　　　　 250 Ponce de León Avenue
　　　　　　 Suite 404
　　　　　　 Hato Rey, Puerto Rico

APPEARANCES

FOR PLAINTIFF:

　　Daniel D. Williams, Esq.

FOR DEFENDANT:

　　Anthony Vittoria, Esq.

NOTARY PUBLIC:

　　Liana I. Loyola, Esq.

COURT REPORTER:

　　Mr. Matthew J. Clutteur Short



CRESPO & RODRIGUEZ, INC.
Taquígrafos de Récord
TELS: (787) 758-5930 / (787) 763-8018
FAX: (787) 767-8217
A-6 Yale Street, Santa Ana
Río Piedras, Puerto Rico 00927

```
 1   JUDGE SLEET:
 2        Good afternoon, Counsels.
 3   MR. WILLIAMS:
 4        Good afternoon, Your Honor.
 5   MR. VITTORIA:
 6        Good afternoon, Your Honor.  This is Anthony
 7   Vittoria, working with Richard Weir.  We represent the
 8   Defendant Alstom Power, Inc. in this matter.
 9   MR. WILLIAMS:
10        And this is Dan Williams, and I represent the
11   Plaintiff AES Puerto Rico, LP.
12   MR. VITTORIA:
13        Your Honor, we're calling you from San Juan, Puerto
14   Rico.  We're in the middle of a deposition of an indi-
15   vidual named Al Dyer.  He's the president and plant
16   manager of the power plant that's in question in this
17   case.
18        And an issue has come up relating to a document.
19   And I understand that you've been provided with a copy
20   of that document?
21   JUDGE SLEET:
22        Yes.
23   MR. WILLIAMS:
24        Your Honor, just so it's clear, what document did
25   they provide you with a copy of it?
```



1  JUDGE SLEET:
2      It's one document which comprises apparently three
3  e-mails, is it?
4  MR. VITTORIA:
5      Are there Bates numbers at the bottom, righthand
6  corner, Your Honor?
7  JUDGE SLEET:
8      Yes, AESPR-143669 thru 670.
9  MR. WILLIAMS:
10     Thank you, Your Honor. I have it in front of me.
11 MR. VITTORIA:
12     Thank you, Your Honor. During the course of this
13 deposition, Counsel has asserted that this document is
14 subject to the attorney work product doctrine, and
15 requested that it be returned to...
16 JUDGE SLEET:
17     Who's speaking, I'm sorry?
18 MR. VITTORIA:
19     I'm sorry?
20 JUDGE SLEET:
21     Who's speaking?
22 MR. VITTORIA:
23     This is Anthony Vittoria speaking, counsel for the
24 Defendant, Your Honor. I apologize.
25

1  JUDGE SLEET:
2      Okay, and who is making the assertion of privilege?
3  MR. WILLIAMS:
4      Counsel for AES Puerto Rico, Dan Williams.
5  JUDGE SLEET:
6      Alright, okay, start again, Mr. Vittoria, I'm
7  sorry.
8  MR. VITTORIA:
9      No problem. Again, this is Anthony Vittoria.
10     The assertion was that it was subject to the
11 attorney work product doctrine, and by way of back-
12 ground, the suit in this case was not filed till, I
13 think it was November or October of 2004.
14     And, in addition, there was a litigation preser-
15 vation letter that was sent by AES to its employees
16 relating to this litigation.
17     And that also wasn't sent until September of 2004,
18 the position of AES being that that is the first time
19 that they reasonably anticipated litigation in regard to
20 this case.
21 MR. WILLIAMS:
22     Your Honor, if I'm may...
23 MR. VITTORIA:
24     I'm not finished, Mr. Williams.
25

1  MR. WILLIAMS:
2       Our assertion of work product didn't relate to this
3  case; our assertion of work product related to various
4  environmental disputes. I explained this to counsel on
5  the record. There have been environmental disputes with
6  this...
7  JUDGE SLEET:
8       Are you able to hear me?
9  MR. WILLIAMS:
10      Yes, Your Honor.
11 JUDGE SLEET:
12      Mr. Williams?
13 MR. WILLIAMS:
14      Yes?
15 JUDGE SLEET:
16      Mr. Williams, from time to time you'll find that
17 Judges tend to interrupt, okay? But you have to be on
18 your alert for that. And you were sort of just talking
19 over both of us. Mr. Vittoria had not finished.
20 MR. WILLIAMS:
21      Okay.
22 JUDGE SLEET:
23      Okay? So we're gonna observe typical courtesies,
24 and let one another finish, okay?
25

