IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES PUERTO RICO, L.P., | * | |
| Plaintiff | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER INC., | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN OPPOSITION TO
MOTION FOR PROTECTIVE ORDER AND
IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
Two Mill Road
Suite 200
Wilmington, Delaware   19806
(302) 888-3222


James E. Edwards, Jr.
Anthony F. Vittoria
Michael A. Schollaert
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
Phone:  (410) 685-1120
Fax:     (410) 547-0699

Counsel for Defendant
ALSTOM Power Inc.

Date:  April 4, 2006

ALSTOM Power Inc. ("ALSTOM"), defendant, by its counsel, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, submits the following memorandum in opposition to the Motion for Protective Order submitted to the Court by AES Puerto Rico, L.P. ("AES"), plaintiff, and in support of ALSTOM's Motion to Compel Discovery.

## INTRODUCTION

This is a complex construction dispute arising from the construction of a power plant in Guayama, Puerto Rico. During the course of discovery, the parties have served lengthy discovery requests on one another, seeking the production of relevant and discoverable paper documents and electronic data, including, but not limited to, electronic mail. As discovery has unfolded, however, AES has engaged in a pattern of obstruction in which, among other things, it has: (i) refused to produce substantial discoverable electronic data; (ii) delayed the production of the electronic data that it ultimately has produced -- so as to limit ALSTOM's opportunity to review that data and make use of it in discovery; and (iii) delayed the production of relevant documentation already in its possession and the supplementation of answers to interrogatories until after depositions at which such documentation and supplemental answers would have been relevant. As a result, ALSTOM has filed, and there are currently pending before the Court, two Motions to Compel relating to AES' failure to produce electronic mail and a third Motion for Sanctions relating to AES' repeated failure timely to produce documents and supplement interrogatory answers.

AES' pattern of obstruction, as more fully set forth in ALSTOM's motions, substantially interfered with ALSTOM's efforts to complete fact discovery and provide relevant data and documents to prospective expert witnesses who were analyzing relevant information in the course of forming opinions to be offered at trial. For that reason, ALSTOM has requested, among other things, that the Court compel AES to produce all of its discoverable electronic mail, that ALSTOM's experts be permitted the opportunity to review that electronic data and supplement

1

their expert witness disclosures as may be warranted under the circumstances, and reopen discovery at AES' expense once AES has completed the production of electronic mail.

On February 27, 2006, AES served Affirmative Disclosures by four individuals retained or specially employed to provide expert testimony in the case and indicated that two other individuals, both apparently either employed by or affiliated with AES, also would be giving expert testimony. AES did not provide disclosures by the two latter individuals. Therefore, ALSTOM does not know what expert opinions AES may attempt to elicit should these individuals appear to testify at trial.[1] AES also did not – nor has it since – produced documents relating to these expert witness disclosures that are the subject of Request No. 76 in ALSTOM's First Request for Production of Documents, which were served on AES in March, 2005.

Even though it did not have complete discovery from AES (the subject of the pending discovery motions), ALSTOM served its Answering Disclosures on March 20, 2006, the date designated for doing so under the Discovery Dispute Resolution Plan proposed by the parties and entered by the Court on December 16, 2005.[2] During the period between service of AES' Affirmative Disclosures and ALSTOM's Answering Disclosures, ALSTOM had neither the electronic data or the expert documents responsive to Request No. 76 that AES withheld from production or an opportunity to conduct a complete analysis of additional documentation that AES produced belatedly after the close of the depositions on March 10. Before taking the depositions of AES' expert witnesses, ALSTOM was entitled to – but did not receive – complete production of documents and information by AES in fact discovery. Therefore, ALSTOM did not schedule depositions of AES' expert witnesses prior to March 20.

After providing Answering Disclosures by its expert witnesses, however, ALSTOM wrote to AES and: (i) requested dates on which the depositions of AES' expert witnesses could

---

[1] In fact, at his deposition, one of these two individuals, Paul Stinson, testified that he was not an expert with respect to the equipment about which AES complains in this case. (Tab 1). Mr. Stinson's testimony forestalled any examination by ALSTOM at that deposition with regard to what might be characterized as expert opinions.
[2] A copy of the Discovery Dispute Resolution Plan is attached at Tab 2.

2

be conducted; (ii) offered to provide dates for the depositions of ALSTOM's non-party expert witnesses; (iii) offered to consult on Friday, March 24, to arrive at agreed dates for these depositions; and (iv) requested the production of documents provided to or produced by AES' expert witnesses in response to ALSTOM's Request No. 76 in its Request for Production of Documents. (Tab 3). Had the depositions of AES' experts gone forward prior to a ruling on ALSTOM's Motions to Compel the production of electronic mail and for Sanctions, ALSTOM would have noted that the depositions were to be left open pending the production of additional electronic data by AES.

