**Tab 1**

Paul Stinson                                                    02/09/2006

1

1       Volume:   I

2       Pages:    1-269

3       Exhibits: 1-65

4       IN THE UNITED STATES DISTRICT COURT

5       FOR THE DISTRICT OF DELAWARE

6

7       C.A. No. 04-1282-JJF

8

9  - - - - - - - - - - - - - - - - - - - - x

10  AES PUERTO RICO, L.P.,

11          Plaintiff

12  vs.

13  ALSTOM POWER, INC.,

14          Defendant

15  - - - - - - - - - - - - - - - - - - - - x

16

17       VIDEOTAPED DEPOSITION OF PAUL STINSON

18       Thursday, February 9, 2006 - 9:32 a.m.

19          Holland & Knight LLP

20          10 St. James Avenue

21          Boston, Massachusetts

22          - - - - - - - - - - -

23

24  Reporter:  Maureen J. Manzi, CSR

Paul Stinson                                        02/09/2006

105

1    document.  But to the extent that that

2    characterization was correct, then that would be a

3    mistake on the part of the EEC.

4        Q.  You are aware that the O and M Manuals

5    provided by EEC are a contract document, are you

6    not?

7              MR. WILLIAMS:  Objection.  Calls for

8    legal conclusion.  And I'll note that counsel is

9    holding in the air Exhibit 4.  Unclear if that's

10   part of his question.

11       A.  I know that those documents were provided as

12   underneath a contract.  I don't -- I'm not aware

13   that they are contract documents or not.

14       Q.  Are you aware that a precondition to the

15   corrosion warranty is that AES comply with the

16   directions contained in the EEC O and M Manuals?

17             MR. WILLIAMS:  Objection.  Calls for a

18   legal conclusion.

19       A.  I'm not a lawyer.  So only my engineering

20   opinion is that we need to follow, the plant would

21   need to follow any material recommendations that

22   were correctly given and were, in fact, necessary.

23       Q.  Mr. Stinson, do you consider yourself an

24   expert in relation to electrostatic precipitators?

Paul Stinson                                            02/09/2006

106

1          MR. WILLIAMS:  Objection to the extent

2    it's calling for a legal conclusion.  It's a term

3    experts use in the Federal rules of evidence.

4       A.  I would have no idea whether I would be

5    considered an expert in any kind of legal sense.  As

6    an engineering matter, I would not characterize

7    myself as an expert in electrostatic precipitation.

8       Q.  **Nevertheless you believe it was a mistake**

9    **for EEC to direct the operator of the electrostatic**

10   **precipitator to measure the chloride content of the**

11   **ash?**

12          MR. WILLIAMS:  Objection.

13   Mischaracterizes the testimony in the documents.

14      A.  Yeah, I do believe that mischaracterizes

15   what was said.  I -- my understanding of what you

16   were representing was that this was requested to be

17   done every shift or daily or weekly or something

18   like that.  That would be a mistake in my opinion.

19      Q.  **What's your opinion based upon?**

20      A.  The correct reading of the document I think

21   is what my opinion is based upon.

22      Q.  **Why don't you tell me how I'm not correctly**

23   **reading the document.**

24          MR. WILLIAMS:  Objection to form.

**Tab 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES PUERTO RICO, L.P., | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER INC., | * | |
| Defendant. | * | |

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

### DISCOVERY DISPUTE RESOLUTION PLAN

WHEREAS, the Court held a discovery conference on December 7, 2005, and, by an Order dated December 8, 2005, the Court issued a ruling on pending discovery motions and directed AES Puerto Rico, L.P. ("AES-PR") and ALSTOM Power Inc. ("ALSTOM"), the parties, to submit a discovery dispute resolution plan by December 20, 2005; and

WHEREAS, at the Court's direction, the parties met and conferred to resolve areas of dispute;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.　　**Inadvertent Disclosure:** In order to facilitate the timely exchange of discovery, the parties will exchange documents with the understanding that inadvertent production or disclosure of documents protected by the attorney-client privilege or work product doctrine shall not constitute a waiver of such privilege or protection. Any such inadvertently produced documents shall be returned to the party producing them, and any applicable privilege and protection shall be maintained.

