# Tab B

LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

DANIEL D. WILLIAMS
(202) 434-5263
ddwilliams@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 27, 2006

**VIA E-MAIL & U.S. MAIL**

James E. Edwards, Jr., Esq.
Ober, Kaler, Grimes & Schriver
120 East Baltimore Street
Baltimore, MD 21202-1643

Re:   **AES Puerto Rico, LP v. ALSTOM Power, Inc.**

Dear Jim:

Over the past four days events have transpired that has forced AES-PR to doubt the sufficiency of ALSTOM's document production. On Saturday, February 25, 2006, ALSTOM mysteriously produced thousands of "misc. emails" and also has failed to produce certain clearly responsive and relevant documents (discussed below).

## I.   February 25, 2006 Production

On Saturday, Mike Schollaert sent me a letter and a DVD. The letter claimed that the DVD contained three groups of documents: 1) documents from Ed Bulewich and Fred Campbell[1]; 2) an "overlay" document for the Tom Barber production; and 3) a "limited number" of emails that ALSTOM had previously withheld as privileged but "out of an abundance of caution" is producing now, less than two weeks before the period for fact discovery closes.

This third category of documents comprises almost 16,000 pages of ALSTOM's 20,000-page February 25 production. We cannot fathom why ALSTOM

---

[1] We are of course still waiting for documents from Steve Francis, which you have represented would be produced weeks ago.

WILLIAMS & CONNOLLY LLP

James E. Edwards, Jr., Esq.
February 27, 2006
Page 2

has not previously produced these documents. We have looked at the privilege logs you have produced in this litigation, and neither includes any of these documents. Thus the explanation in Mr. Schollaert's letter that these were documents ALSTOM previously had asserted privilege on cannot be squared with ALSTOM's own representations about the documents it was withholding on the basis of privilege.

Moreover, a quick sampling of these documents shows there does not appear to be any basis for any claim of privilege on many of the documents. For example:

- JARV – EMAIL – 076265-076265. This is an email from William Jarvis to Linda Rothe, sent on January 21, 2004. The email recounts a conversation between ALSTOM employees and AES-PR regarding the ESP corrosion. On the second page of the letter, William Jarvis is charged with insuring that EEC's surety, Liberty Mutual, is aware of its liability on this issue.

- PANO – 005973. This is an email from William Jarvis to Karl Hognefelt and Lief Lindau, with others cc'd, dated February 3, 2004. In this email William Jarvis discusses ALSTOM's awareness of EEC's operating instructions and the fact that those instructions were inconsistent with the CDS designs.

- JARV – EMAIL – 076819-076821. This is an email from Tim Maidenford to William Jarvis and others with an August 17, 2003, Daily Commissioning Report attached.

In addition, ALSTOM's production includes literally hundreds of photographs and Excel spreadsheets. There is no plausible reason that ALSTOM could have been withholding any of these documents on the basis of privilege.

There is simply no justification for withholding these documents until the eve of William Jarvis's deposition. We request that ALSTOM confirm when it will complete its production of electronic documents. Moreover, we now must insist on a continuance of Mr. Jarvis's deposition so that we have an appropriate opportunity to review the documents in advance of his deposition, and so that we have an assurance that ALSTOM will not be producing additional electronic documents after the deposition.

WILLIAMS & CONNOLLY LLP

James E. Edwards, Jr., Esq.
February 27, 2006
Page 3

## II. Project Review Slides

During the 30(b)(6) deposition held on Friday, February 24, 2006, ALSTOM's corporate designee, Ray Hickey, testified regarding a February 4, 2004 email from Barbara R. Rohrbach. *See* ROTH – EMAIL – 010519-010520. According to Mr. Hickey, Ms. Rohrbach was the administrative assistant for ALSTOM's supervisor of project managers. Mr. Hickey further testified that these Project Review slides were requested by the project managers' supervisor, and produced <u>every</u> <u>month</u> by the project managers for each site that ALSTOM was constructing a Boiler or other equipment. As you can see from the e-mail referenced above, Ms. Rohrbach also specifically asks for Mr. Jarvis to provide the monthly slides for AES Puerto Rico. The email also identifies the network location for these monthly Project Reviews: "O:PB\Qtrreview\2004\Feb04.."

An exhaustive review of ALSTOM's document production in this litigation has revealed that ALSTOM has not produced a single monthly Project Review presentation. ALSTOM's privilege log contains an item described as "AES Puerto Rico Project Review." But if this is one of these monthly Project Review slides requested by the manager of Project Managers, then clearly it was not requested by counsel and it must be produced immediately along with all the other AES-PR project Review slides.

AES-PR requests that ALSTOM immediately produce all of the monthly Project Review slides for each month from November 2002 to the present, and any other responsive document related to these slides. These presentations will be crucial for our preparation for the deposition of William Jarvis. If any of the monthly Project Review slides have been destroyed, please provide a thorough explanation for their disappearance.

Sincerely,

Daniel Williams