**Tab J**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AES PUERTO RICO, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civ. No. 04-1282-JJF |
| ) | |
| ALSTOM POWER, INC., ) | |
| ) | |
| Defendant. ) | |

### AES PUERTO RICO, L.P.'S RESPONSES TO ALSTOM POWER, INC.'S THIRD SET OF INTERROGATORIES AND SUPPLEMENTAL RESPONSES TO SPECIFIED INTERROGATORIES

Plaintiff AES Puerto Rico L.P. ("AES-PR") objects and responds to Defendant ALSTOM Power, Inc.'s ("ALSTOM's") third set of interrogatories and supplements its response to specified interrogatories as follows:

### GENERAL OBJECTIONS

The following general objections are incorporated in, and serve as additions to, each of AES-PR's responses and objections to each of ALSTOM's specific interrogatories.

A. AES-PR objects to ALSTOM's interrogatories to the extent that they call for information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable statutory or common law privileges or immunities. To the extent that any interrogatory may be construed as seeking the disclosure of information subject to these privileges or immunities, AES-PR invokes the same.

B. AES-PR objects to ALSTOM's interrogatories to the extent that they seek confidential or proprietary information of third parties as to which AES-PR has entered into agreements to protect the confidentiality of such information.

C. AES-PR objects to Definition (A) to the extent that it purports to impose on AES-PR any obligations greater than those imposed by the Federal Rules of Civil Procedure and the rules and orders of the Court.

D. AES-PR objects to Definition (D) to the extent that it calls for information from contractors or agents of AES-PR that is not properly imputed to AES-PR. AES-PR further objects to the definition to the extent that it defines "AES" to include "AES related entities." AES-PR is answering solely on behalf of itself.

E. AES-PR objects to Definition (I) to the extent that it attempts to characterize the document Bates-stamped EEC-05970 through EEC-06331.

F. AES-PR objects to Definition (K)[1] as overbroad and unduly burdensome. AES-PR is providing in these responses information sufficient "to identify" persons and things as that term is reasonably understood. AES-PR further objects to the definition regarding identification of persons because it presupposes that each person to be identified could be compelled to be a witness in Court.

---

[1] ALSTOM's Second Set of Interrogatories contains two Definitions titled Definition (K). *Compare* p. 2 *with* p. 3. This Objection relates to the Definition (K) on page 3.

F. AES-PR objects to Definition (L)[2] to the extent that its use of the term "writing" or "document" exceeds the definition set forth in the Fed. R. Civ. P. 34.

G. These interrogatory responses and objections are not intended to be, and shall not be construed as, an agreement or concurrence by AES-PR with ALSTOM's characterization of any facts, circumstances, or legal obligations.

H. AES-PR objects to ALSTOM's interrogatories to the extent they attempt to impose requirements beyond those set forth in Fed. R. Civ. P. 33 or the rules or orders of the Court.

I. These interrogatory responses reflect AES-PR's present knowledge based on reasonable inquiries to date. Consistent with Instruction (A), AES-PR expressly reserves the right to supplement its interrogatory responses in the future.

---

[2] ALSTOM's Second Set of Interrogatories contains two Definitions titled Definition (L). *Compare* p. 2 *with* p. 3. This Objection relates to the Definition (L) on page 3.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

The following responses and objections are made subject to and without waiver of any of the general objections set forth above.

INTERROGATORY NO. 19

If you contend that the installation of the secondary reverse osmosis system at the Plant identified in AES's Supplemental Response to ALSTOM Power Inc.'s Interrogatory No. 10 was a direct, proximate, and foreseeable result of ALSTOM's alleged breach of the ESP Corrosion Warranty, state in detail the basis for your contention, and identify all documents that refer or relate to and all persons with knowledge of the subject matter of your answer to this Interrogatory.

