IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AES PUERTO RICO, L.P.,<br><br>        Plaintiff,<br>v.<br><br>ALSTOM POWER, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   Civ. No. 04-1282-JJF<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF AES PUERTO RICO, L.P.'S OPPOSITION TO ALSTOM'S
MOTION TO COMPEL EXPERT DEPOSITIONS AND DOCUMENTS**

Defendant ALSTOM Power, Inc. ("ALSTOM") responded to Plaintiff AES Puerto Rico, L.P.'s ("AES-PR's") motion for a protective order seeking to quash ALSTOM's untimely notices to depose AES-PR's experts by filing a motion to compel the depositions and the production of the experts' documents. *See* D.I. 106. ALSTOM seeks to excuse its failure to take the expert depositions in the time-period authorized by this Court based on a demonstrably erroneous reading of the Court's December 16, 2005 Discovery Order ("Order") and an unfounded accusation that AES-PR delayed producing documents. Its request for an order compelling production of AES-PR's experts' documents ignores the fact that AES-PR had already agreed to produce the documents as soon as they were requested by ALSTOM during the expert discovery period. That issue now is moot because the documents have been produced.

I. **ALSTOM'S ARGUMENT THAT IT MAY DEPOSE AES-PR'S EXPERTS AFTER THE COURT-ORDERED TIME PERIOD RELIES ON A DEMONSTRABLY ERRONEOUS READING OF THE COURT'S DECEMBER 16, 2005 ORDER.**

ALSTOM's Memorandum in Opposition to Protective Order and in Support of Motion to Compel ("Memorandum" or "Mem.") (D.I. 107) argues that this Court's Order setting

forth the time period for expert depositions "did not, and was not intended to, preclude ALSTOM from commencing depositions of AES' expert witnesses after" March 20, 2006. Mem. 4. But the Order is directly to the contrary. It provides that "[w]ithin three weeks of the submission of [AES-PR's] Affirmative Disclosures, if any, Defendant is entitled to depose each expert who submitted an Affirmative Disclosure." *See* Dec. 16, 2005 Order at ¶ 2 (D.I. 65). ALSTOM reads the language in the Order stating that it is "entitled" to depose AES-PR's experts during the three weeks following February 27, 2006, (the date AES-PR provided its expert disclosures), to mean that it had the "opportunity" to do so, Mem. 4, but that, at its sole discretion, it also could choose to depose AES-PR's experts at some unspecified time after that period, *id.* Not only is such a reading of the Order implausible, it cannot be reconciled with ALSTOM's own December 15, 2005 letter to the Court, in which ALSTOM said "the parties have agreed that the deposition of each expert submitting an Affirmative . . . Disclosure will occur within three weeks of the submission of the Disclosure." *See* Letter (D.I. 62) (emphasis added). ALSTOM simply failed to comply with this Court's Order setting forth the time period for expert depositions, and its new reading of the Order is flatly inconsistent with what it told the Court on December 15, 2005.

## II. ALSTOM DID NOT POSTPONE DEPOSING AES-PR'S EXPERTS BECAUSE OF SOME ALLEGED FAILURE BY AES-PR TO PRODUCE DOCUMENTS.

ALSTOM's Memorandum claims that ALSTOM "elected not to take the depositions of AES' experts during the three weeks following AES' Affirmative Disclosures" because of an alleged failure by AES-PR to produce various documents. Mem. 4; *accord id.* 2.[1]

---

[1] ALSTOM's Memorandum argues repeatedly that AES-PR "has engaged in a pattern of obstruction" of discovery. *See, e.g.*, Mem. 1. AES-PR's Oppositions to ALSTOM's motions to compel and motion for sanctions, currently pending before this Court, refute that unfounded

