# Tab 34

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AES PUERTO RICO, L.P.,     *

    Plaintiff,     *

         *     C.A. No. 04-1282-JJF

v.     *

ALSTOM POWER, INC.,     *

    Defendant,     *

*   *   *   *   *   *   *   *   *   *   *

### ALSTOM POWER, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY UPON LAND FOR INSPECTION

TO:   AES Puerto Rico, L.P.
      c/o John S. Spadaro, Esquire
      Murphy Spadaro & Landon
      824 Market Street, Suite 700
      Wilmington, DE 19801

Pursuant to Fed. R. Civ. P. 34, Defendant, ALSTOM Power, Inc. ("ALSTOM") hereby serves its First Request for Production of Documents and Things and Entry Upon Land for Inspection to Plaintiff, AES Puerto Rico, L.P. ("AES"). AES shall file a written response within 30 days of service of this Request.

### DEFINITIONS

1.    "Document" shall mean any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including, but not limited to correspondence, messages, contracts, checks, memoranda or notes of telephone or other oral conversations, studies, surveys, charts, reports, minutes, notes, diaries, logs, schedules, cancelled checks, graphs, invoices, bills, computer reports, photographs, videotapes, releases, newspaper or magazine articles, books,

1

C 055

financial statements, ledgers, transcripts, affidavits, tapes, tape recordings, phonograph recordings, e-mails, electronic files, electronically stored data, whether originals, copies, or drafts, however produced or reproduced. If any of the data or information requested below is stored in such a way as to be retrieved by computer, then in respect to such data or information, the term "document" shall also include the physical medium in which such data or information is stored, or a copy thereof, together with a copy of the software which will enable the data or information to be retrieved and reviewed.

2. "Electronic data" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or

C 056

transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

3. "Electronic media" means any magnetic or other storage media device used to record electronic data. Electronic media devices may include, but are not limited to, computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal.

4. "Identify," when used in reference to electronic data, means to state the software and/or operating system under which the data was created, title and author, the type of data (example: word processing document, spreadsheet, database, application program, etc.), and all other means of identifying it with sufficient particularity to meet the requirements for its inclusion in a Request for Production pursuant to the Federal Rules of Civil Procedure, and its present or last known location or custodian. If any such electronic data was, or no longer is, in the possession or subject to your control, state what disposition was made of it and the reason for such disposition.

5. "Network" means any hardware and/or software combination that connects two or more computers together and which allows the computers to share and/or transfer data between them. For the purposes of this definition, the connection between or among the microcomputers need not be either physical or direct, i.e., wireless networks, and sharing and/or transferring data via indirect routes utilizing modems and phone company facilities. In addition, there need not be

3

a central file or data server nor a central network operating system in place, i.e., peer-to-peer networks and networks utilizing a mainframe host to facilitate data transfer.

6. "Support" means any help or assistance provided to a user of a computer by another individual, either in an official job capacity or not. Such help or assistance may take the form of, but is not limited to, answering questions, in person or via mechanical means, direct intervention, training, software troubleshooting, hardware troubleshooting, programming, systems consulting, maintenance, repair and/or user forums. Providers of support may be employees, contractors and/or other third-party providers.

7. The term "computer" shall be construed in its broadest possible sense and includes, but is not limited to, any means of storing or processing magnetic, graphic, photographic or other descriptive materials or any retrievable data or information including without limitation computers, word processors, personal computers, network terminals, hard-drives, computer network systems, mainframes, or other means of creating or storing information in magnetic form under the custody, possession or control of AES, its past and present officers, directors, partners, agents, predecessors, successors, affiliates, representatives, employees, attorneys, and any other person or entity employed by or acting on behalf of AES.

8. "Person" means any natural person, corporation, partnership or other private organization or governmental or legal entity.

9. "You" or "AES" or "Owner" refers to Plaintiff, AES Puerto Rico, L.P., a Delaware limited partnership, and any current or former officers, directors, employees, agents, contractors, representatives of or attorneys for AES or AES related entities.

