Tab 42

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AES PUERTO RICO, L.P.,           *

    Plaintiff,                   *

v.                               *        C.A. No. 04-1282-JJF

ALSTOM POWER INC.,               *

    Defendant.                   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DISCOVERY DISPUTE RESOLUTION PLAN

WHEREAS, the Court held a discovery conference on December 7, 2005, and, by an Order dated December 8, 2005, the Court issued a ruling on pending discovery motions and directed AES Puerto Rico, L.P. ("AES-PR") and ALSTOM Power Inc. ("ALSTOM"), the parties, to submit a discovery dispute resolution plan by December 20, 2005; and

WHEREAS, at the Court's direction, the parties met and conferred to resolve areas of dispute;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     **Inadvertent Disclosure:** In order to facilitate the timely exchange of discovery, the parties will exchange documents with the understanding that inadvertent production or disclosure of documents protected by the attorney-client privilege or work product doctrine shall not constitute a waiver of such privilege or protection. Any such inadvertently produced documents shall be returned to the party producing them, and any applicable privilege and protection shall be maintained.

C 126

2. **Expert Discovery**:

The parties shall make disclosures with regard to expert witnesses under Rule 26(a)(2) on the following schedule:

(i) Plaintiff's Affirmative Disclosures: **February 27, 2006**

(ii) Defendant's Answering Disclosures: **March 20, 2006**

(iii) Plaintiff's Rebuttal Disclosures: **April 3, 2006**

Within three weeks of the submission of the Affirmative Disclosures, if any, Defendant is entitled to depose each expert who submitted an Affirmative Disclosure. Likewise, within three weeks of the submission of the Answering Disclosures, if any, Plaintiff is entitled to depose each expert who submitted an Answering Disclosure. Following the submission of the Rebuttal Disclosures, if any, Defendant is entitled to take the deposition of each expert who has filed a Rebuttal Disclosure – as to the Rebuttal Disclosure, solely – even if the expert's deposition had previously been taken in regard to an Affirmative Disclosure.

Such depositions shall be in addition to those authorized under Section I of the Court's Rule 16 Scheduling Order entered on October 7, 2005.

3. **Document Production**: The parties shall make all responsive hard copy and electronic documents available for production to the requesting party by **December 30, 2005**. In the interim, the parties shall, on an interim basis, make available for review any documents that are assembled, reviewed, and ready for production prior to December 30, 2005.

4. **Privilege Log**: Each party shall produce its privilege log with regard to hard copy and electronic document production to the opposing party on or before **December 30, 2005.**

5. **Answers to Interrogatories**: Pursuant to the agreement between ALSTOM and AES-PR, ALSTOM shall limit its interrogatory in the manner in which it agreed with AES-PR and AES-PR shall supplement its Answer to ALSTOM's revised Interrogatory No. 2.

6. **Hearing**: The hearing currently scheduled for December 20, 2005 at 10:00 a.m. is canceled.

December 16, 2005

_____
United States District Judge

Tab 43

LAW OFFICES
## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

DANIEL D. WILLIAMS
(202) 434-5263
ddwilliams@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 5, 2006

<u>Via Email & U.S. MAIL</u>

Anthony F. Vittoria, Esq.
Ober, Kaler, Grimes & Schriver
120 East Baltimore Street
Baltimore, MD 21202-1643

Re:   **AES Puerto Rico, LP v. ALSTOM Power, Inc.**

Dear Tony:

This letter is in response to your letter of December 29, 2005. Although I believe we addressed most of the issues in your letter on our discovery call on Wednesday, this letter seeks to memorialize those communications and to provide you with an update.

First, AES-PR continues to believe that it has collected all relevant EPA information that it possesses. As you know, AES-PR produced over 1300 pages of EPA-related information, including the EPA's final permitting decision regarding the 1998 permit. See AES-PR AESPR 076044 - 076179. However, next week Jeb will be at the Plant and will re-confirm that we have produced all of the responsive paper documents that can be located.

Second, as Jeb mentioned on the phone on Wednesday, on December 19, 2005, AES-PR produced the Ron McParland email and its attachments that your letter claims AES-PR has not produced. As to the broader concern you express regarding the adequacy of AES-PR's efforts to retrieve documents in response to ALSTOM's requests, I can assure you that AES-PR has engaged in a systematic process of gathering, reviewing, and producing responsive documents (both hardcopy and electronic) and that those efforts fully conformed to the requirements of the Federal Rules.

