IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AES PUERTO RICO, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civ. No. 04-1282-JJF |
| ) | |
| ALSTOM POWER, INC., ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF AES PUERTO RICO, L.P.'S MOTION TO COMPEL DEFENDANT ALSTOM TO PRODUCE EXPERT DOCUMENTS

Plaintiff AES Puerto Rico, L.P. ("AES-PR") requested that Defendant ALSTOM Power, Inc. ("ALSTOM") produce the documents of its testifying experts in advance of their depositions. In what appears to be a retaliatory response to AES-PR's refusal to permit ALSTOM to depose AES-PR's experts outside of the time period established by this Court, ALSTOM has refused altogether to produce its experts' documents. ALSTOM's tit-for-tat refusal to produce documents represents an abuse of the discovery process. AES-PR requested ALSTOM's experts' documents both in its March 7, 2005 First Set of Document Requests and in subpoenas *duces tecum* issued to each of ALSTOM's experts immediately following ALSTOM's identification of its experts. There is no basis for ALSTOM's withholding of these documents. Accordingly, pursuant to Fed. R. Civ. P. 37, AES-PR now moves to compel ALSTOM to produce its testifying experts' responsive documents and for authorization to continue the expert depositions once the documents are produced.

I.  **AES-PR'S OUTSTANDING DOCUMENT REQUESTS REQUIRED ALSTOM TO PRODUCE ITS EXPERTS' DOCUMENTS.**

ALSTOM bases its refusal to produce its experts' documents on the incorrect premise that AES-PR does not have any outstanding discovery requests for them. *See* Tab A. But AES-PR's March 7, 2005, "First Set of Document Requests" asked for documents in the possession of both ALSTOM and "any agents acting on the behalf of" ALSTOM. *See* Tab B at ¶ e. ALSTOM's testifying experts – and ALSTOM's counsel, who engaged these experts and has control over their documents – plainly qualify as "agents" of ALSTOM. Indeed, counsel for ALSTOM said exactly that during a deposition of one of its experts. *See* Tab C (Ballinger Dep. 406:1-5) (witness "an agent of Ober Kaler's, and so the documents . . . are actually the property of Ober Kaler") (rough transcript). AES-PR's Document Requests include several specific requests that clearly are broad enough to cover all documents generated, read, reviewed, or used by ALSTOM's testifying experts in connection with their reports. *See, e.g.*, Tab B (Document Request Nos. 9, 10, 18, 24, and 25). There simply is no valid excuse for ALSTOM to refuse to produce its experts' documents in response to AES-PR's Document Requests.

ALSTOM's refusal to produce its experts' documents in response to AES-PR's Document Requests is particularly misplaced in light of the fact that ALSTOM has taken the position that its own First Request for Production of Documents to AES-PR was sufficient to compel AES-PR to produce its experts' documents. *See* Tab A. AES-PR has produced its experts' documents in response to ALSTOM's document requests even though ALSTOM never issued subpoenas directly to AES-PR's experts. ALSTOM obviously agrees that a party's experts are agents of the party, otherwise its own Rule 34 request for documents would have been insufficient to compel production of documents from AES-PR's experts. *See* Fed. R. Civ.

P. 34. But with respect to ALSTOM's testifying experts, ALSTOM appears to contend that the same principle of agency does not apply.

Finally, the parties' course of dealing throughout discovery reveals that both parties expected that experts' documents would be produced after service of expert disclosures. For example, on November 8, 2005, ALSTOM agreed it would produce expert documents from Altran, one of ALSTOM's testifying experts, during the period for expert discovery, if Altran was designated as a testifying expert. *See* Tab D. The parties also discussed throughout discovery that expert document production would occur after expert reports were issued. *See, e.g.*, Tab E, p. 4. ALSTOM never suggested at that time that it was not obligated to produce documents from its testifying experts because of some perceived deficiency with AES-PR's Requests for Documents. And, at the very least, the parties' discussions about expert document production establish that AES-PR made it known to ALSTOM that AES-PR was seeking documents from ALSTOM's testifying experts. *See Kern River Gas Transmission Co. v. 6.17 Acres of Land*, 156 Fed. Appx. 96, 101, 2005 WL 3257509 (10th Cir. Dec. 2, 2005) (noting that, although a party did not make a formal Rule 34 request for documents, opposing party should have produced documents in response to "informal requests").

