# Tab D

# OBER|KALER
A Professional Corporation

**Ober, Kaler, Grimes & Shriver**
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

**Anthony F. Vittoria**
afvittoria@ober.com
410-347-7692

**Offices In**
Maryland
Washington, D.C.
Virginia

November 8, 2005

**VIA FACSIMILE AND FIRST-CLASS MAIL**

Daniel D. Williams, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Re: *AES Puerto Rico, LP v. ALSTOM Power Inc.*
    **Civil Action No. 04-1282-JJF**

Dear Dan:

I am writing in regard to AES's Subpoena *Duces Tecum* to Altran Corporation ("Altran") and your letter of October 28, 2005 to Michael Schollaert regarding that Subpoena.

ALSTOM engaged Altran effective October 4, 2005 to assist Ober|Kaler in the defense of AES's claims in this litigation. At this time, Altran is serving as a consulting expert, as contemplated by Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure. As such, all of the information and documents created by Altran or exchanged between Altran and ALSTOM after October 4, 2005 are protected by the attorney work product doctrine and, to the extent applicable, the attorney-client privilege. (This category of documents will be referred to as the "Work Product Documents.") Accordingly, neither ALSTOM nor Altran will be producing any of the Work Product Documents at this time.

Prior to October 4, 2005, Altran had been retained by Liberty Bond Services ("Liberty") to assist in potential litigation relating to the corrosion of the ESP internals at the Guayama, Puerto Rico Project. Effective October 28, 2004, ALSTOM and Liberty entered into a Joint Defense Agreement relating to AES's claims against ALSTOM for the corrosion of the ESP internals. Accordingly, all information and documents created by Altran or exchanged between ALSTOM, Liberty, and/or Altran after October 28, 2004 are protected by the attorney work product doctrine and, to the extent applicable, the attorney-client privilege. (This category of documents will be referred to as the "Joint Defense Documents.") Accordingly, neither ALSTOM or Altran will be producing any of the Joint Defense Documents at this time.



Daniel D. Williams, Esquire
November 8, 2005
Page 2

     While analyzing the facts relating to the production of this material, ALSTOM originally withheld from production certain documents that had been exchanged between ALSTOM and Liberty prior to October 28, 2004 relating to the corrosion analysis work performed by Altran. Based on its analysis, ALSTOM will, at this time, produce this category of documents in response to AES's First Request for Production of Documents. Likewise, we are advised that Altran will, at this time, produce this category of documents in response to AES's Subpoena *Duces Tecum*.

     In addition, if and when ALSTOM determines that one or more of Altran's employees or agents will be called to testify as an expert witness in this matter, ALSTOM and Altran will produce additional documents from the Work Product Documents and the Joint Defense Documents in accordance with the schedule set forth in the Federal Rules of Civil Procedure.

                                 Sincerely,

                                   Anthony F. Vittoria

AFV:

cc:    James E. Edwards, Jr., Esquire
        Michael A. Schollaert, Esquire
        Kevin S. Corwin, Esquire

AFV
775951