# Tab G



**OBER | KALER**
A Professional Corporation

Ober, Kaler, Grimes & Shriver
Attorneys at Law

120 East Baltimore Street
Baltimore, MD 21202-1643
410-685-1120 / Fax 410-547-0699
www.ober.com

James E. Edwards, Jr.
jeedwards@ober.com
410-347-7330

Offices In
Maryland
Washington, D.C.
Virginia

April 3, 2006

<u>VIA FACSIMILE & FIRST-CLASS MAIL</u>

Daniel D. Williams, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Re: AES Puerto Rico, L.P. v. ALSTOM Power Inc.

Dear Dan:

Last week, your office sent two packages of subpoenas to my attention. The first package of subpoenas, purportedly issued by the United States District Court for the District of Delaware, apparently sought the production of documents by individuals retained or specially employed by ALSTOM to provide expert testimony in this case. The second package, again purportedly issued by the United States District Court for the District of Delaware, requested the appearance of these same individuals in this Firm's offices for depositions.

In both instances, the attempted form of service of the subpoenas is improper under the Federal Rules of Civil Procedure. Furthermore, under Rule 45(a)(2), subpoenas issued by the Court in Delaware are ineffective in securing the production of documents in Maryland or the appearance of witnesses in Maryland. Accordingly, such subpoenas are a nullity and require no further response.

Notwithstanding that AES' subpoenas are a nullity, ALSTOM agreed to make expert witnesses available for depositions on certain dates and, pursuant to AES' Notices of Deposition, those expert witnesses will appear at the time and place indicated in the Notices. We have arranged to make a conference room available in our offices for each of these depositions.

Based on AES' failure to make complete production in discovery, ALSTOM has filed discovery motions with the Court. ALSTOM reserves the right to supplement its Expert Witness Disclosures should AES produce additional documents or electronic data in response to ALSTOM's motions or otherwise. Should AES go forward with these depositions as scheduled prior to the supplementation of ALSTOM's Expert Witness Disclosures, ALSTOM will not voluntarily reconvene these depositions.

OBER | KALER
A Professional Corporation

Daniel D. Williams, Esquire
April 3, 2006
Page 2

    Finally, ALSTOM has given notice of its intention to take the depositions of six individuals identified by AES in its Expert Witness Disclosure pursuant to Federal Rule 26(a)(2). In the Notices, ALSTOM indicated a willingness to attempt to reach an agreement regarding the dates and locale for the depositions and, in an accompanying cover letter, requested confirmation that the witnesses would appear. To date, ALSTOM has not received a response to that communication. Instead, AES filed a Motion for Protective Order with regard to those depositions to which ALSTOM is responding today. Unless we receive written instructions to the contrary by the close of business on April 3, 2006, ALSTOM will assume that AES' witnesses will not appear for the depositions.

    If you have any questions, please call me.

Sincerely yours,

James E. Edwards, Jr.

JEEJr/bak