IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES PUERTO RICO, L.P., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 04-1282-JJF |
| ALSTOM POWER, INC., | : | |
| Defendant. | : | |

MEMORANDUM ORDER

Pending before the Court are Defendant's Motion To Compel Production Of "AESC.COM" Email And Associated Electronic Documents (D.I. 75) and Plaintiff AES Puerto Rico, L.P.'s Motion To File A Surreply In Opposition To Defendant's Motion To Compel "AESC.COM" Email And Associated Electronic Documents (D.I. 87).[1] For the reasons discussed, both motions will be granted.

I.   BACKGROUND

A brief recitation of certain relevant facts may be helpful. Sometime during 2002, AES Puerto Rico, L.P. ("AES") changed email systems. As a result, the email address for AES employees was changed from aesc.com to aes.com. According to ALSTOM Power Inc. ("ALSTOM"), AES has refused to produce any aesc.com emails. ALSTOM has limited its request for the aesc.com emails to emails sent to or received by twelve individuals[2] during the period from

---

[1] The Court has considered the Surreply Brief of AES over the objection of ALSTOM.

[2] The twelve individuals are Stewart Ferguson, Ron McParland, Gary Petrie, Dale Hoxie, David Stone, Richard Trifonoff, Elias Sostre, Gary Bates, Al Dyer, Tracy Jarvis, Doug Tomlin, and Paul

early 2000 until AES stopped using the email system in 2002.

## II. PARTIES CONTENTIONS

By its motion, ALSTOM contends that the aesc.com emails contain discussions during the design phase, which are central to the issues in this case. Specifically, ALSTOM contends that AES was made aware of the potential for corrosion by ALSTOM, the general contractor, and ALSTOM's subcontractor and that AES discussed the corrosion internally and with outside consultants. ALSTOM contends that these emails are highly relevant because they will demonstrate AES' awareness of the operational and maintenance procedures required to prevent corrosion.

In response, AES contends that the aesc.com emails are on backup tapes and that it would be too expensive and time-consuming to produce all the emails. AES contends that restoration of the backup tapes, which are in an obsolete format, would cost approximately $70,000-$150,000 and would take ten to fourteen weeks to complete. AES further contends that the motion to compel should be denied because ALSTOM waited until the end of fact discovery to bring its motion to compel and declined a previous agreement that required ALSTOM to bear the costs

---

Stinson. These individuals allegedly include people who attended a February 2000 meeting that involved discussion of the corrosion issue, the current and former presidents of AES, a trouble-shooting engineer from AES, and a number of AES employees who were employed during the time the aesc.com email system was in use. (D.I. 75 at 7 n.3)

associated with the restoration. Finally, AES contends that the backup tapes were created in 2001, long before the events at issue in this litigation and, therefore, do not contain relevant information.

## III. DISCUSSION

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Such discovery is not limited to admissible evidence, but to evidence that is reasonably calculated to lead to the discovery of admissible evidence. Id. A court may limit discovery "if the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2).

The Court concludes that the discovery sought is relevant and is likely to lead to admissible evidence. ALSTOM has established that the information sought is relevant and material because it will show AES' awareness of the operational and maintenance procedures required to prevent corrosion.[3] AES'

---

[3]Of course, if the documents fail to establish the knowledge of AES of procedures to prevent corrosion, ALSTOM could be ordered to reimburse AES for all costs, including attorney fees,

contention that emails sent or received prior to November 2003 are irrelevant is unconvincing.  According to ALSTOM, AES was made aware of the procedures prior to delivery of the power plant, and thus, the Court finds the information ALSTOM seeks is relevant.

Furthermore, after considering the purposes of Rule 26, the Court concludes that the burden or expense of the requested discovery does not outweigh its likely benefit.  The cost allegedly associated with producing the discovery is relatively small in comparison to the approximately $40 million AES asserts as damages.  Also, AES is a large and sophisticated corporation with substantial resources, and therefore, AES should have foreseen the need for such discovery when it decided to file the instant lawsuit.

Additionally, the Court is not persuaded by AES' argument that the Motion should be denied because ALSTOM has delayed until late in the discovery period to seek this discovery.  ALSTOM served its first request for production of documents on March 28, 2005 and its second request on October 25, 2005.  Following AES' objections to the aesc.com discovery, ALSTOM sought to depose a person knowledgeable about several electronic document production issues.  However, the witnesses at both depositions had no knowledge about the costs and time associated with restoring the

---

associated with the production.

backup tapes or how the email was archived on the backup tapes. In December 2005, ALSTOM again requested the emails from the backup tapes, and AES refused, citing extraordinary costs. In January and February 2006, ALSTOM again requested the documents. The parties met regarding this discovery issue on February 15, 2006. ALSTOM filed its motion to compel on February 22, 2006.

Finally, the Court concludes that shifting the cost of the discovery to ALSTOM is inappropriate in this case. The Default Standard For Discovery Of Electronic Documents, utilized by Judges in this District, provides that "the costs of discovery shall be borne by each party. However, the court will apportion the costs of electronic discovery upon a showing of good cause." The Court has concluded that the discovery requested is relevant, and AES should have produced it in the first instance. Thus, the Court concludes that the fact that production will be costly and time-consuming does not establish good cause for shifting the cost, and accordingly, AES must bear the costs of production.

For the reasons discussed, the Court will grant ALSTOM's Motion To Compel Production of "AESC.COM" Email And Associated Electronic Documents (D.I. 75) and Plaintiff AES Puerto Rico, L.P.'s Motion To File A Surreply In Opposition To Defendant's Motion To Compel "AESC.COM" Email And Associated Electronic Documents (D.I. 87).

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that:

1. Defendant's Motion To Compel Production Of "AESC.COM" Email And Associated Electronic Documents (D.I. 75) is **GRANTED**.

2. Plaintiff AES Puerto Rico, L.P.'s Motion To File A Surreply In Opposition To Defendant's Motion To Compel "AESC.COM" Email And Associated Electronic Documents (D.I. 87) is **GRANTED**.

3. AES is ordered to produce all aesc.com emails as narrowly requested by ALSTOM.

4. AES shall bear the costs of the ordered production.

April 28, 2006                                      _____
                                                    UNITED STATES DISTRICT JUDGE