IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AES PUERTO RICO, L.P.,        :
                             :
        Plaintiff,           :
                             :
    v.                       :    Civil Action No. 04-1282-JJF
                             :
ALSTOM POWER, INC.,          :
                             :
        Defendant.           :

## MEMORANDUM ORDER

Pending before the Court are Defendant's Second Motion To Compel Production Of Electronic Documents Or, In The Alternative, For Sanctions (D.I. 76) and Plaintiff AES Puerto Rico, L.P.'s Motion To File A Surreply In Opposition To Defendant's Second Motion To Compel Production Of Electronic Documents, Or, In The Alternative, For Sanctions (D.I. 88).  For the reasons discussed, both Motions will be denied.[1]

## I.    PARTIES CONTENTIONS

By its Motion, ALSTOM contends that AES should be ordered to produce all electronic documents in its possession.  ALSTOM contends that some documents are missing because it has compared email messages exchanged between the parties that are in ALSTOM's file with the emails produced by AES.  To make this comparison, ALSTOM used several keywords to search its files and then, using the same keywords, searched the documents produced by AES.

---

[1]Because the Court would decline to sanction AES with or without the surreply, the Court will deny AES' Motion to file the surreply.

ALSTOM contends that it had far more documents in its file that matched the keywords than those produced by AES.  Alternatively, ALSTOM contends that sanctions should be imposed such that, at trial, the jury should be instructed to draw a negative inference as to the content of unproduced electronic documents.

In response, AES contends that it was not required to maintain each email sent or received prior to the filing of this lawsuit.  AES further contends that ALSTOM cannot meet the standard for an adverse-inference instruction because it cannot demonstrate that AES intentionally destroyed relevant documents, which could foreseeably be used in this litigation.  Finally, AES contends that ALSTOM's analysis of electronic production is flawed and that ALSTOM has not participated in discovery in good faith.

## II.  DISCUSSION

Where a party has destroyed evidence, a court may give the jury an adverse-inference instruction, which permits an inference "that the destroyed evidence would have been unfavorable to the position of the offending party." Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 78 (3d Cir. 1994).  In order to obtain an adverse-inference instruction, a party must establish that the evidence was under the adverse party's control and that it was intentionally or fraudulently destroyed. Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 334 (3d Cir. 1995).  The

2

appropriateness of the sanction depends on three factors: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party, and where the offending party is seriously at fault, will serve to deter such conduct in the future." Rhein-Hawes v. Vanguard Group, Inc., 2005 U.S. Dist. LEXIS 32761, at *5-6 (E.D. Pa. Dec. 14, 2005) (citing Schmid, 13 F.3d at 81).

The Court concludes that ALSTOM has failed to demonstrate that AES intentionally or fraudulently destroyed or deleted electronic documents.  AES has admitted that relevant documents may have been destroyed or deleted before AES initiated the instant action.  Immediately following the filing of the Complaint, however, AES advised its employees that they could not destroy or delete documents because of the pending litigation. While documents must be kept when litigation is reasonably anticipated, ALSTOM gave AES reason to believe that litigation was not going to be necessary through its analysis of the cause of the corrosion, which took ALSTOM several months.

Furthermore, the Court concludes that ALSTOM has failed to establish prejudice.  To establish prejudice, ALSTOM must show "a reasonable possibility based on concrete evidence, rather than a fertile imagination that access to the lost material would have

3

produced evidence favorable to his cause." <u>Gates Rubber Co. v.</u>
<u>Bando Chem. Indus., Ltd.</u>, 167 F.R.D. 90, 104 (D. Colo. 1996);
<u>Schmid</u>, 13 F.3d at 80 (overturning sanction of judgment in favor
of defendant where defendant did not "come forward with
plausible, concrete suggestions as to what the evidence might
have been"). ALSTOM's argument for sanctions is based on the
number of documents ALSTOM has found compared to the number of
those documents ALSTOM contends AES failed to produce. It is
difficult to understand how ALSTOM can be prejudiced by the
failure of AES to produce documents which ALSTOM apparently has
in its possession. The Court does understand ALSTOM's contention
that because there are some missing documents, there are likely
other missing documents. However, accepting this contention, the
Court is persuaded that ALSTOM's failure to demonstrate that any
destruction or deleting was intentional or fraudulent would, in
any event, weigh against the requested sanction.

For the reasons discussed, the Court will deny Defendant's
Second Motion To Compel Production Of Electronic Documents Or, In
The Alternative, For Sanctions (D.I. 76).

**ORDER**

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.  Defendant's Second Motion To Compel Production Of Electronic
    Documents Or, In The Alternative, For Sanctions (D.I. 76) is
    **DENIED**.

2.  Plaintiff AES Puerto Rico, L.P.'s Motion To File A Surreply
    In Opposition To Defendant's Second Motion To Compel
    Production Of Electronic Documents, Or, In The Alternative,
    For Sanctions (D.I. 88) is **DENIED**.

April ⟨28⟩ , 2006

_____
UNITED STATES DISTRICT JUDGE