IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AES PUERTO RICO, L.P.,                    *

      Plaintiff,                    *

    v.                    *        C.A. No. 04-1282-JJF

ALSTOM POWER INC.,                    *

      Defendant.                    *

*        *        *        *        *        *        *        *        *        *        *

## DEFENDANT ALSTOM POWER INC.'S PROPOSED VERDICT FORM

    ALSTOM Power Inc., defendant, by and through undersigned counsel, hereby submits

the proposed Verdict Form, which is attached as Exhibit 1.

                        Respectfully submitted,

                        _____

                        Richard R. Wier, Jr. (#716)
                        Daniel W. Scialpi (#4146)
                        RICHARD R. WIER, JR., P.A.
                        Two Mill Road, Suite 200
                        Wilmington, Delaware  19806
                        (302) 888-3222

                        John Anthony Wolf
                        James E. Edwards, Jr.
                        Anthony F. Vittoria
                        Michael A. Schollaert
                        OBER, KALER, GRIMES & SHRIVER
                        A Professional Corporation
                        120 East Baltimore Street
                        Baltimore, Maryland  21202-1643
                        (410) 685-1120
                        Fax:  (410) 547-0699

Dated:  May 1, 2006

## EXHIBIT 1 - VERDICT FORM

**A.      Accelerated Corrosion Warranty Claim**

1.      Has AES Puerto Rico, L.P. ("AES-PR")  proven, by a preponderance of the evidence,

that the collector plates in the Electrostatic Precipitator (the "ESP collector plates") sustained

accelerated corrosion as that term is defined under Section 1.6 of the General Terms of the

Contract between Duke/Fluor Daniel Caribbean, S.E. and ALSTOM Power  Inc. ("ALSTOM")?

_____ Yes        _____ No

If your answer is "No," please continue to Part B.

2.      In order to recover damages under ALSTOM's accelerated corrosion warranty, AES-PR

must have proven, by a preponderance of the evidence, that it met certain contractual conditions

precedent to ALSTOM's obligations under the accelerated corrosion warranty.

Do you find that AES-PR has proven, by a preponderance of the evidence, that it satisfied

all of the conditions precedent to ALSTOM's warranty, including performing all of the actions

required by the Operations and Maintenance Manuals ("O&M Manuals") for the pollution control

equipment?

_____ Yes        _____ No

If your answer is "Yes," please continue to question 5.

If your answer is "No," please continue to question 3.

3.      Has AES-PR proven, by clear and convincing evidence, that it is excused from its non-

performance of conditions precedent to its claim under the accelerated corrosion warranty based

upon ALSTOM's conduct under the doctrine of estoppel?

_____ Yes        _____ No

Please continue to question 4.

4.      Has AES-PR proven, by clear and convincing evidence, that it is excused from its non-

1

performance of conditions precedent to its claim under the accelerated corrosion warranty based upon ALSTOM's conduct under the doctrine of waiver?

_____ Yes    _____ No

If your answer to either questions 3 or 4 is "Yes," please continue to question 5.

If your answer to both questions 3 and 4 is "No," please continue to Part B.

5.    Do you find that ALSTOM has proven, by a preponderance of the evidence, that AES-PR voluntarily assumed a known risk by operating and maintaining the equipment in a manner inconsistent with the requirements of the O&M Manuals?

_____ Yes    _____ No

If your answer to this question is "Yes," please continue to Part B.

If your answer to this question is "No," please continue to question 6.

6.    Do you find that ALSTOM has proven, by a preponderance of the evidence, that AES-PR failed to follow the instructions for operating and maintaining the pollution control equipment provided by ALSTOM and, as a result, misused the equipment?

_____ Yes    _____ No

If your answer is "Yes," please continue to Part B.

If your answer is "No," please continue to question 7.

7.    Do you find that AES-PR has proven, by a preponderance of the evidence, that any conduct by ALSTOM in breach of the accelerated corrosion warranty was the proximate cause of any damage sustained by AES-PR?

_____ Yes    _____ No

If your answer is "Yes," please continue to question 8.

If your answer is "No," please continue to Part B.

2

8.      Do you find that AES-PR has proven, by a preponderance of the evidence, that any conduct by ALSTOM in breach of the accelerated corrosion warranty was a substantial factor in causing any damages sustained by AES-PR?

_____ Yes       _____ No

If your answer is "Yes," please continue to question 9.

If your answer is "No," please continue to Part B.

9.      Do you find that AES-PR's damages are the result of its own errors or omissions, or errors and omissions of entities other than ALSTOM?

_____ Yes       _____ No

If your answer is "Yes," please continue to Part B.

10.     What amount of compensation is necessary in order to remedy the consequences of the accelerated corrosion of the ESP collector plates and cause them to have the value they would have if they had been as warranted, expressly excluding damages that are consequential or speculative in nature or that represent a betterment as defined in the Court's instructions?

FINAL DAMAGE AWARD, PART A: _____.

**B.      FBHE "Handcuffs" Warranty Claim**

1.      Has AES-PR proven, by a preponderance of the evidence, that ALSTOM has breached the express warranty regarding the FBHE Handcuffs?

_____ Yes       _____ No

If your answer to this question is "Yes," please continue to question 2.

If your answer to this question is "No," your deliberations are complete.

2.      What amount of compensation is necessary in order to cause  the FBHE Handcuffs to have the value they would have if they had been as warranted?

FINAL DAMAGE AWARD, PART B: _____.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 1st day of May, 2006, a copy of the foregoing

was sent by electronic mail  to:

John S. Spadaro, Esquire  
Murphy Spadaro & Landon  
1011 Centre Road, Suite 210  
Wilmington, Delaware  19805

Daniel D. Williams, Esquire  
Williams & Connolly LLP  
725 Twelfth Street, N.W.  
Washington, D.C.  20005

_____  
Daniel W. Scialpi (#4146)