**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

_____

AES PUERTO RICO, L.P.,                      )
                                            )
                                            )
                    Plaintiff,              )
            v.                              )        Civ. No. 04-1282-JJF
                                            )
ALSTOM POWER, INC.,                         )
                                            )
                    Defendant.              )
_____)

**JOINT PROPOSED JURY INSTRUCTIONS**

John S. Spadaro
Bar No. 3155
MURPHY SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel (302) 472-8100
Fax (302) 472-8135

OF COUNSEL:

Dane H. Butswinkas
R. Hackney Wiegmann
Daniel D. Williams
Ann N. Sagerson
James L. Tuxbury
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

Dated:  May 1, 2006                         Attorneys for AES Puerto Rico, L.P.

# JOINT PROPOSED JURY INSTRUCTIONS

Joint Proposed Preliminary Jury Instruction No.___ (Course of Trial)..........................................J-1

Joint Proposed Preliminary Jury Instruction No. ___ (Trial Schedule)..........................................J-2

Joint Proposed Preliminary Jury Instruction No. ___ (Evidence in the Case)..............................J-3

Joint Proposed Preliminary Jury Instruction No. ___ (Ruling on Objections)..............................J-4

Joint Proposed Preliminary Jury Instruction No. ___ (Conduct of the Jury)................................J-5

Joint Proposed Jury Instruction No. ___ (Province of the Court).....................................................J-6

Joint Proposed Jury Instruction No. ___ (Province of Jury and Judge)..........................................J-7

Joint Proposed Jury Instruction No. ___ (Instructions Apply to Each Party)................................J-8

Joint Proposed Jury Instruction No. ___ (Evidence in the Case) ....................................................J-9

Joint Proposed Jury Instruction No. ___ (Evidence – Direct or Circumstantial) .........................J-10

Joint Proposed Jury Instruction No. ___ (Number of Witnesses) .................................................J-11

Joint Proposed Jury Instruction No. ___ (Credibility of Witness)................................................J-12

Joint Proposed Jury Instruction No. ___ (Discrepancies in Testimony) ......................................J-13

Joint Proposed Jury Instruction No. ___ (Prior Inconsistent Statement by Witness)...................J-14

Joint Proposed Jury Instruction No. ___ (Expert Testimony) ......................................................J-15

Joint Proposed Jury Instruction No. ___ (Interest in Outcome) ...................................................J-16

Joint Proposed Jury Instruction No. ___ (Use of Depositions) .....................................................J-17

Joint Proposed Jury Instruction No. ___ (Request for Admission) ...............................................J-18

Joint Proposed Jury Instruction No. ___ (Answers to Interrogatories) .......................................J-19

Joint Proposed Jury Instruction No. ___ (Court's Ruling on Evidence) .....................................J-20

Joint Proposed Jury Instruction No. ___ (Unanimous Duty to Deliberate)..................................J-21

Joint Proposed Jury Instruction No. ___ (Burden of Proof: Preponderance of the Evidence).....J-22

Joint Proposed Jury Instruction No. ___ (Existence and Assignment of the Contract)................J-23

Joint Proposed Jury Instruction No. ___ (Proximate Cause)........................................................J-24

Joint Proposed Jury Instruction No. ___ (Burden of Proof: Clear and Convincing)....................J-25

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. __:
(Course of Trial)

This trial, like most jury trials, will occur in seven stages or phases.  We have already been through the first phase, which was the jury selection phase.  The remaining stages are:

(2)     These preliminary instructions to you;

(3)     Opening statements by the two parties' lawyers, which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence.  The lawyers are not required to make opening statements at this time and they may elect to defer their opening until it is their turn to present evidence;

(4)     The presentation of the evidence, which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(5)     My final instructions on the law to you;

(6)     The closing arguments of the lawyers, which will be offered to help you make your determination; and, finally,

(7)     Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced in somewhat of a piecemeal manner.  So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

*See* Uniform Jury Instructions in the U.S. Dist. Ct. D. Del. (GMS), Revised 1/18/06.

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. __:
(Trial Schedule)

Though you have heard me say this during the voir dire, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take ___ days to try. We will normally begin the day at ___ a.m. promptly. We will go until ___ p.m. and, after a one hour break for lunch, from ___ to ___ p.m. there will be a 15 minute break at __ and another 15 minute break at __. The only significant exceptions to the schedule will occur next Monday, during which the Court will be closed for Memorial Day, and when this case is submitted to you for deliberations. On that day, the proceedings may last beyond __. We will post a copy of this schedule for your convenience in the jury deliberation room.

