# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

_____

AES PUERTO RICO, L.P.,                          )
                                                )
                   Plaintiff,                   )
         v.                                     )         Civ. No. 04-1282-JJF
                                                )
ALSTOM POWER, INC.,                             )
                                                )
                   Defendant.                   )
_____)

## PLAINTIFF AES PUERTO RICO, L.P.'S PROPOSED JURY INSTRUCTIONS

John S. Spadaro
Bar No. 3155
MURPHY SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel (302) 472-8100
Fax (302) 472-8135

OF COUNSEL:

Dane H. Butswinkas
R. Hackney Wiegmann
Daniel D. Williams
Ann N. Sagerson
James L. Tuxbury
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

Dated:  May 1, 2006                             Attorneys for AES Puerto Rico, L.P.

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff's Proposed Jury Instruction No. __ (Witness Receiving Benefit)................................P-1

Plaintiff's Proposed Jury Instruction No. __ (Nature of the Case).............................................P-2

Plaintiff's Proposed Jury Instruction No. __ (Breach of Contract – Defined)............................P-3

Plaintiff's Proposed Jury Instruction No. __ (Breach of Contract) .............................................P-4

Plaintiff's Proposed Jury Instruction No. __ (Damages) ............................................................P-5

Plaintiff's Proposed Jury Instruction No. __ (Measure of Damages – Reasonable Certainty)....P-6

Plaintiff's Proposed Jury Instruction No. __ (Delegation) ........................................................P-7

Plaintiff's Proposed Jury Instruction No. __ (Affirmative Defense-Misuse)............................P-8

Plaintiff's Proposed Jury Instruction No. __ (Estoppel).............................................................P-9

Plaintiff's Proposed Jury Instruction No. __ (Waiver) ............................................................P-10

Plaintiff's Proposed Jury Instruction No. __ (Construction of Ambiguous Contract Terms) ...P-11

Plaintiff's Proposed Jury Instruction No. __ (Consequential Damages) ..................................P-12

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Witness Receiving Benefit)

You have heard testimony that a fact witness received consulting fees from one of the parties in connection with this case. In evaluating this witness's testimony, you should consider the extent to which or whether the witness's testimony may have been influenced by this factor. In addition, you should examine the witness's testimony with greater caution than that of other witnesses.

*Adapted from:* Ninth Circuit Model Criminal Jury Instruction 4.9.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Nature of the Case)

ALSTOM contracted to engineer, design, supply, construct and commission the boiler and related air pollution control equipment at the AES Puerto Rico power plant in Guayama, Puerto Rico.  ALSTOM expressly warranted this equipment.  The Contract warranty, at Section 1.1.1, states that "the Work shall comply with the provisions of this Contract and all specifications and drawings referred to in this Contract."  AES Puerto Rico contends that ALSTOM breached its contract because the equipment did not comply with the Contract and the specifications referred to in the Contract, and ALSTOM failed to fulfill its duty under Section 1.1.1. of the Contract "to correct such defect[s] and to cause the Work to comply fully with the foregoing warranties."

ALSTOM has denied AES Puerto Rico's claims and contends that any damage to the equipment was caused by AES Puerto Rico's misuse of the equipment.

*See* Delaware Pattern Jury Instructions, Civil § 3.4 (2000), as modified.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Breach of Contract – Defined)

In this case, AES Puerto Rico claims that ALSTOM supplied defective pollution control and boiler equipment in breach of ALSTOM's contract with AES Puerto Rico, and that AES Puerto Rico suffered damages as a result of that breach.  In order for AES Puerto Rico to prevail on its breach of contract claim it must establish by a preponderance of the evidence:

1)      existence of a contract;

2)      breach of the contract; and

3)      that ALSTOM's breach caused a loss to AES Puerto Rico.


*Adapted from*: Delaware Pattern Jury Instructions, Civil § 19.20 (2000); *VLIW Tech LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Breach of Contract)

In this case, AES Puerto Rico contends that ALSTOM breached the contract by failing to honor the express warranties found in Part III of the contract.  To find that ALSTOM breached the contract, AES Puerto Rico must establish by a preponderance of the evidence that:

1)    The pollution control and boiler equipment provided by ALSTOM were not as warranted; and

2)    That ALSTOM failed to "to correct such defect[s] and to cause the Work to comply fully with the" express warranties.

If you find that the AES Puerto Rico has established these facts then you should consider whether that breach caused AES Puerto Rico's damages.

*Adapted from*: Delaware Pattern Jury Instruction, Civil § 19.20 (2000); Contract Part III, § 1.1.1.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Damages)

If you find that AES Puerto Rico has proven the first two elements of its breach of contract claim against ALSTOM, then AES Puerto Rico may recover damages that it proves by a preponderance of the evidence were caused by ALSTOM's breach of the contract. In this case, AES Puerto Rico may recover:

1) Any out-of-pocket expenses that were proximately caused by ALSTOM's breach of the contract; and

2) Any expenses that AES Puerto Rico is reasonably certain to incur in order to render the equipment as warranted that were proximately caused by ALSTOM's breach of the contract.

