## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

AES PUERTO RICO, L.P.,                )
                                      )
                  Plaintiff,          )
                                      )
            v.                        )        Civ. No. 04-1282-JJF
                                      )
ALSTOM POWER, INC.,                   )
                                      )
                  Defendant.          )
                                      )

### PLAINTIFF AES PUERTO RICO, L.P.'S REVISED PROPOSED JURY INSTRUCTIONS

John S. Spadaro
Bar No. 3155
MURPHY SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel (302) 472-8100
Fax (302) 472-8135

OF COUNSEL:

Dane H. Butswinkas
R. Hackney Wiegmann
Daniel D. Williams
Ann N. Sagerson
James L. Tuxbury
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

Dated:  September 11, 2006                    Attorneys for AES Puerto Rico, L.P.

## PLAINTIFF'S REVISED PROPOSED JURY INSTRUCTIONS

Plaintiff's Proposed Jury Instruction No. __ (Nature of the Case) .............................................. P-1

Plaintiff's Proposed Jury Instruction No. __ (Witness Receiving Benefit) ................................. P-2

Plaintiff's Proposed Jury Instruction No. __ (Delegation) ......................................................... P-3

Plaintiff's Proposed Jury Instruction No. __ (Breach of Contract – Defined)............................ P-4

Plaintiff's Proposed Jury Instruction No. __ (Conditions Precedent)......................................... P-5

Plaintiff's Proposed Jury Instruction No. __ (Substance of Conditions Precedent) ................... P-6

Plaintiff's Proposed Jury Instruction No. __ (Prevention Doctrine)........................................... P-7

Plaintiff's Proposed Jury Instruction No. __ (Estoppel)............................................................. P-8

Plaintiff's Proposed Jury Instruction No. __ (Waiver) ............................................................... P-9

Plaintiff's Proposed Jury Instruction No. __ (Forfeiture)........................................................... P-10

Plaintiff's Proposed Jury Instruction No. __ (Breach)................................................................ P-11

Plaintiff's Proposed Jury Instruction No. __ (Damages) ............................................................ P-12

Plaintiff's Proposed Jury Instruction No. __ (Measure of Damages – Reasonable Certainty).. P-13

Plaintiff's Proposed Jury Instruction No. __ (Consequential Damages) .................................... P-14

Plaintiff's Proposed Jury Instruction No. __ (Affirmative Defense-Misuse) ............................ P-15

Plaintiff's Proposed Jury Instruction No. __ (Construction of Ambiguous Contract Terms) ... P-16

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Nature of the Case)

In this case, the parties agree that ALSTOM contracted to engineer, construct and commission the boilers and related air pollution control equipment at the AES Puerto Rico power plant in Guayama, Puerto Rico. In addition, ALSTOM expressly warranted this equipment. The Contract warranty states that "the Work shall comply with the provisions of this Contract and all specifications and drawings referred to in this Contract." Additionally, the Contract specifically warrants the "precipitators . . . against the consequences of accelerated corrosion outside of industry standards."

AES Puerto Rico contends that ALSTOM breached its Contract because the equipment provided by ALSTOM did not comply with the Contract and its specifications and ALSTOM did not correct the deficiencies with the equipment when requested to do so by AES Puerto Rico.

ALSTOM has denied AES Puerto Rico's claims and contends that AES Puerto Rico failed to fulfill certain conditions precedent to ALSTOM's accelerated corrosion warranty.

*Adapted from:* Delaware Pattern Jury Instructions, Civil § 3.4 (2000); Contract, Part III, § 1.0.

P-1

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Witness Receiving Benefit)

You have heard testimony that a fact witness received consulting fees from one of the parties in connection with this case. In evaluating this witness's testimony, you should consider the extent to which or whether the witness's testimony may have been influenced by this factor. In addition, you should examine the witness's testimony with greater caution than that of other witnesses.

*Adapted from:* Ninth Circuit Model Criminal Jury Instruction 4.9.

