IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES PUERTO RICO, L.P., | * | |
| Plaintiff, | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER INC., | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT ALSTOM POWER INC.'S REVISED PROPOSED JURY INSTRUCTIONS

ALSTOM Power Inc., defendant, by its undersigned attorneys, submits the attached proposed

pre-evidentiary (preliminary) jury instructions no. 1 through 2 and proposed jury instructions no. 1

through 41, requesting that the Court instruct the jury in accordance with these proposed instructions.

ALSTOM Power Inc. respectfully reserves the right, insofar as the Court may allow, to supplement or

modify these instructions as necessary.

Respectfully submitted,

Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
RICHARD R. WIER, JR., P.A.
Two Mill Road, Suite 200
Wilmington, Delaware  19806
(302) 888-3222

Date: September 11, 2006

John Anthony Wolf
James E. Edwards, Jr.
Anthony F. Vittoria
Michael A. Schollaert
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland  21202-1643
(410) 685-1120
Fax:  (410) 547-0699

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 11th day of September, 2006, a copy of the foregoing

Proposed Jury Instructions was sent by electronic mail  to:

John S. Spadaro, Esquire
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, Delaware  19805

Daniel D. Williams, Esquire
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005

Daniel W. Scialpi (#4146)

TABLE OF CONTENTS

Pre-Evidentiary Jury Instruction No. 1: Nature Of Case ........................................ D-1

Pre-Evidentiary Jury Instruction No. 2: Province Of Judge And Jury .................... D-2

Jury Instruction No. 1: Evidence Equally Balanced ............................................... D-3

Jury Instruction No. 2: Failure To Call All Available Witnesses ............................. D-4

Jury Instruction No. 3: Discrepancies In Testimony .............................................. D-5

Jury Instruction No. 4: Opinion Evidence ............................................................. D-6

Jury Instruction No. 5: Inferences Defined – Presumption Of Regularity ............. D-7

Jury Instruction No. 6: Notice Or Knowledge – Duty Of Inquiry .......................... D-8

Jury Instruction No. 7: Depositions – Use As Evidence ......................................... D-9

Jury Instruction No. 8: Communications Between Court And Jury During Jury's Deliberations ... D-10

Jury Instruction No. 9: Knowledge Imparted ......................................................... D-11

Jury Instruction No. 10: Accelerated Corrosion Warranty ..................................... D-12

Jury Instruction No. 11: "Handcuffs" Warranty .................................................... D-14

Jury Instruction No. 12: Burden Of Proof For Breach Of Express Warranty .......... D-15

Jury Instruction No. 13: Conditions ...................................................................... D-16

Jury Instruction No: 14: Burden Of Proof Conditions Precedent ........................... D-17

Jury Instruction No. 15: Excuses For Non-Satisfaction Of Conditions Precedent ... D-18

Jury Instruction No. 16: Agent/Principal .............................................................. D-19

Jury Instruction No. 17: Equitable Estoppel .......................................................... D-20

Jury Instruction No. 18: Burden Of Proof – Equitable Estoppel ............................ D-21

Jury Instruction No. 19: Waiver ............................................................................ D-22

Jury Instruction No. 20: Burden Of Proof – Waiver .............................................. D-23

Jury Instruction No. 21: Warranty Exclusions .................................................................... D-24

Jury Instruction No. 22: Contract .................................................................... D-25

Jury Instruction No. 23: Breach Of Contract .................................................................... D-26

Jury Instruction No. 24: Breach Of Contract – Materiality .................................................................... D-27

Jury Instruction No. 25:  Burden Of Proof – Breach of Contract ........................................ D-28

Jury Instruction No. 26: Affirmative Defenses – Generally .................................................................... D-29

Jury Instruction No. 27: Assumption Of Risk .................................................................... D-30

Jury Instruction No. 28: Burden Of Proof – Assumption Of Risk .................................................................... D-31

Jury Instruction No. 29: Misuse .................................................................... D-32

Jury Instruction No. 30: Misuse – Burden Of Proof .................................................................... D-33

Jury Instruction No. 31:  Release .................................................................... D-34

Jury Instruction No. 32: Causation .................................................................... D-35

Jury Instruction No. 33: Substantial Factor .................................................................... D-36

Jury Instruction No. 34: Introduction To Damages .................................................................... D-37

Jury Instruction No. 35: Damages – Direct And Consequential .................................................................... D-38

Jury Instruction No. 36: Measure Of Damages .................................................................... D-39

Jury Instruction No. 37: Reasonable Not Speculative .................................................................... D-40

Jury Instruction No. 38: Mitigation Of Damages .................................................................... D-41

Jury Instruction No. 39: Bar From Recovery For Own Actions/Failures .................................................................... D-42

Jury Instruction No. 40:  Betterment: .................................................................... D-43

Jury Instruction No. 41: Bar From Recovery Of Future Damages .................................................................... D-44

Jury Instruction No. 42: Disproportionality .................................................................... D-45

## **ALSTOM PRE-EVIDENTIARY JURY INSTRUCTION NO. 1: NATURE OF CASE**

Members of the jury, we are about to begin the trial of the case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have in order better to understand what will be presented before you and how you should conduct yourself during the trial.

