## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| AES PUERTO RICO, L.P., | ) |
| | ) |
| Plaintiff, | ) |
| v. | )    Civ. No. 04-1282-JJF |
| | ) |
| ALSTOM POWER, INC., | ) |
| | ) |
| Defendant. | ) |

## OBJECTIONS OF PLAINTIFF AES PUERTO RICO, L.P. TO CERTAIN OF DEFENDANT ALSTOM POWER, INC.'S PROPOSED TRIAL EXHIBITS AND NOTICE OF LODGING

Pursuant to this Court's instruction at the September 14, 2006 pretrial conference in this matter, Plaintiff AES Puerto Rico, L.P. ("AES-PR") submits these objections to certain of Defendant ALSTOM Power, Inc.'s ("ALSTOM") proposed trial exhibits:

| Exhibit | Basis for Objection |
|---|---|
| D-2 | Hearsay. This newspaper article contains several levels of hearsay and AES-PR does not believe it comes from a reliable source. |
| D-3 | Hearsay; Foundation. This letter and accompanying "comments" is authored by an individual who is not a witness in the case, has no direct or indirect relation to the parties, and has not been deposed. There is no way to verify the accuracy or basis for any of the statements in the report. |
| D-5 | Hearsay; Prejudice; Foundation. This letter is authored by individuals who are not parties or witnesses in the case, have no direct or indirect relation to the parties, and have not been deposed. There is no way to verify the accuracy or basis for any of the statements in the report. This exhibit is not probative of any issues in this litigation and should be excluded. *See Government of the Virgin Islands v. Pinney*, 967 F.2d 912, 918 (3d Cir. 1992) (emotionally charged evidence that had "de minimis" probative value excluded under Rule 403). |

| Exhibit | Basis for Objection |
|---------|---------------------|
| D-6 | Multiple documents. This exhibit contains two distinct documents, one dated March 30, 1999 and the other dated December 29, 1999. |
| D-7 | Hearsay. This exhibit is a report from Black & Veatch, which served as a consultant to lenders to AES-PR. ALSTOM did not depose anyone from Black & Veatch and is not calling anyone from Black & Veatch as witnesses. Neither Black & Veatch nor lenders to AES-PR are parties to this lawsuit. |
| D-8 | Hearsay. This exhibit is an email from an individual who has not been deposed and may or may not be called as a witness at trial. In addition, the exhibit contains multiple levels of hearsay as it purports to report a response from EEC, a party not copied on the email. |
| D-9 | Hearsay. This exhibit is an email string that contains multiple levels of hearsay. Part of the email string purports to report a response from EEC. A separate part of the email string purports to summarize a conference call in which a number of individuals allegedly participated. No AES-PR individuals were copied on this email string. The hearsay does not fall into any one of the recognized exceptions to the hearsay rule. |
| D-10 | Hearsay; incomplete. This exhibit contains handwritten notes from an unidentified author. It purports to express concerns of AES-PR (as an entity) and EEC's response to those concerns. The hearsay does not fall into any recognized exception to the hearsay rule. AES-PR deserves an opportunity to examine a live witness on the opinions expressed in this exhibit. |
| D-15 | Hearsay. This exhibit is an email from an individual who is not a party to this lawsuit, has not been deposed, and will not be called as a witness at trial. No individuals from AES-PR were copied on the email. The hearsay does not fall into any recognized exception to the hearsay rule. |
| D-16 | Hearsay. This exhibit is an email string and an attachment that purports to report discussions from a meeting. The exhibit contains multiple levels of hearsay that do not fall into any recognized exception to the hearsay rule. |
| D-17 | Foundation; Hearsay. This exhibit is an email and accompanying attachment that contains multiple levels of hearsay. No AES-PR individual is copied on the email. There is no foundation for the attachment (no indication of authorship) and the attachment also contains hearsay that does not fall into any recognized exception to the hearsay rule. |

