IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES-PR PUERTO RICO, L.P. | * | |
| Plaintiff | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER INC. | * | |
| Defendant | * | |

\*        \*        \*        \*        \*        \*        \*

## MOTION *IN LIMINE* ON EVIDENTIARY MATTERS

ALSTOM Power Inc. ("ALSTOM"), defendant, by its counsel, pursuant the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Orders entered by the Court, submits this Motion *In Limine* as to the following evidentiary matters:

1.    The exclusion from evidence of late-produced documents and unidentified witnesses, pursuant to FRCP 26 and 37 (Tab 1).

2.    The exclusion from evidence of any supplemental/rebuttal testimony of AES Puerto Rico, L.P.'s ("AES-PR") experts not contained in AES-PR's expert reports, pursuant to FRCP 26 and 37 and FRE 102 (Tab 2).

3.    The exclusion from evidence of any reference to Liberty Mutual Insurance Company or the Performance Bond that it issued, pursuant to FRE 401, 402, 403, and 411 (Tab 3).

4.    The exclusion from evidence of the Joint Defense Agreement proffered by AES-PR as proposed Exhibit P-129, pursuant to FRE 401, 402, 403, 408, and 411 (Tab 4).

5.    The exclusion of the deposition of William Van Hooser as direct evidence, pursuant to FRE 801, 802, and 804 (Tab 5).

6.    The exclusion of evidence of oral statements allegedly supporting AES-PR's "equitable estoppel" defense, pursuant to FRE 401, 402, 801, and 802 (Tab 6).

7.    The exclusion of evidence of alleged oral modifications to the Operations & Maintenance Manuals for the equipment at issue by non-party employees, pursuant to FRE 401, 402, 801, and 802 (Tab 7).

8.    The exclusion of evidence of, or reference to, unrelated and inapplicable warranties, pursuant to FRE 401, 402, and 403 (Tab 8).

9.    The exclusion of untrustworthy exhibits, pursuant to FRE 102, 402, 403, 802, 901, 1003, and FRCP 37 (Tab 9).

ALSTOM respectfully incorporates, and refers the Court to, the briefs attached at Tabs 1 through 9 in support of its Motion *In Limine*, as well as the Appendix of Exhibits and Authorities, which is being filed with this Motion.

Respectfully submitted,

ALSTOM POWER INC.

/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)
RICHARD R. WIER, JR., P.A.
Two Mill Road, Suite 200
Wilmington, Delaware  19806
(302) 888-3222

John Anthony Wolf
James E. Edwards, Jr.
Anthony F. Vittoria
Michael A. Schollaert
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland  21202-1643
(410) 685-1120
Fax:  (410) 547-0699

I HEREBY CERTIFY that, on this 2nd day of October, 2006, a copy of the foregoing Motion *In Limine* On Evidentiary Matters was filed with the Court using CM/ECF. A copy of the Motion was hand-delivered to John S. Spadaro, Esquire, Murphy Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, Delaware 19805. In addition, courtesy copies were served, via first-class mail, upon Daniel D. Williams, Esquire, Williams & Connolly LLP, 725 Twelfth Street, N.W., Washington, D.C. 20005.

/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES-PR PUERTO RICO, L.P. | * | |
| Plaintiff | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER INC. | * | |
| Defendant | * | |

\*        \*        \*        \*        \*        \*        \*

**BRIEF IN SUPPORT OF ALSTOM'S MOTION TO
EXCLUDE DOCUMENTS PRODUCED AFTER THE CLOSE OF DISCOVERY
AND UNIDENTIFIED WITNESSES (ISSUE 1)**

ALSTOM Power Inc. ("ALSTOM"), defendant, by its counsel, pursuant to Rules 26 and 37 of

the Federal Rules of Civil Procedure and the Orders entered in this case by the Court, submits the

following brief in support of its motion to: (1) exclude from evidence documents first produced by

plaintiff AES-PR Puerto Rico, L.P. ("AES-PR") significantly after the close of discovery and (2) preclude

the testimony of witnesses listed by AES-PR in the Proposed Pre-Trial Order but never identified by

AES-PR during discovery.

## I.    BACKGROUND

### A.    Documents Produced By AES-PR After The Close Of Discovery.

AES-PR filed this action on September 20, 2004. Pursuant to this Court's Order of October 7,

2005, discovery in this case closed on March 10, 2006, approximately 18 months after the action was

filed.

During the discovery period, ALSTOM propounded two sets of interrogatories and two requests

for the production of documents specifically to discover facts and information regarding AES-PR's

claims for damages. In addition, ALSTOM conducted two separate Rule 30(b)(6) corporate designee

depositions to discover information relating to the few damages related documents that AES-PR had

produced. Importantly, the second deposition was necessitated by AES-PR's amendment of its answers

to interrogatories on the literal eve of the first deposition to increase its damages claim from approximately $14 million to approximately $40 million.   At both depositions, AES-PR's corporate designee was unable to provide any insight into the facts or methodology upon which AES-PR based its claim for damages, despite repeated request by ALSTOM.   (*See* Dyer January 18, 2006 30(b)(6) Deposition, at 169:11 – 170:21 and March 9, 2006 30(b)(6) Deposition, at 26:12 – 26:21, 28:22 – 30:19, 33:22 – 34:9; Appendix at A 001 through A 010.)

On April 20, 2006 -- 40 days after the close of discovery and less than 35 days before May 22, 2006, the date on which the trial was then scheduled to commence -- AES-PR produced -- for the first time -- 50 pages of documents from two non-parties relating to its claim to recover the supposed cost of approximately $24 million for equipment known as a brine concentrator and crystallizer system. Importantly, the documents produced by AES-PR were both created after the close of discovery by entities that had never been identified by AES-PR during the discovery period.  Four days later, on April 24, 2006, AES-PR formally amended its answers to ALSTOM's First Set of Interrogatories to increase its claim by approximately $2 million for the brine concentrator and crystallizer system, and specifically referred to the documents it produced on April 20, 2006 as support for its revised claim.

On May 1, 2006, AES-PR submitted an exhibit list with the Proposed Pre-Trial Order in which it identified the documents produced on April 20, 2006 as Exhibits P-135 through P-139.[1]   Those documents constituted the only support for AES-PR's claim for over $24 million in equipment and costs. Soon after the Proposed Pre-Trial Order was submitted, the Court postponed the trial until October 16, 2006 and placed a moratorium on filings in the case.

Thereafter, on September 6 and 7, 2006 -- over six months after the close of discovery and only five weeks before the rescheduled trial date -- AES-PR then produced to ALSTOM an additional 269 pages of documents purportedly as support for its claim for damages.  Importantly, all of the documents

---

[1] Copies of Exhibits P-135 through P-139 and P-207 and P-208 – the Exhibits that are the subject of this brief – have been submitted separately to the Court, as reflected in ALSTOM's Notice of Filing Paper Documents.

had been created in August and September of 2006, almost six months after the close of discovery and related to two issues: (1) the cost of installing replacement collector plates that were ordered by AES-PR almost three (3) years earlier; and (2) yet another revised estimate relating to the procurement of a brine concentrator and crystallizer system. These September 2006 documents, relating to the cost of installing replacement collector plates, constitute the only documentation that AES-PR has ever produced relating to its claim for approximately $2 million in damages. In the recently filed Supplement to the Proposed Pre-Trial Order, AES-PR has identified the documents produced on September 6 and 7, 2006 as Exhibits P-207 and P-208, respectively.[2]

A number of factors compel the conclusion that the late production of these documents is inexcusable: (1) AES-PR chose to file this case on September 20, 2004, and it has been pending for over two years; (2) AES-PR is the plaintiff and, as such, has the burden of providing ALSTOM with a timely calculation of, and supporting back-up for, its claim for damages; (3) ALSTOM served its interrogatories and request for documents approximately eleven (11) months before the close of discovery; (4) ALSTOM completed two separate depositions of AES-PR's corporate designee with respect to AES-PR's vague and ever-shifting damages calculation before the close of discovery; (5) discovery closed on March 10, 2006; and (6) trial is scheduled to commence on October 16, 2006. Thus, both immediately before the first scheduled trial date and now, well after the close of discovery, AES-PR's claim for damages has remained a "moving target."

