IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES PUERTO RICO, L.P. | * | |
| Plaintiff | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER INC. | * | |
| Defendant | * | |

\*      \*      \*      \*      \*      \*      \*

**RESPONSE OF ALSTOM POWER INC. TO
OBJECTIONS OF PLAINTIFF AES PUERTO RICO, L.P.
TO CERTAIN PROPOSED TRIAL EXHIBITS**

ALSTOM Power Inc. ("ALSTOM"), defendant, by its counsel, and pursuant to the Federal Rules of Evidence, submits the following Response to the Objections of AES Puerto Rico, L.P. ("AES-PR") to certain Exhibits proposed by ALSTOM.

| Exhibit | Basis for Admission |
|---|---|
| D-2 | AES-PR's objections to proposed Exhibit D-2 should be overruled pursuant to FRE 807. AES-PR does not dispute, and has in fact tacitly admitted in deposition, that there was a great deal of opposition to the issuance of an air permit by EPA for the plant in southern Puerto Rico. Accordingly, proposed Exhibit D-2 has sufficient indicia of trustworthiness and it would serve the interest of justice for it to be admitted. |
| D-3 | AES-PR's objections to proposed Exhibit D-3 should be overruled pursuant to FRE 807. AES-PR does not dispute, and has in fact tacitly admitted in deposition, that there was a great deal of opposition to the issuance of an air permit by EPA for the plant in southern Puerto Rico. Accordingly, proposed Exhibit D-3 has sufficient indicia of trustworthiness and it would serve the interest of justice for it to be admitted. |
| D-5 | AES-PR's objections to proposed Exhibit D-5 should be overruled pursuant to FRE 807. AES-PR does not dispute, and has in fact tacitly admitted in deposition, that there was a great deal of opposition to the issuance of an air permit by EPA for the plant in southern Puerto Rico. Accordingly, proposed Exhibit D-5 has sufficient indicia of trustworthiness and it would serve the interest of justice for it to be admitted. |
| D-6 | AES-PR's objection to proposed Exhibit D-6 is unfounded. Proposed Exhibit D-6 contains the purchase order between ABB (now ALSTOM) and Environmental Elements Corp. ("EEC") dated March 30, 1999. The document dated December 29, 1999 is Change Order No. 1 to that purchase order and, therefore, has been incorporated into and is part of the original purchase order. |

| Exhibit | Basis for Admission |
|---|---|
| D-7 | AES-PR's objections to proposed Exhibit D-7 should be overruled pursuant to FRE 801 and 807. Proposed Exhibit D-7 is not hearsay because it is one of the documents that put AES-PR on notice that there was a potential for corrosion in EEC's pollution control equipment and that this corrosion could be directly linked to chlorides in the system. It was on the basis of this document that AES-PR, D/FD, ALSTOM and EEC had several discussions and exchanged extensive materials on the possibility of chloride corrosion in the pollution control equipment. To the extent that the document is hearsay, it is admissible under the business records exception because it was a document created in the regular course of business by an entity that is intimately familiar with the project and was closely related to AES-PR. In addition, the document possesses sufficient indicia of trustworthiness and its admission into evidence would serve the interest of justice. |
| D-8 | AES-PR's objections to proposed Exhibit D-8 should be overruled pursuant to FRE 801, 803 and 807. This document is not hearsay as it goes to show that AES-PR was on notice for the potential for chloride corrosion in the pollution control equipment provided by EEC. Indeed, this document was prompted by proposed Exhibit D-6. To the extent that this document is hearsay, the document will be sponsored by a witness at trial, and is admissible as a business record pursuant to FRE 803. In addition, the document contains sufficient indicia of trustworthiness that it is admissible under Rule 807. |
| D-9 | AES-PR's objections to proposed Exhibit D-8 should be overruled pursuant to FRE 801, 803 and 807. This document is not hearsay as it goes to show that AES-PR was on notice for the potential for chloride corrosion in the pollution control equipment provided by EEC. Indeed, this document was prompted by proposed Exhibit D-6. To the extent that this document is hearsay, the document will be sponsored by a witness at trial, and is admissible as a business record pursuant to FRE 803. In addition, the document contains sufficient indicia of trustworthiness that it is admissible under Rule 807. |
| D-10 | AES-PR's objections to proposed Exhibit D-10 should be overruled pursuant to FRE 803. Exhibit D-10 is a business record and the author of these documents will be present at trial to testify regarding his notes. |
| D-15 | AES-PR's objections to proposed Exhibit D-15 should be overruled pursuant to FRE 801, 803 and 807. Proposed Exhibit D-15 shows that AES-PR was on notice regarding the potential for corrosion of the EEC pollution control equipment. To the extent the document is hearsay, it falls within the business record exception because it was produced and sent by an entity, D/FD, that was acting as AES-PR's *de facto* agent in regard to communications with ALSTOM, and was received and maintained by ALSTOM in the regular course of business. In addition, the document contains sufficient indicia of trustworthiness and its admission into evidence would serve the interest of justice. |
| D-16 | AES-PR's objections to proposed Exhibit D-16 should be overruled pursuant to FRE 801 and 807. Proposed Exhibit D-16 is not hearsay because it is one of the documents that put AES-PR on notice that there was a potential for corrosion in EEC pollution control equipment and that this corrosion could be directly linked to chlorides in the system. To the extent that the document is hearsay, it is admissible under the business records exception because it was a document created in the regular course of business by an entity that is intimately familiar with the project and was closely related to AES-PR. In addition, the document possesses sufficient indicia of trustworthiness and its admission into evidence would serve the interest of justice. |

