IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AES-PR PUERTO RICO, L.P. | * | |
| Plaintiff | * | |
| v. | * | C.A. No. 04-1282-JJF |
| ALSTOM POWER INC. | * | |
| Defendant | * | |

\*       \*       \*       \*       \*       \*       \*

**ALSTOM POWER, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS
<u>MOTION *IN LIMINE* ON EVIDENTIARY MATTERS</u>**

ALSTOM Power Inc. ("ALSTOM"), defendant, by its counsel, pursuant the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Orders entered by the Court, submits this Supplemental Brief in Support of its Motion *In Limine* to exclude from evidence documents first produced by AES Puerto Rico, L.P. ("AES-PR") well after the close of discovery.

## I.    BACKGROUND

On Sunday, October 8, 2006 – less than eight (8) days before trial – AES-PR produced to ALSTOM additional documentation purportedly as support for its claim for damages for the cost to procure a brine concentrator and crystallizer system. AES-PR has informed ALSTOM that it intends to offer these new documents into evidence at trial as Exhibit P-209, a copy of which is attached hereto as Exhibit 1. ALSTOM objects to this latest, most egregious, production of documentation after the close of discovery on the same grounds on which it objected to exhibits P-135, P-135, P-136, P-137, P-138, P-139, P-207, and P-208. Specifically, all of these document were created for the purposes of this litigation and were produced well after the close of discovery. (*See* ALSTOM's Motion *in Limine* on Evidentiary Matters, Brief in Support on Issue 1.)

In addition, ALSTOM has objected to these proposed exhibits, as well as Exhibit P-131, because these documents constitute hearsay and lack both foundation and authentication. All of the proposed exhibits at issue were created by three companies – GE Infrastructure Water & Process Technologies

("GE"), Aquatech, Inc. ("Aquatech") and FL Smidth Airtech, Inc. ("FL Smidth"). AES-PR has never identified in discovery any individuals from the entities that allegedly drafted these documents as people with knowledge of the case and has not listed as a witness anybody from GE, Aquatech or FL Smidth who could testify regarding the foundation and authenticity of those proposed exhibits.

## II.   ARGUMENT

In its recently filed Objections to Certain of ALSTOM's Proposed Trial Exhibits, AES-PR contends that any documents created by third parties who were not deposed and who did not appear on either party's witness lists constitute hearsay and should not be admitted into evidence. Specifically, in response to ALSTOM's proposed Exhibit D-45, a document authored by GE-Betz, the same company[1] that authored P-131, P-135, P-136, P-137, AES-PR stated its objection as follows:

> Hearsay. The exhibit appears to be a technical report from GE Betz. *No Betz personnel are on either side's witness lists and no Betz employee has been deposed. Moreover, the author of this report is on neither party's witness list to be called at trial.* The document contains several statements which, if offered for the truth of the matter asserted, are hearsay statements that do not fall into any recognized exception to the hearsay rule.

(*See* Objections of Plaintiff AES Puerto Rico, L.P. to Certain of Defendant ALSTOM Power, Inc.'s Proposed Trial Exhibits and Notice of Lodging, at 4 (italics added).) Applying the same rationale, AES-PR's own GE/Betz documents, as well as the documents created by Aquatech and FL Smidth, which AES-PR also first produced well after the close of discovery and now seeks to introduce as evidence of its claimed damages, also should not be admitted into evidence.

## III.   CONCLUSION

For the reasons set forth above and in ALSTOM's Motion *in Limine* on Evidentiary Matters and accompanying Briefs, ALSTOM respectfully requests that the Court issue an order excluding proposed

---

[1] BetzDearborn International Inc. was purchased by GE during the course of this project. After the purchase, the company initially operated under the name GE Betz, then changed its name to GE Water & Process Technologies, and currently operates under the name GE Infrastructure Water & Process Technologies.

Exhibits P-131, P-135, P-136, P-137, P-138, P-139, P-207, P-208 and P-209 from evidence at the trial of this case.

        Respectfully submitted,

        ALSTOM POWER INC.

        /s/ Richard R. Weir, Jr.
        Richard R. Wier, Jr. (#716)
        RICHARD R. WIER, JR., P.A.
        Two Mill Road, Suite 200
        Wilmington, Delaware  19806
        (302) 888-3222

        John Anthony Wolf
        James E. Edwards, Jr.
        Anthony F. Vittoria
        Michael A. Schollaert
        OBER, KALER, GRIMES & SHRIVER
        A Professional Corporation
        120 East Baltimore Street
        Baltimore, Maryland  21202-1643
        (410) 685-1120
        Fax:  (410) 547-0699

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 9th day of October, 2006, a copy of ALSTOM Power Inc.'s foregoing Supplemental Brief in Support of its Motion *in Limine* On Evidentiary Matters was filed with the Court using CM/ECF.  A copy of the Motion was hand-delivered to John S. Spadaro, Esquire, Murphy Spadaro & Landon, 1011 Centre Road, Suite 210, Wilmington, Delaware 19805.  In addition, courtesy copies were served, via electronic mail, upon Dane Butswinkas, Esquire and Daniel D. Williams, Esquire, Williams & Connolly LLP, 725 Twelfth Street, N.W., Washington, D.C.  20005.

        /s/ Richard R. Weir, Jr.
        Richard R. Wier, Jr. (#716)