195

1  MR. WILLIAMS:
2       Okay.
3  MR. VITTORIA:
4       Thank you, Your Honor. This is Anthony Vittoria
5  again. Secondly, Your Honor, this document was produced,
6  both by AES in this case, as well as the consulting
7  entity, that is indicated on there, it's called ENSR.
8       And, further, Your Honor, this document was entered
9  into the record as an exhibit during a deposition that
10 took place last week of an individual named Tracy
11 Jarvis, who was copied on this e-mail.
12      And no objections were interposed by counsel for
13 AES at that time.
14      So to the extent that there was any, or could be
15 any application to the work product doctrine, to this
16 particular document, and we assert that there isn't, it
17 has been completely waived by the production by both
18 entities relating to this document, as well as the use
19 of this document in a previous deposition.
20 JUDGE SLEET:
21      Okay. Now is your turn, Mr. Williams.
22 MR. WILLIAMS:
23      Thank you, Your Honor, I apologize to Your Honor
24 for my zealousness. The document relates to a company
25 called ENSR who was a litigation consultant for AES

1  Puerto Rico, but they were not a litigation consultant
2  with respect to this lawsuit; they were a litigation
3  consultant on environmental disputes.
4      Our client, AES Puerto Rico, runs a power plant in
5  Puerto Rico, and there have been numerous environmental
6  disputes that went up to the Supreme Court of Puerto
7  Rico, and it went to the 2nd Circuit, and, actually, to
8  this day, AES Puerto Rico hasn't received its final air
9  permit from the Environmental Protection Agency.
10     ENSR, the company, the consultant was retained
11 specifically by outside counsel for AES Puerto Rico, by
12 an attorney at the Piper Rudnick law firm named Deb
13 Jennings.
14     So the fact that this lawsuit wasn't filed until
15 September, 2004 really isn't relevant to the work pro-
16 duct assertion, because the document isn't work product
17 for this lawsuit; the document is work product with
18 relation to the environmental disputes, which relate to
19 disputes with government, and non-governmental entities.
20     In terms of any alleged waiver of the privilege,
21 the parties jointly entered into an agreement that
22 inadvertently-produced documents would be returned
23 immediately upon request.
24     The parties submitted that language to Judge
25 Farnan, and Judge Farnan signed an order ordering the

1  parties to oblige by that inadvertent-production agree-
2  ment, and the point of that agreement clearly and spe-
3  cifically to say that parties don't waive the attorney
4  work product protection, or the attorney
5  client/privilege by having produced a document to the
6  other side.
7      So I don't think that Defendant Alstom can be heard
8  to say that we've waived it after they themselves agreed
9  to this inadvertent production agreement, and then
10 submitted it to Judge Farnan for his approval.
11     And there's just no question of what this document
12 is.  It's a core work product with ENSR, the litigation
13 consultant, concerning permitting issues relating to
14 environmental matters that are very much the subject of
15 dispute in both state and federal court.
16 JUDGE SLEET:
17     Well, you need to address also the second assertion
18 by your opponent that there were two occasions upon
19 which there was an alleged waiver, the occasion upon
20 which you made the production that you content... Are
21 you telling me that Judge Farnan intervened at your
22 request, and has ordered the return of the document?
23 MR. WILLIAMS:
24     No, no, not this specific document. Judge Farnan
25 issued an order saying that inadvertently-produced

1  documents in general would be returned upon request of
2  the parties.
3  JUDGE SLEET:
4      That... is that pursuant to the entry of a confi-
5  dentiality agreement in this case, or order in this
6  case?
7  MR. WILLIAMS:
8      No, but the parties specifically requested that
9  order of Judge Farnan, and he entered it at the parties
10 joint request.
11 JUDGE SLEET:
12     Well, there must be a process that's contemplated
13 by that order, whereas there is at least the ability of
14 the recipient to contend that they should be able to
15 retain the document.  But we don't need to get into
16 that, I don't think, because there's a second point that
17 was made by Mr. Vittoria.
18     And that, I believe, is that the document was
19 produced at a previous deposition, and made a part of
20 that department record, and there was no objection
21 interposed at the time.
22 MR. WILLIAMS:
23     I actually... I wasn't at the prior deposition, and
24 I don't dispute what Counsel's saying.  But the fact of
25 the matter is that we have recently learned much more