On March 24, 2006, AES wrote to ALSTOM, citing the Discovery Dispute Resolution Plan, and advised that AES would not make its expert witnesses available for deposition. In that letter, AES also advised that its counsel was "out of the country" and unable to speak on March 24 regarding proposed dates for the depositions of ALSTOM's experts. (Tab 4).

On the very same day, March 24, ALSTOM wrote to AES, disputed AES' interpretation of the Discovery Dispute Resolution Plan, and indicated that ALSTOM intended to note the depositions of expert witnesses identified by AES in the absence of agreed dates. (Tab 5). AES failed to respond. Thus, on March 27, 2006, and in the absence of any further communication from AES, ALSTOM served Notices to take the depositions of AES' expert witnesses during the period between April 6, 2006 and April 14, 2006.

On March 27, 2006, ALSTOM again wrote to AES, providing dates when three of ALSTOM's expert witnesses would be available for deposition and advising that ALSTOM had served notices to take the depositions of AES' expert witnesses. (Tab 6). AES again failed to respond. Instead, on March 29, 2006, AES filed a Motion for Protective Order, seeking an Order that its designated expert witnesses need not appear for the depositions noticed by ALSTOM. ALSTOM submits this memorandum in opposition to AES' Motion for Protective Order and in support of ALSTOM's Motion to Compel the appearance of AES' expert witnesses for deposition

3

and the production of documents responsive to ALSTOM's Request No. 76 in its First Request for Production of Documents.

## ARGUMENT

### A.    *The Court Should Direct AES To Produce Its Expert Witnesses For Deposition*.

AES' refusal to produce its expert witnesses for deposition is based upon a fundamental and opportunistic misunderstanding of the procedure recommended by the parties and adopted by the Court in the Discovery Dispute Resolution Plan. AES, as plaintiff, has the burden of proof with regard to each and every issue in this case. As a result, following a discussion of this issue with the Court at a hearing on December 7, 2005, the parties fashioned a schedule for Expert Witness Disclosures under which AES would provide its Affirmative Disclosures no later than February 27, 2006, ALSTOM would provide Answering Disclosures no later than March 20, 2006, and AES would provide Rebuttal Disclosures no later than April 3, 2006. (Tab 2).

Under the Discovery Dispute Resolution Plan, ALSTOM was "entitled," but not obligated, to take the depositions of AES' expert witnesses within the three week period following AES' Affirmative Disclosures and prior to ALSTOM's Answering Disclosures. This afforded ALSTOM the opportunity to consider the content of the depositions prior to providing the Answering Disclosures. ALSTOM also was afforded the opportunity to reconvene any deposition that already had been commenced should AES provide a Rebuttal Disclosure. However, this protocol did not, and was not intended to, preclude ALSTOM from commencing depositions of AES' expert witnesses after ALSTOM provided its Answering Disclosures.[3]

Because of AES' obstruction of the discovery process, ALSTOM elected not to take the depositions of AES' experts during the three weeks following AES' Affirmative Disclosures. Instead, ALSTOM filed motions seeking to compel production of discoverable information

---

[3] Indeed, given the proposed protocol, it would be more convenient for the witnesses and the parties if ALSTOM refrained from taking the majority of the depositions until after the deadline for Rebuttal Disclosures, thus avoiding the need to reassemble the witnesses and counsel for a second time solely for the purpose of continuing those depositions with respect to those rebuttal disclosures.

4

withheld by AES and for sanctions. In such motions, ALSTOM requested sanctions or, in the alternative, that the Court reopen discovery and permit ALSTOM to supplement its own Answering Disclosures upon receipt of AES' production. In so doing, ALSTOM sought to obtain the opportunity to review that data prior to commencing the depositions of AES' expert witnesses.

ALSTOM has adhered to the protocol set forth in the discovery dispute resolution plan. It has attempted to schedule the depositions of AES' expert witnesses at a time that is mutually convenient and, if possible, would avoid repeated depositions of those witnesses. AES' refusal to produce its expert witnesses for deposition is merely a continuation of its ongoing pattern of obstruction of discovery in this proceeding.[4] Accordingly, the Court should compel AES' expert witnesses to appear for deposition on dates to be agreed upon by the parties.

Furthermore, AES has improperly refused to permit ALSTOM to depose two individuals identified in its Affirmative Disclosures who are either employed by or affiliated with AES. One of those individuals, Paul Stinson, testified at his fact deposition that he was not an expert with respect to the equipment about which AES complains in this case. (Tab 1). In so doing, Mr. Stinson blocked any examination by ALSTOM at that deposition with regard to what might be characterized as expert opinions. The second individual, Mr. Stone, appeared as a corporate designee for AES at a fact deposition. In both cases, ALSTOM does not know what expert opinions AES may attempt to elicit should these individuals appear to testify at trial.