1 of 3

2.    **Expert Discovery:**

The parties shall make disclosures with regard to expert witnesses under Rule 26(a)(2) on the following schedule:

(i)     Plaintiff's Affirmative Disclosures:  **February 27, 2006**

(ii)    Defendant's Answering Disclosures:  **March 20, 2006**

(iii)   Plaintiff's Rebuttal Disclosures:  **April 3, 2006**

Within three weeks of the submission of the Affirmative Disclosures, if any, Defendant is entitled to depose each expert who submitted an Affirmative Disclosure. Likewise, within three weeks of the submission of the Answering Disclosures, if any, Plaintiff is entitled to depose each expert who submitted an Answering Disclosure. Following the submission of the Rebuttal Disclosures, if any, Defendant is entitled to take the deposition of each expert who has filed a Rebuttal Disclosure – as to the Rebuttal Disclosure, solely – even if the expert's deposition had previously been taken in regard to an Affirmative Disclosure.

Such depositions shall be in addition to those authorized under Section I of the Court's Rule 16 Scheduling Order entered on October 7, 2005.

3.    **Document Production:**  The parties shall make all responsive hard copy and electronic documents available for production to the requesting party by **December 30, 2005.**  In the interim, the parties shall, on an interim basis, make available for review any documents that are assembled, reviewed, and ready for production prior to December 30, 2005.

4.    **Privilege Log:** Each party shall produce its privilege log with regard to hard copy and electronic document production to the opposing party on or before **December 30, 2005.**

5.    **Answers to Interrogatories:** Pursuant to the agreement between ALSTOM and AES-PR, ALSTOM shall limit its interrogatory in the manner in which it agreed with AES-PR and AES-PR shall supplement its Answer to ALSTOM's revised Interrogatory No. 2.

6.    **Hearing:** The hearing currently scheduled for December 20, 2005 at 10:00 a.m. is canceled.

December 16, 2005

United States District Judge

**Tab 3**

OBER | KALER
A Professional Corporation

**Ober, Kaler, Grimes & Shriver**
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

**James E. Edwards, Jr.**
jeedwards@ober.com
410-347-7330

**Offices In**
Maryland
Washington, D.C.
Virginia

March 22, 2006

VIA FACSIMILE AND FIRST-CLASS MAIL

Daniel D. Williams, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Re:    AES Puerto Rico, LP v. ALSTOM Power Inc.

Dear Dan:

Now that both parties have completed their initial Expert Witness Disclosures, we suggest moving to schedule depositions, starting with the non-party expert witnesses that have been engaged specifically to develop expert testimony in this proceeding. In contrast to the way that we have handled depositions of fact witnesses, we also suggest that the depositions take place either in our respective Firm's offices or, failing that, in Wilmington. In doing so, at least for witnesses who are not local, only the expert, rather than two lawyers, will be required to travel.

In the next two days, we will discuss availability with ALSTOM's non-party expert witnesses; we request that AES-PR do the same. I will contact you on Friday, March 24, to see if we can agree upon a schedule for these depositions.

Finally, all documents viewed or prepared by AES-PR's expert witnesses are responsive to ALSTOM's Request No. 76 in its First Request for Production of Documents to AES-PR. Such documents, which include witnesses' notes, correspondence, electronic mail, memoranda, photographs, and the like, have not yet been produced by AES-PR. Accordingly, we request that AES-PR make these documents available for inspection and copying at its earliest convenience.

If you have any questions or different suggestions about how to proceed, please call me.

Sincerely yours,

James E. Edwards, Jr.

JEEJr/bak
cc:   ALSTOM Power Inc.