RESPONSE: AES-PR objects to this interrogatory on the ground that it calls for a legal conclusion and its requests for identification are overbroad and unduly burdensome. Subject to the foregoing general and specific objections, AES-PR states that the installation of the secondary reverse osmosis system was an immediate and necessary step to arrest the severe accelerated corrosion described in the Complaint in this action. The pollution control equipment supplied by ALSTOM, by design, was to operate without accelerated corrosion and in compliance with the Plant's environmental permits when using high-chloride water. The equipment ALSTOM supplied, however, could not do so. Accordingly, the secondary reverse osmosis system was installed so that low-chloride water could be used in the CDS, which allowed the pollution control equipment to operate in compliance with the Plant's environmental permits and without causing accelerated corrosion. AES-PR has identified the persons with knowledge of this subject matter in its multiple responses to Interrogatory No. 2, as well as in depositions in this matter, and AES-PR incorporates those responses and that testimony as if fully set

4

forth herein. AES-PR supplements this response by referring ALSTOM to the documents AES-PR is producing in response to ALSTOM's requests for production of documents. See Fed. R. Civ. P. 33(d).

INTERROGATORY NO. 20

If you contend that the proposed installation of the brine crystallizer at the Plant identified in AES's Supplemental Response to ALSTOM Power Inc.'s Interrogatory No. 10 is a direct, proximate, and foreseeable result of ALSTOM's alleged breach of the ESP Corrosion Warranty, state in detail the basis for your contention, and identify all documents that refer or relate to and all persons with knowledge of the subject matter of your answer to this Interrogatory.

RESPONSE: AES-PR objects to this interrogatory on the ground that it calls for a legal conclusion and its requests for identification are overbroad and unduly burdensome. Subject to the foregoing general and specific objections, AES-PR states that AES-PR's plant was designed to be a zero-liquid-discharge facility. The brine crystallizer to be installed at the Plant is necessary for the Plant to operate without accelerated corrosion of its ESPs and at the same time comply with its zero-liquid-discharge environmental permit. The pollution control equipment supplied by ALSTOM, by design, was to operate without accelerated corrosion and at the same time consume specified quantities of high-chloride water. The equipment ALSTOM supplied, however, could not do so. Because the CDS equipment cannot consume high chloride water without causing accelerated corrosion in the ESPs, the Plant must install the brine crystallizer as an alternative mechanism to dispose of the high chloride water without causing accelerated corrosion in the ESPs. AES-PR has identified the persons with knowledge of this

5

subject matter in its multiple responses to Interrogatory No. 2, as well as in depositions in this matter, and AES-PR incorporates those responses and that testimony as if fully set forth herein. AES-PR supplements this response by referring ALSTOM to the documents AES-PR is producing in response to ALSTOM's requests for production of documents. See Fed. R. Civ. P. 33(d).

## SUPPLEMENTAL RESPONSES TO SPECIFIC INTERROGATORIES

INTERROGATORY NO. 14

Set forth in detail and itemize each element of damage which you contend you are entitled to recover in this action, describing in detail how you computed each element of damage and the provision(s) in the Purchase Order pursuant to which you contend that you are entitled to recover such damages, and identify all documents which refer or relate to and all persons with knowledge of the subject matter of your answer to this Interrogatory.

SUPPLEMENTAL RESPONSE: AES-PR supplements its response to Interrogatory No. 14 by adding to it the following:

AES-PR supplements this response by referring ALSTOM to the expert reports of Jack R. McDonald, Ph.D. and Stuart A. Rosenberg, CPA, CVA that AES-PR served on ALSTOM on February 27, 2006.

INTERROGATORY NO. 15

If you contend that D/FD, ALSTOM or EEC amended, modified, supplemented, superceded, changed or altered the EEC O&M Manual Volume 1, whether orally or in writing, state in detail the basis for your contention, including in your answer whether the amendment, modification, supplementation, supercession, change, alteration was oral or written, and by whom it was issued.

SUPPLEMENTAL RESPONSE: AES-PR supplements its response to Interrogatory No. 15 by adding to it the following:

In November 2002, EEC and/or ALSTOM presented additional revised operating procedures to AES-PR, including but not limited to procedures titled "CDS Cold Start-up" dated November 14, 2002. Those revised procedures supplemented and superceded the August 2001 EEC O&M Manual.