But ALSTOM's correspondence to AES-PR concerning these depositions did not mention any such basis for "elect[ing]" not to take the depositions of AES-PR's experts during the three weeks allotted in the Order. ALSTOM waited until March 22, 2006, <u>after</u> <u>the</u> <u>deadline</u> for deposing AES-PR's experts, to request that AES-PR produce its experts' documents and to propose scheduling AES-PR's experts for deposition. *See* ALSTOM Mem. Tab 3.[2] Its letter did not mention any claimed failure by AES-PR to have produced documents previously – it merely requested AES-PR's experts' documents for the first time. After AES-PR replied to ALSTOM that the time had passed for these depositions, *see* ALSTOM Mem. Tab 4, ALSTOM responded by propounding its theory that the Order did not limit the period for ALSTOM to take expert depositions and merely provided ALSTOM an extra "opportunity" to do so, *see* ALSTOM Mem. Tab 5. Again, ALSTOM did not make any mention of a purported failure to produce documents as a rationale for its decision not to schedule the depositions earlier. *See id.* ALSTOM's claim that it was waiting for documents before attempting to schedule these depositions is simply a *post hoc* rationalization for its failure to comply with the schedule established by this Court.

If ALSTOM truly believed that AES-PR's alleged failure to produce documents warranted an exception to this Court's Order setting the schedule for expert depositions, sometime during the three weeks authorized for these depositions it would have sent AES-PR a letter requesting its experts' documents and/or filed a motion requesting to postpone the

---

assertion. *See* D.I. 80, 81, 108. As is explained in full in those Oppositions, ALSTOM's contention that AES-PR has obstructed discovery is categorically false.

[2] ALSTOM cites to its March 2005 Requests for Documents requesting AES-PR's experts' documents, but neglects to mention that AES-PR objected to the request for expert documents as "premature." *See* Ex. 1. As is explained above, ALSTOM did not renew that document request until March 22, 2006.

depositions. It did neither and instead elected unilaterally not to comply with this Court's Order.[3]

### III. ALSTOM'S CLAIMED ABILITY TO RE-DEPOSE AES-PR WITNESSES IS CONTRADICTED BY ITS OWN POSITION WITH RESPECT TO ALSTOM WITNESSES.

Each of the parties identified two in-house witnesses in their expert disclosures who were not required to submit expert reports because they were not specially retained to provide expert testimony. *See* Fed. R. Civ. P. 26(a)(2)(B). ALSTOM identified ALSTOM employees Karl Hognefelt and Ray Hickey, whom AES-PR had deposed during fact discovery, and AES-PR identified AES-PR employee David Stone and AES-PR consultant Paul Stinson, whom ALSTOM had deposed during fact discovery. ALSTOM insists that it is entitled to re-depose the AES-PR witnesses during the time period for expert discovery. However, with respect to its own witnesses for whom it did not submit expert reports, ALSTOM does not believe post-fact-discovery depositions would be appropriate. ALSTOM stated in its letter requesting expert depositions that it was willing to discuss the availability of "ALSTOM's non-party expert witnesses" for deposition – not the availability of its employee witnesses for whom, pursuant to Fed. R. Civ. P. 26(a)(2)(B), it had not supplied expert reports. *See* ALSTOM Mem. Tab 3 (emphasis added).

ALSTOM further contends, incorrectly, that its prior depositions of Mr. Stinson and Mr. Stone were insufficient. ALSTOM attaches an excerpt from Mr. Stinson's deposition in

---

[3] ALSTOM peppers its Memorandum with irrelevant and misleading charges that AES-PR somehow created delays in scheduling expert depositions. For example, it states that AES-PR's counsel was "out of the country" on March 24 and unable to speak concerning dates to depose ALSTOM's experts. *See* Mem. 3. But the dispute between the parties relates to the scheduling of AES-PR's experts, not ALSTOM's. In the interests of brevity, this Opposition does not attempt to clarify the record with respect to each of the distracting and irrelevant charges by ALSTOM and instead addresses only the ones relevant to the subject of ALSTOM's motion.