C 058

10. "D/FD" refers to Duke/Fluor Daniel Caribbean, S.E., a Puerto Rico partnership, and its constituent partner members, also named as parties in this action, and any officers, directors, employees, agents, representatives of or attorneys for D/FD.

11. "ALSTOM" refers collectively to ALSTOM Power Inc. and ALSTOM Caribe, (f/k/a CE Caribe), and any officers, directors, employees, agents, contractors, representatives or attorneys of ALSTOM.

12. "EEC" refers to Environmental Elements Corp., a Maryland corporation, and any officers, directors, employees, agents, contractors, representatives or attorneys on behalf of EEC.

13. "Agreement" refers to the contract dated April 3, 1996, between AES, as Buyer, and D/FD, as Seller, in which D/FD agreed to engineer, design, and construct a 454-megawatt, co-generation, coal-fired plant in Guayama, Puerto Rico.

14. "Project" means the 454-megawatt, co-generation, coal-fired facility, in its entirety, located in Guayama, Puerto Rico.

15. "CDS" refers to the Circulating Dry Scrubber equipment provided by ALSTOM for the Project.

16. "ESP" refers to the Electrostatic Precipitator equipment provided by ALSTOM for the Project and referred to in your Complaint.

17. "FBHE Handcuffs" refers to the fluidized bed heat exchanger handcuff equipment provided by ALSTOM for the Project and referred to in your Complaint.

18. "Plant Operating Data" means recorded measurements, in both written and electronic form, of the operating parameters of the Project from the time of "first fire" on coal.

19. "Water Treatment Systems" refers to the plant equipment used to treat the water used in the CDS and ESP equipment.

C 059

20.   "Closed Cooling Water Cycle" refers to the

## REQUEST FOR DOCUMENTS – INSTRUCTIONS

1.   This request for production of documents is continuing in nature, so AES shall supplement its response to this request for production of documents in accordance with Rule 34 of the Federal Rules of Civil Procedure.

2.   This request includes the production of all non-identical copies of requested documents, including drafts and copies upon which notes or comments have been made.

3.   If any document responsive to this request is not produced due to a claim of privilege to a part or parts of the document (including a claim that all or a portion of the document constitutes work product), describe each such document and the factual basis for the claim of privilege. Documents shall be deemed to have been adequately listed and described for the purpose of this instruction when the following information has been provided:

   a.   The place, approximate date and manner of preparation of the document;

   b.   The basis on which the privilege is claimed;

   c.   The name of each person who participated in the preparation of the document;

   d.   The name and corporate position, if any, of each person other than attorneys representing you to whom the content of the document has been communicated in the past whether by copy, exhibition, reading or substantial summarization;

   e.   The nature of the document and a brief description of its subject matter; and

   f.   Each addressee, recipient or possessor of the document.

C 060

5. To the extent that any request is objected to on grounds other than privilege, set forth the factual and legal basis for the objection. If you object in part to any request, produce all documents responsive to the remainder of that request.

6. Documents required to be produced are not limited to "paper" documents, but also include electronic data and electronic media and all forms of documents listed in the documents definition above.

7. Where the name or identity of a person or entity is requested, state the full name, address, title, employer, and business address (if applicable) of the person or entity.

8. Where knowledge or information is requested, such request includes knowledge of your agents, representatives, and, unless privileged, your attorneys.

9. In seeking information to respond to this document production request, you are required to examine all possible forms of storing textual, verbal or numerical information, and your examination may not be limited to paper or other forms of "hard copy" records. In searching for nonpaper sources of information, you are required to search all computer or other electronic or optical forms of information storing formats, including:

   a. so-called floppy disks;
   b. removable drive media, of all kinds;
   c. hard drives used by individuals;
   d. hard drives shared by multiple users;
   e. storage media used by network systems;
   f. storage media not maintained on-line, including but not limited to backup tapes or similar archival storage media, wherever and by whomever stored or retained;

7

g. file servers;

h. optical media, including "write-once-read-many" ("WORM") media or other optical formats, including rewritable optical formats;

i. portable computers, included but not limited to, "notebook" computers, "laptop" computers, or other similar portable devices;

j. palmtop, pocket size or similar portable information devices on which information is stored in digital form;

k. systems that preserve "voice mail" or similar messages in analog or digital form; and

l. all systems, whether included in (a)-(k) above, that preserve electronic mail or similar messages in any form, including, but not limited to, systems on the desktop of electronic mail users, systems on servers, and systems that are "offline" methods of preservation of such messages, whether tape, optical or otherwise.