C 129

WILLIAMS & CONNOLLY LLP

Anthony F. Vittoria, Esq.
January 5, 2006
Page 2

   As to the Daily Opacity Reports you mention, the data in those reports is stored in the Plant's CEMS computer system. We believe that the information contained in those reports substantially duplicates the hundreds and hundreds of pages of opacity data that AES-PR has already provided ALSTOM. As you know, last month and again on Wednesday, we have offered to make the plant's central computer systems for operating data available to your technician to make a copy of whatever data you believe you require. We have agreed to provide reasonable access for you to do so at any time during fact discovery. In addition, we conferred with our client following Wednesday's call and discovered that a number of the types of daily reports you described in your letter have been printed and are available in paper format as well as from the CEMS system. I can make these reports available to your copy service at the Plant at your convenience.

   Third, I sent you an email listing the individuals for whom AES-PR has collected central-server email and have agreed to collect email for all but one of the individuals listed in your December 29 letter. We will be sending you a list on Friday of around half a dozen ALSTOM employees for whom it appears ALSTOM has not collected email and who should have responsive, nonduplicative email that we would request you produce.

   Fourth, as Jeb confirmed on the phone, AES-PR has collected, reviewed, and produced documents from AES-PR's shared drive.

   Fifth, you ask that we confirm that AES-PR has produced all documents "relating to AES's imposition of a litigation hold to preserve documents related to the AES Puerto Rico project." We have produced the memorandum establishing a litigation hold for this litigation. Information concerning other litigation to which Alstom was not a party is not relevant to this lawsuit and has not been gathered or produced. Moreover, many of the communications concerning other unrelated litigations are privileged.

   Finally, I would like to re-confirm two issues we raised on Wednesday's call. First, we remain very troubled that ALSTOM has missed the court-imposed deadline for producing its privilege log for electronic documents. Given that we have serious questions about ALSTOM's privilege log relating to hardcopy documents (we'll be sending a letter soon laying out those concerns), we are deeply troubled that you indicated it could be as long as two weeks before we receive that log – nearly three weeks after the court-imposed deadline.

C 130

WILLIAMS & CONNOLLY LLP

Anthony F. Vittoria, Esq.
January 5, 2006
Page 3

   Second, we also remain concerned about ALSTOM's failure to produce all email documents for Mr. Barber, who is a central witness in this litigation, and are equally concerned that you indicated it could be up to two weeks until we receive those documents, which will put us receiving those documents after the start of depositions in this matter. Given the importance of Mr. Barber to this litigation, I trust that you will gather and produce his email as promptly as possible.

   Please don't hesitate to call if you have questions before our next scheduled discovery call.

Sincerely,

Daniel D. Williams

Tab 44

ENVIRONMENTAL INDEX
RECORDKEEPING
REGULATORY REQUIRED

EO: Environmental Office

| Year | Record ID | Area | Status | Title | Location | Recordkeeping Requirements (yrs) |
|---|---|---|---|---|---|---|
| 2005 | | Air | Active | 2005 Actual Emissions Inventory Report | EO: Cabinet R1 | 10 years |
| 2005 | | Air | Active | 2005 Excess Emissions Reports | EO: Cabinet R1 | 10 years |
| 2005 | | Air | Active | 2005 Monthly Fuel & Sulfur Reports | EO: Cabinet R1 | 5 years |
| 2005 | | Air | Active | 2005 Quarterly Coal Analysis | EO: Cabinet R1 | 5 years |
| 2005 | | Air | Active | 2005 Semiannual Coal Composite Results | EO: Cabinet R1 | 10 years |
| 2005 | | Waste | Active | 2005 EQB resolutions communications | EO: Cabinet R1 | Perpetual |
| 2004 | | Air | Active | 2004 Actual Emissions Inventory Report | EO: Cabinet R2 | 10 years |
| 2004 | | Air | Active | 2004 Actual Air Emissions Payment | EO: Cabinet R2 | 5 years |
| 2004 | | Air | Active | 2004 Quarterly Coal Analysis | EO: Cabinet R2 | 5 years |

C 132

| | | | | |
|---|---|---|---|---|
| 2004 | Air | Active | 2004 Semiannual Coal Composite Results | EO: Cabinet R2 | 10 years |
| 2003 | Air | Active | 2003 Quarterly Coal Analysis | EO: Cabinet R2 | 5 years |
| 2002 | Air | Active | 2002 Air Pollution Emergency Response P | EO: Cabinet R2 | 10 years |
| 2002 | Air | Active | 2002 Part 1 MACT Application | EO: Cabinet R2 | 10 years |
| 2002 | Air | Active | 2002 Environmental Incidents -EQB | EO: Cabinet R2 | 10 yrs |
| 2002-2003 | Air | Active | 2002-2003 Notifications Air Permit Related to EPA & EQB | EO: Cabinet R2 | 10 yrs |
| 2003 | Air | Active | 2003 Notice of Violation Jun 3, 2003 & Consent Order OAL-03-246, Fine Pay | EO: Cabinet R2 | 10 yrs |
| 2004 | Air | Active | 2004 Notice of Violation Jun 28, 2004 (Actual Emisions Inventory related) | EO: Cabinet R2 | 11 yrs |
| 2002 | Water | Inactive | 2002 EQB Permit - WWTP without discharge | EO: Cabinet R2 | 5 years |
| 2003 | Water | Active | 2003 Wells Emergency Operating Procedure (Notifications) | EO: Cabinet R2 | 5 years |