## II.  AES-PR'S SUBPOENAS *DUCES TECUM* REQUIRED PRODUCTION OF ALSTOM'S EXPERTS' DOCUMENTS.

Not only does AES-PR's First Set of Document Requests to ALSTOM call for production of these documents, AES-PR also issued subpoenas *duces tecum* to each of ALSTOM's experts for all documents created by or reviewed by the experts. *See* Tab F. As a courtesy, and consistent with both parties' prior practice in this litigation, AES-PR sent the subpoenas to ALSTOM's counsel rather than sending a process server to the place of business of each of these experts. Moreover, as a convenience to ALSTOM's counsel, the subpoenas

requested that the documents be produced for inspection at the offices of ALSTOM's counsel in Baltimore, Maryland. *Id.*

ALSTOM refused to comply with these subpoenas, contending that they were a "nullity" because they were issued from this Court but sought physical production of the documents in Maryland and because they were not served on the experts by a process server. *See* Tab G. ALSTOM's complaint that the subpoenas issued out of this Court instead of the United States District Court for the District of Maryland is without merit. ALSTOM's experts now have submitted Expert Reports for use in litigation pending before this Court and thereby have submitted themselves to the jurisdiction of this Court – accordingly their refusal to obey a subpoena from this Court is not well founded. Moreover, AES-PR immediately offered to resolve any objection to the place of production by proposing to accept production of the documents in Delaware. *See* Tab H. ALSTOM never responded to that proposal; it instead persisted in labeling this Court's subpoenas a "nullity." *See* Tab I.

With respect to service of the subpoenas, ALSTOM's counsel was the one who retained these experts and who served the experts' reports on AES-PR and ALSTOM's counsel has made clear that it is he who controls the documents. *See* Tab J (Mair Deposition 87:5-9) (Counsel for ALSTOM stated during expert's deposition that "it's not [the expert's] place to decide whether those documents are produced or not," it is the decision of the law firm, Ober Kaler). Accordingly, it is perfectly proper for AES-PR to have served the expert document subpoenas care of the attorney who engaged the experts and controls the documents. Service on ALSTOM's counsel was made properly by facsimile and first class mail as well as by electronic filing. *See* D.I. 99-102; Fed. R. Civ. P. 5(b)(2) (listing methods of service on a party's attorney). Indeed, service of subpoenas on ALSTOM's counsel is consistent with the parties' practice

4

throughout this litigation, as counsel for both sides have accepted service of subpoenas on behalf of, *e.g.*, former employees of their client companies and litigation consultants.

ALSTOM's counsel supplemented its theory that this Court's subpoena is a nullity by letter dated April 5, 2006, in which it contended that the subpoenas were untimely and gave the witnesses insufficient time to comply. *See* Tab I. These excuses are equally unpersuasive. First, AES-PR provided ALSTOM's experts eight days to comply, which was sufficient. And AES-PR agreed to extend the time if ALSTOM needed it. Counsel for AES-PR stated in a letter to ALSTOM's counsel that he would "accommodate your needs in terms of timing" to comply with the subpoena. *See* Tab H. Second, ALSTOM's claim that the subpoenas are untimely because they follow fact discovery makes no sense, because ALSTOM did not produce its expert disclosures until ten days after the close of fact discovery on March 10, 2006. It would have been impossible to issue subpoenas for these experts' documents until ALSTOM disclosed the identity of the experts. Indeed, during discovery, the parties agreed that expert document production would occur after expert reports were issued. *See* Tab E, p. 4.