*See* Uniform Jury Instructions in the U.S. Dist. Ct. D. Del (GMS)., Revised 1/18/06.

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. __:
(Evidence in the Case)

The evidence from which you will find the facts will include the testimony of witnesses; the testimony of witnesses consist of the answers of the witnesses to questions posed by the attorneys or the court – you may not ask questions.  Evidence will also consist of documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you.  I will list them for you now:

1.     Statements, arguments and questions by lawyers are not evidence.

2.     Objections to questions are not evidence.  Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.     Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.     Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

*See* Uniform Jury Instructions in the U.S. Dist. Ct. D. Del. (GMS), Revised 1/18/06.

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. __:
(Ruling on Objections)

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that was ordered stricken from the record.

*See* O'MALLEY & GRENIG §101.49.

JOINT PROPOSED PRELIMINARY JURY INSTRUCTION NO. __:
(Conduct of the Jury)

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you, nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the Court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue important to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them on your seat at the end of the day, and the Marshal will collect them and return them to your seat the next day. And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

*See* Uniform Jury Instructions in the U.S. Dist. Ct. D. Del. (GMS), Revised 1/18/06.

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Province of the Court)

Members of the jury:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in the case.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty if you were to base a verdict upon any other view of the law than that given in the Court's instructions, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

*See* O'MALLEY & GRENIG §103.01.

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Province of Jury and Judge)


 Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  You will determine the facts from all the testimony and other evidence that has been presented. You are the sole and exclusive judge of the facts. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.


*See* O'Malley,  Federal Jury Practice and Instructions – Civil, 5th Ed. (2000) § 101.10, as modified.

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Instructions Apply to Each Party)

Unless otherwise stated, the jury should consider each instruction given to apply equally to both AES Puerto Rico and ALSTOM.


*See* O'MALLEY & GRENIG §103.10.

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Evidence in the Case)

The evidence in the case consists of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who produced the exhibits.

3. All facts that have been judicially noticed and that you must take as true for purposes of this case.

4. Depositions that have been received into evidence.

5. Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence and regard that fact as proved.

6. Any facts that I have taken judicial notice of must be accepted as true.

7. Evidence that was admitted for a limited purpose must only be considered for that limited purpose and for no other purpose.

You may only consider the evidence in the case. Remember, in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you saw and heard as the witnesses testified. You may draw, from the facts that you found and approved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

*See* O'MALLEY & GRENIG §101.40.

J-9

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Evidence – Direct or Circumstantial)

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did.  "Circumstantial evidence" is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You are to decide how much weight to give any evidence.

*See* O'MALLEY & GRENIG §101.42.

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Number of Witnesses)

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being the most accurate and otherwise most trustworthy.

*See* O'MALLEY & GRENIG §104.54.

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Credibility of Witnesses)

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence.  The weight of the evidence does not necessarily depend upon the number of witnesses who testify.


*See* O'Malley,  Federal Jury Practice and Instructions –Civil, 5th Ed. (2000) § 101.43.

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Discrepancies in Testimony)

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness's intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

*See* O'Malley, Federal Jury Practice and Instructions – Civil, 5th Ed.(2000) § 105.01.

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Prior Inconsistent Statement by Witness)

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

*See* O'Malley, Federal Jury Practice and Instructions – Civil, 5th Ed.(2000) § 105.04.

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Expert Testimony)

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling.  Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

*See* O'Malley,  Federal Jury Practice and Instructions –Civil, 5th Ed. (2000) § 104.40.

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Interest in Outcome)

In evaluating the credibility of the witnesses, you should take into account any evidence that the witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interest. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

*See Phillips v. Siano*, C.A. No. 97C-11-010, 2000 Del. Super LEXIS 451 (Sept. 26, 2000).

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Use of Depositions)

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

*See* O'Malley,  Federal Jury Practice and Instructions –Civil, 5th Ed. (2000) § 105.02, as modified.

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Request for Admission)

Some of the evidence has been in the form of written admissions.  You must regard as being conclusively proven all facts that were expressly admitted by AES Puerto Rico or ALSTOM, or all facts which AES Puerto Rico or ALSTOM failed to deny.