*Adapted from*: *VLIW Tech LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003); *Interim Healthcare, Inc. v. Spherion Corp.*, 884 A.2d 513, 552 (Del Super. 2005); Contract, Part III § 1.1.1; *Pig Imp Co. v. Middle States Holding Co.*, 943 F. Supp. 392, 400 (D. Del. 1996) (parties may provide the scope of remedies in the contract).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Measure of Damages – Reasonable Certainty)

In order for AES Puerto Rico to recover the damages it seeks, AES Puerto Rico bears the burden of proving its damages with a reasonable certainty.  In considering whether AES Puerto Rico has proven its damages with reasonable certainty you should remember that AES Puerto Rico is not required to prove its damages with mathematical certainty, but nor can AES Puerto Rico recover for damages based solely on speculation.  Instead, you should consider whether AES Puerto Rico has proven a sufficient basis for estimating damages with reasonable certainty. You are instructed that AES Puerto Rico has proven the amount of its damages with reasonable certainty if it has presented evidence which shows the amount of damages as a matter of just and reasonable inference.

*Adapted from*: *Moody v. Nationwide Mut. Ins. Co*, 549 A.2d 291, 293 (Del. 1988); *Red Sail Easter, L.P. v. Radio City Music Hall Prods. Inc.*, 1992 Del. Ch. LEXIS 224, *19 (Del. Ch. Sept. 29, 1992) ("The law does not require certainty in the award of damages where a wrong has been proven and injury established. Responsible estimates that lack mathematical certainty are permissible so long as the court has a basis to make a responsible estimate of damages. Speculation is an insufficient basis, however."); *Transpower Constructors v. Grand River Dam Auth.*, 905 F.2d 1413, 1417 n.1 (10th Cir. 1990) ("You are instructed that a party has proven the amount of his damages with reasonable certainty if he has presented evidence which shows the amount of damages as a matter of just and reasonable inference."); Restatement (Second) of Contracts § 352 (1981).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Delegation)


In this case, ALSTOM entered into a subcontract with a company called EEC for EEC to provide equipment and services to ALSTOM relating to the pollution control equipment.  Under the law, ALSTOM is fully responsible under its Contract with AES Puerto Rico for the work performed by ALSTOM's subcontractor EEC.  ALSTOM is not relieved of its warranty obligations by virtue of having subcontracted with EEC to perform some of the services under its contract with AES Puerto Rico.


*Adapted from*: 4 A. Corbin, Corbin on Contracts § 866, at 455 (1951); *Klauder & Nunno Enters., Inc. v. Hereford Assoc., Inc.*, 723 F. Supp. 336, 346 (E.D. Pa. 1989) ("contractor . . .  is liable for the breaches of its subcontractor").

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Affirmative Defense-Misuse)

An affirmative defense is a fact or circumstance which would excuse ALSTOM from being liable to AES Puerto Rico, even if AES Puerto Rico meets its burden of proof on its claim. ALSTOM contends that AES Puerto Rico's damages occurred as a proximate result of its misuse of the equipment.

ALSTOM bears the burden of proving by a preponderance of the evidence that AES Puerto Rico misused the equipment and that AES Puerto Rico's misuse of the equipment was the proximate cause of AES Puerto Rico's damages.

*Adapted from*: Kehoe, Jury Instructions for Contract Cases, Vol. 1 (1995) § 8.01; O'Malley, Federal Jury Practice and Instructions – Civil, 5th Ed. (2000) § 122.31; *Scharf v. Edgcomb Corp.*, 864 A.2d 909, 919 (Del. 2004) (defendant bears the burden of proof on an affirmative defense).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Estoppel)

A party may be barred from asserting an affirmative defense if the assertion of the affirmative defense would be inequitable to the other party.  This concept is known as estoppel.

For AES Puerto Rico to establish that ALSTOM is estopped from raising the affirmative defense of misuse AES Puerto Rico must prove by clear and convincing evidence that:

1)      There was a contractual relationship between AES Puerto Rico and ALSTOM;

2)      AES Puerto Rico changed its position to its detriment because of ALSTOM's conduct; and

3)      AES Puerto Rico reasonably relied on the conduct of ALSTOM.

In this case, ALSTOM contends that AES Puerto Rico misused the equipment by failing to comply with the August 2001 EEC Operation and Maintenance manuals.  AES Puerto Rico denies that compliance with the August 2001 EEC Operation and Maintenance manuals was a term of the Contract, and it asserts that it did comply with the operation and maintenance procedures as instructed by ALSTOM and its subcontractor.  If the jury should find that compliance with the August 2001 EEC Operation and Maintenance manuals was a term of the Contract, and that AES Puerto Rico departed from the manuals' procedures, AES Puerto Rico asserts alternatively that the departure was the result of ALSTOM and its subcontractor instructing AES Puerto Rico orally, in writing and/or through its conduct to operate the equipment in a manner that differed from those procedures in certain respects.  AES Puerto Rico contends that it reasonably relied on ALSTOM's conduct.