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Delegation)

In this case, ALSTOM entered into a subcontract with a company called Environmental Elements Corporation, or EEC.  Under this subcontract, EEC provided equipment and services to ALSTOM relating to the pollution control equipment.  Under the law, ALSTOM is fully responsible under the Contract for the work performed by ALSTOM's subcontractor EEC.  ALSTOM is not relieved of its warranty obligations by virtue of having subcontracted with EEC to perform some of the services under the Contract.

*Adapted from*: *Klauder & Nunno Enters., Inc. v. Hereford Assoc., Inc.*, 723 F. Supp. 336, 346 (E.D. Pa. 1989) ("contractor . . . is liable for the breaches of its subcontractor"); 4 A. Corbin, Corbin on Contracts § 866, at 455 (1951); Contract, Part III, § 8.2.

P-3

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Breach of Contract – Defined)

In this case, AES Puerto Rico claims that ALSTOM failed to honor its warranty obligations in breach of ALSTOM's Contract with AES Puerto Rico, and that AES Puerto Rico suffered damages as a result of that breach. In order for AES Puerto Rico to prevail on its breach of contract claim, it must establish by a preponderance of the evidence:

1)    existence of a contract;

2)    performance, or excuse from performance, of any conditions precedent;

3)    breach of the contract; and

4)    that the breach caused a loss to AES Puerto Rico.

*Adapted from*: Delaware Pattern Jury Instructions, Civil § 19.20 (2000); *VLIW Tech LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003); *Robert E. La Blanc Assoc., Inc. v. Greenfield*, 1989 WL 81510 at *2 (D.N.J. July 20, 1989).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Conditions Precedent)

A condition precedent is an act or event which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises. If an enforceable condition is not fulfilled, or performance of that condition precedent is not excused, the right to enforce the other party's contractual obligation does not arise.

In this case, as part of its breach of contract claim, AES Puerto Rico must establish by a preponderance of the evidence that it satisfied the conditions precedent in the Contract or that it was excused from performance of those conditions. The Contract between AES Puerto Rico and ALSTOM conditions the accelerated corrosion warranty on AES Puerto Rico's "operation and maintenance of the system in accordance with Contractor's Operation and Maintenance manuals, Owner's specified operating parameters, and typical system operation at baseload and specified capacity factors."

AES Puerto Rico asserts that it fulfilled the conditions precedent in the Contract or, alternatively, that those conditions were excused. ALSTOM, on the other hand, asserts that AES Puerto Rico failed to fulfill the conditions precedent and that performance of the conditions precedent is not excused.

*Adapted from: Seaford Assocs. Ltd. P'ship v. Subway Real Estate Corp.*, 2003 Del. Ch. LEXIS 58, at *18 n.30 (Del. Ch. May 21, 2003).

P-5

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Substance of Conditions Precedent)

ALSTOM alleges that AES Puerto Rico failed to satisfy conditions precedent to the accelerated corrosion warranty by diverging from the August 2001 EEC Operation and Maintenance manuals. AES-PR contends that the August 2001 EEC Operation and Maintenance manuals, which provide that the "customer may decide to alter or customize the maintenance as determined through operating experience," permitted AES-PR to alter the procedures to meet its needs. AES-PR further claims that it was justified in altering the procedures in the August 2001 EEC Operation and Maintenance manuals because the equipment supplied by ALSTOM would not operate as specified in the manuals.

You must determine by a preponderance of the evidence whether the requirements in the August 2001 EEC Operations and Maintenance manuals cannot be changed by AES-PR and therefore are conditions precedent to enforcement of the Contract.

*Adapted from*:  April 28, 2006, Opinion and Order in this action.

P-6

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Prevention Doctrine)

The prevention doctrine provides that a party may not escape contractual liability by reliance upon the failure of a condition precedent where the party wrongfully prevented or hindered performance of that condition precedent. The party relying upon the prevention doctrine is required to show that other party's conduct contributed materially to the non-occurrence of a condition precedent.