The party who brings a lawsuit is called the plaintiff. In this action, the plaintiff is AES Puerto Rico, L.P. – referred to as AES-PR – which is the owner of a coal-fired power plant located in Guayama, Puerto Rico. AES-PR entered into a contract with a company known as Duke/Fluor Daniel Caribbean – referred to as D/FD – under which D/FD agreed to design and build the power plant.

The party against whom the suit is brought is called the defendant. In this action, the defendant is ALSTOM Power Inc. – referred to as ALSTOM. ALSTOM entered into a contract with D/FD to furnish and install certain equipment at the plant, including the coal-fired boilers and the air pollution control equipment. ALSTOM entered into a subcontract with Environmental Elements Corporation – known as EEC – under which EEC agreed to furnish the pollution air control equipment to ALSTOM.

AES-PR sued ALSTOM, contending that ALSTOM breached certain warranties with respect to that equipment, which is denied by ALSTOM.

*See* K. O'MALLEY & J. GRENIG, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 101.01 (5th ed. 2000) [hereinafter cited as "O'MALLEY & GRENIG"].

**ALSTOM PRE-EVIDENTIARY JURY INSTRUCTION NO. 2:**
**<u>PROVINCE OF JUDGE AND JURY</u>**

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision.  You will determine the facts from the testimony and other evidence that has been presented.  You are the sole and exclusive judge of the facts.

I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury.  Such comments are only expressions of my opinion as to the facts.  You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each witness.

*See* O'MALLEY & GRENIG §101.10.

## ALSTOM JURY INSTRUCTION NO. 1: EVIDENCE EQUALLY BALANCED

If the evidence tends equally to suggest two inconsistent views, neither has been established. That is, where the evidence shows that one or two things may have caused the loss: one of which AES-PR was responsible for and one for which it was not, you cannot find for AES-PR if it is just as likely that the loss was caused by one thing as by the other.

In other words, if you find that the evidence equally suggests, on the one hand, that ALSTOM is liable, but on the other hand, that it is not liable, then you must not speculate about the suggested cause of the claimed damage; in that circumstance you must find for ALSTOM.

*See* DEL. P.J.I. CIV. §4.2 (2000).

## ALSTOM JURY INSTRUCTION NO. 2: FAILURE TO CALL ALL AVAILABLE WITNESSES

If a party fails to call a person as a witness who has knowledge about the facts at issue, and who is reasonably available to the party, and who is not equally unavailable to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.

*See* O'MALLEY & GRENIG §104.25.

## ALSTOM JURY INSTRUCTION NO. 3: DISCREPANCIES IN TESTIMONY

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently, and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

*See* O'MALLEY & GRENIG §105.01.

## ALSTOM JURY INSTRUCTION NO. 4: OPINION EVIDENCE

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. One exception to the rules involves opinion testimony that I have allowed when I believed that the testimony opinion of a lay witness was rationally based on the witness' own perception and would be helpful to a clear understanding of the testimony or the determination of a fact in issue.

Another exception to the rules exists for those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matter, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider such opinions received in evidence in this case, and give them such weight as you may think they deserve. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of any opinion are not sound or if you should feel that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

*See* O'MALLEY & GRENIG §104.40.

*See* Fed. R. Evid. 701 and 702.

**ALSTOM JURY INSTRUCTION NO. 5: INFERENCES DEFINED – <u>PRESUMPTION OF REGULARITY</u>**

You are to consider only the evidence in the case.  But, in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts that have been established by the evidence in the case.

Unless and until outweighed by evidence in the case to the contrary, you may find private transactions have been fair and regular, that the ordinary course of business or employment has been followed, and that things have happened according to the ordinary course of nature and the ordinary habits of life.

*See* O'MALLEY & GRENIG §§104.20; 104.21.

## ALSTOM JURY INSTRUCTION NO. 6: NOTICE OR KNOWLEDGE – DUTY OF INQUIRY

The means of knowledge are ordinarily the equivalent in law to actual knowledge. Therefore, if it appears from the evidence in the case that a person had information which would lead a reasonably prudent person to make inquiry through which he would surely learn certain facts, then such person may be found to have had actual knowledge of those facts, the same as if he or she had made such inquiry and had actually learned such facts.

That is to say, the law will charge a person with notice and knowledge of whatever he or she would have learned, upon making such inquiry as it would have been reasonable to expect him or her to make under the circumstances.

Knowledge or notice may also be established by circumstantial evidence. If it appears that a certain condition has existed for a substantial period of time, and the person has had regular opportunities to observe the conditions, then you may draw the inference that the person had knowledge of the condition.