| Exhibit | Basis for Objection |
|---------|---------------------|
| D-18 | Foundation; Hearsay. This exhibit is an email string and an attachment that purports to report discussions from a meeting. The exhibit contains multiple levels of hearsay that do not fall into any recognized exception to the hearsay rule. |
| D-20 | Hearsay. This exhibit is a report from Black & Veatch, who served as consultants to lenders to AES-PR. Neither Black & Veatch nor lenders to AES-PR are parties to this lawsuit. ALSTOM did not depose anyone from Black & Veatch and is not calling anyone from Black & Veatch as witnesses. |
| D-23 | Multiple documents. This exhibit appears to contain three distinct documents (and duplicate copies of the same page). The first document is not bates-stamped, the second document is, and the third document again is not bates-stamped. |
| D-24 | Foundation. There is no indication what this document is, or who authored it, and there is no one on ALSTOM's witness list to explain what it is or its purpose. |
| D-27 | Incomplete; Multiple documents. ALSTOM failed accurately to reproduce all of the pages and in addition attached a separate and distinct document. During a prior meet and confer session, ALSTOM agreed to use Plaintiff's version of this exhibit. |
| D-30 | Foundation. There is no indication what this document is, or who authored it, and there is no one on ALSTOM's witness list to explain what it is or its purpose. |
| D-34 | Hearsay; Foundation; Multiple documents. This exhibit contains multiple documents (as many as 11 distinct documents). With the exception of the first page of the exhibit, AES-PR objects on foundation grounds to the documents that follow. In addition, several of the documents contain hearsay that does not fall into any recognized exception to the hearsay rule. |
| D-37 | Foundation. This exhibit contains handwritten notes by an unknown author. There is no indication what the document is, whether the document is final, or the circumstances giving rise to its creation. AES-PR has reason to believe the date of the document is incorrect because it is inconsistent with official plant operating data for that date. The official plant operating data has been produced to ALSTOM. In twenty-four depositions taken in this case, no witness was asked about this document. |
| D-40 | Multiple documents. This exhibit contains two copies of the same document. |

| Exhibit | Basis for Objection |
|---------|---------------------|
| D-42 | Foundation; Hearsay; Opinion Testimony of Lay Witness. Defendant has issued a trial subpoena to the author of this report. AES-PR objects to the admission of the report absent testimony from its author explaining the basis for statements in the report. The report also contains hearsay that should be excluded unless the author of the report can be cross-examined about it. Finally, the author of this report has not been designated as an expert witness by either party, yet his report contains purported expert testimony which should be excluded concerning the cause of problems with the pollution control equipment. |
| D-45 | Hearsay. The exhibit appears to be a technical report from GE Betz. No Betz personnel are on either side's witness lists and no Betz employee has been deposed. Moreover, the author of this report is not on either party's witness list to be called at trial. The document contains several statements which, if offered for the truth of the matter asserted, are hearsay statements that do not fall into any recognized exception to the hearsay rule. |
| D-47 | Foundation. There is no indication what the document is, who authored the document, whether the document is final, or the circumstances giving rise to its creation. |
| D-49 | Relevance; Prejudice. This exhibit is a copy of the Complaint in a now-settled suit between AES-PR and its general contractor, DFD. For the same reasons that the monetary value of the settlement of that suit should not be admissible, neither should the Complaint. *See* Motion in Limine #5. The allegations in the Complaint are not relevant to any claim or defense in this suit and will serve only to confuse the jury. Moreover, just as the monetary value of the settlement should be excluded because its probative value is "substantially outweighed by the danger of unfair prejudice," Fed. R. Evid. 403, so should the allegations in the Complaint. ALSTOM may seek to use the evidence of the lawsuit to suggest – incorrectly – that AES-PR already has been compensated for the damages it seeks in this litigation. *See id.* |
| D-52 | Relevance; Prejudice. This exhibit is a copy of the Amended Complaint in a now-settled suit between AES-PR and its general contractor, DFD. For the same reasons that the monetary value of the settlement of that suit should not be admissible, neither should the Complaint. *See* Motion in Limine #5. The allegations in the Complaint are not relevant to any claim or defense in this suit and will serve only to confuse the jury. Moreover, just as the monetary value of the settlement should be excluded because its probative value is "substantially outweighed by the danger of unfair prejudice," Fed. R. Evid. 403, so should the allegations in the Complaint. ALSTOM may seek to use the evidence of the lawsuit to suggest – incorrectly – that AES-PR already has been compensated for the damages it seeks in this litigation. *See id.* |