The prejudice caused by AES-PR's belated submissions is profound. Among other things, ALSTOM has been deprived of the opportunity to test millions of dollars of claimed damages and to: (1) depose anyone from AES-PR or the non-party creators of the documents relating to the damages claims now proffered by AES-PR in the Pre-Trial Order; (2) serve third-party subpoenas relating to these new damages claims and documents; or (3) address the claimed damages through its experts; and (4) address

---

[2] The late-produced documents also are of dubious merit, consisting of several unsigned letters and "budgetary" estimates. For example, proposed Exhibit P-207 is an estimate that is cancelable by either party upon five days notice starting on October 31, 2006 (four days after the trial of this case is scheduled to end), while P-208 apparently is a nebulous agreement to negotiate a contract to purchase and install equipment.

3

the support for these claimed damages in its earlier motion for summary judgment. Furthermore, AES-PR's belated attempt to increase its claimed damages and provide supporting documentation where none existed before disregards the Court's Scheduling Order and is specifically prohibited by the Federal Rules of Civil Procedure.

**B.    Witnesses Identified By AES-PR After The Close Of Discovery.**

Similarly, AES-PR has identified three individuals, after the close of discovery, as potential witnesses whom it never identified as individuals possessing relevant information during discovery. In Interrogatories served on April 12, 2005, ALSTOM expressly requested that AES-PR identify any and all individuals or entities that had knowledge or information relating to its claims. AES-PR's initial response to that Interrogatory, served on May 18, 2005, contained only thirteen names – clearly not responsive given the magnitude of the project, with literally hundreds of people involved on the multi-year effort, and given the nature of the dispute in this case. ALSTOM repeatedly requested that AES-PR supplement its list. Only after ALSTOM filed a Motion to Compel did AES-PR agree to supplement its Answers to Interrogatories. In an unverified supplementation dated January 14, 2006, AES-PR produced a laundry list of eighty names of individuals purportedly having relevant knowledge. Nonetheless, the three individuals that AES-PR now identifies as potential trial witnesses – John Baecher, Stewart Ferguson and Gamaliel Rivera – were never identified during discovery. AES-PR's apparent intention to call these witnesses is in direct violation of the Federal Rules.

## II.    ARGUMENT

**A.    AES-PR Has Failed To Fulfill Discovery Obligations Expressly Set Forth In The Federal Rules.**

Rule 26(a)(5) of the Federal Rules of Civil Procedure provides that parties may seek discovery through depositions, interrogatories and requests for documents. During discovery in this case, ALSTOM propounded Interrogatories to AES-PR that requested both detailed information regarding AES-PR's claimed damages and the identity of individuals and entities with relevant knowledge. In addition, ALSTOM served a Request for Production of Documents on AES-PR by which ALSTOM requested,

specifically, that AES-PR provide any and all documentation relating to its claim for damages.[1]

     Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that:

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

*See also Finch v. Hercules Inc.*, 1995 WL 785100, *7 (D. Del) (*quoting* Rule 37(c)(1)).  As this Court recently observed: "That provision was added to serve as an 'automatic sanction' intended to provide 'a strong inducement for disclosure of material that the disclosing party would expect to use as evidence.'" *Philips Electronics North America Corp. v. Contec Corp.*, 2004 WL 769371, *1 (D.Del.).

     In two separate cases – both very similar to the case at hand – the United States Court of Appeals for the Third Circuit has upheld rulings by trial courts excluding damages-related documents from evidence where, as here, those documents had not been produced during discovery.  In *Ware v. Rodale Press Inc.*, 322 F.3d 218 (3rd Cir. 2003), the Third Circuit upheld the District Court's refusal to admit into evidence damages-related information that had not been produced by the plaintiff until it submitted its pretrial memorandum.  In doing so, the Third Circuit noted that the plaintiff had failed to provide the information despite repeated requests by the defendant during discovery and could not give a complete and precise explanation of its claimed damages during deposition, much like AES-PR's designee at the two corporate designee's depositions on damages in this case.  As a result, the Court affirmed the lower court's determination that "no other sanction besides exclusion . . . would remedy the prejudice to [the defendant] which had been deprived of a full opportunity to examine [the plaintiff's] damages claim . . ." *Ware*, 322 F.3d at 224.

     Likewise, in *Szusterman v. Amoco Oil*, 112 Fed. Appex. 130 (3rd Cir. 2004), the Third Circuit affirmed the District Court's exclusion of evidence in support of claimed damages based upon the

---

[1] In addition to ALSTOM's discovery requests, the Federal Rules impose an independent obligation on the parties to provide information relating to witnesses and damages claimed: (i) Rule 26(a)(1)(A) requires a party to identify any and all individuals with discoverable information; and (ii) Rule 26(a)(1)(C) requires a party, if it is claiming damages, to provide a "computation" as to those damages and the identification of documents relating to those damages or the computation.

plaintiff's failure to provide that evidence in a timely fashion. In that case, the Court also noted that the plaintiff had failed to provide documentation, facts or methodology for its claimed damages despite repeated requests by the defendant. Quoting the District Court's opinion, the Third Circuit observed that: "'[t]here is no question that[,] without this information, [the defendant] would not be able to respond adequately to damages that are alleged by [the plaintiff] and is left to wonder what . . . [the plaintiff's] damages and methodologies are . . .'" *Szusterman*, 112 Fed. Appex. At 132, fn. 6. For the same reasons, this Court has followed the Third Circuit's lead and excluded documents and evidence because the proponent failed to produce the evidence during discovery. *Philips Electronic North American Corp. v. Contec Corp.*, 2004 WL 769371 (D. Del.) (documents produced before trial, but after the close of discovery, were inadmissible at trial).

In this case, AES-PR produced a corporate designee at two separate depositions who was unable to testify regarding any of the facts or methodology upon which AES-PR based its claim for over $26 million in damages. AES-PR then waited until well after the close of discovery to provide ALSTOM with the documents it intends to use at trial to support its claim for those damages. AES-PR has not provided any explanation for its failure to produce this evidence during discovery. Indeed, AES-PR cannot provide a reasonable explanation because it has had over eighteen months to gather and produce the information and simply failed to do so in a timely fashion. ALSTOM would be profoundly prejudiced if AES-PR were permitted to use the damages documents in question. Accordingly, its is respectfully submitted that the Court should bar AES-PR from proffering proposed Exhibits P–135 through P–139 and P–207 and P–208 at the trial of this case.

Likewise, the Court should bar AES-PR from calling John Baecher, Stewart Ferguson and Gamaliel Rivera as witnesses at trial. None of the three was identified in discovery by AES-PR. In *Stambler v. RSA Security, Inc.*, 212 F.R.D. 470 (D. Del. 2003), under substantially identical circumstances, this Court barred the defendant from calling to testify at trial nine witnesses that were identified after the close of discovery. In his ruling, Judge Robinson noted:

> [T]here is no reason why defendants did not identify Mssrs. [sic] Kish,
> Connally and Kathol as fact witnesses during fact discovery. Plaintiff
> will clearly be prejudiced if these witnesses are permitted to now testify
> regarding defenses to this action.

212 F.R.D. at 471-72; *see also Finch v. Hercules Inc.*, 1995 WL 785100 (D.Del.) (exclusion of witness not identified in discovery). For the same reason, the Court should prohibit AES-PR from calling any of the three witnesses that it has belatedly identified to testify at trial.

**B.   AES-PR Was Obligated To Discharge Its Discovery Obligations During The Discovery Period, Not Just Prior To Trial.**

This Court repeatedly has stated that the close of discovery is the critical deadline for the production of evidence to be used at trial. Judge Schwartz concisely addressed this issue in *Finch v. Hercules, Inc.*:

> The exclusion of otherwise admissible testimony because of a party's
> failure to meet a timing requirement is a harsh measure to be avoided
> where possible. However, sometimes, such exclusion is necessary;
> fidelity to the constraints of Scheduling Orders and deadlines is critical
> to the Court's case management responsibilities. Accordingly, the
> "flouting of discovery deadlines causes substantial harm to the judicial
> system." As a sanction for failure to comply with a timing requirement
> set by the Scheduling Order in this case, the Court is authorized to
> exclude evidence proffered by the disobedient party.