| Exhibit | Basis for Admission |
|---|---|
| D-17 | AES-PR's objections to proposed Exhibit D-17 should be overruled pursuant to FRE 801, 803 and 807. This document is not hearsay as it goes to show that AES-PR was on notice for the potential for chloride corrosion in the pollution control equipment provided by EEC. To the extent that this document is hearsay, the document will be sponsored by a witness at trial and is admissible as a business record pursuant to FRE 803. In addition, the document contains sufficient indicia of trustworthiness that it is admissible under Rule 807. |
| D-18 | AES-PR's objections to proposed Exhibit D-15 should be overruled pursuant to FRE 801, 803 and 807. Proposed Exhibit D-15 shows that AES-PR was on notice regarding the potential for corrosion of the EEC pollution control equipment. To the extent the document is hearsay, it falls within the business record exception because it was produced and sent by an entity, D/FD, that was acting as AES-PR's *de facto* agent in regard to communications with ALSTOM, and was received and maintained by ALSTOM in the regular course of business. In addition, the document contains sufficient indicia of trustworthiness and its admission into evidence would serve the interest of justice. |
| D-20 | AES-PR's objections to proposed Exhibit D-20 should be overruled pursuant to FRE 801 and 807. Proposed Exhibit D-20 is not hearsay because it is one of the documents that put AES-PR on notice that there was a potential for corrosion in EEC pollution control equipment and that this corrosion could be directly linked to chlorides in the system. To the extent that the document is hearsay, it is admissible under the business records exception because it was created in the regular course of business by an entity that is intimately familiar with the project and was closely related to AES-PR. In addition, the document possesses sufficient indicia of trustworthiness and its admission into evidence would serve the interest of justice. |
| D-23 | AES-PR's objections to proposed Exhibit D-23 should be overruled pursuant to FRE 401, 803 and 901. Exhibit D-23 is admissible as a business record and is probative to the matters in this case. In regard to AES-PR's objection, the document is simply a cover-letter with a portion of its attachments included, with that page being enlarged so that it can be legible. ALSTOM is willing to remove the duplicate copies of the attachment. |
| D-24 | AES-PR's objections to proposed Exhibit D-24 should be overruled pursuant to FRE 401, 803 and 901. Proposed Exhibit D-24 is a document showing receipt of D-23 by D/FD, which was AES-PR's *de facto* agent in regard to communications with ALSTOM, and was received and maintained by ALSTOM in the regular course of business. In addition, the document will be sponsored by a witness at trial and is admissible as a business record pursuant to FRE 803. |
| D-27 | AES-PR's objections to proposed Exhibit D-27 should be overruled as they are vague. AES-PR provides no information as to how the document was inaccurately reproduced and fails to explain the nature of the "separate and distinct document" allegedly attached. Nevertheless, ALSTOM intends to rely upon Plaintiff's version of this exhibit. |
| D-30 | AES-PR's objections to proposed Exhibit D-30 should be overruled pursuant to FRE 401, 803 and 901. Proposed Exhibit D-30 is a document showing receipt of the EEC Operations and Maintenance Manuals by D/FD, which was AES-PR's *de facto* agent in regard to communications with ALSTOM, and was received and maintained by ALSTOM in the regular course of business. In addition, the document will be sponsored by a witness at trial and is admissible as a business record pursuant to FRE 803. |