1   about this document from AES Puerto Rico's outside
2   litigation counsel for environmental matters.
3   JUDGE SLEET:
4       Why doesn't that constitute a waiver?
5   MR. WILLIAMS:
6       It doesn't constitute a waiver because we have an
7   order from Judge Farnan that says that when we request
8   the documents, even if other things that would happen,
9   that would've normally created a waiver, they don't
10  create a waiver in this circumstance because of the
11  inadvertent production order that Judge Farnan entered.
12  JUDGE SLEET:
13      I don't think the inadvertent production order was
14  designed... I don't have it in front of me, and I'd like
15  to hear from Mr. Vittoria on this... but designed to
16  address a situation that he describes occurred at the
17  deposition. Go ahead, Mr. Vittoria.
18  MR. VITTORIA:
19      I agree with that, Your Honor, and we have ex-
20  changed documents pursuant to the inadvertent disclosure
21  portion of the order. It is one of those things where
22  we're producing hundreds and thousands of e-mails to
23  each other, and when we subsequently discovered that one
24  or two of them may or may have not been privileged, we
25  asked for their return.

200

1   It's not something that you wait until into the
2   second deposition, in which a document is used, to fi-
3   gure out that it's probably not healthy to your posi-
4   tion, and request that it be withdrawn.
5       They had the opportunity to request this document
6   to be withdrawn on three separate occasions; once when
7   they originally produced it; twice when ENSR produced
8   it; and a third time at a deposition. And they didn't
9   do it any of those times, Your Honor.
10      So this document, any privilege or protection that
11  could be asserted about this document, and I contend
12  that there isn't, and I can get into that if you'd like,
13  Your Honor, but any protection that could be asserted
14  has been waived.
15  JUDGE SLEET:
16      No, I don't need to get into that, as you described
17  it, because I find that under the circumstances that
18  occurred at your deposition, there has been a waiver.
19  And that is the Court's ruling; the document is... the
20  privilege contention or claim has been waived.
21  MR. VITTORIA:
22      Thank you, Your Honor. Counsel instructed the
23  Deponent not to answer questions regarding this docu-
24  ment.
25

```
 1    JUDGE SLEET:
 2         Counsel may not continue to persist in that ins-
 3    truction.
 4    MR. VITTORIA:
 5         Thank you, Your Honor.
 6    MR. WILLIAMS:
 7         Thank you, Your Honor.
 8    JUDGE SLEET:
 9         Thank you.
10    MR. VITTORIA:
11         Off the record.
12                    OFF THE RECORD
13    BY MR. VITTORIA:
14         Q   Let's continue the line of questioning before
15    our conference with the Judge.
16         Have you seen the EEC Operation & Maintenance
17    Manual before?
18         A   I believe I've seen it.
19         Q   Do you recall the first time that you saw that
20    document?
21         A   I do not.
22         Q   Did you review it closely?
23         A   I did not review it in detail.
24         Q   Do you recall that in the fall of 2003 you
25    instructed your control room operators to institute a
```



**CRESPO & RODRIGUEZ, INC.**
TEL. (787) 758-5930 • FAX: (787) 767-8217

**Briefs, Responses and Replies**
1:04-cv-01282-JJF AES Puerto Rico LP v. Alstom Power Inc.

U.S. District Court

District of Delaware

Notice of Electronic Filing

The following transaction was received from Scialpi, Daniel entered on 3/28/2006 at 2:50 PM EST and filed on 3/28/2006
**Case Name:**          AES Puerto Rico LP v. Alstom Power Inc.
**Case Number:**        1:04-cv-1282
**Filer:**              Alstom Power Inc.
**Document Number:** 96

**Docket Text:**
MEMORANDUM in Opposition re [88] Response to Motion, *to File a Surreply* filed by Alstom Power Inc..Reply Brief due date per Local Rules is 4/4/2006. (Scialpi, Daniel)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/28/2006] [FileNumber=191027-0]
[911a34f82e67522af518ebeb7c2995971a04562181d8894ec63c49cf7ac554dbdc85
f0c808628cd27ca3443a3f53948329b8cd3f452b244868f77c9c3f96847a]]

**1:04-cv-1282 Notice will be electronically mailed to:**

Daniel W. Scialpi    DScialpi@wierlaw.com

John S. Spadaro    jspadaro@msllaw.com,

Richard R. Wier , Jr    rwier@wierlaw.com, Dscialpi@Wierlaw.com

**1:04-cv-1282 Notice will be delivered by other means to:**