---

[4] AES' contentions that it will be prejudiced should ALSTOM be permitted to take the experts' depositions or that ALSTOM is deliberately seeking to interfere with AES' ability to respond to ALSTOM's Motion for Partial Summary Judgment are misplaced. As to the former contention, ALSTOM is entitled to take these depositions under Federal Rule 26(b)(4)(a). Therefore, the mere fact that AES must prepare for and attend these depositions will not be prejudicial. As to the latter contention, AES' Opposition to ALSTOM's Motion for Partial Summary Judgment must be filed by April 7, 2006. When AES refused to provide agreed dates for it experts' depositions, ALSTOM noticed those depositions for April 6, 7, 11, 12, 13, and 14. While two of those depositions are scheduled prior to the date when AES' Opposition is due to be filed, four of the depositions are scheduled during the one week period in which ALSTOM will be working on its Reply. Such a schedule manifestly is not prejudicial to AES, particularly where, as here, it refused to cooperate in scheduling these depositions.

5

Under Federal Rule 26(b)(4)(a), ALSTOM is entitled to depose "any person who has been identified as an expert whose opinions may be presented at trial." AES unquestionably identified both Mr. Stinson and Mr. Stone as witnesses who may be called upon "at trial to present expert evidence." (Tab 7). Accordingly, even though both individuals have been deposed as fact witnesses, ALSTOM is entitled to reconvene those depositions to determine the nature and support for any expert opinions that AES intends to offer through those witnesses at trial.

> **B.    *The Court Should Compel AES To Produce Documents Responsive To ALSTOM's Request No. 76.***

In its First Request for Production, which was served on March 18, 2005, ALSTOM requested that AES produce: "all documents which were reviewed by or prepared by any person who may be called to testify as an expert witness at the trial of this case and all bibliographies, resumes or curricula vitae regarding any such expert witness who may be called to testify at the trial of this case." (Tab 8). Complete compliance with this request had to await AES' providing its Affirmative Disclosures. Upon receipt of AES' Affirmative Disclosures, however, ALSTOM renewed its request that AES comply with Request No. 76. (Tab 3).[5] Despite repeated demands, AES has failed to produce documents responsive to ALSTOM's Request No. 76. Accordingly, the Court should require AES to produce such documents immediately and in advance of the depositions of its expert witnesses.

## CONCLUSION

AES' obvious and calculated strategy has been to withhold the production of material and discoverable evidence long enough (and in some cases, completely) so that ALSTOM would be denied material discovery and meaningful review, delayed and prejudiced in the discovery process and in its preparation for trial, and ultimately forced to make a choice between noticing and taking the depositions of AES' experts on less than complete discovery or delaying those

---

[5] AES initially expressed a willingness to produce such documents (Tab 4); however, despite further demand by ALSTOM (Tab 6), it has not done so.

6

depositions until the Court had an opportunity to rule on ALSTOM's pending discovery motions. If ALSTOM chose to proceed with the depositions immediately, AES would contend that ALSTOM's objections to incomplete disclosure have been waived. Alternatively, if ALSTOM chose not to go forward with the depositions prior to March 20, AES would contend that ALSTOM had waived its right to take the depositions, a plan that it is attempting to bring to fruition by filing its Motion for Protective Order. However, AES should not be permitted to hide behind, and reap the benefits of, its pattern of obstruction of the discovery process undertaken for the purpose of prejudicing ALSTOM's ability to engage in discovery and prepare for trial. Likewise, given its own obstruction of the discovery process, which prompted the filing of ALSTOM's discovery motions, AES' complaints that ASLTOM is interfering with its trial preparation ring hollow and are of its own making.

Accordingly, for the reasons set forth above, the Court should:

(i) Deny AES' Motion for Protective Order;

(ii) Compel AES to make available for deposition the individuals identified in its Affirmative Disclosures as specially employed to provide expert testimony in this case;

(iii) Compel AES to make available for deposition as experts the two individuals identified in its Affirmative Disclosures who are either employed by or affiliated with AES; and

(iv) Compel AES to comply with ALSTOM's Request No. 76 in its First Request for Production of Documents, in advance of the depositions of AES' expert witnesses.

Respectfully submitted,

ALSTOM POWER INC.


/s/ Daniel W. Scialpi
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
Two Mill Road
Suite 200
Wilmington, DE 19801
(302) 888-3222
dscialpi@wierlaw.com


James E. Edwards, Jr.
Anthony F. Vittoria
Michael A. Schollaert
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
Phone: (410) 685-1120
Fax:    (410) 547-0699


**CERTIFICATE OF SERVICE**

I CERTIFY that on April 4, 2006 ALSTOM Power Inc., defendant, by its counsel, served its Memorandum in Opposition To Motion for Protective Order and in Support of Motion to Compel Discovery by hand delivery on John S. Spadaro, Esquire, Murphy Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, Delaware 19805, and by electronic mail and first-class mail on Daniel D. Williams, Esquire, Williams & Connolly, LLP, 725 Twelfth Street, N.W., Washington, D.C. 20005, attorneys for AES Puerto Rico, L.P.

/s/ Daniel W. Scialpi
Daniel W. Scialpi (#4146)