**Tab 4**

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

March 24, 2006

DANIEL D. WILLIAMS
(202) 434-5263
ddwilliams@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

**Via Email and First Class Mail**

James E. Edwards, Jr., Esquire
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, Maryland 21202-1643

Re:    **AES Puerto Rico, L.P. v. ALSTOM Power, Inc.**

Dear Jim:

         We are in receipt of your March 22, 2006 letter regarding scheduling expert depositions.  AES-PR disagrees that ALSTOM is still permitted to take depositions of AES-PR's experts.  The Court's Discovery Dispute Resolution Plan, signed by Judge Farnan on December 16, 2005, D.I. 65, is clear that ALSTOM had three weeks after the submission of AES-PR's expert reports to depose AES-PR's experts:

> The Parties shall make disclosures with regard to expert witnesses under Rule 26(a)(2) on the following schedule:
>
> (i) Plaintiff's Affirmative Disclosures:  February 27, 2006
>
> . . .
>
> *Within three weeks* of submission of the Affirmative Disclosures, if any, Defendant is entitled to depose each expert who submitted an Affirmative Disclosure. (emphasis added).

         This schedule also was agreed to by the parties and memorialized in a joint letter to Judge Farnan, filed by ALSTOM's counsel on December 15, 2005.  D.I. 62 ("Further, the parties have agreed that the deposition of each expert submitting an Affirmative or Answering Disclosure *will occur within three weeks of the*

WILLIAMS & CONNOLLY LLP
James E. Edwards, Jr., Esquire
March 24, 2006
Page 2


*submission of the Disclosure*") (emphasis added). According to the Court's Order, ALSTOM was required to take the deposition of AES-PR's experts by March 20, 2006.

AES-PR cannot agree to permit ALSTOM to take depositions beyond the Court-ordered deadline. The Court's schedule contemplated a short time between discovery, dispositive motions, and trial. AES-PR has relied upon the Court's Order and the parties' agreement, and AES-PR would be prejudiced by ALSTOM's noncompliance. AES-PR's experts reserved time on their schedules for depositions in the three weeks following the submission of their reports. It now would be extremely difficult to coordinate their schedules. Indeed, two of AES-PR's experts are traveling out of the country in the next two weeks.

Moreover, AES-PR's preparation for trial would be prejudiced by a change to the Court's Order. Among other things, over the next two weeks AES-PR must: (1) decide whether to submit rebuttal expert reports, and if so, have them written; (2) prepare for the depositions and depose ALSTOM's experts; (3) respond in two weeks to ALSTOM's motion for summary judgment; (4) defend against ALSTOM's discovery motion filed in the District Court of Massachusetts; and (5) respond to yet another apparent discovery motion from ALSTOM, which Mr. Scialpi's letter to the Court yesterday suggested would be forthcoming. D.I. 89. AES-PR should not be prejudiced due to ALSTOM's dilatory conduct.

As for scheduling our depositions of your experts, I currently am out of the country and unable to speak today. Please propose dates during the week of April 3rd that we can depose your experts. We agree with your suggestion that the depositions should occur at your offices.

Finally, we will make arrangements to have our experts gather their documents for your inspection and copying as soon as possible. We ask that you make similar arrangements for your experts to gather all notes, correspondences, email, memorandum, photographs, and all other documents considered by the experts.

Sincerely,

Daniel D. Williams/gk.

Daniel D. Williams

**Tab 5**

O B E R | K A L E R
A Professional Corporation

**Ober, Kaler, Grimes & Shriver**
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

**James E. Edwards, Jr.**
jeedwards@ober.com
410-347-7330

**Offices In**
Maryland
Washington, D.C.
Virginia

March 24, 2006

<u>VIA FACSIMILE AND FIRST-CLASS MAIL</u>

Daniel D. Williams, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005

Re:     AES Puerto Rico, LP v. ALSTOM Power Inc.