In addition, ALSTOM and EEC modified the August 2001 EEC O&M Manual procedures when their commissioning personnel demonstrated how to operate and maintain the pollution control equipment between July 2002 and July 2003 in a manner different from that set forth in the August 2001 O&M manual.

INTERROGATORY NO. 16

If you contend that you were ever instructed to operate either CDS at the Plant with an outlet flue gas temperature of below 152 degrees Fahrenheit, identify who gave you the instruction, set forth the substance of the instruction that was given, when and on how many occasions the instruction was given, and state whether the instruction was given orally or in writing on each such occasion.

SUPPLEMENTAL RESPONSE: AES-PR supplements its response to Interrogatory No. 16 by adding to it the following:

At least the following five EEC and ALSTOM commissioning personnel instructed AES-PR personnel, verbally or in writing, to operate on occassion the CDS with an outlet temperature of below 152 degrees: Tim Maidenford, Tom Coleman, Joe Ortega, Bill Van Hooser, and Dave Edsall. Others may have done so as well.

INTERROGATORY NO. 17

If you contend that ALSTOM waived, or is otherwise estopped from relying upon, the conditions precedent to the ESP Corrosion Warranty that the system be operated and maintained "in accordance with Contractor's Operation and Maintenance Manuals, Owner's specified operating parameters, and typical system

7

operation at baseload and specified capacities", state in detail the basis for your contention, including in your answer whether the bases of the alleged waiver or estoppel were oral or written representations, and the identity of the person or persons who made those representations.

<u>SUPPLEMENTAL RESPONSE</u>:  AES-PR supplements its response to Interrogatory No. 17 by adding to it the following:

EEC and ALSTOM's commissioning personnel demonstrated how to operate and maintain the pollution control equipment between July 2002 and July 2003 in a manner different from that set forth in the August 2001 O&M manual.

/s/ John S. Spadaro
John S. Spadaro
Bar No. 3155
MURPHY SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel. (302) 472-8100
Fax (302) 472-8135

OF COUNSEL:

Dane H. Butswinkas
R. Hackney Wiegmann
Daniel D. Williams
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

Dated:  March 10, 2006                    Attorneys for AES Puerto Rico, L.P.

## VERIFICATION

I, Allan B. Dyer, declare under penalty of perjury that:

1. I am President of AES Puerto Rico, L.P.

2. I have read the foregoing AES Puerto Rico, L.P.'s Responses to ALSTOM Power, Inc.'s Third Set of Interrogatories and Supplemental Responses to Specified Interrogatories and, to the best of my knowledge, information and belief, they are true and accurate.

03/08/06
Date

Allan B. Dyer

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| AES PUERTO RICO, L.P., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ALSTOM POWER, INC. ) <br> ) <br> Defendant. ) <br> ) | Civ. No. 04-1282-JJF |

## NOTICE OF SERVICE

On March 10, 2006, Plaintiff served AES Puerto Rico, L.P.'S Responses to ALSTOM Power, Inc.'s Third Set of Interrogatories and Supplemental Responses to Specified Interrogatories, along with a copy of this Notice of Service, by hand delivery, on:

>Richard R. Weir, Esq.
>Daniel W. Scialpi, Esq.
>Two Mill Road, Suite 200
>Wilmington, Delaware 19806

and by facsimile and first class mail, postage prepaid, on:

>Anthony F. Vittoria, Esq.
>James E. Edwards, Esq.
>Ober, Kaler, Grimes & Shriver
>120 East Baltimore Street
>Baltimore, Maryland 21202-1643

>Respectfully submitted,

>/s/ John S. Spadaro
>John S. Spadaro
>Bar No. 3155
>MURPHY SPADARO & LANDON

                                      1011 Centre Road, Suite 210
                                      Wilmington, DE 19805
                                      Tel. (302) 472-8100
                                      Fax (302) 472-8135

OF COUNSEL:

Dane H. Butswinkas
R. Hackney Wiegmann
Daniel D. Williams
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

Dated: March 10, 2006                    Attorneys for AES Puerto Rico, L.P.