which Mr. Stinson said he "would not characterize [him]self as an expert in electrostatic precipitation," Mem. Tab 1 (Dep. at 106:6-7), to argue that Mr. Stinson "blocked any examination by ALSTOM at that deposition with regard to what might be characterized as expert opinions." Mem. 5. Nonsense. First, Mr. Stinson's comment related only to one particular process, "electrostatic precipitation," not to all of the technical issues in dispute in this case. Second, ALSTOM ignores other testimony by Mr. Stinson at this deposition concerning, *e.g.*, his expert engineering opinion. *See, e.g.* ALSTOM Mem. Tab 1 (Dep. at 105:19-20) (offering "my engineering opinion"). Indeed, on redirect, when Mr. Stinson was asked to offer his expert opinion, <u>ALSTOM's</u> counsel objected that the question "asks for opinion testimony." Ex. 2 (Stinson Dep. 264:15). ALSTOM can hardly complain that it was "blocked" from deposing Mr. Stinson with respect to his opinions when ALSTOM itself objected to such testimony.

Finally, ALSTOM claims that it could not take a complete deposition of Mr. Stone because Mr. Stone appeared as a Rule 30(b)(6) corporate designee witness. Mem. 5. But ALSTOM neglects to mention that one of its two in-house experts who did not submit a report, Mr. Hickey, likewise appeared for deposition as a Rule 30(b)(6) corporate designee witness.

In sum, there simply is no basis to re-depose the two AES-PR witnesses who were not required to submit expert disclosures and who have been deposed once in this case.

## IV. ALSTOM ALREADY HAS RECEIVED AES-PR'S EXPERTS' DOCUMENTS.

ALSTOM's request for an order compelling AES-PR to produce its experts' documents ignores that AES-PR agreed to produce these documents promptly upon ALSTOM requesting them (and <u>before</u> ALSTOM filed its motion). And this issue is now moot, as these documents have been produced. *See* Ex. 3 (Letters of April 6, 2006 and April 12, 2006).

On April 27, 2005, AES-PR objected to ALSTOM's Document Request No. 76, seeking expert documents, as "premature." *See* Ex. 1. ALSTOM waited until March 22, 2006, more than three weeks after receiving AES-PR's expert disclosures, and after the time period to depose AES-PR's experts had expired, to renew its request for these documents. *See* ALSTOM Mem. Tab 3. AES-PR responded <u>two days later</u> by agreeing to produce the documents "as soon as possible." ALSTOM Mem. Tab 4. Without first contacting AES-PR to arrange delivery of these documents, ALSTOM disregarded the fact that AES-PR had agreed to produce the documents and moved to compel their production. *See* Mem. 6. These documents now have been produced, just as AES-PR had promised. *See* Ex. 3. Thus, the issue is moot.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in AES-PR's Motion for a Protective Order, AES-PR respectfully requests that its motion for a protective order be granted and that ALSTOM's motion to compel expert depositions and production of expert documents be denied.

Respectfully submitted,

OF COUNSEL:
Dane H. Butswinkas
R. Hackney Wiegmann
Daniel D. Williams
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

/s/ John S. Spadaro
John S. Spadaro (Bar No. 3155)
MURPHY SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel. (302) 472-8100
Fax (302) 472-8135

Dated: April 13, 2006

Attorneys for AES Puerto Rico, L.P.

## CERTIFICATE OF SERVICE

On April 13, 2006, Plaintiff served Plaintiff AES Puerto Rico, L.P.'s Opposition to ALSTOM's Motion To Compel Expert Depositions and Documents by electronic filing and hand delivery on:

>Richard R. Wier, Esq.
>Daniel W. Scialpi, Esq.
>Two Mill Road
>Suite 200
>Wilmington, Delaware 19806

and by e-mail and first class mail, postage prepaid, on:

>James E. Edwards, Esq.
>Anthony Vittoria, Esq.
>Ober, Kaler, Grimes & Shriver
>120 East Baltimore Street
>Baltimore, Maryland 21202-1643


/s/ John S. Spadaro