10. The documents and things requested shall be produced at the office of AES, or such other location(s) as agreed to by the parties.

### REQUESTS FOR DOCUMENTS

**REQUEST 1:** All documents, including indices, directories and catalogs, which evidence, explain or set forth how AES identifies, organizes and maintains documents or files relating to the Project, including, but not limited to, Plant Operating Data.

**REQUEST 2:** All documents, written policies, procedures, guidelines, electronic data or electronic media that refer, evidence or relate to file naming conventions and standards.

8

**REQUEST 3:** All documents, written policies, procedures, guidelines, electronic data or electronic media that refer, evidence or relate to diskette labeling standards.

**REQUEST 4:** All documents, written policies, procedures, guidelines, electronic data or electronic media that refer, evidence or relate to back up tape rotation schedules.

**REQUEST 5:** All documents, written policies, procedures, guidelines, electronic data or electronic media that refer, evidence or relate to electronic media retention/destruction schedules.

**REQUEST 6:** All documents, written policies, procedures, guidelines, electronic data or electronic media that refer, evidence or relate to corporate policies concerning employee use of company computers and data.

**REQUEST 7:** Exact copies (sometimes referred to as image copies, or evidentiary copies) of hard drives on desktop, laptop, notebook, palm top or personal digital assistant computers used by AES and/or its employees, agents or representatives in any way relating to the Project.

**REQUEST 8:** Exact copies (sometimes referred to as "diskcopies") of diskettes used by AES and/or its employees, agents or representatives in any way relating to the Project.

**REQUEST 9:** Organization charts in any form, written or otherwise, for AES and all of its respective partners, subsidiaries, divisions, and affiliates.

**REQUEST 10:** Any and all lists of AES employees who worked on the Project.

**REQUEST 11:** All documents evidencing, referring to or relating to any and all negotiations or discussions leading up to AES' Agreement with D/FD.

**REQUEST 12:** All documents which constitute the Agreement between AES and D/FD pertaining to the Project.

9

**REQUEST 13:** All documents created or exchanged by AES, D/FD or EEC evidencing, referring to or relating to the application for the air permit submitted to the governmental agency or agencies having authority over the emissions from the Project.

**REQUEST 14:** All documents which constitute, pertain or relate in any way to any engineering documents, plans, drawings or specifications for the Water Treatment System.

**REQUEST 15:** All documents which constitute, pertain or relate in any way to any engineering documents, plans, drawings or specifications for the CDS and/or the ESP equipment.

**REQUEST 16:** All documents which constitute, pertain or relate in any way to any engineering documents, plans, drawings or specifications for the FBHE Handcuff equipment.

**REQUEST 17:** All documents which constitute, pertain or relate in any way to any engineering documents, plans, drawings or specifications for the Closed Cooling Water Cycle.

**REQUEST 18:** All documents evidencing, referring to or relating to any and all communications and transmissions (written or oral) between AES and D/FD concerning or in connection with the CDS and/or the ESP equipment, or the Water Treatment System.

**REQUEST 19:** All documents evidencing, referring to or relating to any and all communications and transmissions (written or oral) between AES and ALSTOM concerning or in connection with the CDS and/or the ESP equipment, or the Water Treatment System.

**REQUEST 20:** All documents evidencing, referring to or relating to any and all communications and transmissions (written or oral) between AES and EEC concerning or in connection with the CDS and/or the ESP equipment, or the Water Treatment System.