C 133

| Regulatory Reference | Agency | Description | Comments |
|---|---|---|---|
| Title V Permit Application | EQB-Air | | |
| Title V Permit Application | EQB-Air | | |
| PSD Permit: Attachment II Condition XVI, Other Requirements; 1. Coal Sampling; and Title V Permit Application | EPA and EQB-Air | | High Priority: Not submitted the reports in 2005 |
| EQB-Construction Permit PFE-30-0896-0860-II-C Section III-D-6 | EQB-Air | | Submitted with Monthly reports. Needs to verify. 2005 file is empty. |
| N/A | EQB- Board | | Not received response to a resolution request submitted in April 6, 2005. Follow-up |
| | EQB-Air | | |
| | EQB-Air | | |
| PSD Permit: Attachment II Condition XVI, Other Requirements; 1. Coal Sampling; and Title V Permit Application | EPA and EQB | | Q1,Q2,3 & 4 submitted late (feb). |

C 134

| Item | Agency | Notes | Status |
|---|---|---|---|
| EQB-Construction Permit PFE-30-0896-0860-II-C Section III-D-6 | EQB-Air | | Missing S1 analysis report. Verify. |
| PSD Permit: Attachment II Condition XVI, Other Requirements; 1. Coal Sampling; and Title V Permit Application | EPA and EQB | | High Priority: Not submitted the reports in 2007 |
| EQB RCAP Rule 107 | PREQB-Air | | High Priority: Needs ammendments. Not signed. Verify if was submitted. Simplify to SPCC? |
| 40 CFR 63 Subpart B Fugitive Air Emissions-Dust | EPA and EQB-Air | | Re-evaluate and document non applicability of the MACT. |
| | EQB-Air | | Closed |
| PSD and Construction Permit | EPA & EQB - Air | | Closed |
| Title V | EQB & EPA - Air | Not submitted the Title V Permit Application | Closed |
| | | Emissions inventory identified permit exceedance based on Drummond analysis. Requested semiannual verification analysis and use of a US Lab agreed. | |
| Title V & Resolution | EQB Air | | Closed |
| EQB Regulation for the Certification of Documents and Plans and Permit CAG-01-30-0006 | EQB-Water | | |
| Wells Franchise | DNRE | | Closed |

C 135

Tab 45

# OBER | KALER
A Professional Corporation

**Ober, Kaler, Grimes & Shriver**
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

**Anthony F. Vittoria**
afvittoria@ober.com
410-347-7692

**Offices In**
Maryland
Washington, D.C.
Virginia

August 16, 2005

**VIA FIRST CLASS MAIL & FACSIMILE**
(212-637-5046)
Regional Freedom of Information Officer
U.S. EPA
290 Broadway, 26th Floor
New York, NY 10007-1866

Re:   AES Puerto Rico Co-Generation Plant
      Freedom of Information Act Request

Dear Madam/Sir:

Pursuant to the provisions of the Freedom of Information Act ("FOIA") 5 U.S.C. §552, *et seq.*, this letter requests copies of documents and public records as indicated below.

We request that you provide us with copies of the following items related to the AES Puerto Rico Co-Generation Plant ("AES-PRCP"):

1.   All documents exchanged between AES Puerto Rico, LP ("AES-PR"), or any individual or entity acting on its behalf, and EPA Region II comprising or relating to AES-PR's application for a Prevention of Significant Deterioration of Air Quality ("PSD") permit for the AES-PRCP or EPA Region II's issuance of the PSD permit for AES-PRCP.

2.   All documents evidencing, relating or referring to the AES-PRCP's compliance or failure to comply with the PSD permit or any other air emission standard.

As set forth in 5 U.S.C. §522(a)(6)(A)(i), we would like to receive this information by September 20, 2005. If it is not possible to comply with all portions or aspects of this request within this time period, please provide a partial response with the available materials and a written statement stating the reason why the other public records will not be provided within the required time period.

We understand that there may be a charge for your time and the copying costs associated with this request and are willing to pay these costs. Please forward an invoice for the charges to my attention at the address listed above.

C 136

OBER | KALER
A Professional Corporation

Regional Freedom of Information Officer
August 16, 2005
Page 2

    Your assistance in providing this information is greatly appreciated. Should you have any questions, please contact me at (410) 347-7692.

                              Sincerely,

                              Anthony F. Vittoria

AFV:rgj

Afv
771176

C 137