### III.  ALSTOM FAILED TO COMPLY WITH AN OCTOBER 12, 2005 SUBPOENA TO ALTRAN AS WELL.

On October 12, 2005, AES-PR issued a subpoena *duces tecum* for documents from Altran Corporation ("Altran"), *See* Tab K, a company that had produced a technical report in September 2004 concerning the corrosion of the pollution control equipment at issue in this litigation. Because ALSTOM had retained Altran as a potential expert witness for this litigation, ALSTOM's counsel stated that ALSTOM, on behalf of Altran, would be producing Altran's documents that pre-dated October 28, 2004 (the date it claimed Altran began working for ALSTOM). *See* Tab L. With respect to documents post-dating October 28, 2004, ALSTOM's counsel claimed that those documents were attorney work product and would not be produced

5

unless and until an Altran employee was designated as a testifying expert. *See* Tab D. On November 22, 2005, ALSTOM produced 212 pages of documents from Altran and claimed that these were "Altrans' documents responsive to AES's subpoena." *See* Tab M.

ALSTOM subsequently designated Altran Principal Ronald Ballinger as an expert witness in this litigation. During the April 11, 2006 deposition of Dr. Ballinger, he testified that he had never seen AES-PR's October 12, 2005 subpoena and that he never had been asked to collect his pre-October 2004 documents to comply with the subpoena. *See* Tab C (Ballinger Dep. 129:15 – 130:4). In particular, Dr. Ballinger testified that he had draft copies of a September 2004 report Altran issued concerning the corrosion at the AES-PR facility, as well as meeting notes taken prior to September 2004 with Dreu Beers, an important witness concerning ALSTOM's refusal to honor its corrosion warranty. *See id.* (Ballinger Dep. 130:14 – 17; 402:21 – 403:18). There can be no serious dispute that these documents are called for under the October 12, 2005 subpoena.

In light of this obvious failure to have complied with the October 12, 2005 subpoena, and ALSTOM's counsel's mistaken assurance that the responsive documents pre-dating October 2004 had been produced, counsel for AES-PR immediately sent ALSTOM's counsel an e-mail requesting that the documents be produced forthwith. *See* Tab N. ALSTOM's counsel never responded. There is absolutely no excuse for ALSTOM's counsel to have failed to produce these documents, either in response to the October 12, 2005 subpoena or after receiving AES-PR's request following Dr. Ballinger's April 11, 2006 deposition.

## CONCLUSION

For the foregoing reasons, AES-PR respectfully requests that this Court grant AES-PR's motion to compel, require ALSTOM to produce all responsive documents from its testifying experts, including the Altran documents responsive to AES-PR's October 12, 2005

subpoena, and permit AES-PR to continue the depositions of ALSTOM's experts once the experts' documents have been produced.

                                                      Respectfully submitted,

| OF COUNSEL: | |
|---|---|
| Dane H. Butswinkas | /s/ John S. Spadaro |
| R. Hackney Wiegmann | John S. Spadaro (Bar No. 3155) |
| Daniel D. Williams | MURPHY SPADARO & LANDON |
| Ann N. Sagerson | 1011 Centre Road, Suite 210 |
| James L. Tuxbury | Wilmington, DE 19805 |
| WILLIAMS & CONNOLLY LLP | Tel. (302) 472-8100 |
| 725 Twelfth Street, N.W. | Fax (302) 472-8135 |
| Washington, D.C. 20005 | |
| Tel. (202) 434-5000 | |
| Fax (202) 434-5029 | |
| | |
| Dated: April 17, 2006 | Attorneys for AES Puerto Rico, L.P. |

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1.1

I hereby certify that prior to filing this motion I communicated via letter and email with counsel for defendant ALSTOM to request the expert documents. ALSTOM's counsel has not agreed to produce the documents.

_____
Daniel D. Williams
Attorney for Plaintiff AES Puerto Rico, LP

## CERTIFICATE OF SERVICE

On April 17, 2006, Plaintiff served Plaintiff AES Puerto Rico, L.P.'s Motion to Compel Defendant ALSTOM To Produce Expert Documents by e-mail and first class mail, postage prepaid, on:

>Richard R. Wier, Esq.
>Daniel W. Scialpi, Esq.
>Two Mill Road
>Suite 200
>Wilmington, Delaware 19806

and,

>James E. Edwards, Esq.
>Anthony Vittoria, Esq.
>Ober, Kaler, Grimes & Shriver
>120 East Baltimore Street
>Baltimore, Maryland 21202-1643


/s/ John S. Spadaro