*See* Delaware Pattern Jury Instructions, Civil § 23.7 (2000).

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Answers to Interrogatories)

Each party has introduced into evidence certain interrogatories – that is, questions together with answers that have been signed and sworn to by the other party.  A party is bound by its sworn answers.

By introducing an opposing party's Answers to Interrogatories, the introducing party does not bind itself to those answers.  The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

*See* O'MALLEY & GRENIG §104.72.

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Court's Ruling on Evidence)


Lawyers have a duty to object to evidence that they believe has not been properly offered. You should not be prejudiced in any way against lawyers who make these objections or against the parties they represent.  If I have sustained an objection, you must not consider that evidence and you must not speculate about whether other evidence might exist or what it might be.  If I have overruled an objection, you are free to consider the evidence that has been offered.


*See* Delaware Pattern Jury Instructions, Civil § 23.4 (2000).

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Unanimous Duty to Deliberate)

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reach an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

*See* O'MALLEY & GRENIG §106.01.

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Burden of Proof:  Preponderance of the Evidence)

Plaintiff AES Puerto Rico has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence.  If plaintiff AES Puerto Rico should fail to establish any essential element of its claim by a preponderance of the evidence, you should find for defendant ALSTOM Power as to that claim.

The defendant has the burden of establishing the essential elements of any affirmative defenses.  I will explain this later.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  For example, if you find that the evidence presented is equally balanced between the two parties then you should find for defendant.  But  if you find that the evidence presented by the plaintiff is even slightly more convincing than the defendant's evidence, 51 percent to 49 percent, then you should find for plaintiff.  The preponderance of evidence standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard that applies in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.

*Adapted from*: O'Malley,  Federal Jury Practice and Instructions –Civil, 5th Ed. (2000) § 104.01; Delaware Pattern Jury Instructions, Civil §§ 4.1, 4.2 (2000); *Reynolds v. Reynolds*, 237 A.2d 708 (Del. 1967) ("The side on which the greater weight of the evidence is found is the side on which the preponderance of the evidence exists.").

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Existence and Assignment of the Contract)


      The parties admit that there is a contract in this case between Duke/Flour Daniel and ALSTOM.  The parties also admit that Duke/Flour Daniel assigned its rights under the contract to AES Puerto Rico.  As a result of this assignment, AES Puerto Rico stands in the shoes of Duke/Flour Daniel and you should consider AES Puerto Rico as an original party to the contract with ALSTOM.


*Adapted from*: Delaware Pattern Jury Instruction, Civil §§ 19.22, 20.38 (2000);  Judicial Council Of California Civil Jury Instruction 327.

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Proximate Cause)

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

*See* O'Malley, Federal Jury Practice and Instructions – Civil, 5th Ed.(2000) § 120.60.

J-24

JOINT PROPOSED JURY INSTRUCTION NO. __:
(Burden of Proof:  Clear and Convincing)

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue.  Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

*See* O'Malley,  Federal Jury Practice and Instructions –Civil, 5th Ed. (2000) § 104.02.

Respectfully submitted,

OF COUNSEL:
Dane H. Butswinkas                    /s/ John S. Spadaro
R. Hackney Wiegmann              John S. Spadaro (Bar No. 3155)
Daniel D. Williams                      MURPHY SPADARO & LANDON
Ann N. Sagerson                          1011 Centre Road, Suite 210
James L. Tuxbury                        Wilmington, DE 19805
WILLIAMS & CONNOLLY LLP     Tel. (302) 472-8100
725 Twelfth Street, N.W.              Fax (302) 472-8135
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

Dated:  May 1, 2006                      Attorneys for AES Puerto Rico, L.P.

### CERTIFICATE OF SERVICE

On May 1, 2006, Plaintiff served Joint Proposed Jury Instructions by electronic filing and first class mail, postage prepaid, on:

> Richard R. Wier, Esq.
> Daniel W. Scialpi, Esq.
> Two Mill Road
> Suite 200
> Wilmington, Delaware 19806

and by e-mail and first class mail, postage prepaid, on:

> James E. Edwards, Esq.
> Anthony Vittoria, Esq.
> Ober, Kaler, Grimes & Shriver
> 120 East Baltimore Street
> Baltimore, Maryland 21202-1643

/s/ John S. Spadaro