You must determine whether AES Puerto Rico has proved the above elements by clear and convincing evidence.  If you find that AES Puerto Rico has established the elements for estoppel, then ALSTOM cannot assert the affirmative defense of misuse.

*See* Delaware Pattern Jury Instructions, Civil § 19.24 (2000), as modified.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Waiver)

Waiver is the voluntary relinquishment or abandonment of a legal right or advantage. A waiver may be expressly made or implied from conduct or other evidence. The party alleged to have waived a right must have known about the right and intended to give it up.

Under the law of waiver, if you find by clear and convincing evidence that ALSTOM waived a particular term in the contract, ALSTOM can no longer enforce that part of the contract.

In this case, ALSTOM contends that AES Puerto Rico misused the equipment by failing to comply with the August 2001 EEC Operation and Maintenance manuals, which ALSTOM asserts is a term of the Contract. AES Puerto Rico denies that compliance with the August 2001 EEC Operation and Maintenance manuals is a term of the Contract, and it asserts that it did comply with the operation and maintenance procedures as instructed by ALSTOM and its subcontractor. If the jury should find that compliance with the August 2001 EEC Operation and Maintenance manuals was a term of the Contract and that AES Puerto Rico departed from the manuals' procedures, AES Puerto Rico asserts alternatively that departure was excused as a result of ALSTOM's waiver. AES Puerto Rico contends that ALSTOM waived its right to enforce the terms of the manuals because ALSTOM and its subcontractor instructed AES Puerto Rico orally, in writing and/or through its conduct, to operate the equipment in a manner that differed from those procedures in certain respects.

If you find that ALSTOM waived its right to enforce a particular term of the contract that it relies on in establishing its affirmative defense of misuse, then it cannot assert that affirmative defense.

*See* Delaware Pattern Jury Instructions, Civil § 19.23 (2000), as modified. *See also* AeroGlobal Capital *Mgmt. v. Cirrus Indus., Inc.*, 871 A.2d 428, 444 (Del. 2005); *Pepsi-Cola Bottling Co. v. Pepsico*, 297 A.2d 28, 33 (Del. 1972); *Whalen v. K-Mart Corp., Inc.*, 166 Ill.App.3d 339, 519 N.E.2d 991 (1st Dist. 1988).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. ___
(Construction of Ambiguous Contract Terms)

There are certain rules to consider in interpreting contractual terms that appear ambiguous or unclear.

First, if the contract's language is susceptible of two constructions, one of which makes it a fair, customary, and reasonable contract that a prudent person would make, while the second interpretation makes the contract inequitable, unusual, or one that a prudent person would likely not make, the first interpretation must be preferred.

Second, to determine the parties' intent when there are ambiguous terms, the jury will look to the construction given to the terms by the parties as shown through their conduct during the period after the contract allegedly became effective and before the institution of this lawsuit. The parties' conduct after a contract is made should be given great weight in determining its meaning.

*See* Delaware Pattern Jury Instructions, Civil § 19.15 (2000), as modified.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Consequential Damages)

ALSTOM claims that AES Puerto Rico is seeking consequential damages barred by the terms of the contract.  AES Puerto Rico denies that the damages it seeks are consequential damages.

Consequential damages are damages other than for the costs necessary to render the equipment capable of functioning as warranted and guaranteed.

The contract between AES Puerto Rico and ALSTOM does not permit AES Puerto Rico to recover consequential damages.  A non-exclusive list of examples of consequential damages provided in the contract include "loss of revenue, loss of profit, loss of use of facility or damages associated therewith."

*Adapted from*: Del. Code Ann. tit. 6, § 2-715(2); *Chatlos Sys., Inc. v. Nat'l Cash Register Corp.*, 670 F.2d 1304, 1305-07 (3d Cir. 1982); *Wood River Pipeline Co. v. Wilbros Energy & Services Co.*, 738 P.2d 866 (Kan. 1987).

Respectfully submitted,

OF COUNSEL:
Dane H. Butswinkas                          /s/ John S. Spadaro
R. Hackney Wiegmann                         John S. Spadaro (Bar No. 3155)
Daniel D. Williams                          MURPHY SPADARO & LANDON
Ann N. Sagerson                             1011 Centre Road, Suite 210
James L. Tuxbury                            Wilmington, DE 19805
WILLIAMS & CONNOLLY LLP                     Tel. (302) 472-8100
725 Twelfth Street, N.W.                    Fax (302) 472-8135
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

Dated:  May 1, 2006                         Attorneys for AES Puerto Rico, L.P.

## <u>CERTIFICATE OF SERVICE</u>

On May 1, 2006, Plaintiff served Plaintiff's Proposed Jury Instructions by

electronic filing and first class mail, postage prepaid, on:

>Richard R. Wier, Esq.
>Daniel W. Scialpi, Esq.
>Two Mill Road
>Suite 200
>Wilmington, Delaware 19806

and by e-mail and first class mail, postage prepaid, on:

>James E. Edwards, Esq.
>Anthony Vittoria, Esq.
>Ober, Kaler, Grimes & Shriver
>120 East Baltimore Street
>Baltimore, Maryland 21202-1643

/s/ John S. Spadaro