In this case, AES Puerto Rico contends that if the jury were to find that it failed to fulfill the conditions precedent to the accelerated corrosion warranty, that failure is excused because ALSTOM hindered AES Puerto Rico's performance of those conditions precedent. AES Puerto Rico contends that ALSTOM's and EEC's representations, omissions, and conduct during commissioning wrongfully hindered AES Puerto Rico's performance of any conditions precedent it may have failed to fulfill and thus AES Puerto Rico is excused from its non-performance.

ALSTOM denies that it or EEC wrongfully hindered AES Puerto Rico's performance of the conditions precedent.

If you find that AES Puerto Rico has established by a preponderance of the evidence that ALSTOM or EEC prevented or hindered AES Puerto Rico's fulfillment of the conditions precedent, then AES Puerto Rico is excused from any non-performance of the conditions precedent.

*Adapted from:  Mobile Comm. Corp. v. MCI Comm. Corp.*, 1985 WL 11574, *4 (Del. Ch. Aug. 27, 1985); *Moore Brothers Co. v. Brown & Root, Inc.*, 207 F.3d 717, 725 (4th Cir. 2000); Restatement (Second) of Contracts § 245 cmt. b (1981).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Estoppel)

A party also may be barred from escaping contractual liability by reliance upon the failure of a condition precedent if to do so would be inequitable to the other party. This concept is known as estoppel.

For AES Puerto Rico to establish that ALSTOM is estopped from asserting that AES Puerto Rico failed to perform a condition precedent, AES Puerto Rico must prove by clear and convincing evidence that:

1)    There was a contractual relationship between AES Puerto Rico and ALSTOM;

2)    AES Puerto Rico changed its position to its detriment because of ALSTOM's and/or EEC's conduct; and

3)    AES Puerto Rico reasonably relied on the conduct of ALSTOM and/or EEC.

In this case, AES Puerto Rico contends that if the jury were to find that it failed to fulfill the conditions precedent to the accelerated corrosion warranty, that failure was the result of ALSTOM's and/or EEC's representations, omissions, and conduct. AES Puerto Rico contends that it reasonably relied on ALSTOM's and EEC's representations, omissions, and conduct to its detriment.

You must determine whether AES Puerto Rico has proved the above elements by clear and convincing evidence. If you find that AES Puerto Rico has established the elements for estoppel, then ALSTOM cannot assert non-performance of a condition precedent as a defense.

*Adapted from:* Delaware Pattern Jury Instructions, Civil § 19.24 (2000); *Bechtel v. Robinson*, 886 F.2d 644, 650 (3d Cir. 1989) ("Equitable estoppel in the modern sense arises from the conduct of a party, using that word in its broadest meaning as including his spoken or written words, his positive acts, and his silence or negative omission to do anything.") (*quoting* 3 S. Symons, *Pomerory's Equity Jurisprudence* § 802 (5th ed. 1941)).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Waiver)

Waiver is the voluntary relinquishment or abandonment of a legal right or advantage. A waiver may be expressly made or implied from conduct or other evidence. The party alleged to have waived a right must have known about the right and intended to give it up.

Under the law of waiver, if you find by clear and convincing evidence that ALSTOM waived its right to enforce the conditions precedent in the Contract, then ALSTOM cannot assert non-performance of the conditions precedent as a defense.

*Adapted from:* Delaware Pattern Jury Instructions, Civil § 19.23 (2000), as modified. *See also AeroGlobal Capital Mgmt. v. Cirrus Indus., Inc.*, 871 A.2d 428, 444 (Del. 2005); *Pepsi-Cola Bottling Co. v. Pepsico*, 297 A.2d 28, 33 (Del. 1972); *Whalen v. K-Mart Corp., Inc.*, 166 Ill.App.3d 339, 519 N.E.2d 991 (1st Dist. 1988).

P-9

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Forfeiture)

Because non-performance of a condition precedent can work an extreme forfeiture, and forfeitures are not favored in Delaware, a party's non-performance of a condition precedent will be excused if the condition's requirements:

1)      will involve extreme forfeiture or penalty; and

2)      the occurrence of the condition was not a material part of the bargain.

In this case, AES Puerto Rico asserts that if the jury were to find that it failed to perform a condition precedent in the Contract, and that failure was not excused, it should still have the right to pursue its accelerated corrosion warranty claim because that condition precedent requirement would cause an extreme forfeiture and was not a material part of the Contract.