*See* O'MALLEY & GRENIG §104.24.

**ALSTOM JURY INSTRUCTION NO. 7: DEPOSITIONS – USE AS EVIDENCE**

During the trial of this case, certain testimony has been shown to you by way of video deposition or read to you by way of deposition transcript. This testimony consists of sworn answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in the form of a deposition. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed and otherwise considered by the jury insofar as possible, in the same way as if the witness had been present, and had testified from the witness stand.

*See* O'MALLEY & GRENIG §105.02.

**ALSTOM JURY INSTRUCTION NO. 8: COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with the Court, you may send a note by a Marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open Court.

You will note from the oath about to be taken by the Marshals that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached an unanimous verdict.

*See* O'MALLEY & GRENIG §106.08.

**ALSTOM JURY INSTRUCTION NO. 9: KNOWLEDGE IMPARTED**

On this project, AES-PR entered into a contract with Duke/Fluor Daniel Caribbean – known as D/FD – under which D/FD agreed to design and build the power plant.  D/FD entered into a contract with ALSTOM under which, among other things, ALSTOM agreed to furnish and install the coal-fired boilers and the air pollution control equipment.  During construction of the facility, ALSTOM's only contractual obligations were to D/FD, and, as a result, it submitted certain documents and correspondence directly to D/FD, which was then contractually responsible to AES-PR.  ALSTOM had no duty to communicate directly with AES-PR and to do so would have been contractually improper.  Thus, for purposes of your deliberations, you should consider any documentation or information furnished by ALSTOM to D/FD as also having been furnished to AES-PR.

*See Medtronic Ave., Inc. v. Advanced Cardiovascular Sys. Inc.*, 247 F.3d 44 (3d Cir. 2001).

**ALSTOM JURY INSTRUCTION NO. 10: ACCELERATED CORROSION WARRANTY**

AES-PR alleges that ALSTOM has breached an express warranty against accelerated corrosion with respect to certain items of equipment that it furnished under the contract. AES-PR's claims concern alleged accelerated corrosion of collector plates in the electrostatic precipitators – known as the precipitators or the ESP's.

Under Paragraph 1.6 of the General Terms of ALSTOM's contract with D/FD, ALSTOM warranted, for a period of 24 months from performance acceptance, the circulating dry scrubbers and the precipitators against the consequences of accelerated corrosion, to the extent that such corrosion materially affected or was reasonably expected to materially affect in the next two years, the (i) structural integrity of that equipment or (ii) the ability of the equipment to perform mechanically, and, upon the satisfaction of certain conditions, ALSTOM agreed to take appropriate remedial action in the event of such accelerated corrosion. ALSTOM did not warrant that the equipment would be free of accelerated corrosion for the balance of its useful life or for any period other than the 24 months specified by the warranty.

Under the accelerated corrosion warranty in its contract, ALSTOM agreed that, if accelerated corrosion covered by the warranty did occur, then ALSTOM would undertake appropriate remedial actions sufficient to restore the structural integrity of the equipment or its ability to mechanically perform for the stated 48 month period. In that regard, ALSTOM's limited accelerated corrosion warranty was not intended to provide protection against accelerated corrosion for the balance of the equipment's useful life or for any period other than that specified by the warranty, even though it may have been understood that accelerated corrosion might occur after the warranty expired and during the balance of the equipment's useful life.

It will be up to you to determine, from all the facts presented, whether AES-PR has proven everything it must prove in support of its claim for alleged breach of the accelerated corrosion warranty, and, if so, whether ALSTOM has proven everything that it must prove in support of its defenses to AES-PR's warranty claims.

*Ontario Hydro v. Zallea Systems, Inc.*, 569 F.Supp. 1261,1266 (D.Del. 1983).

*Jackson v. Krieger Ford, Inc.*, No. 88AP-103; 1989 Ohio App. LEXIS 1201 (Ohio Ct. App. Mar. 28, 1989).

## **ALSTOM JURY INSTRUCTION NO. 11: "HANDCUFFS" WARRANTY**

AES-PR's second warranty claim concerns clamps, referred to as the "handcuffs," which secure tubing that is part of Fluidized Bed Heat Exchanger units supplied by ALSTOM. AES-PR contends that a second set of handcuffs was required in order for those units to comply with the specific warranty with respect to that equipment.

ALSTOM warranted, under Paragraph 1.1.1 and 1.2 of the contract's warranty provisions, for a period of 24 months after performance acceptance, that the handcuffs would comply with the provisions of the contract and all specifications and drawings referred to therein and that they would be free from defects in materials and workmanship and in compliance with design or engineering that ALSTOM furnished.

It will be up to you to determine, from all the facts presented, whether AES-PR has proven everything it must prove in support of its warranty claim with regard to the handcuffs, and, if so, whether ALSTOM has proven everything that it must prove in support of its defenses to AES-PR's warranty claim.