| Exhibit | Basis for Objection |
|---------|---------------------|
| D-56 | Hearsay; Foundation; Expert Testimony of Lay Witness. Defendant has issued a trial subpoena to the author of this report. AES-PR objects to the admission of the report absent testimony from its author explaining the basis for statements in the report. The report also contains hearsay that should be excluded unless the author of the report can be cross-examined about it. Finally, the author of this report has not been designated as an expert witness by either party, yet his report contains purported expert testimony which should be excluded concerning the cause of problems with the pollution control equipment. |
| D-59 | Hearsay; Foundation; Expert Testimony of Lay Witness. Defendant has issued a trial subpoena to the author of this report. AES-PR objects to the admission of the report absent testimony from its author explaining the basis for statements in the report. The report also contains hearsay that should be excluded unless the author of the report can be cross-examined about it. Finally, the author of this report has not been designated as an expert witness by either party, yet his report contains purported expert testimony which should be excluded concerning the cause of problems with the pollution control equipment. |
| D-75 | Relevance; Prejudice. These Requests for Documents were issued in a separate lawsuit that has been settled, and they have no relevance to this case. These legal documents are not evidence of any issue in dispute in this lawsuit. They contain matter not remotely relevant to this case, including general and specific objections to various document requests. Their introduction would serve only to confuse the jury. |
| D-78 | Foundation; Hearsay. This document is a set of e-mails, but the second e-mail (which starts in the middle of the first page) has a blank space after "From:," so it is impossible to determine the author of this e-mail. This document also contains multiple levels of hearsay. It contains reference to something Mr. Jarvis "heard from Karl" and describes information from a "Stephanie Martin" of "Stock Equipment Company," which is a non-party unrelated to either of the parties in this case. |
| D-79 | Prejudice; Relevance. ALSTOM seeks to introduce the entire Release and Settlement Agreement AES-PR executed with non-party Duke/Fluor Daniel Caribbean, S.E. As AES-PR explains in the Motion in Limine it is filing today, the portions of this settlement agreement that describe the monetary value of the settlement should be excluded because they would be unduly prejudicial and are not relevant to issues in dispute in this action. *See* Motion in Limine Issue # 5. AES-PR has included a version of this document that excludes the objectionable material, and it requests that ALSTOM use this excerpted version. *See* Plaintiff's Exhibit P-72. |
| D-93 | Hearsay. The first sentence of this e-mail describes a hearsay statement from an unnamed representative of "GE Betz." No Betz personnel are on either side's witness lists and no Betz employee has been deposed. |

| Exhibit | Basis for Objection |
|---------|---------------------|
| D-95 | Hearsay. The attachment to the e-mail contains hearsay from a representative of a company, ESG, with which AES-PR communicated but ultimately did not contract. There is no indication what the basis is for the statements made about the AES-PR facility. There is no way to test the accuracy of any of the statements in the attachment without a live witness to testify about them. |
| D-98 | Prejudice. Plaintiff requests that this document be redacted to eliminate confidential financial data and information about AES-PR's settlement with non-party D/FD. Plaintiff's proposed redactions are indicated with highlighting on the document. The financial data contained in this Weekly Report are wholly unrelated to any issue in dispute in this lawsuit. As AES-PR explains in the Motion in Limine it is filing today, the amount of AES-PR's settlement with D/FD should be excluded because it would be unduly prejudicial and is not relevant to issues in dispute in this action. *See* Motion in Limine Issue # 5. |
| D-113 | Prejudice. Plaintiff requests that this document be redacted to eliminate information about AES-PR's settlement with non-party D/FD. Plaintiff's proposed redactions are indicated with highlighting on the document. As AES-PR explains in the Motion in Limine it is filing today, the amount and terms of AES-PR's settlement with D/FD should be excluded because they would be unduly prejudicial and are not relevant to issues in dispute in this action. *See* Motion in Limine Issue # 5. |
| D-115 | Hearsay. The attachment to the e-mail contains hearsay from a representative of a company, ESG, with which AES-PR communicated but ultimately did not contract. There is no indication what the basis is for the statements made about the AES-PR facility. There is no way to test the accuracy of any of the statements in the attachment without a live witness to testify about them. |
| D-120 | Multiple Documents; Foundation. The second page of this exhibit purports to be an e-mail, but it lists the author as "Unspecified Sender" and the date as "No Date." There has been no deposition testimony as to what this document is, and when the parties met and conferred about these documents, ALSTOM's counsel had no explanation for the fact that what appears to be an e-mail has no author or date information. |
| D-121 | Prejudice; Relevance. Plaintiff requests that this document be redacted to eliminate information about an unrelated lawsuit ALSTOM filed against AES-PR concerning defective turbine equipment ALSTOM had supplied at the facility. That lawsuit has been settled. Plaintiff's proposed redaction is indicated with highlighting on the document. Discussion of this settlement concerning the turbine has no relevance whatsoever to any issue in dispute in this litigation and could only serve to distract and confuse the jury. |