*Hercules Inc., supra,* at *9 (citations omitted).

The Court has, through its previous discovery orders, required strict adherence to the discovery deadlines in this case. The reopening of discovery to address belatedly produced evidence would be prejudicial and inappropriate at this late stage of the proceedings. Judge Robinson spoke to that issue in *Stambler*:

> Defendants offer to allow depositions of these witnesses to cure this
> prejudice. However, re-opening the fact record through depositions at
> this late stage would impede the court's ability to manage its docket.
> First the fact record would be re-opened, and then the summary judgment
> briefs would need to be supplemented to account for the revised record.
> This is impractical (not to mention disorderly and inefficient) at this late
> stage. **In every trial there comes a time when discovery must be
> closed for the issues to be resolved through summary judgment
> and/or trial.** In the case at bar, that time has long since passed.

*Stambler*, 212 F.R.D. at 472 (emphasis added).

The same considerations apply in this case – discovery has been closed for months, the Court has ruled on ALSTOM's motion for partial summary judgment, and trial is scheduled to begin October 16, 2006. It simply would be prejudicial, unfair and impractical to reopen discovery to address AES-PR's late production of documents, new damages calculations and late identification of witnesses. Accordingly, ALSTOM submits that the only appropriate remedy for AES-PR's failure to abide by the Federal Rules and this Court's orders is to prohibit AES-PR from using the documents and new damages calculations that it produced out-of-time or from calling at trial the witnesses not previously identified.

## IV.    CONCLUSION

For the reasons set forth above, ALSTOM respectfully requests that the Court issue an order prohibiting AES-PR from introducing into evidence at trial exhibits P-135 through P-139 and P-207 and P-208 and related damages calculations through lay or expert witnesses, or from calling as witnesses at trial John T. Baecher, Stewart Ferguson or Gamaliel Rivera.

Respectfully submitted,

ALSTOM POWER INC.


/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)
RICHARD R. WIER, JR., P.A.
Two Mill Road, Suite 200
Wilmington, Delaware 19806
(302) 888-3222

John Anthony Wolf
James E. Edwards, Jr.
Anthony F. Vittoria
Michael A. Schollaert
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
(410) 685-1120
Fax: (410) 547-0699

I HEREBY CERTIFY that, on this 2nd day of October, 2006, a copy of the foregoing Brief In Support Of Alstom's Motion To Exclude Documents Produced After the Close of Discovery and Unidentified Witnesses (Issue 1) was filed with the Court using CM/ECF.  A copy of the Motion was hand-delivered to John S. Spadaro, Esquire, Murphy Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, Delaware 19805.  In addition, courtesy copies were served, via first-class mail, upon Daniel D. Williams, Esquire, Williams & Connolly LLP, 725 Twelfth Street, N.W., Washington, D.C.  20005.

/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES PUERTO RICO, L.P. | * | |
| Plaintiff | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER INC. | * | |
| Defendant | * | |

\*        \*        \*        \*        \*        \*        \*

## BRIEF IN SUPPORT OF ALSTOM'S MOTION TO
## EXCLUDE REBUTTAL/SUPPLEMENTAL EXPERT TESTIMONY (ISSUE 2)

ALSTOM Power Inc. ("ALSTOM"), defendant, by its undersigned attorneys, and pursuant to FRCP 26 and 37 and FRE 102, submits the following brief in support of its motion to preclude AES Puerto Rico, L.P. ("AES-PR") from offering expert witness testimony beyond the opinions expressly set forth in AES-PR's expert reports dated February 27, 2006.

### BACKKGROUND

Pursuant to Rule 26(a)(2)(B) and the Court's Scheduling Order, AES-PR submitted expert reports on February 27, 2006. ALSTOM submitted its expert reports on March 20, 2006. AES-PR's rebuttal disclosures were due on April 3, 2006. (*See* Discovery Dispute Resolution Plan; Appendix at A 011 through A 013.) Despite having the opportunity to do so, AES-PR deliberately chose not to submit rebuttal reports addressing the opinions set forth in the reports authored by ALSTOM's experts pursuant to Rule 26(a)(2)(B).

The Court has, through previous discovery orders, required strict adherence to discovery deadlines in this case. Nonetheless, ALSTOM anticipates that AES-PR will seek to offer testimony from its retained or specially employed experts seeking to rebut opinions set forth in the reports of ALSTOM's experts that are beyond the scope of AES-PR's original expert reports. Because AES-PR failed to disclose any rebuttal reports or opinions, AES-PR should be precluded from offering any such rebuttal expert testimony at the trial of this matter.

## ARGUMENT

Amongst other disclosures, Federal Rule 26(a)(2)(B) requires a party to produce a written report for any witness retained or specially employed to provide expert testimony containing "a complete statement of all opinions to be expressed and the basis and reasons therefor [and] the data or other information considered by the witness in forming the opinions . . ." Federal Rule 37(c)(1) sets forth the sanctions available if a party fails to comply with the Rule 26(a) disclosure requirements. Specifically, Federal Rule 37(c)(1) provides: "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

Rule 37(c)(1) was designed to provide a strong incentive for proper and complete disclosure of expert testimony under Rule 26(a) and prevent unfair surprise to the opposing party. *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995); *Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996) (stating the reason for expert reports is to eliminate unfair surprise). Potential sanctions may be severe, given that "nothing causes greater prejudice than to have to guess how and why an adversarial expert reached his or her conclusion." *Reed*, 165 F.R.D. at 430. Thus, exclusion of previously undisclosed expert testimony under Rule 37 is within the discretion of the district court. *Newman*, 60 F.3d at 156. The exclusion of such testimony is inappropriate only if substantial justification exists for the failure to disclose, or if the failure to disclose was harmless. *Id.* However, the non-disclosing party has the burden of proving substantial justification for its conduct or that its failure to produce was harmless. *Tolerico v. The Home Depot*, 205 F.R.D. 169, 175 (M.D. Pa. 2002).

In this case, AES-PR, apparently as a tactical decision to prevent ALSTOM from deposing its expert witnesses, chose not to submit rebuttal expert disclosures or reports for its experts retained or

specially employed to provide expert testimony.[1] AES-PR cannot show any substantial justification for the non-disclosure. In addition, admission of testimony beyond the scope of the Rule 26(a)(2)(B) disclosures would be unfair to ALSTOM, which would hear such opinions for the first time at trial without adequate information to properly cross-examine the expert witnesses on their newly disclosed opinions. As a result, the scope of the testimony offered by AES-PR's retained or specially employed experts should be limited to those issues expressed in their reports dated February 17, 2006.[2] *See Johnson v. Vanguard Mfg., Inc*, 34 Fed. Appx. 858, 859 (3d. Cir. 2002) (prohibiting an expert witness from testifying at trial about evidence that was not included in his expert report).

For the reasons set forth above, pursuant to FRCP 37(c)(1) and FRE 102, ALSTOM requests that the Court issue an Order precluding AES-PR from offering evidence beyond the scope of its initial expert reports, including testimony or evidence that should have been disclosed in a supplemental disclosure in rebuttal to the expert disclosures provided by ALSTOM.

Respectfully submitted,

ALSTOM POWER INC.


/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)
RICHARD R. WIER, JR., P.A.
Two Mill Road, Suite 200
Wilmington, Delaware 19806
(302) 888-3222

John Anthony Wolf
James E. Edwards, Jr.
Anthony F. Vittoria
Michael A. Schollaert
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street

---

[1] The four experts retained or specially employed by AES-PR to offer expert testimony include the following: Richard R. Lunt, Ph.D., Jack R. McDonald, Ph.D., Stuart A. Rosenberg, CPA, CVA, and John G. Toher.

[2] Indeed, AES-PR should be barred from eliciting any expert testimony that is outside of its 26(a)(2)(B) reports even if that testimony is submitted solely to amend a report and not to rebut ALSTOM's experts' opinions.