| Exhibit | Basis for Admission |
|---|---|
| D-34 | AES-PR's objections to proposed Exhibit D-34 should be overruled as the Exhibit appears in the same format in which it was produced by AES-PR. Nevertheless, ALSTOM is willing to remove all of the attachments to the letter, leaving page AES-WC-02-0786 as the sole page of the Exhibit. |
| D-37 | AES-PR's objections to proposed Exhibit D-37 should be overruled pursuant to FRE 401, 801(d)(2), 803 and 901. Exhibit D-37 is admissible as a business record and appears in the same format in which it was produced by AES-PR from AES-PR's files. The document is probative because it indicates the level of chlorides in the water being used in the pollution control equipment by AES-PR. In addition, the document is an admission by party-opponent because it shows that the chloride levels were higher than permitted, indicating the AES-PR was not operating the plant in accordance with the specifications and operating parameters. |
| D-40 | AES-PR's objection should be overruled. AES-PR was inadvertently provided two copies of the document. The exhibit that ALSTOM intend to use contains only one copy. |
| D-42 | AES-PR's objections to proposed Exhibit D-42 should be overruled pursuant to FRE 801, 803 and 807. Proposed Exhibit D-42 is not hearsay because it is one of the documents that put AES-PR on notice that it should measure the chloride content of the spray water used in the pollution control equipment. To the extent that the document is hearsay, it is admissible under the business records exception because it was created in the regular course of business by an entity that is intimately familiar with the project and was closely related to AES-PR. Indeed, the entity that created the document was a consultant hired by AES-PR for the sole purpose of creating the document. As a result, the document contains sufficient indicia of trustworthiness and its admission into evidence would serve the interest of justice. |
| D-45 | Exhibit D-45 is a document prepared in the ordinary course of business and, therefore, is admissible under FRE 803(6) as a business record. To the extent that AES-PR's proposed exhibits P-131, P-135, P-136, P-137, P-138, P-139, P-207, P-208 and P-209 are excluded from evidence because AES-PR did not list the authors of those documents – or anyone from the three companies that allegedly created those documents – on its witness list (and also did not identify anyone from those companies during discovery), ALSTOM will not seek to introduce Exhibit D-45 as one of AES-PR's business records. |
| D-47 | AES-PR's objections to proposed Exhibit D-47 should be overruled pursuant to FRE 401, 803 and 901. Exhibit D-47 is an AES-PR shift report and is admissible as a business record. In addition, the document appears in the same format in which it was produced by AES-PR from AES-PR's files. The document is probative because it indicates that AES-PR personnel were inside the pollution control equipment and actually cleaned the plates that were found corroded several months later. |
| D-49 | AES-PR's objections to proposed Exhibit D-49 should be overruled pursuant to FRE 401. D-49 is relevant and probative because D/FD, the defendant in the complaint that is D-49, was the entity that designed and built the water treatment system at the plant. AES-PR sued D/FD in relation to its work on the plant and eventually settled the lawsuit. Now, AES-PR is attempting to recover damages relating to its water treatment system despite its lawsuit against and settlement with D/FD. |

| Exhibit | Basis for Admission |
|---|---|
| D-52 | AES-PR's objections to proposed Exhibit D-52 should be overruled pursuant to FRE 401. D-52 is relevant and probative because D/FD, the defendant in the amended complaint that is D-52, was the entity that designed and built the water treatment system at the plant. AES-PR sued D/FD in relation to its work on the plant and eventually settled the lawsuit. Now, AES-PR is attempting to recover damages relating to its water treatment system despite its lawsuit against and settlement with D/FD. |
| D-56 | AES-PR's objections to proposed Exhibit D-56 should be overruled pursuant to FRE 801, 803 and 807. Proposed Exhibit D-56 is not hearsay because it is one of the documents that put AES-PR on notice regarding the proper operation of the pollution control equipment and the effect of the chloride content of the spray water used in the pollution control equipment. To the extent that the document is hearsay, it is admissible under the business records exception because it was created in the regular course of business by an entity that is intimately familiar with the project and was closely related to AES-PR. Indeed, the entity that created the document was a consultant hired by AES-PR for the sole purpose of inspecting the equipment and providing information to AES-PR. As a result, the document contains sufficient indicia of trustworthiness and its admission into evidence would serve the interest of justice. |
| D-59 | AES-PR's objections to proposed Exhibit D-59 should be overruled pursuant to FRE 801, 803 and 807. Proposed Exhibit D-59 is not hearsay because it is one of the documents that put AES-PR on notice regarding the proper operation of the pollution control equipment and the effect of the chloride content of the spray water used in the pollution control equipment. To the extent that the document is hearsay, it is admissible under the business records exception because it was created in the regular course of business by an entity that is intimately familiar with the project and was closely related to AES-PR. Indeed, as shown by the e-mail "cover-letter", the entity that created the document was a consultant hired by AES-PR for the sole purpose of inspecting the equipment and providing information to AES-PR. As a result, the document contains sufficient indicia of trustworthiness and its admission into evidence would serve the interest of justice. |
| D-75 | AES-PR's objections to proposed Exhibit D-75 should be overruled pursuant to FRE 401. Exhibit D-75 is relevant and probative because D/FD was the entity that designed and built the water treatment system at the plant. AES-PR sued D/FD in relation to its work on the plant and eventually settled the lawsuit, as evidenced by the requests for documents relating to warranties and punch list work in D-75. Now, AES-PR is attempting to recover damages relating to its water treatment system despite its lawsuit against and settlement with D/FD. |
| D-78 | AES-PR's objections to proposed Exhibit D-78 should be overruled pursuant to FRE 401, 801(d)(2), 803 and 901. Exhibit D-78 is admissible as a business record as it was exchanged by the parties in the regular course of business. In addition, it is clear on its face that the middle e-mail was sent by Paul Stinson, an agent of AES-PR, to William Jarvis of ALSTOM. The document is probative because it indicates that the pollution control equipment worked as designed. In addition, the document is an admission by party-opponent because it shows that, despite AES-PR's current assertions, the pollution control equipment worked as designed. |