Dear Dan:

This is in response to your letter to me dated March 24, 2006 regarding expert witness depositions, which responded to my letter dated March 22, 2006, seeking to schedule those depositions cooperatively.

ALSTOM's understanding of how the expert discovery was how to proceed is different than yours.  We understood that ALSTOM would have the opportunity, but not the obligation, to complete depositions of the plaintiff's experts within three weeks after receipt of the disclosures.  This would have allowed ALSTOM's experts to consider the deposition testimony in formulating the Answering Disclosures.  As we  understood the process, however, ALSTOM was not obligated to complete those depositions within that three week period.

Furthermore, the process, as it was understood by ALSTOM, is not prejudicial to AES.  Both parties and their respective counsel have a multitude of obligations during the period leading up to the trial of this case.  Certainly, there is nothing in your letter which suggests that appearing for depositions of AES' experts between now and April 17 would be any more difficult than if, as you contend, these depositions had been completed by March 20 when depositions of fact witnesses were still taking place.  Likewise, these depositions can still be completed despite the travel arrangements for two of the experts described in your letter.

Based upon AES' refusal to provide dates for the depositions of its expert witnesses, ALSTOM will issue notices to take those depositions in Wilmington, Delaware in due course.

OBER | KALER
A Professional Corporation

Daniel D. Williams, Esquire
March 24, 2006
Page 2

If you have any questions, please call me.

Sincerely yours,

James E. Edwards, Jr.

JEEJr/bak

**Tab 6**

OBER | KALER
A Professional Corporation

**Ober, Kaler, Grimes & Shriver**
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

**James E. Edwards, Jr.**
jeedwards@ober.com
410-347-7330

**Offices In**
Maryland
Washington, D.C.
Virginia

March 27, 2006

VIA FACSIMILE & FIRST-CLASS MAIL

Daniel D. Williams, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Re:    AES Puerto Rico, L.P. v. ALSTOM Power Inc.

Dear Dan:

This follows my letter to you dated March 24, 2006 in response to your letter earlier that same day regarding expert witness discovery.

Based upon the content of your letter of March 24, and in the absence of agreed dates from AES, ALSTOM has served Notices to take the depositions of persons who have been identified by AES as experts whose opinions may be presented at trial. If the witnesses are not going to appear on the dates that we have scheduled for these depositions, please let me know immediately.

To date, we have been able to contact three of ALSTOM's proposed expert witnesses. Ronald Ballinger would be available for deposition on April 6, 7 or 11, 2006. Otakar Jonas would be available for deposition beginning April 6, 2006. Marlin Anderson will be traveling out of the country the entire week of April 3. He would not be available for deposition until April 11, at the earliest, and April 12 would be better. We will provide you the availability of Joseph Mair as soon as that has been determined.

Finally, ALSTOM does not have a discovery request from AES with respect to notes, correspondence, e-mail, memoranda, photographs, and other documents considered by its expert witnesses and, therefore, declines to produce those materials. Please advise when similar materials for the experts designated by AES will be available for inspection and copying in response to Request No. 76 of ALSTOM's First Request for Production of Documents.

O B E R | K A L E R
A Professional Corporation

Daniel D. Williams, Esquire
March 27, 2006
Page 2

If you have any questions, please call me.

Sincerely yours,

James E. Edwards, Jr.

JEEJr/pkp

**Tab 7**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AES PUERTO RICO, L.P., | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| v. | )     Civ. No. 04-1282-JJF |
| | ) |
| ALSTOM POWER, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF AES PUERTO RICO, L.P.'S DISCLOSURE OF EXPERT TESTIMONY**

Pursuant to Fed. R. Civ. P. 26(a)(2)(A), Plaintiff discloses that it may call the following

witnesses at trial to present expert evidence:

> Richard R. Lunt, Ph.D.
> Jack R. McDonald, Ph.D
> Stuart A. Rosenberg, CPA, CVA
> Paul Stinson
> David Stone
> John G. Toher

The reports required by Fed. R. Civ. P. 26(a)(2)(B) are attached at Tabs A-D.  No reports

are required for Mr. Stinson and Mr. Stone.