**REQUEST 21:** All documents evidencing, referring to or relating to any and all communications and transmissions (written or oral) between D/FD and EEC concerning or in connection with the CDS and/or the ESP equipment, or the Water Treatment System.

C 064

**REQUEST 22:** All documents evidencing, referring to or relating to any and all communications and transmissions (written or oral) between AES and any subcontractor, sub-subcontractor, vendor, supplier, consultant or other person or entity (other than D/FD, ALSTOM and EEC) supplying any advice, consultation, labor, services, materials or other items in regard to the CDS and/or the ESP equipment, or the Water Treatment System.

**REQUEST 23:** All documents evidencing, referring to or relating to any and all communications and transmissions (written or oral) between AES and D/FD concerning or in connection with the FBHE Handcuff equipment.

**REQUEST 24:** All documents evidencing, referring to or relating to any and all communications and transmissions (written or oral) between AES and ALSTOM concerning or in connection with the FBHE Handcuff equipment.

**REQUEST 25:** All documents evidencing, referring to or relating to any and all communications and transmissions (written or oral) between AES and any subcontractor, sub-subcontractor, vendor, supplier, consultant or other person or entity (other than D/FD and ALSTOM) supplying any advice, consultation, labor, services, materials or other items in regard to the FBHE Handcuff equipment.

**REQUEST 26:** All documents which constitute, pertain or relate in any way to subcontracts, purchase orders, agreements or understandings for work performed or requested to be performed of any kind between AES and any subcontractor, independent contractor or material supplier (other than D/FD and ALSTOM) supplying any advice, consultation, labor, services, materials or other items in regard to the CDS and/or the ESP equipment, or the Water Treatment System.

C 065

**REQUEST 27:** All documents which constitute, pertain or relate in any way to subcontracts, purchase orders, agreements or understandings for work performed or requested to be performed of any kind between AES and any subcontractor, independent contractor or material supplier (other than D/FD and ALSTOM) supplying any advice, consultation, labor, services, materials or other items in regard to the FBHE Handcuff equipment.

**REQUEST 28:** All documents which pertain or relate in any way to sums paid by AES to any subcontractor, independent contractor or material supplier (other than D/FD and ALSTOM) supplying any advice, consultation, labor, services, materials or other items in regard to the CDS and/or the ESP equipment, or the Water Treatment System.

**REQUEST 29:** All documents which pertain or relate in any way to sums paid by AES to any subcontractor, independent contractor or material supplier (other than D/FD and ALSTOM) supplying any advice, consultation, labor, services, materials or other items in regard to the FBHE Handcuff equipment.

**REQUEST 30:** All documents which constitute, pertain or relate in any way to requests for information, or other requests for interpretation or clarification which AES or D/FD submitted to any person or entity relating to the CDS and/or the ESP equipment, or the Water Treatment System.

**REQUEST 31:** All documents which constitute, pertain or relate in any way to requests for information, or other requests for interpretation or clarification which AES or D/FD submitted to any person or entity relating to the FBHE Handcuff equipment.

**REQUEST 32:** All documents which constitute, pertain or relate in any way to diaries, daily logs, chronologies, calendars or other records of the progress of the design, procurement

12

C 066

and/or construction and installation of the CDS and/or the ESP equipment, or the Water Treatment System.

**REQUEST 33:** All documents which constitute, pertain or relate in any way to diaries, daily logs, chronologies, calendars or other records of the progress of the design, procurement and/or construction and installation of the FBHE Handcuff equipment.

**REQUEST 34:** All documents which constitute, pertain or relate in any way to reports or meetings relating to the Project, including, without limitation, job meeting minutes, coordination meeting minutes, progress reports, cost reports and daily reports, monthly and/or other periodic reports.

**REQUEST 35:** All documents evidencing, referring to or relating to any and all damages purportedly suffered or sustained by AES as a result of any problems with or failures of the CDS and/or the ESP equipment, or the Water Treatment System.