ALSTOM argues that all the conditions precedent were a material part of the Contract and that AES-PR's failure to perform any individual condition precedent cannot be excused regardless of the magnitude of the forfeiture.

If you find that AES Puerto has satisfied the above elements, then you should disregard ALSTOM's claim that AES Puerto Rico failed to satisfy a condition precedent.

*Adapted from:*  Restatement (Second) of Contracts § 229 (1981); *Suburban Transfer Servs., Inc. v. Beech Holding, Inc.*, 716 F.2d 220, 225 n.9 (3d Cir. 1983); *Varel v. Banc One Capital Partners, Inc.*, 55 F.3d 1016, 1017-18 (5th Cir. 1995); *Jefferson Chemical Co. v. Mobay Chemical Co.*, 267 A.2d 635, 637 (Del. Ch. 1970).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Breach)

In this case, AES Puerto Rico contends that ALSTOM breached the Contract by failing to honor the express warranties in the Contract. For you to find that ALSTOM breached the warranty provisions in the Contract, AES Puerto Rico must establish by a preponderance of the evidence that the pollution control and boiler equipment provided by ALSTOM were not as warranted.

If you find that the AES Puerto Rico has established these facts then you should consider whether that breach caused AES Puerto Rico's damages.

*Adapted from*:  Delaware Pattern Jury Instruction, Civil § 19.20 (2000); Contract Part III, § 1.0

P-11

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Damages)

If you find that AES Puerto Rico has proven the first three elements of its breach of contract claim against ALSTOM, then AES Puerto Rico may recover damages that it proves by a preponderance of the evidence were caused by ALSTOM's breach of the Contract. In this case, AES Puerto Rico may recover:

1)    Any out-of-pocket expenses that were proximately caused by ALSTOM's breach of the Contract; and

2)    Any expenses that AES Puerto Rico is reasonably certain to incur in order to render the equipment as warranted that were proximately caused by ALSTOM's breach of the Contract.

*Adapted from*: *VLIW Tech LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003); *Interim Healthcare, Inc. v. Spherion Corp.*, 884 A.2d 513, 552 (Del Super. 2005); Contract, Part III, §§ 1.1.1, 1.2, 1.4, 61.0; *Pig Imp Co. v. Middle States Holding Co.*, 943 F. Supp. 392, 400 (D. Del. 1996) (parties may provide the scope of remedies in the contract).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Measure of Damages – Reasonable Certainty)

In order for AES Puerto Rico to recover the damages it seeks, AES Puerto Rico bears the burden of proving its damages with reasonable certainty. In considering whether AES Puerto Rico has proven its damages with reasonable certainty, you should remember that AES Puerto Rico is not required to prove its damages with mathematical certainty, but nor can AES Puerto Rico recover for damages based solely on speculation. Instead, you should consider whether AES Puerto Rico has proven a sufficient basis for estimating damages with reasonable certainty. You are instructed that AES Puerto Rico has proven the amount of its damages with reasonable certainty if it has presented evidence which shows the amount of damages as a matter of just and reasonable inference.

*Adapted from*: *Moody v. Nationwide Mut. Ins. Co*, 549 A.2d 291, 293 (Del. 1988); *Red Sail Easter, L.P. v. Radio City Music Hall Prods. Inc.*, 1992 Del. Ch. LEXIS 224, *19 (Del. Ch. Sept. 29, 1992) ("The law does not require certainty in the award of damages where a wrong has been proven and injury established. Responsible estimates that lack mathematical certainty are permissible so long as the court has a basis to make a responsible estimate of damages. Speculation is an insufficient basis, however."); *Transpower Constructors v. Grand River Dam Auth.*, 905 F.2d 1413, 1417 n.1 (10th Cir. 1990) ("You are instructed that a party has proven the amount of his damages with reasonable certainty if he has presented evidence which shows the amount of damages as a matter of just and reasonable inference."); Restatement (Second) of Contracts § 352 (1981).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Consequential Damages)

The Contract between AES Puerto Rico and ALSTOM does not permit AES Puerto Rico to recover consequential damages.  ALSTOM claims that AES Puerto Rico is seeking consequential damages barred by the terms of the Contract.  AES Puerto Rico denies that the damages it seeks are consequential damages.