*Ontario Hydro v. Zallea Systems, Inc.,* 569 F.Supp. 1261,1266 (D.Del. 1983).

*Jackson v. Krieger Ford, Inc.,* No. 88AP-103; 1989 Ohio App. LEXIS 1201 (Ohio Ct. App. Mar. 28, 1989).

**ALSTOM JURY INSTRUCTION NO. 12:  BURDEN OF PROOF**
**FOR BREACH OF EXPRESS WARRANTY**

AES-PR, in seeking to recover for a breach of warranty, has the burden of proving the pertinent terms of each warranty that it claims has been breached and that those terms were breached.

AES-PR's proof in that regard must be established by a preponderance of the evidence.  Proof by a preponderance of the evidence means proof that something is more likely than not.  It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not.  If the evidence on any particular point is evenly balanced, then the party having the burden of proof has not proved that point by a preponderance of the evidence, and you must find against the party on that point.

Accordingly, if you determine that AES-PR has not proven all essential elements of either of its warranty claims by a preponderance of the evidence, then you must find for ALSTOM.

*See Wilmington Candy Co. v. Remington Mach. Co.*, 21 Del. 543 (Del. Super. Ct. 1906).

*See also Oberly v. Howard Hughes Medical Inst.,* 472 A.2d 366, 390 (Del. Ch.1984).

## ALSTOM JURY INSTRUCTION NO. 13: CONDITIONS

In order to recover on its claim of breach of the accelerated corrosion warranty, AES-PR must establish that it satisfied all conditions pertaining to the warranty. A condition is an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises. If the condition is not fulfilled, the right to enforce the other party's contractual obligation does not come into existence.

In this case, ALSTOM asserts that, because AES-PR failed to satisfy conditions precedent, ALSTOM had no obligation to warrant against accelerated corrosion of the components of the precipitator. Under the contract, the warranty was conditioned upon the operation and maintenance of the system in accordance with the Contractor's Operations and Maintenance Manuals, Owner's specified operating parameters and the typical system operation at baseload and specified capacity factors. It is ALSTOM's position that AES-PR did not satisfy the conditions precedent to the accelerated corrosion warranty because it: (1) did not regularly measure the wet bulb temperature at the CDS outlet; (2) did not monitor and control the chloride content of the CDS spray water; (3) did not monitor and control the chloride content of the ash; (4) did not ensure that the flue gas temperature at the CDS outlet remained at least 30° Fahrenheit above the wet bulb temperature; (5) did not adjust the flue gas temperature at the CDS outlet according to the level of chlorides in the system; (6) did not properly maintain the water nozzles in the CDS; (7) did not operate the equipment at required temperatures during soot blowing; and (8) did not maintain records of those required actions.

*See Weiss v. Nw. Broad., Inc.*, 140 F.Supp. 2d 336 (D. Del. 2001).

*See Marker v. United States*, 646 F.Supp. 433 (D.Del. 1986).

*Memorandum Opinion,* ALSTOM's Motion for Partial Summary Judgment, at 7 (April 28, 2006).

## ALSTOM JURY INSTRUCTION NO: 14: BURDEN OF
## <u>PROOF CONDITIONS PRECEDENT</u>

ALSTOM is liable to AES-PR under the accelerated corrosion warranty only if AES-PR operated the air pollution control equipment in the manner provided in the Operations and Maintenance Manuals. AES-PR has the burden to prove, by a preponderance of the evidence, that it satisfied all of the conditions of the accelerated corrosion warranty in order to recover from ALSTOM.

If you determine that AES-PR failed to operate the air pollution control equipment in the manner provided in the Operations and Maintenance Manuals and thus failed to comply with any of those conditions – and that it had no valid excuse for that failure – then you must find in favor of ALSTOM with respect to AES-PR's claims under the accelerated corrosion warranty.

*Memorandum Opinion*, ALSTOM's Motion For Partial Summary Judgment, at 7 (April 28, 2006).
*See Oberly v. Howard Hughes Medical Inst.*, 472 A.2d 366, 390 (Del. Ch.1984).

**ALSTOM JURY INSTRUCTION NO. 15: EXCUSES FOR**
**NON-SATISFACTION OF CONDITIONS PRECEDENT**

AES-PR contends that there are facts that would excuse its non-performance or failure to comply with the conditions to ALSTOM's accelerated corrosion warranty and that the conduct of ALSTOM and EEC employees excuses AES-PR from complying with the requirements of the O&M Manual as a condition of ALSTOM's accelerated corrosion warranty.

Specifically, AES-PR contends that ALSTOM is barred from relying on the Purchase Order conditions based on the doctrines of estoppel and waiver.

## ALSTOM JURY INSTRUCTION NO. 16: AGENT/PRINCIPAL

A corporation may act only through natural persons as its agents or employees.  In general, agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation.

The existence of an agency relationship for one purpose will not establish its existence for another.  Parties dealing with an agent, known to be such by them, must take notice of the nature and extent of the agent's authority and are bound, at their peril, to notice the limitations of the authority granted.