| Exhibit | Basis for Objection |
|---------|---------------------|
| D-129 | Relevance; Prejudice.  Defendant seeks to introduce AES-PR's "litigation hold" memo to its employees instructing them to preserve documents for this lawsuit.  That memorandum has no relevance to any issue in dispute in this case and would serve only to confuse the jury. |
| D-131 | Hearsay.  Defendant seeks to introduce its own Answer to the Complaint as evidence.  The document is hearsay.  While under limited circumstances a pleading may be admissible as a judicial admission, *see, e.g., Electric Mobility Corp. v. Bourns Sensors/Controls, Inc.,* 87 F. Supp. 2d 394, 405 (D.N.J. 2000), Defendant could not possibly qualify under this limited exception because it cannot claim that its own Answer is a judicial admission by an opposing party. |
| D-132 | Multiple Documents; Relevance; Hearsay.  This exhibit contains two separate documents:  a Request for Documents issued by ALSTOM and AES-PR's Response to ALSTOM's Request for Documents.  These legal documents are not evidence of any issue in dispute in this lawsuit.  They contain matter not remotely relevant to this case, including general and specific objections to various document requests. |
| D-133 | Hearsay.  The attachment to the e-mail contains hearsay from a representative of a company, ESG, with which AES-PR communicated but ultimately did not contract.  There is no indication what the basis is for the statements made about the AES-PR facility.  There is no way to test the accuracy of any of the statements in the attachment without a live witness to testify about them. |
| D-135 | Multiple Documents; Prejudice.  This exhibit contains four separate documents:  ALSTOM's First Set of Interrogatories; Responses to First Set of Interrogatories; Supplemental Response to Interrogatory No. 10; and Responses to Third Set of Interrogatories.  This exhibit is incomplete and unduly prejudicial because it omits AES-PR's further supplemental response to Interrogatory No. 10, dated April 24, 2006, setting forth AES-PR's damages claim. |
| D-138 | Prejudice.  Plaintiff requests that this document be redacted to eliminate confidential financial data and information concerning a wholly unrelated lawsuit filed in New York State concerning coal ash issues.  Plaintiff's proposed redactions are indicated with highlighting on the document.  The financial data contained in this Weekly Report are wholly unrelated to any issue in dispute in this action.  The discussion concerning the New York State litigation is not relevant to this action and would serve only to confuse the jury. |