3

Baltimore, Maryland  21202-1643
(410) 685-1120
Fax:  (410) 547-0699

I HEREBY CERTIFY that, on this 2nd day of October, 2006, a copy of the foregoing

Brief In Support Of ALSTOM's Motion To Exclude Rebuttal/Supplemental Expert Testimony

(Issue 2) was filed with the Court using CM/ECF.  A copy of the Motion was hand-delivered to

John S. Spadaro, Esquire, Murphy Spadaro & Landon, 1011 Centre Road, Suite 210,

Wilmington, Delaware 19805.  In addition, courtesy copies were served, via first-class mail, upon

Daniel D. Williams, Esquire, Williams & Connolly LLP, 725 Twelfth Street, N.W., Washington,

D.C.  20005.

/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AES PUERTO RICO, L.P.                    *

        Plaintiff                        *

        v.                               *        C.A. No. 04-1282-JJF

ALSTOM POWER INC.                        *

        Defendant                        *

*         *         *         *         *         *         *

## BRIEF IN SUPPORT OF ALSTOM'S MOTION TO EXCLUDE TESTIMONY AND EVIDENCE OF LIBERTY MUTUAL INSURANCE COMPANY OR THE PERFORMANCE BOND (ISSUE 3)

ALSTOM Power Inc. ("ALSTOM"), defendant, by its undersigned attorneys, and pursuant to Rules 401, 402, 403 and 411 of the Federal Rules of Civil Procedure, submits the following brief in support of its motion to preclude AES Puerto Rico, L.P. ("AES-PR") from offering testimony and evidence referencing Liberty Mutual Insurance Company ("Liberty Mutual") or a Performance Bond that it provided to ALSTOM.

## BACKGROUND

ALSTOM entered into a Purchase Order with Environmental Elements Corporation ("EEC") for the supply of certain pollution control equipment for the project at issue. The pollution control equipment supplied by EEC is the subject of the above-captioned lawsuit. In accordance with the terms of its Purchase Order with ALSTOM, EEC purchased a Performance Bond from Liberty Mutual in which Liberty Mutual agreed to perform EEC's obligations under the Purchase Order to the extent EEC failed to do so, including its obligation to defend and indemnify ALSTOM. EEC ultimately defaulted in the performance of a number of obligations under the Purchase Order, and ALSTOM demanded performance by Liberty Mutual under the Performance Bond.

Subsequently, AES-PR initiated the above-captioned lawsuit against ALSTOM. Pursuant to the Performance Bond, which incorporated the terms of the Purchase Order, ALSTOM and Liberty

Mutual entered into an agreement whereby Liberty Mutual agreed to defend and indemnify ALSTOM against the claims brought by AES-PR.

Based upon the numerous references to Liberty Mutual in AES-PR's proffered exhibits, ALSTOM anticipates that AES-PR will seek to offer evidence and testimony regarding Liberty Mutual and the Performance Bond. Such evidence would unfairly influence the jury's determination of liability and/or damages resulting in unfair prejudice against ALSTOM in violation of Federal Rules of Evidence 401, 402, 403, and 411.[1]

## ARGUMENT

AES-PR should be precluded from offering testimony and evidence of Liberty Mutual or the Performance Bond, pursuant to FRE 402, because that evidence is irrelevant. FRE 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evidence regarding Liberty Mutual or the Performance Bond has never played a substantive role in any issues regarding AES-PR's claims for breach of warranty against ALSTOM or the damages claimed by AES-PR. Indeed, AES-PR has acknowledged as much by omitting any reference to Liberty Mutual in its one-hundred and twenty (120) page Proposed Pretrial Order or Supplemental Proposed Pretrial Order, including AES-PR's List of Issues of Facts to Be Litigated, List of Issues of Law to Be Litigated, or Brief Statement of Proof. Consequently, any reference or evidence as to the alleged participation or involvement of Liberty Mutual in the dispute or the Performance Bond would be irrelevant and, therefore, inadmissible under FRE 402. *See Falkowski v. Johnson*, 148 F.R.D. 132, 136 (D. Del. 1993) (existence of insurance "irrelevant" to the issue of damages in the case).

Moreover, AES-PR should be precluded from making reference to Liberty Mutual under FRE 411. Under the Delaware Code, surety bonds are generally recognized as a form of insurance.

---

[1] AES-PR has proffered the following proposed Exhibits which reference or would otherwise implicate Liberty Mutual's alleged involvement in the determination of this action: P-61, P-62, P-74, P-75, P-80, P-88, P-95, P-96, P-100, P-108, P-109, P-114, P-115, P-116, P-122, P-126, P-128, P-129, P-181, P-182, P-187, P-188, and P-196. ALSTOM objects to these proposed Exhibits and requests that the Court preclude AES-PR from using the proposed Exhibits at trial.

Specifically § 905 of the Insurance Code provides that the definition of "Surety insurance" includes "Insurance guaranteeing the performance of contracts, other then insurance policies, and *guaranteeing and executing bonds, undertakings and contracts of suretyship*". Del. Code Ann., Ins. Code 18 § 905 (1995)(emphasis added). Rule 411 provides: "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." The purpose of Rule 411 is to preclude a jury from fashioning a verdict based upon the existence, or absence, of liability insurance. The rationale is to avoid prejudice by the jury based upon a belief that existence of an insurance policy makes a person careless or negligent. *Posttape Assocs. v. Eastman Kodak Co.*, 537 F.2d 751, 758 (3d Cir. 1976) ("Generally, evidence of liability coverage is not admissible when a party is accused of acting wrongfully because of the likelihood for spillover between insurance and inference of fault."). Furthermore, the existence of insurance may increase an award of damages due to the perception of "deep pockets." *Id.*

Performance bonds, like insurance, are subject to the exclusionary principles of FRE 411. *See Garnac Grain Co. v. Blackley*, 932 F.2d 1563, 1570 (8th Cir. 1991) (excluding evidence of fidelity bond because such evidence was "the kind of prejudice Rule 411 was intended to eliminate."). Indeed, the policy reasons for excluding such differences are indistinguishable. In point of fact, AES-PR, itself, has described Liberty Mutual as an insurer in this matter. (*See* Hognefelt Depo., p. 276, lines 9-16. (referring to Liberty Mutual as an insurance company); Appendix at A 014 through A 015.). Even though neither Liberty Mutual nor the Performance Bond are relevant to the merits of this case, AES-PR is seeking to introduce a number of exhibits that refer to Liberty Mutual and the Bond. Such exhibits, and any testimony regarding Liberty Mutual or the Performance Bond, are intended solely to somehow persuade the jury to find ALSTOM liable for damages to AES-PR or to increase the amount of damages by alluding to the existence of an insurance company ultimately responsible for paying a judgment. In either case, introduction of such evidence would clearly be prejudicial to ALSTOM. Therefore, applying FRE 411, it should be excluded.

If the Court determines that any evidence related to Liberty Mutual is relevant and permissible

3

under FRE 411, that evidence remains subject to the strictures of FRE 403, which provides that even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Any reference to Liberty Mutual or the Performance Bond would be extremely prejudicial to ALSTOM's defense in this matter as to both liability and damages. Furthermore, given the absence of any reference to Liberty Mutual or the Performance Bond as a component of its proof in AES-PR's Proposed Pretrial Order and Supplemental Proposed Pretrial Order, the existence of Liberty Mutual and the Performance Bond are unrelated to the underlying merits of this case. Therefore, the prejudicial effect of introducing evidence referring to Liberty Mutual or the Performance Bond would substantially outweigh any probative value ascribed to such evidence.

For the reasons set forth above, pursuant to Federal Rules of Evidence 401, 402, 403, and 411, ALSTOM requests that the Court issue an Order precluding AES-PR from offering testimony and evidence referencing Liberty Mutual or the Performance Bond in this matter.

Respectfully submitted,

ALSTOM POWER INC.

/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)
RICHARD R. WIER, JR., P.A.
Two Mill Road, Suite 200
Wilmington, Delaware 19806
(302) 888-3222

John Anthony Wolf
James E. Edwards, Jr.
Anthony F. Vittoria
Michael A. Schollaert
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
(410) 685-1120
Fax: (410) 547-0699

I HEREBY CERTIFY that, on this 2nd day of October, 2006, a copy of the foregoing Brief In Support Of ALSTOM's Motion To Exclude Testimony or Evidence of Liberty Mutual Insurance Company or the Performance Bond (Issue 3) was filed with the Court using CM/ECF. A copy of the Motion was hand-delivered to John S. Spadaro, Esquire, Murphy Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, Delaware 19805. In addition, courtesy copies were served, via first-class mail, upon Daniel D. Williams, Esquire, Williams & Connolly LLP, 725 Twelfth Street, N.W., Washington, D.C. 20005.