| **Exhibit** | **Basis for Admission** |
|---|---|
| D-79 | AES-PR's objections to proposed Exhibit D-79 should be overruled pursuant to FRE 106 and 401. AES-PR intends to use a portion of its settlement with D/FD as evidence in this case and it is proper, under FRE 106, for ALSTOM to be able to submit the entire document. The amount and nature of the settlement terms are relevant because D/FD was the entity that designed and built the water treatment system at the plant and AES-PR is now attempting to recover damages from ALSTOM relating to its water treatment system despite its lawsuit against and settlement with D/FD. Indeed, AES-PR has stated in records that some of the damages for which it is now suing ALSTOM were financed by funds received in the D/FD settlement. *See* P-98 and P-113. |
| D-93 | AES-PR's objections to proposed Exhibit D-93 should be overruled pursuant to FRE 801, 803 and 807. Proposed Exhibit D-93 is not hearsay because it goes, not to the truth of the matter asserted in the document, but to show that AES-PR was on notice regarding the need to properly maintain the equipment and regarding its failure to do so up to that date. In addition, the contents of the e-mail are an admission of a party opponent that it had failed properly to maintain the equipment. To extent that the document, which is clearly a business record, contains hearsay, that hearsay is admissible because the document contains sufficient indicia of trustworthiness and its admission into evidence would serve the interest of justice. |
| D-95 | ALSTOM withdraws proposed exhibit D-95. |
| D-98 | AES-PR's objections to proposed Exhibit D-98 should be overruled pursuant to FRE 106 and 401. The amount and nature of the settlement terms are relevant because D/FD was the entity that designed and built the water treatment system at the plant. AES-PR is now attempting to recover damages from ALSTOM relating to its water treatment system despite its lawsuit against and settlement with D/FD. Indeed, as reflected in the document, AES-PR is now suing ALSTOM for damages which were financed by funds received in the D/FD settlement. In regard to the other financial information, the entire document should be received into evidence pursuant to FRE 106. |
| D-113 | AES-PR's objections to proposed Exhibit D-113 should be overruled pursuant to FRE 106 and 401. The amount and nature of the settlement terms are relevant because D/FD was the entity that designed and built the water treatment system at the plant. AES-PR is attempting to recover damages from ALSTOM relating to its water treatment system despite its lawsuit against and settlement with D/FD. Indeed, as reflected in the document, AES-PR is now suing ALSTOM for damages which were financed by funds received in the D/FD settlement. |
| D-115 | ALSTOM withdraws proposed exhibit D-115. |
| D-120 | ALSTOM withdraws the second page of Exhibit D-120. Accordingly, D-120 consists of one page Bates numbered AESPR-246455. |
| D-121 | AES-PR's objections to proposed Exhibit D-121 should be overruled pursuant to FRE 106 and 401. Exhibit D-121 is relevant to the matters raised in this case and the language about which AES-PR has expressed concern is no more prejudicial to AES-PR than ALSTOM. Accordingly, the entire document should be used, pursuant to FRE 106. |
| D-129 | AES-PR's objections to proposed Exhibit D-129 should be overruled pursuant to FRE 401. Exhibit D-129 is relevant because there are indications that witnesses did not preserve information after Exhibit D-129 was issued. In addition, Exhibit D-129 is relevant because it was not sent to all individuals that had relevant information and knowledge. |

| Exhibit | Basis for Admission |
|---|---|
| D-131 | AES-PR's objections to proposed Exhibit D-131 should be overruled pursuant to FRE 401. AES-PR has asserted in pleadings and argument that ALSTOM's affirmative defense of AES-PR's failure to comply with conditions precedent to the warranty was raised well after this litigation was commenced. Exhibit D-131 shows that AES-PR's assertion is incorrect. |
| D-132 | AES-PR's objections to proposed Exhibit D-129 should be overruled pursuant to FRE 401 and Local Rule 16.4(d)(6). Exhibit D-132 is relevant because it shows that, while ALSTOM requested certain documents in this litigation, AES-PR has failed to produce those documents, either because they were destroyed, never created, or were withheld pursuant to the countless objections lodged by AES-PR. Both the requests and responses were included as one exhibit pursuant to Local Rule 16.4(d)(6). |
| D-133 | ALSTOM withdraws proposed exhibit D-133. |
| D-135 | AES-PR's objections to proposed Exhibit D-129 should be overruled pursuant to FRE 401 and Local Rule 16.4(d)(6). Both the interrogatories and the various responses were included as one exhibit pursuant to Local Rule 16.4(d)(6). Exhibit D-129 is undeniably relevant and, to the extent that AES-PR would have liked other versions of its answers to be admitted into evidence, it could have proposed those answers as its own exhibit. |
| D-138 | AES-PR's objections to proposed Exhibit D-121 should be overruled pursuant to FRE 106 and 401. Exhibit D-121 is relevant to the matters raised in this case and the language about which AES-PR has expressed concern is in no way prejudicial. Indeed, the information is relevant to the extent that AES-PR denies any relationship with AES Corporation or the existence of disputes over the disposal of the ash from the plant. Accordingly, the entire document should be allowed, pursuant to FRE 106. |
| D-139 | AES-PR's objections to proposed Exhibit D-129 should be overruled pursuant to FRE 401, 801 and Local Rule 16.4(d)(6). Exhibit D-132 is relevant because it shows that, while ALSTOM requested certain documents in this litigation, AES-PR has failed to produce those documents, either because they were destroyed, never created, or were withheld pursuant to the countless objections lodged by AES-PR. The Exhibit is not hearsay because it is not been proffered for the truth of any matter set forth in the document, but to show what ALSTOM requested and how AES-PR responded. Both the requests and responses were included as one exhibit pursuant to Local Rule 16.4(d)(6). |
| D-140 | AES-PR's objections to proposed Exhibit D-129 should be overruled pursuant to Local Rule 16.4(d)(6). Both the interrogatories and the various responses were included as one exhibit pursuant to Local Rule 16.4(d)(6). |
| D-141 | AES-PR's objections to proposed Exhibit D-129 should be overruled pursuant to FRE 401 and Local Rule 16.4(d)(6). Both the requests for admission and the responses were included as one exhibit pursuant to Local Rule 16.4(d)(6). Exhibit D-129 is undeniably relevant and, to the extent that AES-PR would have liked other versions of its responses to be admitted into evidence, it could have proposed those answers as its own exhibit. |
| D-143 | AES-PR's objections to proposed Exhibit D-129 should be overruled pursuant to Local Rule 16.4(d)(6). Both the requests for admission and the responses were included as one exhibit pursuant to Local Rule 16.4(d)(6). |
| D-144 | AES-PR's objections to proposed Exhibit D-129 should be overruled pursuant to Local Rule 16.4(d)(6). Both the interrogatories and the answers were included as one exhibit pursuant to Local Rule 16.4(d)(6). |