Respectfully submitted,

OF COUNSEL:
Dane H. Butswinkas
R. Hackney Wiegmann
Daniel D. Williams
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

Dated:  February 27, 2006

/s/ John S. Spadaro
John S. Spadaro (Bar No. 3155)
MURPHY SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel. (302) 472-8100
Fax (302) 472-8135

Attorneys for AES Puerto Rico, L.P

**Tab 8**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES PUERTO RICO, L.P., | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER, INC., | * | |
| Defendant, | * | |

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

**ALSTOM POWER, INC.'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS AND THINGS AND
ENTRY UPON LAND FOR INSPECTION**

TO:　AES Puerto Rico, L.P.
　　　c/o John S. Spadaro, Esquire
　　　Murphy Spadaro & Landon
　　　824 Market Street, Suite 700
　　　Wilmington, DE 19801

Pursuant to Fed. R. Civ. P. 34, Defendant, ALSTOM Power, Inc. ("ALSTOM") hereby

serves its First Request for Production of Documents and Things and Entry Upon Land for

Inspection to Plaintiff, AES Puerto Rico, L.P. ("AES"). AES shall file a written response within

30 days of service of this Request.

**DEFINITIONS**

1.　　"Document" shall mean any written or graphic matter or other means of

preserving thought or expression, and all tangible things from which information can be

processed or transcribed, including, but not limited to correspondence, messages, contracts,

checks, memoranda or notes of telephone or other oral conversations, studies, surveys, charts,

reports, minutes, notes, diaries, logs, schedules, cancelled checks, graphs, invoices, bills,

computer reports, photographs, videotapes, releases, newspaper or magazine articles, books,

**REQUEST 73:**   Any and all documents related to the design and installation of a secondary reverse osmosis system on the Project.

**REQUEST 74:**   Any and all documents related to the Distributed Control System.

**REQUEST 75:**   Any and all documents relating to the Plant Operating Data.

**REQUEST 76:**   All documents which were viewed by or prepared by any person who may be called to testify as an expert witness at the trial of this case and all bibliographies, resumes or curricula vitae regarding any such expert witness who may be called to testify at the trial of this case.

## REQUESTS FOR INSPECTION

**REQUEST 1:**   Any components that were removed from the CDS and/or the ESP equipment, including, but not limited to, any collector plates that were removed.

**REQUEST 2:**   During the next scheduled shut-down of the plant, the CDS and ESP equipment currently installed at the Project.

ALSTOM POWER INC.

Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
1220 Market St., Suite 600
Wilmington, DE 19801
(302) 888-3222

John Anthony Wolf, Esquire
James E. Edwards, Esquire
Anthony F. Vittoria, Esquire
OBER, KALER, GRIMES & SHRIVER, P.C.
120 East Baltimore Street
Baltimore, Maryland 21202-1643
Phone:  (410) 685-1120
Fax:    (410) 547-0699

18

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this _18th_ day of ~~February~~ *March*, 2005, a copy of the

foregoing First Request For Production Of Documents And Things And Entry Upon Land For

Inspection was served, via first-class mail, postage prepaid, on:

> John S. Spadaro, Esquire
> Murphy Spadaro & Landon
> 824 Market Street, Suite 700
> Wilmington, Delaware 19801
>
> Dane H. Butswinkas, Esquire
> R. Hackney Wiegmann, Esquire
> Mary Beth Long, Esquire
> Daniel D. Williams, Esquire
> Williams & Connolly LLP
> 725 Twelfth Street, N.W.
> Washington, D.C. 20005
>
> Attorneys for Plaintiff

_____
Richard R. Wier, Jr.

732667.v2

19