**REQUEST 36:** All documents evidencing, referring to or relating to any and all damages purportedly suffered or sustained by AES as a result of any problems with the FBHE Handcuff equipment.

**REQUEST 37:** Any and all insurance policies concerning the Project.

**REQUEST 38:** All documents referring to or relating to any damages claimed by AES against D/FD and/or any other subcontractor, sub-subcontractor, supplier, vendor or other person or entity furnishing any work, labor, services, materials, equipment or other items in connection with the CDS and/or the EPS equipment.

**REQUEST 39:** All documents referring to or relating to any damages claimed by AES against D/FD and/or any other subcontractor, sub-subcontractor, supplier, vendor or other person

13

or entity furnishing any work, labor, services, materials, equipment or other items in connection with the FBHE Handcuff equipment.

REQUEST 40: All documents which evidence, refer to or relate to AES' withholding backcharges from D/FD relating to the CDS and/or the EPS equipment, or the Water Treatment System.

REQUEST 41: All documents which evidence, refer to or relate to AES' withholding backcharges from D/FD relating to the FBHE Handcuff equipment.

REQUEST 42: All documents which evidence, refer to or relate to the assessment or threatened assessment and/or withholding by AES of any sums due D/FD under the Agreement relating to the CDS and/or the ESP equipment, or the Water Treatment System.

REQUEST 43: All documents which evidence, refer to or relate to the assessment or threatened assessment and/or withholding by AES of any sums due D/FD under the Agreement relating to the FBHE Handcuff equipment.

REQUEST 44: All documents which evidence, refer to or relate to performance guarantees under the Agreement relating to the CDS and/or the ESP equipment, or the Water Treatment System.

REQUEST 45: All documents relating to any warranty obligations for the CDS and/or the ESP equipment, or the Water Treatment System.

REQUEST 46: All documents relating to any warranty obligations for the FBHE Handcuff equipment.

REQUEST 47: All documents which comprise, refer or relate in any way to AES' internal memoranda, correspondence or other form of internal communication regarding the CDS and/or the ESP equipment, or the Water Treatment System.

14

C 068

**REQUEST 48:** All documents which comprise, refer or relate in any way to AES' internal memoranda, correspondence or other form of internal communication regarding the FBHE Handcuff equipment.

**REQUEST 49:** All documents which constitute, pertain or relate in any way to photographs, videotapes, drawings or other graphic depictions of any aspect of the CDS and/or the ESP equipment, or the Water Treatment System.

**REQUEST 50:** All documents which constitute, pertain or relate in any way to photographs, videotapes, drawings or other graphic depictions of any aspect of the FBHE Handcuff equipment.

**REQUEST 51:** All documents which constitute, pertain or relate in any way to AES' operations manual for the CDS and/or the ESP equipment, or the Water Treatment System.

**REQUEST 52:** All documents which constitute, pertain or relate in any way to AES' maintenance guidelines and records for the CDS and/or the ESP equipment, or the Water Treatment System.

**REQUEST 53:** Any and all inspection reports, testing reports or other documents, data compilations or tangible things referring to or relating to the CDS and/or the ESP equipment, or the Water Treatment System.

**REQUEST 54:** Any and all documents related to the operation or maintenance of the Closed Cooling Cycle.

**REQUEST 55:** Any and all inspection reports, testing reports or other documents, data compilations or tangible things referring to or relating to the FBHE Handcuff equipment.

C 069

**REQUEST 56:** All documents relating to the power plant's compliance or failure to comply with air emissions standards, including but not limited to any such standards imposed by the U.S. Environmental Protection Agency and any agency of the government of Puerto Rico.

**REQUEST 57:** Any and all documents relating to the water spray lances/water injection nozzles within the CDS and ESP equipment, including, but not limited to, documents relating to the maintenance, testing or inspection of the lances/nozzles, the atomization of water by the lances/nozzles, and the water flow rate through the lances/nozzles.