Consequential damages are damages other than for the costs necessary to render the equipment capable of functioning as warranted and guaranteed.  A non-exclusive list of examples of consequential damages provided in the Contract includes "loss of revenue, loss of profit, loss of use of facility or damages associated therewith."

*Adapted from*:  Del. Code Ann. tit. 6, § 2-715(2); *Chatlos Sys., Inc. v. Nat'l Cash Register Corp.*, 670 F.2d 1304, 1305-07 (3d Cir. 1982); *Wood River Pipeline Co. v. Wilbros Energy & Services Co.*, 738 P.2d 866 (Kan. 1987); Contract, Part III, § 52.0.

P-14

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Affirmative Defense-Misuse)

An affirmative defense is a fact or circumstance which would excuse ALSTOM from being liable to AES Puerto Rico, even if AES Puerto Rico meets its burden of proof on its claim. ALSTOM contends that AES Puerto Rico's damages occurred as a proximate result of its misuse of the equipment.

ALSTOM bears the burden of proving by a preponderance of the evidence that AES Puerto Rico misused the equipment and that AES Puerto Rico's misuse of the equipment was the proximate cause of AES Puerto Rico's damages.

AES Puerto Rico denies that its damages were proximately caused by its misuse of any of the equipment.

*Adapted from*:  Kehoe, Jury Instructions for Contract Cases, Vol. 1 (1995) § 8.01; O'Malley, Federal Jury Practice and Instructions – Civil, 5th Ed. (2000) § 122.31; *Scharf v. Edgcomb Corp.*, 864 A.2d 909, 919 (Del. 2004) (defendant bears the burden of proof on an affirmative defense).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. __
(Construction of Ambiguous Contract Terms)

There are certain rules to consider in interpreting contractual terms that appear ambiguous or unclear.

First, if the contract's language is susceptible of two constructions, one of which makes it a fair, customary, and reasonable contract that a prudent person would make, while the second interpretation makes the contract inequitable, unusual, or one that a prudent person would likely not make, the first interpretation must be preferred.

Second, to determine the parties' intent when there are ambiguous terms, the jury will look to the construction given to the terms by the parties as shown through their conduct during the period after the contract allegedly became effective and before the institution of this lawsuit. The parties' conduct after a contract is made should be given great weight in determining its meaning.

*Adapted from:*  Delaware Pattern Jury Instructions, Civil § 19.15 (2000).

Respectfully submitted,

OF COUNSEL:
Dane H. Butswinkas                    /s/ John S. Spadaro
R. Hackney Wiegmann                  John S. Spadaro (Bar No. 3155)
Daniel D. Williams                   MURPHY SPADARO & LANDON
Ann N. Sagerson                      1011 Centre Road, Suite 210
James L. Tuxbury                     Wilmington, DE 19805
WILLIAMS & CONNOLLY LLP              Tel. (302) 472-8100
725 Twelfth Street, N.W.             Fax (302) 472-8135
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

Dated:  September 11, 2006           Attorneys for AES Puerto Rico, L.P.

## CERTIFICATE OF SERVICE

On September 11, 2006, Plaintiff served Plaintiff AES Puerto Rico's Revised

Proposed Jury Instructions by electronic filing and first class mail, postage prepaid, on:

> Richard R. Wier, Esq.
> Daniel W. Scialpi, Esq.
> Two Mill Road
> Suite 200
> Wilmington, Delaware 19806

and by e-mail and first class mail, postage prepaid, on:

> James E. Edwards, Esq.
> Anthony Vittoria, Esq.
> Ober, Kaler, Grimes & Shriver
> 120 East Baltimore Street
> Baltimore, Maryland 21202-1643
> jeedwards@ober.com
> afvittoria@ober.com

/s/ John S. Spadaro