See *Jordan Piano Co., Inc. v. Lewis,* 34 Del. 423 (Del. Super. Ct. 1930).

See *Zeeb v. Atlas Powder Co.,* 87 A.2d 123 (Del. 1952).

See O'MALLEY & GRENIG §108.01.

## ALSTOM JURY INSTRUCTION NO. 17: EQUITABLE ESTOPPEL

When a contracting party intentionally or unintentionally leads the other party to a contract to change its position to its detriment in reasonable reliance on that conduct, then the original party cannot enforce a contractual right contrary to the other party's changed position.  This is known in the law as estoppel.

In this case, AES-PR contends that the conduct of ALSTOM and EEC employees, along with written instructions received from those persons, led it to operate and maintain the air pollution control equipment in a manner that was inconsistent with the O&M Manual requirements

To establish a claim of estoppel, AES-PR must prove that:

1)  it lacked knowledge of the true facts or that it lacked the means to obtain the truth;

2)  it relied on the conduct of ALSTOM, against whom the estoppel is claimed; and

3)  it changed its position or conduct as a result of its reliance.

To constitute estoppel, the misrepresentation must be plain and not mere inference.  There must be actual conduct calculated to impress upon the mind of another a belief in a certain state of facts.

*See* DEL. P.J.I. CIV. §19.24 (2000).

*See Benitec Austl. Ltd. v. Promega Corp.*, C.A. No. 04-889 JJF, 2005 U.S. Dist. LEXIS 3545 (D. Del. Mar. 8, 2005).

*See Wilson v. American Ins. Co.,* 209 A.2d 902 (Del. 1965).

**ALSTOM JURY INSTRUCTION NO. 18: BURDEN OF PROOF – EQUITABLE ESTOPPEL**

The party asserting estoppel has the burden of proving it by clear and convincing evidence. "Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of certainty than is necessary to meet the preponderance of evidence standard.

Accordingly, in order for AES-PR to prevail on its contention that ALSTOM's conduct estops it from requiring AES-PR's compliance with the requirements of the O&M Manual as a condition to the accelerated corrosion warranty, AES-PR must prove, by clear and convincing evidence, each of the elements of estoppel.

*See Benitec Austl. Ltd. v. Promega Corp.*, C.A. No. 04-889 JJF, 2005 U.S. Dist. LEXIS 3545 (D. Del. Mar. 8, 2005).

*See Collins v. Sussex Trust Co.*, C.A. No. 88C-JN-21, 1989 Del. Super. LEXIS 274 (June 15, 1989).

*See* O'MALLEY & GRENIG §104.01.

## ALSTOM JURY INSTRUCTION NO. 19: WAIVER

AES-PR contends that ALSTOM waived its contractual right to require that AES-PR comply with the operating and maintenance conditions related to the air pollution control equipment.

Waiver is the voluntary and purposeful relinquishment or abandonment of a legal right or advantage.  A waiver may be expressly made or implied from conduct or other evidence.  The party alleged to have waived a right must have known the right and intended to give it up.

*See* Del. P.J.I. Civ. §19.23 (2000).

## ALSTOM JURY INSTRUCTION NO. 20: BURDEN OF PROOF – WAIVER

Accordingly, in order for AES-PR to prevail on its contention that ALSTOM has waived its contract rights by and through its conduct, AES-PR must establish and prove by, clear and convincing evidence, each of the elements of waiver.

The party asserting waiver has the burden of proving it by clear and convincing evidence. As I have instructed you, "clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of certainty than is necessary to meet the preponderance of evidence standard.

*See AeroGlobal Capital Mgmt., LLC v. Cirrus Indus.*, 871 A.2d 428 (Del. 2005).

## ALSTOM JURY INSTRUCTION NO. 21:  WARRANTY EXCLUSION

Under the contract, corrosion of the air pollution control equipment caused in whole or part by deviations in the fuel or feedstocks from the limits specified in the contract is excluded from ALSTOM's warranty obligations.

If you determine that ALSTOM has proven, by a preponderance of the evidence, that deviations in the fuel or feedstocks from the limits specified in the contract caused the corrosion complained of by AES-PR, then you must find in favor of ALSTOM with respect to AES-PR's claims under the accelerated corrosion warranty.

*Memorandum Opinion*, ALSTOM's Motion For Partial Summary Judgment, at 8-9 (April 28, 2006).

Contract, Part III General Terms § 1.8.

## **ALSTOM JURY INSTRUCTION NO. 22: CONTRACT**

A contract is a legally binding agreement between two or more parties. Each party to the contract must perform according to the agreement's terms. A party's failure to perform a contractual duty may constitute a breach of contract.

The contract at issue here is in writing and, pursuant to the contract terms, any change to the contract must also be in writing and reflect an agreement of both parties.