| Exhibit | Basis for Objection |
|---------|---------------------|
| D-139 | Multiple Documents; Relevance; Hearsay. This exhibit contains two separate documents: ALSTOM's Second Request for Documents and AES-PR's Responses to ALSTOM's Second Request for Documents. These legal documents are not evidence of any issue in dispute in this lawsuit. They contain matter not remotely relevant to this case, including general and specific objections to various document requests. They would serve only to confuse the jury. |
| D-140 | Multiple Documents. This exhibit contains three separate documents: ALSTOM's Second Set of Interrogatories; AES-PR's Responses to Second Set of Interrogatories; and AES-PR's Supplemental Responses To ALSTOM's Interrogatories. |
| D-141 | Multiple Documents; Prejudice. This exhibit contains two separate documents: ALSTOM's First Set of Requests for Admission and AES-PR's Responses to ALSTOM's First Set of Requests for Admission. This exhibit is incomplete and prejudicial because it omits AES-PR's Supplemental Response to ALSTOM's First Set of Requests for Admission, dated February 16, 2006. |
| D-143 | Multiple Documents. This exhibit contains two separate documents: ALSTOM's Second Set of Requests for Admission and AES-PR's Responses to ALSTOM's Second Set of Requests for Admission. |
| D-144 | Multiple Documents. This exhibit contains two separate documents: ALSTOM's Third Set of Interrogatories and AES-PR's Responses to ALSTOM's Third Set of Interrogatories. |
| D-147 | Foundation. The author of this document is unknown, the document is not dated, and no witness has authenticated it. |
| D-148 | Foundation. The author of this document is unknown, the document is not dated, and no witness has authenticated it. |
| D-168 | Authenticity; Relevance. AES-PR does not know the source of these photographs. To the extent they purport to be photographs of equipment at AES-PR, AES-PR contends that the photographs do not fairly and accurately represent the equipment. |
| D-169 | Authenticity; Relevance. AES-PR does not know the source of these photographs. To the extent they purport to be photographs of equipment at AES-PR, AES-PR contends that the photographs do not fairly and accurately represent the equipment. |
| D-170 | Authenticity; Relevance. AES-PR does not know the source of these photographs. To the extent they purport to be photographs of equipment at AES-PR, AES-PR contends that the photographs do not fairly and accurately represent the equipment. |

| Exhibit | Basis for Objection |
|---------|---------------------|
| D-171 | Authenticity; Relevance.  AES-PR does not know the source of these photographs. To the extent they purport to be photographs of equipment at AES-PR, AES-PR contends that the photographs do not fairly and accurately represent the equipment. |
| D-172 | Authenticity; Relevance.  AES-PR does not know the source of these photographs. To the extent they purport to be photographs of equipment at AES-PR, AES-PR contends that the photographs do not fairly and accurately represent the equipment. |
| D-173 | Authenticity; Relevance.  AES-PR does not know the source of these photographs. To the extent they purport to be photographs of equipment at AES-PR, AES-PR contends that the photographs do not fairly and accurately represent the equipment. |
| D-174 | Authenticity; Relevance.  AES-PR does not know the source of these photographs. To the extent they purport to be photographs of equipment at AES-PR, AES-PR contends that the photographs do not fairly and accurately represent the equipment. |
| D-175 | Authenticity; Relevance.  AES-PR does not know the source of these photographs. To the extent they purport to be photographs of equipment at AES-PR, AES-PR contends that the photographs do not fairly and accurately represent the equipment. |
| D-176 | Authenticity; Relevance.  AES-PR does not know the source of these photographs. To the extent they purport to be photographs of equipment at AES-PR, AES-PR contends that the photographs do not fairly and accurately represent the equipment. |
| D-177 | Authenticity; Relevance.  AES-PR does not know the source of these photographs. To the extent they purport to be photographs of equipment at AES-PR, AES-PR contends that the photographs do not fairly and accurately represent the equipment. |
| D-178 | Authenticity; Relevance.  AES-PR does not know the source of these photographs. To the extent they purport to be photographs of equipment at AES-PR, AES-PR contends that the photographs do not fairly and accurately represent the equipment. |
| D-179 | Authenticity; Relevance.  AES-PR does not know the source of these photographs. To the extent they purport to be photographs of equipment at AES-PR, AES-PR contends that the photographs do not fairly and accurately represent the equipment. |
| D-180 | Authenticity; Relevance.  AES-PR does not know the source of these photographs. To the extent they purport to be photographs of equipment at AES-PR, AES-PR contends that the photographs do not fairly and accurately represent the equipment. |
| D-181 | Authenticity; Relevance.  AES-PR does not know the source of these photographs. To the extent they purport to be photographs of equipment at AES-PR, AES-PR contends that the photographs do not fairly and accurately represent the equipment. |