/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES PUERTO RICO, L.P. | * | |
| Plaintiff | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER INC. | * | |
| Defendant | * | |

\*       \*       \*       \*       \*       \*       \*

**BRIEF IN SUPPORT OF ALSTOM'S MOTION TO
EXCLUDE USE OR ADMISSION OF THE JOINT DEFENSE AGREEMENT (ISSUE 4)**

ALSTOM Power Inc. ("ALSTOM"), defendant, by its undersigned attorneys, pursuant to FRE 401, 402, 403, 408 and 411, submits the following brief in support of its motion to preclude AES Puerto Rico, L.P. ("AES-PR") from using or admitting the Joint Defense Agreement (P-129) between ALSTOM and Liberty Mutual Insurance Company ("Liberty Mutual") as evidence at trial.

### BACKGROUND

ALSTOM entered into a Purchase Order with Environmental Elements Corporation ("EEC") for the supply of certain pollution control equipment for the project at issue. The pollution control equipment supplied by EEC is the subject of the above-captioned lawsuit. In accordance with the terms of its Purchase Order with ALSTOM, EEC purchased a Performance Bond from Liberty Mutual in which Liberty Mutual agreed to perform EEC's obligations under the Purchase Order to the extent EEC failed to do so, including its obligation to defend and indemnify ALSTOM. EEC ultimately defaulted in the performance of a number of obligations under the Purchase Order, and ALSTOM demanded performance of by Liberty Mutual under the Performance Bond.

Subsequently, AES-PR initiated the above-captioned lawsuit against ALSTOM. Soon after this suit was filed, ALSTOM filed a third-party complaint against Liberty Mutual seeking a defense and indemnification from Liberty Mutual pursuant to the Performance Bond. That third-party complaint was dismissed soon after when Liberty Mutual and ALSTOM agreed to provide a defense to ALSTOM.

The Joint Defense Agreement, in which ALSTOM and Liberty Mutual acknowledged their commonality of interest in mutually defending the lawsuit filed by AES-PR, was designed to further that interest through the protection of privileged information and documents exchanged between the parties. Because it is proffered as one of AES-PR's trial exhibits (P-129), ALSTOM anticipates that AES-PR will seek to offer the Joint Defense Agreement into evidence. AES-PR's sole purpose in doing so would be to unfairly influence the jury's determination of liability and/or damages resulting in unfair prejudice against ALSTOM in violation of Federal Rules of Evidence 401, 402, 403, 408, and 411.

## ARGUMENT

AES-PR should be precluded from using or admitting the Joint Defense Agreement (the "Agreement") as evidence in the above captioned lawsuit for the simple reason that the Agreement is not relevant. FRE 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The Agreement is not relevant because it neither addresses nor governs any conduct by or between ALSTOM and Liberty Mutual prior to the date of its execution on October 28, 2004. Rather, it addresses common issues and interests between ALSTOM and Liberty Mutual solely for purposes of defending the lawsuit filed by AES-PR. (*See* P-129, Joint Defense Agreement, a copy of which was submitted directly to the Court as reflected in ALSTOM's Notice of Filing Paper Documents.) As such, the majority of the terms in the Agreement are designed to protect the confidentiality of information and documents exchanged between the parties pursuant to the joint defense, or common interest, privilege. Thus, the Agreement has no relevance whatsoever to any of the underlying issues in this litigation. Indeed, it is difficult, if not impossible, to fathom that the existence or contents of a prospective agreement between two parties executed after commencement of litigation would make the existence of any fact of consequence to the litigation more or less probable. Rather, AES-PR seeks to introduce the Agreement solely for irrelevant and unfairly prejudicial purposes. Consequently, it is not admissible.

2

Should the Court find the Agreement relevant to the claims or defenses in this case -- which ALSTOM expressly denies -- the Agreement would be inadmissible under FRE 403 because the prejudicial effect of the introduction of the Agreement would substantially outweigh any probative value. Evidence is considered unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980). Furthermore, evidence is unfairly prejudicial if it "may cause a jury to base it decision on something other than the established propositions in the case." *Id.* In short, "evidence may be excluded if its probative value is not worth the problems that its admission would cause." *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002). Again, it is difficult to imagine how this Agreement could have any legitimate probative value. Conversely, its prejudicial effect is undeniable, and AES-PR's intent is obvious. Because its admission would invoke all of the concerns that FRE 403 was designed to counterbalance, the Agreement should be excluded from evidence.

The Agreement also should be excluded from evidence pursuant to FRE 411, which provides that "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." AES-PR may seek to offer the identity of Liberty Mutual -- as ALSTOM's *de facto* insurer -- to explain the rationale for the Agreement. The admission of such evidence, however, would lead the jury unfairly to infer fault or negligence on behalf of ALSTOM and/or award higher damages based of the "deep pockets" of a large corporate insurer. *See Posttape Assocs. v. Eastman Kodak Co.*, 537 F.2d 751, 758 (3d Cir. 1976) (stating the policy reasons for Rule 411). Such inferences would result in the sort of unfair prejudice against ALSTOM that FRE 411 was intended to prevent.

Alternatively, the Agreement constitutes a form of settlement or compromise between ALSTOM and Liberty Mutual that should be excluded from trial under FRE 408. FRE 408 prohibits the introduction of "[e]vidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which is disputed as to either validity or amount . . . to prove liability for or invalidity of the

3

claim or its amount." There are two major policy considerations behind FRE 408: (1) evidence of compromise may be irrelevant due to an ulterior motivation to resolve potential disputes; and (2) exclusion of such evidence promotes the compromise or settlement of disputes without litigation. *Masemer v. Delmarva Power & Light Co.*, 723 F. Supp. 1019, 1022 (D. Del. 1989).

By entering into the Agreement, ALSTOM and Liberty Mutual temporarily compromised any potential claims between them regarding Liberty Mutual's obligation to defend and indemnify ALSTOM until the conclusion of the lawsuit filed by AES-PR. The parties entered into the Agreement in hopes of avoiding future litigation between them and for purposes of jointly defending AES-PR's claims. Exclusion of this type of evidence serves the very purposes for which FRE 408 was enacted.

For the reasons set forth above, pursuant to Federal Rules of Evidence 401, 402, 403, 408, and 411, ALSTOM requests that the Court issue an Order precluding AES-PR from using or admitting the Joint Defense Agreement as evidence at trial.

Respectfully submitted,

ALSTOM POWER INC.


/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)
RICHARD R. WIER, JR., P.A.
Two Mill Road, Suite 200
Wilmington, Delaware 19806
(302) 888-3222

John Anthony Wolf
James E. Edwards, Jr.
Anthony F. Vittoria
Michael A. Schollaert
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
(410) 685-1120
Fax: (410) 547-0699

I HEREBY CERTIFY that, on this 2nd day of October, 2006, a copy of the foregoing Brief In Support Of ALSTOM's Motion To Exclude Use or Admission of the Joint Defense Agreement (Issue 4) was filed with the Court using CM/ECF.  A copy of the Motion was hand-delivered to John S. Spadaro, Esquire, Murphy Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, Delaware 19805.  In addition, courtesy copies were served, via first-class mail, upon Daniel D. Williams, Esquire, Williams & Connolly LLP, 725 Twelfth Street, N.W., Washington, D.C.  20005.

/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES-PR PUERTO RICO, L.P. | * | |
| Plaintiff | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER INC. | * | |
| Defendant | * | |

\*     \*     \*     \*     \*     \*     \*

**BRIEF IN SUPPORT OF ALSTOM'S MOTION TO
EXCLUDE DEPOSITION TESTIMONY OF WILLIAM VAN HOOSER (ISSUE 5)**

ALSTOM Power Inc. ("ALSTOM"), defendant, by its counsel, and pursuant to Rules 801, 802, and 804 of the Federal Rules of Evidence, submits the following brief in support of its motion to exclude the deposition testimony of William Van Hooser from evidence in this case.