| Exhibit | Basis for Admission |
|---|---|
| D-147 | AES-PR's objections to proposed Exhibit D-147 should be overruled pursuant to FRE 401 and 901. Exhibit D-37 is probative because it indicates the experience and qualifications of the AES-PR personnel that operated the pollution control equipment. In addition, the document appears in the same format in which it was produced by AES-PR from AES-PR's files. |
| D-148 | AES-PR's objections to proposed Exhibit D-148 should be overruled pursuant to FRE 401 and 901. The metadata attached to Exhibit D-37 clearly indicates that the author was Carlos Reyes, an AES-PR employee. The Exhibit is probative and relevant to the issue involved in this case. In addition, the document appears in the same format in which it was produced by AES-PR from AES-PR's files. |
| D-168 | AES-PR's objections to proposed Exhibit D-168 should be overruled pursuant to FRE 401 and 901. The photograph shows a component of the pollution control equipment that is at issue in this case. ALSTOM will provide witness testimony that the photograph fairly and accurately represents the image shown. |
| D-169 | AES-PR's objections to proposed Exhibit D-169 should be overruled pursuant to FRE 401 and 901. The photograph shows a component of the pollution control equipment that is at issue in this case. ALSTOM will provide witness testimony that the photograph fairly and accurately represents the image shown. |
| D-170 | AES-PR's objections to proposed Exhibit D-170 should be overruled pursuant to FRE 401 and 901. The photograph shows a component of the pollution control equipment that is at issue in this case. ALSTOM will provide witness testimony that the photograph fairly and accurately represents the image shown. |
| D-171 | AES-PR's objections to proposed Exhibit D-171 should be overruled pursuant to FRE 401 and 901. The photograph shows a component of the pollution control equipment that is at issue in this case. ALSTOM will provide witness testimony that the photograph fairly and accurately represents the image shown. |
| D-172 | AES-PR's objections to proposed Exhibit D-172 should be overruled pursuant to FRE 401 and 901. The photograph shows a component of the pollution control equipment that is at issue in this case. ALSTOM will provide witness testimony that the photograph fairly and accurately represents the image shown. |
| D-173 | AES-PR's objections to proposed Exhibit D-173 should be overruled pursuant to FRE 401 and 901. The photograph shows a component of the pollution control equipment that is at issue in this case. ALSTOM will provide witness testimony that the photograph fairly and accurately represents the image shown. |
| D-174 | AES-PR's objections to proposed Exhibit D-174 should be overruled pursuant to FRE 401 and 901. The photograph shows a component of the pollution control equipment that is at issue in this case. ALSTOM will provide witness testimony that the photograph fairly and accurately represents the image shown. |
| D-175 | AES-PR's objections to proposed Exhibit D-175 should be overruled pursuant to FRE 401 and 901. The photograph shows a component of the pollution control equipment that is at issue in this case. ALSTOM will provide witness testimony that the photograph fairly and accurately represents the image shown. |
| D-176 | AES-PR's objections to proposed Exhibit D-176 should be overruled pursuant to FRE 401 and 901. The photograph shows a component of the pollution control equipment that is at issue in this case. ALSTOM will provide witness testimony that the photograph fairly and accurately represents the image shown. |