**REQUEST 58:** Any and all documents relating to the operating temperature within the CDS and ESP equipment, including, but not limited to, any documents relating to the CDS "outlet temperature" and the "flue gas approach temperature".

**REQUEST 59:** Any and all documents relating to the Rigitrodes, the collector plates or the discharge electrodes within the CDS and ESP equipment.

**REQUEST 60:** Any and all documents comprising, relating to or referring to the "Test and Monitoring Plan" prepared by EEC for the CDS and ESP equipment.

**REQUEST 61:** Any and all documents relating to the vacuum/pressure relief valves on the ash bins of the CDS and ESP equipment, including, but not limited to, any and all documents relating to the maintenance or inspection of those valves.

**REQUEST 62:** Any and all documents relating to the chloride content of the water used within the CDS and ESP equipment, including, but not limited to, any records of the daily testing of the water.

**REQUEST 63:** Any and all documents related to any testing of the water used in the Closed Cooling Water Cycle.

C 070

**REQUEST 64:** Any and all documents relating to the chloride content of the ash within the CDS and ESP equipment.

**REQUEST 65:** Any and all documents relating to the recirculation of ESP ash into the plant's boilers, including, but not limited to, any and all documents relating to when flyash was injected into the boilers.

**REQUEST 66:** Any and all documents relating to the operation of the sootblowers within the CDS and ESP equipment, including, but not limited to, any documents relating to any maintenance or inspection of those sootblowers.

**REQUEST 67:** Any and all documents relating to the constituents or chemical/molecular make-up of the flue gas at the air heater outlet and at the stack during operation of the plant.

**REQUEST 68:** Any and all documents relating to the in-leakage of outside air into the CDS and ESP equipment.

**REQUEST 69:** All documents related to any physical or operational modifications AES made to the CDS and/or EPS equipment, the Water Treatment System, or the Closed Cooling Water Cycle.

**REQUEST 70:** Documents sufficient to identify each and every partner of AES from January 1, 2002 to the present, and for each such partner, documents sufficient to identify the legal residence, principle place of business, and place of incorporation of the partner.

**REQUEST 71:** All documents related to the design of the closed cooling water cycle.

**REQUEST 72:** Any and all documents related to the source of the water use at the plant.

17

C 071

REQUEST 73: Any and all documents related to the design and installation of a secondary reverse osmosis system on the Project.

REQUEST 74: Any and all documents related to the Distributed Control System.

REQUEST 75: Any and all documents relating to the Plant Operating Data.

REQUEST 76: All documents which were viewed by or prepared by any person who may be called to testify as an expert witness at the trial of this case and all bibliographies, resumes or curricula vitae regarding any such expert witness who may be called to testify at the trial of this case.

## REQUESTS FOR INSPECTION

REQUEST 1: Any components that were removed from the CDS and/or the ESP equipment, including, but not limited to, any collector plates that were removed.

REQUEST 2: During the next scheduled shut-down of the plant, the CDS and ESP equipment currently installed at the Project.

ALSTOM POWER INC.

Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
1220 Market St., Suite 600
Wilmington, DE 19801
(302) 888-3222

John Anthony Wolf, Esquire
James E. Edwards, Esquire
Anthony F. Vittoria, Esquire
OBER, KALER, GRIMES & SHRIVER, P.C.
120 East Baltimore Street
Baltimore, Maryland 21202-1643
Phone: (410) 685-1120
Fax:    (410) 547-0699

18

C 072

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this __18th__ day of ~~February~~ March, 2005, a copy of the foregoing First Request For Production Of Documents And Things And Entry Upon Land For Inspection was served, via first-class mail, postage prepaid, on:

John S. Spadaro, Esquire
Murphy Spadaro & Landon
~~824 Market Street, Suite 700~~ — Wrong Address
Wilmington, Delaware 19801

Dane H. Butswinkas, Esquire
R. Hackney Wiegmann, Esquire
Mary Beth Long, Esquire
Daniel D. Williams, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Attorneys for Plaintiff

_Richard R. Wier, Jr._

732667.v2

19

C 073