*See* Del. P.J.I. Civ. §19.1 (2000).

## **ALSTOM JURY INSTRUCTION NO. 23: BREACH OF CONTRACT**

In this case, ALSTOM alleges that AES-PR may not recover against ALSTOM because AES-PR has breached its contractual obligation by: (1) failing to operate and maintain the air pollution control equipment in the manner required by the O&M Manual; (2) using fuel or feedstock that did not comply with contractual requirements; and (3) failing to provide reasonable access to operating records and other information necessary for ALSTOM to satisfy itself of AES-PR's claim under the accelerated corrosion warranty.

*See* Del. P.J.I. Civ. §19.1 (2000).

## ALSTOM JURY INSTRUCTION NO. 24: BREACH OF CONTRACT – MATERIALITY

If one party to a contract does not perform its obligations under the contract, the contract has been breached, and the other, non-breaching party will be excused from performance of its obligation under the contract, if the other party's breach is material.

Material breach is one of degree and is determined by weighing the consequences in light of the actual custom of persons in the performance of contractual provisions similar to that in this case. Factors to be considered include:

(a) the extent to which the non-breaching party will be deprived of the benefit which he reasonably expected;

(b) the extent to which the non-breaching party can be adequately compensated for the part of that benefit of which he will be deprived;

(c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;

(d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;

(e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

*See* RESTATEMENT (SECOND) OF CONTRACTS §241.

*See also* DEL. P.J.I. §19.20 (2000).

*See Eastern Elec. & Heating, Inc. v. Pike Creek Professional Ctr.*, Nos. 85L-AP-21, 85L-MY-1, 85C-MR-791987 Del. Super. LEXIS 1115 at *11 (Apr. 7, 1987).

## ALSTOM JURY INSTRUCTION NO. 25: BURDEN OF PROOF – BREACH OF CONTRACT

ALSTOM bears the burden of proving by a preponderance of the evidence that AES-PR breached its obligations under the contract.

If you determine that AES-PR breached any of its material obligations, then you must find for ALSTOM.

*See* ABA, MODEL JURY INSTRUCTIONS IN CONSTRUCTION LITIGATION §6.02 (2001)

*See also* DEL. P.J.I. §19.20 (2000).

**ALSTOM JURY INSTRUCTION NO. 26: AFFIRMATIVE DEFENSES - GENERALLY**

An affirmative defense is a fact or circumstance which would excuse a party from being liable, even if the other party otherwise met its burden of proof on its claims.

In this lawsuit, ALSTOM has raised the affirmative defenses of assumption of risk and misuse of the equipment.

The burden to prove the affirmative defenses is on ALSTOM.  If ALSTOM proves either of the affirmative defenses mentioned above, then your verdict must be for ALSTOM.


*See* R. KEHOE, JURY INSTRUCTIONS FOR CONTRACT CASES §8.01 (1995) [hereinafter cited as "KEHOE"].

## ALSTOM JURY INSTRUCTION NO. 27: ASSUMPTION OF RISK

ALSTOM asserts that AES-PR voluntarily assumed a known risk when it operated and maintained the equipment in a manner that was inconsistent with the requirements of the O&M Manual. A party that chooses to take a risk, and that understands or should understand the danger associated with that risk, cannot recover for any damages that result from that knowing assumption of the risk associated with disregarding the O&M Manual requirements.

*See* DEL. P.J.I. CIV. §10.4 (2000).

**ALSTOM JURY INSTRUCTION NO. 28: BURDEN OF PROOF – ASSUMPTION OF RISK**

ALSTOM must prove by a preponderance of the evidence that AES-PR voluntarily assumed the risk of operating and maintaining the equipment in a manner inconsistent with the O&M Manual requirements.  If you find that AES-PR assumed the risk of damage, your verdict must be for ALSTOM.

*See* DEL. P.J.I. CIV. §10.4 (2000).

## ALSTOM JURY INSTRUCTION NO. 29: MISUSE

If, in using a product, the buyer fails to follow directions provided by the seller, the buyer may not recover for resulting damages because such misuse is beyond the scope of the seller's warranty. A breach of warranty may not be found where the buyer's misuse of the product causes it to malfunction.

If you determine that AES-PR was instructed how to operate and maintain properly the equipment and that AES-PR failed to follow the instructions provided, then AES-PR may not recover against ALSTOM for breach of warranty.

*See Chisholm v. J. R. Simplot Co.*, 495 P.2d 1113, 1116 (Id. 1972).

*See also Elanco Products Co. v. Akin-Tunnell*, 516 S.W. 2d 726 (Tex. Civ. App. 1974).

## **ALSTOM JURY INSTRUCTION NO. 30: MISUSE – BURDEN OF PROOF**

ALSTOM must prove by a preponderance of the evidence that AES-PR misused the equipment by operating the equipment contrary to the requirements of the O&M Manual. If you find that AES-PR caused its own injuries by misusing the facility, your verdict must be for ALSTOM.