| Exhibit | Basis for Objection |
|---------|---------------------|
| D-182 | Authenticity; Relevance. AES-PR does not know the source of these photographs. To the extent they purport to be photographs of equipment at AES-PR, AES-PR contends that the photographs do not fairly and accurately represent the equipment. |
| D-183 | Authenticity; Relevance. AES-PR does not know the source of these photographs. To the extent they purport to be photographs of equipment at AES-PR, AES-PR contends that the photographs do not fairly and accurately represent the equipment. |
| D-190 | Authenticity; Relevance. AES-PR does not know the source of these photographs. To the extent they purport to be photographs of equipment or the facility at AES-PR, AES-PR contends that the photographs do not fairly and accurately represent the equipment. |
| D-191 | Multiple documents; Foundation. It is unclear what the second and third pages of the exhibit are and how or whether they relate to the first page. |
| D-194 | This exhibit is a lengthy email string that contains multiple levels of hearsay. In addition to the fact that the email string in and of itself is hearsay, there is a statement in the first email made by a third party that appears to be cut and copied from another source. The last two emails in the string contain statements purportedly made by third parties (not copied on the email) who are not involved in this litigation, have not been deposed, and will not be called as witnesses at trial. Moreover, the statements allegedly made by these third parties are without context. It would be unfair to AES-PR to admit such statements with no witness to put the statements in context or explain their meaning. |
| D-226 | AES-PR objects to introduction of this exhibit because, despite its requests, ALSTOM has not provided AES-PR an opportunity to inspect the exhibit. |
| D-227 | AES-PR objects to introduction of this exhibit because, despite its requests, ALSTOM has not provided AES-PR an opportunity to inspect the exhibit. |
| D-228 | Inadmissible Demonstrative. This diagram is a demonstrative and is not admissible as evidence in this case. *See IPPV Enterprises, LLC v. Echostar Communications, Corp.,* 191 F. Supp. 2d 530, 565 (D. Del. 2002). |
| D-229 | Inadmissible Demonstrative. This diagram is a demonstrative and is not admissible as evidence in this case. *See IPPV Enterprises, LLC v. Echostar Communications, Corp.,* 191 F. Supp. 2d 530, 565 (D. Del. 2002). |
| D-230 | Inadmissible Demonstrative. This diagram is a demonstrative and is not admissible as evidence in this case. *See IPPV Enterprises, LLC v. Echostar Communications, Corp.,* 191 F. Supp. 2d 530, 565 (D. Del. 2002). |

| Exhibit | Basis for Objection |
|---------|---------------------|
| D-231 | Inadmissible Demonstrative. This diagram is a demonstrative and is not admissible as evidence in this case. *See IPPV Enterprises, LLC v. Echostar Communications, Corp.*, 191 F. Supp. 2d 530, 565  (D. Del. 2002). |
| D-232 | Inadmissible Demonstrative. This diagram is a demonstrative and is not admissible as evidence in this case. *See IPPV Enterprises, LLC v. Echostar Communications, Corp.*, 191 F. Supp. 2d 530, 565  (D. Del. 2002). |
| D-233 | Inadmissible Demonstrative. This diagram is a demonstrative and is not admissible as evidence in this case. *See IPPV Enterprises, LLC v. Echostar Communications, Corp.*, 191 F. Supp. 2d 530, 565  (D. Del. 2002). |
| D-234 | Inadmissible Demonstrative. This diagram is a demonstrative and is not admissible as evidence in this case. *See IPPV Enterprises, LLC v. Echostar Communications, Corp.*, 191 F. Supp. 2d 530, 565  (D. Del. 2002). |
| D-235 | Inadmissible Demonstrative. This diagram is a demonstrative and is not admissible as evidence in this case. *See IPPV Enterprises, LLC v. Echostar Communications, Corp.*, 191 F. Supp. 2d 530, 565  (D. Del. 2002). |
| D-236 | Inadmissible Demonstrative. This diagram is a demonstrative and is not admissible as evidence in this case. *See IPPV Enterprises, LLC v. Echostar Communications, Corp.*, 191 F. Supp. 2d 530, 565  (D. Del. 2002). |
| D-237 | Inadmissible Demonstrative. This diagram is a demonstrative and is not admissible as evidence in this case. *See IPPV Enterprises, LLC v. Echostar Communications, Corp.*, 191 F. Supp. 2d 530, 565  (D. Del. 2002). |
| D-238 | Inadmissible Demonstrative. This diagram is a demonstrative and is not admissible as evidence in this case. *See IPPV Enterprises, LLC v. Echostar Communications, Corp.*, 191 F. Supp. 2d 530, 565  (D. Del. 2002). |
| D-239 | Inadmissible Demonstrative. This diagram is a demonstrative and is not admissible as evidence in this case. *See IPPV Enterprises, LLC v. Echostar Communications, Corp.*, 191 F. Supp. 2d 530, 565  (D. Del. 2002). |
| D-240 | Inadmissible Demonstrative. This diagram is a demonstrative and is not admissible as evidence in this case. *See IPPV Enterprises, LLC v. Echostar Communications, Corp.*, 191 F. Supp. 2d 530, 565  (D. Del. 2002). |