**BACKGROUND**

ALSTOM entered into a Purchase Order with Environmental Elements Corporation ("EEC") for the supply of certain pollution control equipment for the project at issue. The pollution control equipment supplied by EEC is the subject of the above-captioned lawsuit. William Van Hooser was the Project Manager for EEC and was on site during the start-up and commissioning of the equipment. During discovery in this case, AES Puerto Rico, L.P. ("AES-PR") took Mr. Van Hooser's deposition, and it appears that AES-PR intends to use portions of the transcript of that deposition in its case-in-chief.

Mr. Van Hooser is a resident of Catonsville, Maryland, which is within 100 miles of the United States Courthouse for the District of Delaware, located in Wilmington, Delaware. For that reason, AES-PR has served on Mr. Van Hooser a subpoena to compel his attendance as a witness during its case in chief.

## ARGUMENT

Pursuant to FRE 804(b)(1), the deposition testimony of a non-party witness is admissible into evidence as a hearsay exception only if the "declarant" is "unavailable." FRE 804(a) provides that a declarant is "unavailable" only if that person:

> (1) is exempt by ruling of the court on the ground of privilege from testifying concerning the subject matter of the declarant's statement; or

> (2) persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so; or

> (3) testifies to a lack of memory of the subject matter of the declarant's statement; or

> (4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or

> (5) is absent from the hearing and the proponent of the statement has been unable to procure the declarant's attendance (or in the case of a hearsay exception under subdivisions (b)(2), (3), or (4), the declarant's attendance or testimony) by process or other reasonable means.

According to the United States Court of Appeals for the Third Circuit: "it is the proponent of the statement offered under Rule 804 who bears the burden of proving the unavailability of the declarant." *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 165 (3rd Cir. 1995). Here, AES-PR has not, and cannot, make that showing for the simple reason that Mr. Van Hooser is within the subpoena power of this Court and, indeed, has already been served with a trial subpoena by AES-PR. (*See* Subpoena; Appendix at A 016 through A 017.) Accordingly, Mr. Van Hooser indisputably is "available," thereby rendering his deposition testimony inadmissible hearsay pursuant to FRE 801 and 802.

For the reasons set forth above, pursuant to Federal Rules of Evidence 802 and 804, ALSTOM requests that the Court issue an order precluding AES-PR from offering the deposition testimony of William Van Hooser into evidence at the trial of this case.

2

Respectfully submitted,

ALSTOM POWER INC.


/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)
RICHARD R. WIER, JR., P.A.
Two Mill Road, Suite 200
Wilmington, Delaware  19806
(302) 888-3222

John Anthony Wolf
James E. Edwards, Jr.
Anthony F. Vittoria
Michael A. Schollaert
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland  21202-1643
(410) 685-1120
Fax:  (410) 547-0699


    I HEREBY CERTIFY that, on this 2nd day of October, 2006, a copy of the foregoing Brief In

Support Of ALSTOM's Motion To Exclude Deposition Testimony of William Van Hooser (Issue 5) was

filed with the Court using CM/ECF.  A copy of the Motion was hand-delivered to John S. Spadaro,

Esquire, Murphy Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, Delaware 19805.  In

addition, courtesy copies were served, via first-class mail, upon Daniel D. Williams, Esquire, Williams &

Connolly LLP, 725 Twelfth Street, N.W., Washington, D.C.  20005.


/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES PUERTO RICO, L.P. | * | |
| Plaintiff | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER INC. | * | |
| Defendant | * | |

\*      \*      \*      \*      \*      \*      \*

**BRIEF IN SUPPORT OF ALSTOM'S MOTION TO
EXCLUDE EVIDENCE REGARDING EQUITABLE ESTOPPEL DEFENSE (ISSUE 6)**

ALSTOM Power Inc. ("ALSTOM"), defendant, by its undersigned attorneys, submits the following brief in support of its motion to exclude evidence of, or argument pertaining to, the equitable estoppel defense relied on by AES Puerto Rico, L.P. ("AES-PR"). That defense is legally insupportable under Delaware law, and evidence or argument in further of that defense properly must be excluded.

## BACKGROUND

Primary amongst ALSTOM's responses to AES-PR's claim under the accelerated corrosion warranty is that AES failed to satisfy certain contractual conditions precedent to ALSTOM's accelerated corrosion warranty. AES has indicated that it will attempt to elicit evidence and offer argument that ALSTOM is equitably estopped from relying on the contractual conditions precedent based on alleged oral and written instructions and demonstrations purportedly provided by employees of ALSTOM and its subcontractor, Environmental Elements Corporation ("EEC").

## ARGUMENT

AES-PR contends that certain oral statements allegedly made by EEC personnel modified the terms of the Operating & Maintenance Manuals that formed a part of the Contract Documents. AES-PR's compliance with the requirements of those O&M Manuals was a contractual condition precedent to ALSTOM's obligation under the accelerated corrosion warranty.

As this Court has observed, "Delaware courts generally reject attempts to invoke equitable estoppel based on such oral statements." *Benitec Austl. Ltd v. Promega Corp.*, C.A. No. 04-889-JJF, 2005 U.S. Dist. LEXIS 3545 at *15 (D. Del. Mar. 8, 2005). That is particularly true here because the contract expressly provides that any modification must be in writing and signed by the parties. (*See* Purchase Order at Art. 1.0; Appendix at A 018.)

As this Court reasoned in *Benitec*, AES-PR "cannot now be allowed to claim detrimental reliance when it had knowledge of the terms of the contract from the contract itself." *Benitec*, *supra* at *15. Accordingly, the Court should preclude AES-PR from eliciting evidence or offering argument in support of an equitable estoppel defense that is barred by application of Delaware law.

For the reasons set forth above, ALSTOM requests that the Court issue an Order precluding AES-PR from introducing evidence of, or argument pertaining to, its equitable estoppel defense.

Respectfully submitted,

ALSTOM POWER INC.

/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)
RICHARD R. WIER, JR., P.A.
Two Mill Road, Suite 200
Wilmington, Delaware 19806
(302) 888-3222

John Anthony Wolf
James E. Edwards, Jr.
Anthony F. Vittoria
Michael A. Schollaert
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
(410) 685-1120
Fax: (410) 547-0699

I HEREBY CERTIFY that, on this 2nd day of October, 2006, a copy of the foregoing Brief In Support Of ALSTOM's Motion To Exclude Evidence Regarding Equitable Estoppel Defense (Issue 6) was filed with the Court using CM/ECF.  A copy of the Motion was hand-delivered to John S. Spadaro, Esquire, Murphy Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, Delaware 19805.  In addition, courtesy copies were served, via first-class mail, upon Daniel D. Williams, Esquire, Williams & Connolly LLP, 725 Twelfth Street, N.W., Washington, D.C.  20005.

/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AES PUERTO RICO, L.P.                    *

      Plaintiff                          *

      v.                                 *        C.A. No. 04-1282-JJF

ALSTOM POWER INC.                        *

      Defendant                          *

\*      \*      \*      \*      \*      \*      \*

## BRIEF IN SUPPORT OF ALSTOM'S MOTION TO
## TO EXCLUDE HEARSAY EVIDENCE
## OF MODIFICATIONS TO WRITING (ISSUE 7)

ALSTOM Power Inc. ("ALSTOM"), defendant, by its undersigned attorneys and pursuant to

FRE 402, 403, and 801, submits the following brief in support of its motion to exclude evidence of, or

argument pertaining to, purported oral hearsay statements by employees of Environmental Elements

Corporation ("EEC"). Those alleged out-of-court statements are hearsay in nature and are not relevant

to claims or defenses at issue and are likely to confuse the jury.

### BACKGROUND

ALSTOM has asserted that it owe no obligations under the accelerated corrosion warranty to

AES Puerto Rico, L.P. ("AES-PR") because AES-PR did not satisfy the contractual conditions

precedent to that warranty. ALSTOM anticipates that AES-PR will attempt to elicit evidence that

ALSTOM has waived its right to rely on the conditions precedent based on, *inter alia*, oral instructions

and training allegedly provided, not by ALSTOM, but by personnel of its subcontractor, EEC.