| **Exhibit** | **Basis for Admission** |
|---|---|
| D-177 | AES-PR's objections to proposed Exhibit D-177 should be overruled pursuant to FRE 401 and 901. The photograph shows a component of the pollution control equipment that is at issue in this case. ALSTOM will provide witness testimony that the photograph fairly and accurately represents the image shown. |
| D-178 | AES-PR's objections to proposed Exhibit D-178 should be overruled pursuant to FRE 401 and 901. The photograph shows a component of the pollution control equipment that is at issue in this case. ALSTOM will provide witness testimony that the photograph fairly and accurately represents the image shown. |
| D-179 | AES-PR's objections to proposed Exhibit D-179 should be overruled pursuant to FRE 401 and 901. The photograph shows a component of the pollution control equipment that is at issue in this case. ALSTOM will provide witness testimony that the photograph fairly and accurately represents the image shown. |
| D-180 | AES-PR's objections to proposed Exhibit D-180 should be overruled pursuant to FRE 401 and 901. The photograph shows a component of the pollution control equipment that is at issue in this case. ALSTOM will provide witness testimony that the photograph fairly and accurately represents the image shown. |
| D-181 | AES-PR's objections to proposed Exhibit D-181 should be overruled pursuant to FRE 401 and 901. The photograph shows a component of the pollution control equipment that is at issue in this case. ALSTOM will provide witness testimony that the photograph fairly and accurately represents the image shown. In addition, AES-PR witness Paul Stinson has testified at his deposition that the photograph accurately represents the component depicted. |
| D-182 | AES-PR's objections to proposed Exhibit D-182 should be overruled pursuant to FRE 401 and 901. The photograph shows a component of the pollution control equipment that is at issue in this case. ALSTOM will provide witness testimony that the photograph fairly and accurately represents the image shown. In addition, AES-PR witness Paul Stinson has testified at his deposition that the photograph accurately represents the component depicted. |
| D-183 | AES-PR's objections to proposed Exhibit D-183 should be overruled pursuant to FRE 401 and 901. The photograph shows a component of the pollution control equipment that is at issue in this case. ALSTOM will provide witness testimony that the photograph fairly and accurately represents the image shown. In addition, AES-PR witness Paul Stinson has testified at his deposition that the photograph accurately represents the component depicted. |
| D-190 | AES-PR's objections to proposed Exhibit D-180 should be overruled pursuant to FRE 401 and 901. The photograph shows the ash rock about which there are several relevant issues. ALSTOM will provide witness testimony that the photograph fairly and accurately represents the image shown. |
| D-191 | AES-PR's objections to proposed Exhibit D-180 should be overruled pursuant to FRE 401 and 901. The photograph shows a component of the pollution control equipment that is at issue in this case. ALSTOM will provide witness testimony that the photograph fairly and accurately represents the image shown. In addition, the second and third pages of the exhibit show that the document was produced by AES-PR and came from its files. |

| Exhibit | Basis for Admission |
|---|---|
| D-194 | AES-PR's objections to proposed Exhibit D-194 should be overruled pursuant to FRE 801, 803 and 807. Proposed Exhibit D-194 is not hearsay because it goes, not to the truth of the matter asserted in the document, but to show that AES-PR was having difficulties with its water treatment vendor/consultant. Exhibit D-194 is admissible as a business record as it was written contemporaneously by an AES-PR employee in the normal course of his employment. In addition, the document contains sufficient indicia of trustworthiness and its admission into evidence would serve the interest of justice. |
| D-226 | AES-PR's objection to proposed Exhibit D-226 should be overruled because ALSTOM has offered to make the Exhibit available for inspection and is unaware that AES-PR has ever requested an opportunity to inspect the Exhibit. |
| D-227 | AES-PR's objection to proposed Exhibit D-227 should be overruled because ALSTOM has offered to make the Exhibit available for inspection and is unaware that AES-PR has ever requested an opportunity to inspect the Exhibit. |
| D-228 | AES-PR's objections to proposed Exhibit D-228 should be overruled pursuant to FRE 611(a). Exhibit D-228 is a fair an accurate representation of a component of the pollution control equipment at issue and would be helpful to the jury in understanding the complex issues in this case. Exhibit D-228 is therefore usable at trial as a demonstrative exhibit, at a minimum. |
| D-229 | AES-PR's objections to proposed Exhibit D-229 should be overruled pursuant to FRE 611(a). Exhibit D-229 is a fair an accurate representation of a component of the pollution control equipment at issue and would be helpful to the jury in understanding the complex issues in this case. Exhibit D-229 is therefore usable at trial as a demonstrative exhibit, at a minimum. |
| D-230 | AES-PR's objections to proposed Exhibit D-230 should be overruled pursuant to FRE 611(a). Exhibit D-230 is a fair an accurate representation of a component of the pollution control equipment at issue and would be helpful to the jury in understanding the complex issues in this case. Exhibit D-230 is therefore usable at trial as a demonstrative exhibit, at a minimum. |
| D-231 | AES-PR's objections to proposed Exhibit D-231 should be overruled pursuant to FRE 611(a). Exhibit D-231 is a fair an accurate representation of a component of the pollution control equipment at issue and would be helpful to the jury in understanding the complex issues in this case. Exhibit D-231 is therefore usable at trial as a demonstrative exhibit, at a minimum. |
| D-232 | AES-PR's objections to proposed Exhibit D-232 should be overruled pursuant to FRE 611(a). Exhibit D-232 is a fair an accurate representation of a component of the pollution control equipment at issue and would be helpful to the jury in understanding the complex issues in this case. Exhibit D-232 is therefore usable at trial as a demonstrative exhibit, at a minimum. |
| D-233 | AES-PR's objections to proposed Exhibit D-233 should be overruled pursuant to FRE 611(a). Exhibit D-233 is a fair an accurate representation of a component of the pollution control equipment at issue and would be helpful to the jury in understanding the complex issues in this case. Exhibit D-233 is therefore usable at trial as a demonstrative exhibit, at a minimum. |