*See Davis v. Cincinnati, Inc.*, 81 Ohio App. 3d 116 (Ct. App. Ohio 1991).

## ALSTOM JURY INSTRUCTION NO. 31:  RELEASE

A release is a  writing manifesting an intention to discharge another immediately, or upon the occurrence of a condition, from an existing or asserted duty.  One who has a contractual right against another has the power to discharge this right and the other's duty by executing and delivering a release.  A release executed and delivered by a claimant is a defense in any action by the claimant to enforce the right previously released.

ALSTOM alleges that, on or about October 31, 2003, AES-PR, in consideration of payments to it by D/FD Caribbean, signed and delivered to D/FD a release, whereby AES-PR released and discharged D/FD from all claims and demands that it had, or might later have.  It is ALSTOM's position that the release AES-PR signed in its litigation with D/FD also served to release ALSTOM from all of the claims in this action.

A valid release is a bar to recovery.  Should you find that AES-PR entered a valid release with D/FD, and that the release applies to the claims raised by AES-PR against ALSTOM, then you must find for ALSTOM.

*See* SARAH HOWARD JENKINS, CORBIN ON CONTRACTS § 67.9 (2003).

*See* O'MALLEY & GRENIG §120.70.

## ALSTOM JURY INSTRUCTION NO. 32: CAUSATION

In an action based on breach of warranty, it is necessary for the Plaintiff to prove that the breach of the warranty was the proximate cause of the loss sustained. Where it has been established that there are several possible causes of an injury – for one or more of which ALSTOM was not responsible – and it is just as reasonable and probable that the damage was the result of an alternate cause, AES-PR may not recover, because it will have failed to prove that ALSTOM's breach caused the damage.

Furthermore, if you determine that AES-PR's alleged losses are the result of its own errors or omissions – or errors or omissions of entities other than ALSTOM, such as D/FD, which had a contract with AES-PR to design and construct the plant – damages should not be awarded against ALSTOM.

Thus, if you determine that AES-PR's damages were caused by the inefficient operation or design failure of the plant's water treatment systems and do not arise from ALSTOM's alleged breach of warranty with respect to the air pollution control equipment, it is not proper to award damages to AES-PR.

Where the evidence is such that you can do no more than guess or speculate as to which of several acts or conditions, not all of which can be charged to ALSTOM, was in fact the cause of a problem, damages cannot be awarded to AES-PR and the entire claim may be rejected.

See *Chisholm v. J. R. Simplot Co.*, 495 P.2d 1113, 1116 (Id. 1972).

See also *Antilles Shipping Co. v. Texaco, Inc.*, 321 F. Supp. 166, 167 (S.D.N.Y. 1970)

See also *Nat'l Control Corp. v. Nat'l Semiconductor Corp.*, 833 F2d 491 (3d Cir. 1987).

## ALSTOM JURY INSTRUCTION NO. 33: SUBSTANTIAL FACTOR

If a determination is made that ALSTOM was a proximate cause of the damage incurred by AES-PR, you must then consider whether AES-PR has proven that ALSTOM's breach was a substantial factor in causing it harm.  A substantial factor is something which is more than a slight or theoretical factor in producing a particular result.

If you determine that ALSTOM was not a substantial factor in causing AES-PR harm, you may not award AES-PR damages against ALSTOM.

*See Nat'l Control Corp. v. Nat'l Semiconductor Corp.*, 833 F2d 491 (3d Cir. 1987).

*See U.S. Ecology, Inc. v. State of California*, 129 Cal. App. 4th 887 (Cal. Ct. App. 2005).

## ALSTOM JURY INSTRUCTION NO. 34: INTRODUCTION TO DAMAGES

If you find that ALSTOM is liable to AES-PR for breach of warranty, then you must determine the amount of money to award AES-PR as damages. The following instructions tell you how to do that. The fact that I am telling you about the law of damages does not mean that I believe you will, or should, find against ALSTOM. I give you these instructions only because you might need them in your deliberations.

If you find that ALSTOM is not liable, then you will have no occasion to consider the subject of damages.

*See* KEHOE §9.01.

**ALSTOM JURY INSTRUCTION NO. 35: DAMAGES – DIRECT AND CONSEQUENTIAL**

There are two broad categories of damages for breach of conduct: direct damages and consequential damages.  Direct damages are damages that arise naturally or ordinarily from breach of contract; they are damages which, in the ordinary course of human experience, can be expected to result from the breach and which are "utterly foreseeable."  If damages are direct, they are recoverable.

Consequential damages are damages which do not arise as an immediate, natural and probable result of the act performed – here, breach of warranty – but arise from the occurrence of some additional cause.

In this dispute, consequential damages are not recoverable as they are barred by the terms of the ALSTOM's contract.

*See Concord Plaza Assoc., Inc. v. Honeywell, Inc.*, No. 84C-JL-128, 1987 Del. Super. LEXIS 1100 (March 20, 1987).