| Exhibit | Basis for Objection |
|---------|---------------------|
| D-241 | Inadmissible Demonstrative.  This diagram is a demonstrative and is not admissible as evidence in this case. *See IPPV Enterprises, LLC v. Echostar Communications, Corp.*, 191 F. Supp. 2d 530, 565  (D. Del. 2002). |
| D-242 | Inadmissible Demonstrative.  This diagram is a demonstrative and is not admissible as evidence in this case. *See IPPV Enterprises, LLC v. Echostar Communications, Corp.*, 191 F. Supp. 2d 530, 565  (D. Del. 2002). |
| D-243 | Inadmissible Demonstrative.  This diagram is a demonstrative and is not admissible as evidence in this case. *See IPPV Enterprises, LLC v. Echostar Communications, Corp.*, 191 F. Supp. 2d 530, 565  (D. Del. 2002). |
| D-244 | Inadmissible Demonstrative.  This diagram is a demonstrative and is not admissible as evidence in this case. *See IPPV Enterprises, LLC v. Echostar Communications, Corp.*, 191 F. Supp. 2d 530, 565  (D. Del. 2002). |
| D-245 | Inadmissible Demonstrative.  This diagram is a demonstrative and is not admissible as evidence in this case. *See IPPV Enterprises, LLC v. Echostar Communications, Corp.*, 191 F. Supp. 2d 530, 565  (D. Del. 2002). |
| D-249 | Relevance; Prejudice.  This exhibit is not relevant to any issue in this litigation and has no probative value.  It is an email string discussing the potential for regulatory change and how the plant could prepare itself for such change.  The air permits discussed in this email relate to potential regulatory changes to $SO_x$, $NO_x$, CO, and $CO_2$ emissions, none of which are at issue in this litigation.  Any probative value this document may have is outweighed by its potential to confuse the jury or inflame passions concerning proposed changes to federal environmental laws. |
| D-253 | Incomplete document.  This exhibit appears to be missing at least 6 pages (based on a gap in the bates-numbers).  AES-PR's counsel alerted ALSTOM's counsel to this fact during a meet and confer session regarding exhibit objections, but ALSTOM has not amended the exhibit to include the missing pages. |
| D-255 | Hearsay.  The exhibit contains an attachment that contains hearsay statements.  The author of the attachment is not a party to this case, has not been deposed, and will not be called as a witness at trial.  The attachment does not contain any statements by any party to this suit and therefore is not admissible as an admission of a party opponent.   Nor does it fall into any recognized hearsay exception. |