### ARGUMENT

Any evidence with respect to EEC's alleged oral instructions and training, offered to prove the

matter asserted (that the making of those oral statements operated to waive ALSTOM's contractual

rights), is hearsay that is barred by FRE 801(c). It would not be admissible, pursuant to FRE 801(d)(2),

as an admission by a party opponent inasmuch as ALSTOM and EEC clearly are separate and distinct

entities, and EEC is not a "party opponent" in these proceedings.

Moreover, even if not hearsay, the oral statements must be deemed irrelevant because they do not provide probative support of AES-PR's waiver defense; there is nothing in the record that would support any conclusion that EEC personnel, by their statements or otherwise, could have done anything that legally would have constituted ALSTOM's "voluntary and intentional relinquishment of a known right" under the Purchase Order. *Aeroglobal Capital Mgmt, LLC. v. Cirrus Indus., Inc.*, 871 A.2d 428, 444 (Del. 2005).

Finally, even if not hearsay and totally irrelevant, evidence regarding oral statements made by EEC personnel clearly would have a tendency to confuse and mislead the jury, and properly would be barred by application of FRE 403.

For the reasons set forth above, ALSTOM requests that the Court issue an Order precluding AES-PR from adducing any evidence regarding such oral statements made by EEC employees.

Respectfully submitted,

ALSTOM POWER INC.


/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)
RICHARD R. WIER, JR., P.A.
Two Mill Road, Suite 200
Wilmington, Delaware 19806
(302) 888-3222

John Anthony Wolf
James E. Edwards, Jr.
Anthony F. Vittoria
Michael A. Schollaert
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
(410) 685-1120
Fax: (410) 547-0699

I HEREBY CERTIFY that, on this 2nd day of October, 2006, a copy of the foregoing

Brief In Support Of ALSTOM's Motion To Exclude Hearsay Evidence to Modifications to

Writing (Issue 7) was filed with the Court using CM/ECF.  A copy of the Motion was hand-

delivered to John S. Spadaro, Esquire, Murphy Spadaro & Landon, 1011 Centre Road, Suite 210,

Wilmington, Delaware 19805.  In addition, courtesy copies were served, via first-class mail, upon

Daniel D. Williams, Esquire, Williams & Connolly LLP, 725 Twelfth Street, N.W., Washington,

D.C.  20005.

/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AES PUERTO RICO, L.P. | * | |
| Plaintiff | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER INC. | * | |
| Defendant | * | |

\*        \*        \*        \*        \*        \*        \*

## BRIEF IN SUPPORT OF ALSTOM'S MOTION TO
## EXCLUDE EVIDENCE CONCERNING UNRELATED WARRANTIES (ISSUE 8)

ALSTOM Power Inc. ("ALSTOM"), defendant, by its undersigned attorneys and pursuant to FRE 401, 402, and 403, submits the following brief in support of its motion to exclude evidence of, or argument pertaining to, the purported applicability of the warranty contained at Paragraphs 1.1.1 and 1.2 of the Contract (the "1.1.1 Warranty") to its claim for accelerated corrosion of components of the pollution control equipment at issue in this case. Instead, as to the claim for accelerated corrosion of the pollution control equipment, the separate accelerated corrosion warranty contained at Paragraph 1.6 of the Contract is the sole and exclusive remedy. Evidence regarding the 1.1.1 Warranty would have no tendency to make the existence of any fact that is of consequence to the determination of plaintiff AES Puerto Rico, L.P.'s ("AES-PR") accelerated corrosion warranty claim under Paragraph 1.6 more or less probable than it would be without such evidence, and that evidence thus properly must be excluded pursuant to FRE 402. In addition, such mixing-and-matching of warranty provisions would needlessly confuse the jury and should further be excluded pursuant to FRE 403.

### BACKGROUND

The 1.1.1 Warranty provided by ALSTOM provided protection against defects, generally. (*Id.* at ¶¶ 1.1.1 and 1.2; Appendix, at A 029 to A 030.) AES-PR's primary claim in this case, however, does not involve a defect; rather, as AES-PR itself has acknowledged, its claim is based on the accelerated corrosion warranty for the plant's pollution control equipment under Paragraph 1.6, which specifically

covers accelerated corrosion. That warranty -- with its own terms, duration and remedies -- expressly governs claims relating to any occurrence of alleged accelerated corrosion. (*See* Contact at Part III, ¶ 1.6; Appendix at A 030 to A 031.)

ALSTOM anticipates that AES-PR will attempt to present evidence and argument to extend ALSTOM's Paragraph 1.6 accelerated corrosion warranty by reference to the entirely separate and inapplicable 1.1.1 Warranty. Specifically, by presenting evidence and argument concerning that separate warranty, AES-PR will attempt to import that warranty's terms, duration and remedies in the hope that it can convince the jury to graft them onto the distinct Paragraph 1.6 accelerated corrosion warranty (on which AES –PR predicates its liability claim for accelerated corrosion of the pollution control equipment).

## ARGUMENT

The terms, durations and remedies for one warranty cannot properly be engrafted onto another -- thus creating a new, non-contractual warranty. AES-PR's effort in that regard would run afoul of protections afforded ALSTOM under the Contract's limitation of liability clause, which expressly states that "[w]here a remedy is specified in the Contract for an occurrence, such remedy shall be *an exclusive remedy for such occurrence*". (Contract at Part III, ¶ 52.0 (emphasis added); Appendix at A 058 to A 059.) A remedy for accelerated corrosion is specified at Paragraph 1.6; hence, that is the exclusive warranty.

Evidence concerning the terms, duration or remedies provided for by the 1.1.1 Warranty has no relevance or probative value and lacks any evidentiary link to AES-PR's claim of accelerated corrosion under Paragraph 1.6; accordingly, such evidence (and any attendant argument) properly must be viewed as irrelevant under FRE 401 and excluded pursuant to FRE 402. At the same time, it is abundantly clear that such evidence would confuse the jury, and would allow AES-PR to argue, without any proper foundation, that the terms, durations and remedies of the 1.1.1 Warranty should be engrafted onto the separate and distinct warranty provided for by Paragraph 1.6. Accordingly, application of FRE 403 also compels exclusion of such evidence. *See Bhaya v. Westinghouse Electric Corp.*, 922 F.2d 184, 187-89

2

(3d Cir. 1990) (agreeing as to exclusion of evidence that had "little if any probative value because [it] lacked any appreciable link" to the Plaintiff's claims and created a "great danger of 'confusion of the issues'").

For the reasons set forth above, ALSTOM requests that the Court issue an Order precluding AES-PR from introducing evidence of, or argument pertaining to, the purported applicability of the Warranties contained in Paragraphs 1.1.1 and 1.2 of the Contract to its claim for accelerated corrosion of the pollution control equipment.

Respectfully submitted,

ALSTOM POWER INC.

/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)
RICHARD R. WIER, JR., P.A.
Two Mill Road, Suite 200
Wilmington, Delaware 19806
(302) 888-3222

John Anthony Wolf
James E. Edwards, Jr.
Anthony F. Vittoria
Michael A. Schollaert
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
(410) 685-1120
Fax: (410) 547-0699

I HEREBY CERTIFY that, on this 2nd day of October, 2006, a copy of the foregoing
Brief In Support Of ALSTOM's Motion To Exclude Evidence Concerning Unrelated Warranties
(Issue 8) was filed with the Court using CM/ECF. A copy of the Motion was hand-delivered to
John S. Spadaro, Esquire, Murphy Spadaro & Landon, 1011 Centre Road, Suite 210,
Wilmington, Delaware 19805. In addition, courtesy copies were served, via first-class mail, upon
Daniel D. Williams, Esquire, Williams & Connolly LLP, 725 Twelfth Street, N.W., Washington,
D.C. 20005.