| Exhibit | Basis for Admission |
|---|---|
| D-234 | AES-PR's objections to proposed Exhibit D-234 should be overruled pursuant to FRE 611(a). Exhibit D-234 is a fair an accurate representation of a component of the pollution control equipment at issue and would be helpful to the jury in understanding the complex issues in this case. Exhibit D-234 is therefore usable at trial as a demonstrative exhibit, at a minimum. |
| D-235 | AES-PR's objections to proposed Exhibit D-235 should be overruled pursuant to FRE 611(a). Exhibit D-235 is a fair an accurate representation of a component of the pollution control equipment at issue and would be helpful to the jury in understanding the complex issues in this case. Exhibit D-235 is therefore usable at trial as a demonstrative exhibit, at a minimum. |
| D-236 | AES-PR's objections to proposed Exhibit D-236 should be overruled pursuant to FRE 611(a). Exhibit D-236 is a fair an accurate representation of a component of the pollution control equipment at issue and would be helpful to the jury in understanding the complex issues in this case. Exhibit D-236 is therefore usable at trial as a demonstrative exhibit, at a minimum. |
| D-237 | AES-PR's objections to proposed Exhibit D-237 should be overruled pursuant to FRE 611(a). Exhibit D-237 is a fair an accurate representation of a component of the pollution control equipment at issue and would be helpful to the jury in understanding the complex issues in this case. Exhibit D-237 is therefore usable at trial as a demonstrative exhibit, at a minimum. |
| D-238 | AES-PR's objections to proposed Exhibit D-238 should be overruled pursuant to FRE 611(a). Exhibit D-238 is a fair an accurate representation of a component of the pollution control equipment at issue and would be helpful to the jury in understanding the complex issues in this case. Exhibit D-238 is therefore usable at trial as a demonstrative exhibit, at a minimum. |
| D-239 | AES-PR's objections to proposed Exhibit D-239 should be overruled pursuant to FRE 611(a). Exhibit D-239 is a fair an accurate representation of a component of the pollution control equipment at issue and would be helpful to the jury in understanding the complex issues in this case. Exhibit D-239 is therefore usable at trial as a demonstrative exhibit, at a minimum. |
| D-240 | AES-PR's objections to proposed Exhibit D-240 should be overruled pursuant to FRE 611(a). Exhibit D-240 is a fair an accurate representation of a component of the pollution control equipment at issue and would be helpful to the jury in understanding the complex issues in this case. Exhibit D-240 is therefore usable at trial as a demonstrative exhibit, at a minimum. |
| D-241 | AES-PR's objections to proposed Exhibit D-241 should be overruled pursuant to FRE 611(a). Exhibit D-241 is a fair an accurate representation of a component of the pollution control equipment at issue and would be helpful to the jury in understanding the complex issues in this case. Exhibit D-241 is therefore usable at trial as a demonstrative exhibit, at a minimum. |
| D-242 | AES-PR's objections to proposed Exhibit D-242 should be overruled pursuant to FRE 611(a). Exhibit D-242 is a fair an accurate representation of a component of the pollution control equipment at issue and would be helpful to the jury in understanding the complex issues in this case. Exhibit D-242 is therefore usable at trial as a demonstrative exhibit, at a minimum. |

| Exhibit | Basis for Admission |
|---|---|
| D-243 | AES-PR's objections to proposed Exhibit D-243 should be overruled pursuant to FRE 611(a). Exhibit D-243 is a fair an accurate representation of a component of the pollution control equipment at issue and would be helpful to the jury in understanding the complex issues in this case. Exhibit D-243 is therefore usable at trial as a demonstrative exhibit, at a minimum. |
| D-244 | AES-PR's objections to proposed Exhibit D-244 should be overruled pursuant to FRE 611(a) and 1006. Exhibit 244 is a summary of voluminous writings that cannot be conveniently examined during trial. The documents upon which Exhibit D-244 are based are available for inspection. In addition, Exhibit D-244 would aid the jury in understanding the complex issues in this case. |
| D-245 | AES-PR's objections to proposed Exhibit D-245 should be overruled pursuant to FRE 611(a) and 1006. Exhibit 245 is a summary of voluminous writings that cannot be conveniently examined during trial. The documents upon which Exhibit D-245 are based are available for inspection. In addition, Exhibit D-245 would aid the jury in understanding the complex issues in this case. |
| D-249 | AES-PR's objections to proposed Exhibit D-249 should be overruled pursuant to FRE 401. In this litigation, AES-PR has attempted to portray itself as environmentally friendly, or "green." Exhibit D-249 rebuts that position by showing that AES-PR decided to emit more pollution than it had to so that regulations would not be passed requiring it to emit less pollution. |
| D-253 | AES-PR's objections to proposed Exhibit D-249 should be overruled pursuant to FRE 106 and 611(a). The allegedly missing documents in Exhibit D-249 were unrelated to the e-mail in question. Accordingly, the inclusion of those pages ought not be considered with the two pages submitted because it would likely cause confusion with the jury. |
| D-255 | AES-PR's objections to proposed Exhibit D-255 should be overruled pursuant to FRE 803 and 807. Proposed Exhibit D-255 is admissible under the business records exception because it was created in the regular course of business by an entity that is intimately familiar with the issues and was closely related to AES-PR. Indeed, the entity that created the document was a consultant hired by AES-PR for the sole purpose of inspecting the equipment and providing information to AES-PR. As a result, the document contains sufficient indicia of trustworthiness and its admission into evidence would serve the interest of justice. |
| D-268 | AES-PR's objections to proposed Exhibit D-268 should be overruled pursuant to FRE 106, 401, 803 and 807. Proposed Exhibit D-268 is admissible under the business records exception because it was created in the regular course of business by an entity that is intimately familiar with the issues and was closely related to AES-PR. Indeed, the entity that created the document was a consultant hired by AES-PR's corporate parent for the sole purpose of providing the information. As a result, the document contains sufficient indicia of trustworthiness and its admission into evidence would serve the interest of justice. In regard to the information that AES-PR wants to redact, the amount and nature of the settlement terms are relevant because D/FD was the entity that designed and built the water treatment system at the plant and AES-PR is now attempting to recover damages from ALSTOM relating to its water treatment system despite its lawsuit against and settlement with D/FD. Indeed, as reflected in the document, AES-PR is now suing ALSTOM for damages which were financed by funds received in the D/FD settlement. |