*See also U.S. Plastic Lumber, Ltd. v. Strandex Corp.*, 02-C-211-C, 2003 U.S. Dist. LEXIS 24624 (W.D. Wisc. February 7, 2003).

**ALSTOM JURY INSTRUCTION NO. 36: MEASURE OF DAMAGES**

If you find that AES-PR is entitled to recover for damage that was proximately caused by the actions of ALSTOM, you should consider the compensation to which AES-PR is entitled. The proper measure of damages in a breach of warranty case is the amount of money which will render that which was guaranteed to be as warranted; in other words, it is the difference between the value of the equipment as accepted by AES-PR and the value it should have had if it had been as warranted by ALSTOM.

*See* DEL. P.J.I. CIV. §22.5 (2000).

*See also Neilson Bus. Equip. Cent., Inc. v. Monteleone*, 524 A.2d 1022 (Del. 1981).

*See* DEL. CODE. ANN. tit. 6, § 2714 (2006).

## ALSTOM JURY INSTRUCTION NO. 37: REASONABLE NOT SPECULATIVE

Damages must be reasonable.  If you find that the claiming party is entitled to a verdict, you may award that party only such damages as will reasonably compensate it for such injury and damage as you find, from a preponderance of the evidence in the case, that it has sustained as a proximate result of the opposing party's actions.

You are not permitted to award speculative damages.  You may not award damages unless the evidence is capable of establishing claimed damages with a reasonable degree of certainty because the law will not permit a recovery of damages that are speculative or conjectural.  So, you are not to award compensation for any claimed amount that, although possible, is not reasonably certain to have been incurred or not reasonably certain to be incurred.

*See* O'MALLEY & GRENIG §128.60.

*See also Henne v. Balick*, 51 Del. 369 (Del. 1958).

## ALSTOM JURY INSTRUCTION NO. 38: MITIGATION OF DAMAGES

In fixing the amount of damages, you should not include any loss that AES-PR could have prevented by exercising reasonable care and diligence when it learned or should have learned of the breach.

The burden is on ALSTOM to prove that AES-PR failed to minimize its damages and that the damages should be reduced by a particular amount as a result.

*See* KEHOE §9.32.

D-42

## ALSTOM JURY INSTRUCTION NO. 39: BAR FROM RECOVERY
## <u>FOR OWN ACTIONS/FAILURES</u>

Should you determine that any of AES-PR's alleged damages relate to costs that are the result of the failure of its own efforts to repair the plant's air pollution control system, you should not award AES-PR any damages.  AES-PR may not recover for repairs or modifications made necessary only as the result of its own failed repair efforts.

*See Falcon Tankers, Inc. v. Litton Sys., Inc.,* 355 A.2d 898, 907 (Del. Super. Ct. 1976).

## <u>ALSTOM JURY INSTRUCTION NO. 40: BETTERMENT</u>

A buyer may not recover the cost or replacement of warranted equipment that resulted in the buyer having obtained equipment that has a greater value or longer life than that covered by the original warranty.  In the construction industry, that is known as "betterment."

In this case, if you find that AES-PR seeks to recover damages that would constitute a betterment – including steps taken to extend accelerated corrosion resistance beyond the 48 month period of the accelerated corrosion warranty – you must determine that such claimed damages are not recoverable from ALSTOM.

*525 Main St. Corp. v. Eagle Roofing Co.,* 168 A.2d 33 (N.J. 1961).

*Hooten v. Kenneth B. Mumaw Plumbing & Heating Co.,* 318 A.2d 514 (Md. 1974).

## ALSTOM JURY INSTRUCTION NO. 41: BAR FROM RECOVERY OF FUTURE DAMAGES

If you determine that AES-PR is entitled to recover damages, any damages that it may recover must be determined with reference to the applicable warranty. AES-PR is not entitled to recover damages for repairs or modifications to the equipment that are made after the expiration of a warranty period.

*See Kennedy v. Acura*, C.A. No. 01-4063, 2002 R.I. Super. LEXIS 121 (R.I. August 8, 2002).

*See Abraham v. Volkswagen of America*; 795 F.2d 238 (2nd Cir. 1985)

## ALSTOM JURY INSTRUCTION NO. 42: DISPROPORTIONALITY

One limitation on the recovery of any damages for breach of a contract is the principle of disproportionality:  the avoidance, in the interest of justice, of damages disproportionate to the agreed contract price.  That principle focuses on the possible injustice of burdening a party with payment of damages that otherwise might be recoverable, but that are excessive under the circumstances.

In awarding any damages in this case, you should consider whether, and the extent to which, amounts claimed are so attenuated and expansive as to have been wholly unforeseeable at the time of contracting.  If you determine that any element of damage was unforeseeable to that extent, then AES-PR should not recover that element of damage from ALSTOM.

*See* RESTATEMENT (SECOND) OF CONTRACTS § 351(3).