| Exhibit | Basis for Objection |
| --- | --- |
| D-268 | Foundation; Hearsay.  This exhibit is a letter from Black & Veatch, a consultant for lenders to AES-PR, purportedly describing an overview of second quarter 2004 operations at the AES-PR facility.   No individual from Black & Veatch has been deposed in this matter and none will be called to testify at trial.  Neither the author nor recipient of this letter is a party to this suit.  It would be unfair to permit a non-party document to be admitted as evidence to prove the truth of the matters asserted therein – i.e., the manner in which the AES-PR plant operated in the second quarter of 2004.  AES-PR deserves an opportunity to test the author's basis for certain statements expressed in this exhibit.  If the Court generally permits the admission of this exhibit, Plaintiff requests that this document be redacted to eliminate confidential financial data and information about AES-PR's settlement with non-party D/FD.  Plaintiff's proposed redactions are indicated with highlighting on the document.  As AES-PR explains in the Motion in Limine it is filing today, the monetary value of AES-PR's settlement with D/FD should be excluded because it would be unduly prejudicial and is not relevant to issues in dispute in this action. *See* Motion in Limine Issue # 5. |
| D-271 | Prejudice.  Plaintiff requests that this document be redacted to eliminate confidential financial data, information concerning a wholly unrelated lawsuit filed in New York State concerning coal ash issues, and information concerning litigation counsel's activities.  Plaintiff's proposed redactions are indicated with highlighting on the document.  The financial data contained in this Weekly Report are wholly unrelated to any issue in dispute in this action.  The discussion concerning the New York State litigation is not relevant to this action and would serve only to confuse the jury.  Finally, the discussion in the report concerning a visit by an attorney for Plaintiff in this lawsuit has no relevance and should be redacted from the report. |
| D-282 | Opinion Testimony of Lay Witness; Foundation.  The author of this report was not deposed and is not being called to testify by either party.  There is no indication of the author's background or whether he has any expertise in the subject matter in which he offers opinions.  The document also lacks foundation because it does not explain whether the author has the experience to testify about the subject-matter described in the report. |
| D-283 | Opinion Testimony of Lay Witness; Foundation.  The author of this report was not deposed and is not being called to testify by either party.  There is no indication of the author's background or whether he has any expertise in the subject matter in which he offers opinions.  The document also lacks foundation because it does not explain whether the author has the experience to testify about the subject-matter described in the report. |

| Exhibit | Basis for Objection |
|---------|---------------------|
| D-290 | Opinion Testimony of Lay Witness; Foundation. The author of this report was not deposed and is not being called to testify by either party. There is no indication of the author's background or whether he has any expertise in the subject matter in which he offers opinions. The document also lacks foundation because it does not explain whether the author has the experience to testify about the subject-matter described in the report. |

AES-PR hereby gives notice that, on this date, it is lodging with the Court copies of Defendants' exhibits to which it objects.

## CONCLUSION

For the reasons explained herein, AES-PR respectfully requests that the Court sustain its objections to Defendant's exhibits listed above.

Respectfully submitted,

OF COUNSEL:
Dane H. Butswinkas
R. Hackney Wiegmann
Daniel D. Williams
Ann N. Sagerson
James L. Tuxbury
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel. (202) 434-5000
Fax (202) 434-5029

Dated: October 2, 2006

/s/ John S. Spadaro
John S. Spadaro (Bar No. 3155)
MURPHY SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel. (302) 472-8100
Fax (302) 472-8135

Attorneys for AES Puerto Rico, L.P.

## CERTIFICATE OF SERVICE

On October 2, 2006, Plaintiff served the attached Objections of Plaintiff AES

Puerto Rico, L.P. to Certain of Defendant ALSTOM Power Inc.'s Proposed Trial Exhibits and

Notice of Lodging (without Defendants' exhibits, with the exception of exhibits with proposed

redactions) by electronic filing and first class mail, postage prepaid, on:

        Richard R. Wier, Esq.
        Daniel W. Scialpi, Esq.
        Two Mill Road
        Suite 200
        Wilmington, Delaware 19806

and by e-mail and hand delivery on:

        James E. Edwards, Esq.
        Anthony Vittoria, Esq.
        Ober, Kaler, Grimes & Shriver
        120 East Baltimore Street
        Baltimore, Maryland 21202-1643

        /s/ John S. Spadaro