/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AES-PR PUERTO RICO, L.P.                    *

         Plaintiff                          *

        v.                                *     C.A. No. 04-1282-JJF

ALSTOM POWER INC.                            *

        Defendant                          *

*       *       *       *       *       *       *

## BRIEF IN SUPPORT OF ALSTOM'S MOTION TO
## EXCLUDE UNTRUSTWORTHY EXHIBITS (ISSUE 9)

ALSTOM Power Inc. ("ALSTOM"), defendant, by its counsel, and pursuant to Rules 102, 401, 402, 403, 801, 802, 901 and 1003 of the Federal Rules of Evidence and Rule 37 of the Federal Rules of Civil Procedure, submits the following brief in support of its motion to exclude the introduction of the following untrustworthy proposed Exhibits[1] into evidence at the trial of this case.[2]

      1.    <u>Exhibits P-6 and P-185 -- Flue Gas Cleaning System Performance Selection</u>:  These proposed Exhibits, which are two copies of the same document, should be excluded from evidence pursuant to Rules 402 and 403 of the Federal Rules of Evidence.  The document is a working draft of the specifications for the pollution control equipment that was constructed at the project at issue.  As such, the document contains guarantees and limits that are different than the "official" contract specifications.  As a result, the document is irrelevant to the facts and issues in this case.  To the extent that the document has marginal relevance, it would cause confusion because of the differing guarantees and limits and this confusion would outweigh any probative value that the document possesses.

      2.    <u>Exhibit P-32, P-114 and P-130 -- Draft Documents</u>:  These proposed Exhibits should be excluded from evidence pursuant to Rules 402, 403 and 901 of the Federal Rules of Evidence.  All of

---

[1] Copies of all of the Exhibits to which ALSTOM has objection have been submitted separately to the Court, as reflected in ALSTOM's Notice of Filing Paper Documents.

[2] Mindful of the Court's admonition regarding the admissibility standard, ALSTOM presents the following few documents which – in the Court's parlance – are truly questionable, "roadkill", Exhibits.

these documents are unsigned and lack authentication, despite AES-PR's attempts to establish the authenticity of these documents at various depositions. While these documents were produced during discovery, the documents are irrelevant because it is clear that they are drafts that were not intended to be disseminated. To the extent that the documents are even marginally relevant, such purported relevance would be outweighed by the confusion that would be engendered by the use of these unauthenticated draft documents.

      3.    <u>Exhibits P-68</u> -- <u>Unsigned Purchase Order</u>:  This proposed exhibit should be excluded from evidence pursuant to Rules 901 and 1003 of the Federal Rules of Evidence. The proposed exhibit is unsigned and there has been no evidence adduced during discovery regarding the document's authenticity. Even if the document can be authenticated, it should not be admitted as evidence in lieu of the original, signed version of the purchase order.

      4.    <u>Exhibits P-73, P-83, P-102, P-118, P-120, P-123, P-125, and P-127</u> -- <u>Unsigned Checks</u>: These proposed exhibits should be excluded from evidence pursuant to Rules 901, 1003 of the Federal Rules of Evidence. These proposed exhibits are all unsigned, and there has been no evidence adduced during discovery regarding their authenticity. To the extent that these documents can be authenticated, they should not be admitted as evidence in lieu of the original, signed versions that indicate that the checks were not only issued, but negotiated.

      5.    <u>Exhibit P-126</u> -- <u>Unsigned Van Hooser Letter</u>. This proposed Exhibit should be excluded from evidence pursuant to Rule 802 of the Federal Rules of Evidence. This unsigned document was apparently written by a non-party and sent to another non-party. Neither the apparent author or the apparent recipient of the letter was affiliated with either party at the time the document purportedly was created and sent. In addition, the document was created months after the events that are the subject of the document occurred. As a result, the document is hearsay and should be excluded from evidence.

      6.    <u>Exhibit P-131</u> -- <u>Unsigned Letter Proposal</u>: This proposed Exhibit should be excluded from evidence pursuant to Rules 802 and 901 of the Federal Rules of Evidence. This document was apparently written by a non-party and sent to AES-PR. However, the document is unsigned, and there has

been no evidence adduced in discovery as to the authenticity of the document. In addition, AES-PR has never identified, in discovery or in its proposed witness list, an individual from the company that allegedly authored the document who could testify as to the document's authenticity. Finally, the document relates to claimed damages in this case, but was authored well after litigation was filed. Accordingly, the document is inadmissible hearsay as the document was prepared for this litigation, and not in the regular course of business.

7.     Exhibits P-135, P-136, P-137, P-138, P-139, P-207, and P-208 -- Proposals Produced After The Close of Discovery: These proposed Exhibits should be excluded from evidence pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure as well as Rules 802 and 901 of the Federal Rules of Evidence. First these documents were produced – indeed, created – well after the close of discovery in this case. In addition, these documents were apparently written by several non-parties and sent to AES-PR. However, several of the documents are unsigned, and there has been no evidence adduced in discovery as to the authenticity of any of the documents. In addition, AES-PR has never identified, in discovery or in its proposed witness list, individuals from any of the companies that allegedly authored the documents who could testify as to the authenticity of the documents. Finally, all of the documents relate to claimed damages in this case, but were authored well after the litigation was filed. Accordingly, all of the documents are inadmissible hearsay as they were prepared for this litigation, and not in the regular course of business. *See* companion Brief in Support of ALSTOM's Motion to Exclude Documents Produced After the Close of Discovery and Unidentified Witnesses.

8.     Exhibits P-140 and P-179 -- Drawings by Counsel: These proposed Exhibits, which are two copies of essentially the same document, should be excluded from evidence pursuant to Rule 403 and 802 of the Federal Rules of Evidence. These drawings were created by counsel for AES-PR for use in depositions. The drawings are inadmissible hearsay because they were created out of court by an un-sworn individual for the purposes of this litigation, and not in the regular course of business. In addition, the drawings should be excluded because they are inaccurate and would confuse the jury.

9.     Exhibits P-149, P-150, and P-151 -- Physical Exhibits:  These proposed Exhibits should be excluded from evidence pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure and Rule 102 of the Federal Rules of Evidence.  Specifically, despite specific request by ALSTOM during discovery, these objects were never produced by AES-PR for inspection.  Indeed, AES-PR has not even produced a photograph of the proposed Exhibits, which would result in surprise and unfairness to ALSTOM if the Exhibits were shown to the jury or admitted into evidence.  *See* companion Brief in Support of ALSTOM's Motion to Exclude Documents Produced After the Close of Discovery and Unidentified Witnesses.

10.     Exhibit P-154 -- Unidentified Spreadsheet:  This proposed Exhibit should be excluded from evidence pursuant to Rules 402, 802 and 901 of the Federal Rules of Evidence.  No evidence has been adduced during discovery that authenticates this document or describes what it is.  Indeed, the only apparent connection this document may have to this matter is that fact that the words "Puerto Rico" appear within the document.  As a result, the document is of little to no relevance to this matter.  In addition, the document is inadmissible hearsay in that it was created out of court well after this litigation had been filed.

11.     Exhibit P-200 – Draft Write-Up – This proposed Exhibit should be excluded from evidence pursuant to Rule 402 of the Federal Rules of Evidence.  This document was contained on William Van Hooser's computer and no evidence has been adduced in discovery that the document was ever transmitted to any other party in this case.  Further evidence of this fact is that other, similar, documents have been found in both AES-PR's and ALSTOM's files, while this document was not.  Accordingly, the document is clearly a draft that was never disseminated and, as such, the document is completely irrelevant to the issues in this case

For the reasons set forth above, ALSTOM requests that the Court issue an Order precluding AES-PR from introducing into evidence the proposed exhibits described above.

Respectfully submitted,

ALSTOM POWER INC.


/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)
RICHARD R. WIER, JR., P.A.
Two Mill Road, Suite 200
Wilmington, Delaware 19806
(302) 888-3222

John Anthony Wolf
James E. Edwards, Jr.
Anthony F. Vittoria
Michael A. Schollaert
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643
(410) 685-1120
Fax: (410) 547-0699


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 2nd day of October, 2006, a copy of the foregoing Brief In Support Of ALSTOM's Motion To Exclude Untrustworthy Exhibits (Issue 9) was filed with the Court using CM/ECF. A copy of the Motion was hand-delivered to John S. Spadaro, Esquire, Murphy Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, Delaware 19805. In addition, courtesy copies were served, via first-class mail, upon Daniel D. Williams, Esquire, Williams & Connolly LLP, 725 Twelfth Street, N.W., Washington, D.C. 20005.


/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)