| Exhibit | Basis for Admission |
|---------|---------------------|
| D-271 | AES-PR's objections to proposed Exhibit D-271 should be overruled pursuant to FRE 106 and 401. Exhibit D-271 is relevant to the matters raised in this case and the language relating to the lawsuit involving ash rock about which AES-PR has expressed concern is in no way prejudicial. Indeed, the information is relevant to the extent that AES-PR denies the existence of disputes over the disposal of the ash from the plant. In regard to the activities of litigation counsel, ALSTOM does not object to that information being redacted. In regard to the financial information, the entire document should go into evidence pursuant to FRE 106. |
| D-282 | AES-PR's objections to proposed Exhibit D-282 should be overruled pursuant to FRE 801, 803 and 807. Proposed Exhibit D-282 goes not to the truth of the matter asserted in the document; rather, Exhibit D-282 goes to show that ALSTOM performed work and testing on the pollution control equipment. To the extent the document is hearsay, the document will be sponsored by a witness at trial and is admissible as a business record pursuant to FRE 803 because it was created contemporaneously in the regular course of business. In addition, the document contains sufficient indicia of trustworthiness and its admission into evidence would serve the interest of justice. |
| D-283 | AES-PR's objections to proposed Exhibit D-283 should be overruled pursuant to FRE 801, 803 and 807. Proposed Exhibit D-283 goes not to the truth of the matter asserted in the document; rather, Exhibit D-283 goes to show that ALSTOM performed work and testing on the pollution control equipment. To the extent the document is hearsay, the document will be sponsored by a witness at trial and is admissible as a business record pursuant to FRE 803 because it was created contemporaneously in the regular course of business. In addition, the document contains sufficient indicia of trustworthiness and its admission into evidence would serve the interest of justice. |
| D-290 | AES-PR's objections to proposed Exhibit D-283 should be overruled pursuant to FRE 801, 803 and 807. Proposed Exhibit D-283 goes not to the truth of the matter asserted in the document; rather, Exhibit D-283 goes to show that ALSTOM performed work and testing on the pollution control equipment. To the extent the document is hearsay, the document will be sponsored by a witness at trial and is admissible as a business record pursuant to FRE 803 because it was created contemporaneously in the regular course of business. In addition, the document contains sufficient indicia of trustworthiness and its admission into evidence would serve the interest of justice. |

Respectfully submitted,

ALSTOM POWER INC.


/s/ Richard R. Weir, Jr.
Richard R. Wier, Jr. (#716)
RICHARD R. WIER, JR., P.A.
Two Mill Road, Suite 200
Wilmington, Delaware  19806
(302) 888-3222

>John Anthony Wolf
>James E. Edwards, Jr.
>Anthony F. Vittoria
>Michael A. Schollaert
>OBER, KALER, GRIMES & SHRIVER
>A Professional Corporation
>120 East Baltimore Street
>Baltimore, Maryland  21202-1643
>(410) 685-1120
>Fax:  (410) 547-0699

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 9th day of October, 2006, a copy of the foregoing Response of ALSTOM Power Inc. to Objections of Plaintiff AES Puerto Rico, L.P. to Certain Proposed Trial Exhibits was filed with the Court using CM/ECF.  A copy of the Motion was hand-delivered to John S. Spadaro, Esquire, Murphy Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, Delaware 19805.  In addition, courtesy copies were served, via electronic mail, upon Dane Butswinkas, Esquire and Daniel D. Williams, Esquire, Williams & Connolly LLP, 725 Twelfth Street, N.W., Washington, D.C.  20005.

>/s/ Richard R. Weir, Jr.
>Richard R. Wier, Jr. (#716)